# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TONY KHOURY, Individually and on Behalf of all others Similarly Situated, <br><br> Plaintiff, <br> v. <br><br> FXCM INC., DROR NIV, and ROBERT LANDE, <br><br> Defendants. | Civil Action No. 1:17-cv-00916-RA |
| YING ZHAO, Individually and on Behalf of all others Similarly Situated, <br><br> Plaintiff, <br> v. <br><br> FXCM INC., DROR NIV, and ROBERT LANDE, <br><br> Defendants. | Civil Action No. 1:17-cv-00955-RA |
| DAVID BLINN, Individually and on Behalf of all others Similarly Situated, <br><br> Plaintiff, <br> v. <br><br> FXCM INC., DROR NIV, and ROBERT LANDE, <br><br> Defendants. | Civil Action No. 1:17-cv-01028-RA |

**MEMORANDUM OF LAW IN SUPPORT OF
HANY SIKAIK'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD
<u>PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

Hany Sikaik ("Sikaik") respectfully submits this memorandum of law in support of his motion pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) consolidating the above-captioned actions and naming the consolidation action *In re FXCM Inc. Securities Litigation*, Master File No. 1:17-cv-00916-RA; (2) appointing Mr. Sikaik as Lead Plaintiff on behalf of all persons other than defendants who purchased or otherwise acquired the publicly-traded securities of FXCM Inc., n/k/a Global Brokerage, Inc. ("FXCM" or the "Company") during the period from March 15, 2012, to February 6, 2017, inclusive (the "Class Period"), and who suffered compensable damages caused by defendants' violations of the Securities Exchange Act of 1934 ("Exchange Act") (the "Class"); (3) approving Mr. Sikaik's selection of Newman Ferrara LLP (the "Newman Ferrara") as Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

This motion is supported by the accompanying Memorandum of Points and Authorities and the Declaration of Jeffrey M. Norton ("Norton Decl.") and exhibits, the pleadings and other filings herein, and such other written and oral arguments as may be presented to the Court. This motion is made on the grounds that consolidation of the related actions is appropriate, and that Mr. Sikaik is the most adequate plaintiff, as defined by the PSLRA, based on his losses of $558,432.00 which were suffered as a result of defendants' wrongful conduct as alleged in this action. Furthermore, Mr. Sikaik satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims, and he will fairly and adequately represent the interests of the Class.

**I.      PRELIMINARY STATEMENT**

This action, brought against FXCM, and certain of its officers and directors (collectively, "Defendants"), alleges violations of Section 10(b) of the Exchange Act, Section 10(b)-5 promulgated thereunder, and Section 20(a) of the Exchange Act.  Mr. Sikaik respectfully submits that he should be appointed Lead Plaintiff on behalf of all those who purchased or otherwise acquired the publicly traded common stock of FXCM during the Class Period.

Pursuant to the PSLRA, this Court must appoint as lead plaintiff for the Class the party "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest in the relief sought by the Class in this litigation, and also whether such movant has made a *prima facie* showing that it is an otherwise typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15. U.S.C. § 78u-4(a)(3)(B)(iii)(I). Mr. Sikaik respectfully submits that he should be appointed Lead Plaintiff in the Action.

As set forth herein, Mr. Sikaik suffered a loss of $558,432.00, from his purchases of FXCM common stock during the Class Period. Accordingly, Mr. Sikaik has a powerful economic interest in directing this litigation, and recovering any loss suffered by him – an interest believed to be greater than any other qualified movant. Further, Mr. Sikaik also meets Rule 23's typicality and adequacy requirements, because his claims are typical of those of absent Class members, and because he will fairly and adequately represent the interests of the Class.

Mr. Sikaik also respectfully requests that the Court approve his choice of Lead Counsel for the Class. Mr. Sikaik's choice for Lead Counsel, Newman Ferrara, is a nationally recognized securities law firm, and has successfully prosecuted numerous shareholder and securities fraud class actions on behalf of investors.

Mr. Sikaik also respectfully submits that the above-captioned actions, *Khoury v. FXCM Inc., et al.*, 1:17-cv-00916-RA ("*Khoury*") *Zhou v. FXCM Inc., et al.*, 1:17-cv-00955-RA ("*Zhou*")and *Blinn v. FXCM Inc., et al.*, 1:17-cv-01028-RA ("*Blinn*") should be consolidated and that the consolidation action be entitled, *In re FXCM Inc. Securities Litigation*, Master File No. 1:17-cv-00916-RA.

