**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TONY KHOURY, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:17-cv-00916-RA |
| Plaintiff, | |
| v. | |
| FXCM INC., DROR NIV, and ROBERT LANDE, | |
| Defendants. | |
| YING ZHAO, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:17-cv-00955-UA |
| Plaintiff, | |
| v. | |
| FXCM INC., DROR NIV, and ROBERT LANDE, | |
| Defendants. | |
| DAVID BLINN, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:17-cv-01028-RA |
| Plaintiff, | |
| v. | |
| FXCM INC., DROR NIV, and ROBERT LANDE, | |
| Defendants. | |
| 683 CAPITAL PARTNERS, L.P., Individually and on Behalf of All Others Similarly Situated, | Case No. 1:17-cv-02506 |
| Plaintiff, | |
| v. | |

| |
|---|
| GLOBAL BROKERAGE, INC. f/k/a FXCM INC., DROR NIV, and ROBERT LANDE,<br><br>                              Defendants. |

# MEMORANDUM OF LAW IN SUPPORT OF THOMAS KELLY'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS <u>LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL</u>

Thomas Kelly ("Movant") respectfully submits this memorandum of law in support of his motion to appoint Movant as lead plaintiff and to approve Glancy Prongay & Murray LLP and Bragar Eagel & Squire P.C. as co-lead counsel pursuant to § 27 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1 (a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, on behalf of a putative class (the "Class") of purchasers of FXCM Inc. ("FXCM" or the "Company") securities.

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the person or group of persons with the largest financial interest in the relief sought by the Class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff. Movant believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims, and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Glancy Prongay & Murray LLP and Bragar Eagel & Squire P.C. as co-lead counsel should be approved because both firms have substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## I.     FACTUAL BACKGROUND

This is a class action on behalf of persons and entities that acquired FXCM securities between March 15, 2012 and February 6, 2017, inclusive (the "Class Period"), against the

Defendants, seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

FXCM is an online provider of foreign exchange ("FX") trading and related services to over 175,000 active retail accounts globally. FXCM offers customers access to over-the-counter ("OTC") FX markets and has developed a proprietary technology platform that provides customers with an efficient and cost-effective way to trade FX. In an FX trade, a participant buys one currency and simultaneously sells another, a combination known as a "currency pair." FXCM's platform seeks to present FX customers with the best price quotations on 45 currency pairs from up to 31 global banks, financial institutions and market makers ("FX market makers"). FXCM also offers its non-U.S. customers the ability to trade contracts-for-difference ("CFDs").

FXCM's sole asset is an equity interest in FXCM Holdings, LLC ("FXCM LLC").

On February 6, 2017, the U.S. Commodity Futures Trading Company ("CFTC") issued an order finding that FXCM LLC engaged in false and misleading solicitations of FXCM LLC's retail foreign exchange customers.

On February 6, 2017, the Company also announced in a press release that it had entered into a settlement with the NFA and CFTC against FXCM LLC for $7 million, and that FXCM will be withdrawing from business in the United States. The press release was filed with the SEC on February 7, 2016.

On this news, FXCM's stock price fell from a closing price of $6.85 on February 6, 2017 to $3.45 on February 7, 2017, a drop of approximately 50%.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically,

Defendants made false and/or misleading statements and/or failed to disclose that: (1) between September 4, 2009 through at least 2014, FXCM's U.S. subsidiary engaged in false and misleading solicitations of its retail foreign exchange customers by concealing its relationship with its most important market maker and by misrepresenting that its "No Dealing Desk" platform had no conflicts of interest with its customers; (2) FXCM's U.S. subsidiary made false statements to the National Futures Association about its relationship with the market maker; and (3) as a result, Defendants' statements about FXCM's business, operations and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

## II.     PROCEDURAL HISTORY

Plaintiff Tony Khoury ("Khoury") commenced the first of the above-captioned cases against FXCM on February 7, 2017 in the United States District Court, Southern District of New York, *Khoury v. FXCM Inc., et al.*, Case No. 1:17-cv-00916-RA. That same day, counsel for Khoury published a notice on *Globe Newswire,* announcing that a securities class action had been initiated against defendants herein.