## II.     FACTUAL BACKGROUND

FXCM is a Delaware corporation, headquartered in New York City. During the Class period, FXCM provided online foreign exchange ("Forex") trading and related services to retail and institutional customers worldwide.

On February 6, 2017, the Commodity Futures Trading Commission ("CFTC") issued an Order, finding that FXCM had violated the Commodities Exchange Act (the "Act"). First, in violation of the Act, FXCM made misrepresentations to, and omitted material facts from, FXCM's retail customers. In particular, FXCM represented to retail customers that it was merely acting as an agent or intermediary between retail customers and market makers, and that it did not take positions opposite retail customers. Contrary to these representations, FXCM did benefit from profits and losses sustained by retail customers through its substantial interest in its primary market maker.  Moreover, in its Order, the CFTC also found that FXCM had violated the Act by making numerous false statements or representations to National Futures Association concerning its relationship with its primary market maker. As a result of these misrepresentations, FXCM agreed to a substantial cash penalty, and agreed that it shall not accept new customer accounts and that it will be withdrawing from business in the United States.

The complaint alleges that throughout the Class Period, FXCM made false and misleading statements, and/or failed to disclose that it had taken positions conflicting with its

clients in Forex trades, and that it had an economic interest in its primary market maker. On news of the CFTC Order, the Company's shares declined by $3.40 per share, or over 49%.

### III. ARGUMENT

#### a. Mr. Sikaik Should be Appointed Lead Plaintiff

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (a) 90 days after the date of publication, or (b) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i)&(ii). Further, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfied the requirements of Rule 23.

*See* 15 U.S.C. § 78(u)-4(a)(3)(B)(iii)(I).

As set forth below, Mr. Sikaik satisfies all three of these criteria, and thus is entitled to the presumption that he is the most adequate plaintiff and therefore should be appointed Lead Plaintiff for the Class.

#### 1. Mr. Sikaik is Willing to Serve as Class Representative

On February 7, 2017, counsel for plaintiff Tony Khoury in the above captioned case caused a notice (the "Notice") to be published over Globe Newswire pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the Defendants herein, and advised investors in FXCM securities that they had until April 10, 2017, to file a motion to be appointed Lead Plaintiff. *See* Norton Decl., Ex. A. Mr. Sikaik has filed the instant motion pursuant to the Notice, and has attached a Certification attesting that he is willing to serve as class representative for the Class and provide testimony at deposition and trial, if necessary. *See* Norton Decl., Ex. B. Accordingly, Mr. Sikaik satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2. Mr. Sikaik has the "Largest Financial Interest"

The PSLRA requires the Court to adopt the rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that…has the largest financial interest in the relief sought by the class," so long as the movant "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *City of Monroe Emps.' Ret. Sys. V. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 293 (S.D.N.Y. 2010).

Mr. Sikaik incurred a loss of $558,432.00 on purchases of 55,000 shares of FXCM common stock during the Class Period. *See* Investor's Certification – Ex. A, annexed to Ex. B of the Norton Decl. Mr. Sikaik is unaware of any other movant with a larger financial interest in the outcome of the Action.

### 3. Mr. Sikaik Satisfies Rule 23's Typicality and Adequacy Requirements

Section 21(D)(a)(3)(B)(iii)(I)(cc) of the PSLRA also provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23." *In re Cendant Corp. Litig.*, 264 F.3d 201, 263

(3d Cir. 2001), cert. denied, 535 U.S. 929 (2002). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing as to the requirements of Rule 23 is sufficient. *Fischler v. AMSouth Bancorporation*, 1997 WL 118429, at *2 (MD Fla Feb. 6, 1997) ("A wide-ranging analysis under Rule 23 is not appropriate [when determining a lead plaintiff] and should be left for consideration of a motion for class certification."). Furthermore, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.,* 976 F.Supp. 542, 546 (N.D. Tex. 1997).

The typicality requirement of Rule 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics of the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999); *In re Sterling Fin. Corp.,* 2007 WL 4570729, at *4 (E.D. Pa. Dec. 21, 2007)("typicality requirement is satisfied if the plaintiff, as a result of the same course of conduct, suffered the same injuries as the absent class members, and their claims are based on the same legal issues")(citation omitted).

In other words, the "named plaintiffs' claims [must be] typical, in common sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the

class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory").