Additional actions were filed in this Court on February 8, 2017 (Zhao V. FXCM Inc., et al., l:17-cv-955)(the "*Zhao Action*"); on February 10, 2017 (*Blinn v. FXCM Inc., et al.,* 1:17-cv-1028) (the "*Blinn Action*"); and on April 6, 2017 (*683 Capital Partners, L.P. v. Global Brokerage Inc. f/k/a FXCM Inc., et al.*, 1: 17-cv-1028) (the "*683 Capital Partners L.P. Action*"). The *Blinn, Khoury, Zhao, and 683 Capital Partners L.P.* Actions are referred to collectively as the "Actions" herein.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure Rule 42(a) is proper when

actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Each of the Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action names the same defendants, each alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben. Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

### B. Movant Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the class member that:

 (aa) has either filed the complaint or made a motion in response to a notice . . . ;

 (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

 (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

4

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation, and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Movant is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Movant Filed a Timely Motion

On February 7, 2017, pursuant to 15 U.S.C. 78u-4(a)(3)(A)(i), counsel for Khoury published a notice of the pendency of Khoury's case on *Business Wire* – a widely circulated national business-oriented wire service – announcing that a securities class action had been filed against Defendants herein and advising purchasers of FXCM securities that they had the right to file a motion to be appointed as lead plaintiff. *See* Declaration of Lesley F. Portnoy ("Portnoy Decl.") at Exhibit ("Exh.") A; *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-63 (D. Mass. 1996) (publication on a national wire service satisfies the PSLRA notice requirement).

Movant timely filed this motion within the 60-day period following publication of the February 7, 2017 PSLRA notice, and submits herewith his sworn certification and attests that he

is willing to serve as representatives of the Class and is willing to provide testimony at deposition and trial, if necessary. *See* Portnoy Decl., Exh. B. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(aa).

### 2. Movant Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Movant purchased FXCM securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial losses of approximately $16,081.58. *See* Portnoy Decl., Exh. C. To the best of his knowledge, Movant is not aware of any other Class member claiming larger financial losses that has filed a motion for appointment as lead plaintiff. Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement – the largest financial interest – to be appointed as lead plaintiff for the Class. *See Varghese,* 589 F. Supp. 2d at 396.

### 3. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d

Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that he or she satisfies Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005).

### a. Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose,* 2008 WL 4974839 at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning FXCM's business, operations, and financial prospects violated the federal securities laws. Movant, like all of the members of the Class, purchased FXCM securities in reliance on

7

Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Movants' interests and claims are "typical" of the interests and claims of the Class.

### b.     Movant is Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Movant has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that they have sufficient incentive to provide vigorous advocacy. *See* Portnoy Decl., Exh. C. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

### C.     The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Here, Movant has retained Glancy Prongay & Murray LLP and Bragar Eagel & Squire P.C. to pursue this litigation on his behalf and will retain the firms as the Class's co-lead counsel in the event he is appointed lead plaintiff. Glancy Prongay & Murray LLP and Bragar Eagel & Squire P.C. possess extensive experience in securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firms' résumé attached to the

Portnoy Decl. as Exhs. D and E. Thus, the Court may be assured that, by granting Movant's Motion, the Class will receive the highest caliber of legal representation.

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court to grant his Motion and enter an Order: (1) consolidating the Related Actions, (2) appointing Movant as lead plaintiff; (3) approving the selection of Glancy Prongay & Murray LLP and Bragar Eagel & Squire P.C. as co-lead counsel for the Class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: April 10, 2017          **GLANCY PRONGAY & MURRAY LLP**

By: *s/ Lesley F. Portnoy*
Lesley F. Portnoy (LP-1941)
122 East 42nd Street, Suite 2920
New York, New York 10168
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
lportnoy@glancylaw.com

-and-

**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy
Robert V. Prongay
Casey E. Sadler
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**BRAGAR EAGEL & SQUIRE P.C.**
Melissa A. Fortunato
Todd H. Henderson
885 Third Avenue, Suite 3040
New York, NY 10022
Telephone: (212) 355-4648
Facsimile: (212) 214-0506

*[Proposed]Co-Lead Counsel for Movant
and the Class*

**PROOF OF SERVICE BY ELECTRONIC POSTING PURSUANT TO SOUTHERN DISTRICT OF NEW YORK ECF AND LOCAL RULES AND BY MAIL ON ALL KNOWN NON-REGISTERED PARTIES**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On April 10, 2017, I served true and correct copies of **MEMORANDUM OF LAW IN SUPPORT OF THOMAS KELLY'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 10, 2017 at Los Angeles, California.

*s/ Lesley F. Portnoy*
Lesley F. Portnoy

# Mailing Information for a Case 1:17-cv-00916-RA Khoury et al v. FXCM Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Israel Dahan**
  idahan@kslaw.com,jcmccullough@kslaw.com

- **Matthew Moylan Guiney**
  guiney@whafh.com

- **Phillip C. Kim**
  pkim@rosenlegal.com

- **Roger Alan Sachar , Jr**
  rsachar@nfllp.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)