Mr. Sikaik's claims are typical of those of the Class. He alleges, as do all Class members, that Defendants violated the Exchange Act by making false or misleading statements of material facts concerning FXCM, or omitting to state material facts necessary to make the statements they did make not misleading. Mr. Sikaik, as did all members of the Class, purchased FXCM securities during the Class Period as prices artificially inflated by Defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfies the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." In order for the class' interest to be adequately represented, "(1) there should be no conflict between the proposed lead plaintiff and the members of the class, (2) the selected counsel should be qualified, experienced, and able to conduct the litigation, and (3) the lead plaintiff should have a sufficient interest in the outcome to insure vigorous advocacy." *Woburn Ret. Sys. v. Salix*, 2015 WL 1311973 at * 5 (S.D.N.Y. July 1, 2005).

Mr. Sikaik's interests are perfectly aligned with the other Class members, and are not antagonistic in any way. Mr. Sikaik has the same interest as all the members of the Class: to maximize the recovery for the Class. There are no facts demonstrating any conflicts of interest

between Mr. Sikaik and the other Class members. Moreover, because of Mr. Sikaik's substantial financial stake in the litigation, Class members can be assured that he has the incentive to litigate the Class claims vigorously. *See Lipetz v. Wachovia Corp.,* 2008 WL 4615895 at *3 (S.D.N.Y. Oct. 10, 2008) (describing how investor's "substantial financial stake in the litigation" was indicative of vigorous advocacy on behalf of the class").

Additionally, and as described more fully below, Mr. Sikaik has retained competent and experienced counsel who are able to conduct this complex litigation in a professional and expeditious manner. Thus, the close alignment of interests between Mr. Sikaik and the Class, combined with Mr. Sikaik's strong desire to prosecute this action on the Class's behalf, also militates in favor of granting the instant motion.

### b. Mr. Sikaik's Selection of Counsel Should be Approved

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Cendant*, 264 F.3d. at 276 (PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention").

Here, Mr. Sikaik selected Newman Ferrara as Lead Counsel. Newman Ferrara is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. *See* Norton Decl., Ex. C. As a result of the firm's extensive experience in litigation involving issues similar to those raised in this action, Mr. Sikaik's counsel has the skill and knowledge which will enable them to prosecute this action effectively

and expeditiously. Thus, the Court may be assured that by approving Mr. Sikaik's selection of counsel, the members of the Class will receive the best legal representation available.

### c. The Captioned Actions Should be Consolidated

The above-captioned actions, *Khoury Zhou* and *Blinn*, both involve alleged securities violations involving FXCM filed in this Court. The actions allege substantially similar factual events. Each complaint alleges similar legal basis for the claims: Sections 10(b) and 20(a) of the Exchange Act. The actions are related because they involve common questions of fact and law. Accordingly, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the actions may be consolidated for all purposes and re-captioned as *In re FXCM Inc. Securities Litigation*, Master File No. 1:17-cv-00916-RA.

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact and where consolidation would avoid unnecessary cost or delay in adjudication:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays.

Fed. R. Civ. P. 42(a); *see also Manual for Complex Litig. (3d),* 20.123, at 13-14 (1995). The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," *see* 15 U.S.C. 78u-4(a)(3)(A)(ii), and did not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a). *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150-51 (N.D. Cal. 1999). Under traditional principles of consolidation, actions may be consolidated even if the individual claims or causes of action are not identical. As one court noted, "neither Rule 42 nor the PSLRA demands that the actions be identical." *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp.

2d 1129, 1133 (C.D. Cal. 1999). Here, even if there are some different facts alleged in the actions, the cases nonetheless remain well-suited for consolidation.

Consolidation will expedite pretrial proceedings, reduce duplication, avoid multiple contacts of the same parties and witnesses for inquiries in multiple proceedings and minimize the expenditure of time and money by all parties concerned. Also, consolidation will reduce the possibility of confusion and delay that may result from prosecuting these actions separately.

## CONCLUSION

WHEREFORE, and for the foregoing reasons, Mr. Sikaik respectfully requests that this Court issue an order: (1) consolidating the above-captioned actions; (2) appointing Mr. Sikaik as Lead Plaintiff; (3) approving Mr. Sikaik's selection of Newman Ferrara as Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 10, 2017

Respectfully submitted,

**NEWMAN FERRARA LLP**

By: _s/ Jeffrey M. Norton_
Jeffrey M. Norton
Roger A. Sachar Jr., *pro hac to be filed*
1250 Broadway, 27th Floor
New York, New York 10001
(212) 619-5400
jnorton@nfllp.com
rsachar@nfllp.com

*Attorneys for Proposed
Lead Plaintiff Hany Sikaik*