# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TONY KHOURY, Individually and On Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br>    v.<br><br>FXCM INC.,<br>DROR NIV, and ROBERT LANDE,<br><br>                      Defendants. | Civil Action No. 1:17-cv-00916 |
| YING ZHAO, Individually and On Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br>    v.<br><br>FXCM INC.,<br>DROR NIV, and ROBERT N. LANDE,<br><br>                      Defendants. | Civil Action No. 1:17-cv-00955 |
| DAVID BLINN, Individually and On Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br>    v.<br><br>FXCM INC.,<br>DROR NIV, and ROBERT N. LANDE,<br><br>                      Defendants. | Civil Action No. 1:17-cv-01028 |

| | |
|---|---|
| 683 CAPITAL PARTNERS, LP, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>GLOBAL BROKERAGE, INC. f/k/a FXCM INC., DROR NIV, and ROBERT LANDE,<br><br>　　　　　　　　Defendants. | Civil Action No. 1:17-cv-02506 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ADI DAMTY AND ABED LATIF TO CONSOLIDATE ALL RELATED ACTIONS AND FOR APPOINTMENT AS LEAD PLAINTIFFS AND <u>APPROVAL OF THEIR SELECTION OF COUNSEL</u>**

# **TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1

II. PROCEDURAL HISTORY ............................................................................................... 2

III. STATEMENT OF FACTS ................................................................................................. 3

IV. ARGUMENT ..................................................................................................................... 4

    A. These Actions Should Be Consolidated .................................................................. 4

    B. Movants Should Be Appointed Co-Lead Plaintiffs ................................................. 6

        1. The Procedure Required By The PSLRA .................................................... 6

        2. Movants Satisfy The Lead Plaintiff Requirements Of The PSLRA ............ 7

    C. Movants' Selection Of Counsel Should Be Approved .......................................... 11

V. CONCLUSION ................................................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188 (S.D.N.Y. 2008) ............................................................................................... 9

*Devlin v. Transp. Commc'ns Int'l Union*,
   175 F.3d 121 (2d Cir. 1999)...................................................................................................... 5

*Francisco v. Abengoa, S.A.*,
   No. 15 CIV. 6279 (ER), 2016 WL 3004664 (S.D.N.Y. May 24, 2016) ............................ 5, 7, 8

*Greebel v. FTP Software, Inc.*,
   939 F. Supp. 57 (D. Mass. 1996) .............................................................................................. 6

*Hohenstein v. Behringer Harvard REIT, I, Inc.*,
   No. 3:12-cv-3772, 2012 U.S. Dist. LEXIS 180013 (N.D. Tex. Dec. 20, 2012) ...................... 12

*In re Braskem S.A. Sec. Litig.*,
   No. 15 Civ. 5132 (PAE), 2015 WL 5244735 (S.D.N.Y. Sept. 8, 2015) ................................ 5, 8

*In re Drexel Burnham Lambert Grp., Inc.*,
   960 F.2d 285 (2d Cir.1992)....................................................................................................... 9

*In re Gen. Elec. Sec. Litig.*,
   No. 09 CIV. 1951DC, 2009 WL 2259502 (S.D.N.Y. July 29, 2009) ..................................... 10

*In re Orion Sec. Litig.*,
   No. 08 CIV. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 8, 2008) .................................. 10

*In re Swisher Hygiene, Inc., Securities and Derivative Litig.*, 3:12-md-2384 GCM (W.D.N.C.
   Aug. 6, 2014) .......................................................................................................................... 12

*Irving Firemen's Relief & Ret. Fund v. Tesco PLC*,
   No. 14 Civ. 10020 (RMB), 2015 WL 1345931 (S.D.N.Y. Mar. 19, 2015) .............................. 8

*Johnson v. Celotex Corp.*,
   899 F.2d 1281, 1284 (2d Cir. 1990).......................................................................................... 5

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ........................................................................................ 10, 11

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
   275 F.R.D. 187 (S.D.N.Y. 2011) ............................................................................................ 10

**Statutes**

17 C.F.R. §240.10b-5 ................................................................................................................. 1

15 U.S.C. §§ 78j(b) and 78t(a) .................................................................................................. 1

15 U.S.C. § 78u-4 ............................................................................................................. passim

**Rules**

Fed. R. Civ. P. 42(a) ................................................................................................................. 5

Adi Damty and Abed Latif ("Movants"), respectfully submit this Memorandum of Law in support of their motion to consolidate the above-captioned actions (the "Actions"), for appointment as Lead Plaintiffs in these Actions pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and for approval of their selection of Block & Leviton LLP ("Block & Leviton") as Lead Counsel.

## I.     INTRODUCTION

Currently pending before this Court are four securities class actions against FXCM Inc. ("FXCM" or the "Company") and certain of its officers and directors on behalf of individuals who purchased or otherwise acquired FXCM securities from March 15, 2012 through February 6, 2017, inclusive (the "Class Period").

The Actions are brought pursuant to §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5. Defendants are FXCM and its Chief Executive Officer, Dror Niv and Chief Financial Officer Rober Lande.

The PSLRA directs the Court to appoint as lead plaintiff the movant or group of movants who have demonstrated the "largest financial interest in the litigation" and also meet the typicality and adequacy prongs of Fed. R. Civ. P. 23. *See* 15 U.S.C. 78u-4(a)(3)(B)(iii). As demonstrated herein, Movants have sustained losses of $100,779.57. Movants' losses are, to the best of their knowledge, the largest among purported class members seeking appointment as Lead Plaintiff. Movants are unaware of any other class members who have filed an action or an application for appointment as Lead Plaintiff who has sustained greater losses.[1] Movants understand the

---

[1] The losses suffered by Movants are not the same as their legally compensable damages. Measuring the latter is often a complex exercise and is premature at this stage of litigation. The approximate losses can, however, be determined from the certification required under Section 21D

1

commitments required of a Lead Plaintiff and have retained competent and experienced counsel to prosecute this securities litigation.

Pursuant to the PSLRA, the Lead Plaintiffs selects the Lead Counsel subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Movants have selected the law firm of Block & Leviton to serve as Lead Counsel. Block & Leviton has extensive experience successfully litigating securities class actions and possesses the resources necessary to vigorously pursue this litigation on behalf of the putative class. For the reasons summarized herein and discussed more fully below, Movants' motion should be approved in its entirety.

## II.     PROCEDURAL HISTORY

On February 7, 2017, *Khoury v. FXCM Inc., et al.,* Docket No. 1:17-cv-00916 (S.D.N.Y.) was filed in this District. The same day, a notice that a class action was initiated against Defendants was published on *Business Wire*, a widely-available, national business-oriented newswire service. The notice advised members of the proposed class of their right to move the Court to serve as lead plaintiff(s) no later than 60 days from the date of publication of the notice.  *See* Block Decl., Ex. A.

On February 8, 2017, *Zhao v. FXCM Inc., et al.,* Docket No. 1:17-cv-00955 (S.D.N.Y.), was filed in this District. On February 10, 2017, a third action, *Blinn v. FXCM Inc., et al.,* Docket No. 1:17-cv-01028 (S.D.N.Y.) was filed in this District.

On April 6, 2017, a fourth action, *683 Capital Partners, LP v. Global Brokerage, Inc. f/k/a FXCM, Inc., et al.,* Docket No. 1:17-cv-02506 (S.D.N.Y.) was filed in this District.

---

of the PSLRA, 15 U.S.C. § 78u-4(a)(2)(B) and based upon reference to information concerning the current market for the Company's securities. Movants' transactions in FXCM securities are set forth in their Certifications annexed as Exhibits C and D to the Declaration of Jeffrey C. Block in Support of this Motion ("Block Dec.").

2

Movants are members of the proposed class (*see* Block Decl., Exs. B and C) and are filing this motion within the sixty-day period following publication of the first notice to shareholders issued on February 7, 2017 in connection with the first Southern District of New York filing, and pursuant to Section 21D of the PSLRA.

### III.   STATEMENT OF FACTS

FXCM provides online foreign exchange trading and related services to retail and institutional customers. Khoury Compl., ¶6; Zhao Compl., ¶ 2; Blinn Compl., ¶ 2, 683 Capital Compl., ¶7. FXCM offers customers access to over-the-counter foreign exchange markets and "no dealing desk" platform, which purportedly provided customers with an efficient and cost-effective way to trade foreign currency. Khoury Compl., at ¶ 17; Zhao Compl., at ¶ 2; Blinn Compl., ¶ 2, 683 Capital Compl., ¶17. The Company's sole asset is its equity interest in FXCM Holdings, LLC ("FXCM Holdings"). Forex Capital Markets LLC ("Forex LLC") is the U.S. subsidiary of FXCM Holdings LLC. Khoury Compl., at ¶¶ 15, 16; Zhao Compl., at ¶ 2; Blinn Compl., at ¶ 3, 683 Capital Compl., ¶¶ 15, 16.

On February 6, 2017, the U.S. Commodity Futures Trading Company ("CFTC") issued an order finding that FXCM Holdings, through Forex LLC, engaged in false and misleading solicitations of their retail foreign exchange customers. Khoury Compl., at ¶ 30; Zhao Compl., at ¶ 5; Blinn Compl., ¶ 6, 683 Capital Compl., ¶34. The CFTC order required FXCM Holdings, Forex LLC, and their founders, including Defendant Dror Niv, to pay a $7 million civil penalty and to withdraw from CFTC registration. *Id.*

On this news, FXCM's stock price fell from a closing price of $6.85 on February 6, 2017 to $3.45 on February 7, 2017, a decline of more than 49% of the stock's value. Khoury Compl., at ¶ 31; Zhao Compl., at ¶ 7; Blinn Compl., ¶ 8, 683 Capital Compl., ¶ 35.

The Plaintiffs allege that throughout the Class Period the Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, that Defendants made false and/or misleading statements and/or failed to disclose that (i) between September 4, 2009 through at least 2014, FXCM's U.S. subsidiary engaged in false and misleading solicitations of its foreign exchange customers by concealing its relationship with its most important market maker and by misrepresenting that its "No Dealing Desk" platform had no inherent conflicts of interest with the Company's customers; and (ii) FXCM's U.S. subsidiary made false statements to the National Futures Association regarding the Company's relationship with the market maker. Khoury Compl., at ¶ 29; Zhao Compl., at ¶ 4; Blinn Compl., ¶ 5, 683 Capital Compl., ¶ 33.

IV.   **ARGUMENT**

   A.   **These Actions Should Be Consolidated**

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. §78u-4(a)(3)(B)(ii).  There are currently four related securities class actions against FXCM pending in this District:

| Case | Date Filed | Class Period | Defendants |
|---|---|---|---|
| *Khoury v. FXCM Inc., et al.* (No. 1:17-cv-00916) | February 7, 2017 | March 15, 2012 – February 6, 2017 | FXCM Inc.<br><br>Dror Niv<br><br>Robert Lande |
| *Zhao v. FXCM Inc., et al.* (No. 1:17-cv-00955) | February 8, 2017 | March 15, 2012 – February 6, 2017 | FXCM Inc.<br><br>Dror Niv<br><br>Robert Lande |

4

| Case | Date Filed | Class Period | Defendants |
|---|---|---|---|
| *Blinn v. FXCM Inc., et al.* (No. 1:17-cv-01028) | February 10, 2017 | March 15, 2012 – February 6, 2017 | FXCM Inc. Dror Niv Robert Lande |
| *683 Capital Partners LP v. Global Brokerage, Inc. f/k/a FXCM Inc., et al.* (No. 1:17-cv-02506) | April 6, 2017 | March 15, 2012 – February 6, 2017 | FXCM Inc. Dror Niv Robert Lande |

Consolidation is appropriate where, as here, there are actions pending in the same court that involve common questions of fact or law. *See* Fed. R. Civ. P. 42(a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990) ("Rule 42(a) of the Federal Rules of Civil Procedure empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay."). Additionally, the PSLRA directs that cases should be consolidated where there is "more than one action on behalf of a class asserting substantially the same claim or claims." 15 U.S.C. 78u-4(b)(ii); Moreover, "Courts in this district 'routinely consolidate securities class actions arising from the same allegedly actionable statements.'" *Francisco v. Abengoa, S.A.*, No. 15 CIV. 6279 (ER), 2016 WL 3004664, at *3 (S.D.N.Y. May 24, 2016) (quoting *In re Braskem S.A. Sec. Litig.*, No. 15 Civ. 5132 (PAE), 2015 WL 5244735, at *3 (S.D.N.Y. Sept. 8, 2015) (collecting cases)).

All the above-captioned Actions assert nearly identical claims based on the same or similar legal and factual allegations and allege exactly the same Class Period. Additionally, the interests of judicial economy weigh heavily in favor of consolidation given the substantial overlap of common questions of law and fact. *See Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) ("In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy."). Accordingly, the Court should

consolidate the above-captioned Actions and any other subsequently filed or transferred shareholder actions that are related to the claims in this matter.

### B.      Movants Should Be Appointed Co-Lead Plaintiffs

#### 1.      The Procedure Required By The PSLRA

The PSLRA has established a procedure governing the appointment of a lead plaintiff "in each private action arising under . . . [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1), (a)(3)(B)(i).

*First*, the plaintiff who files the initial action must publish a notice to the class, within twenty days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4 (a)(3)(A)(i). Here, the relevant notice was published on Business Wire on February 7, 2017.[2] Block Decl. at Ex. A. Within sixty days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4 (a)(3)(A)-(B).

*Second*, the PSLRA provides that within ninety days after publication of the notice, the Court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa)   has either filed the complaint or made a motion in response to a notice ...

---

[2] The statute requires that notice be published "in a widely circulated business-oriented publication or wire service." *Reimer v. Ambac Fin. Grp., Inc.*, No. 08 CIV. 1273, 2008 WL 2073931, at *1 (S.D.N.Y. May 9, 2008).

6

    (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4 (a)(3)(B) (iii).

As discussed below, Movants have complied with the procedural prerequisites of the PSLRA, and have demonstrated what is, to the best of their knowledge, the largest financial interest in the litigation of any other class member(s) seeking appointment as lead plaintiff. Movants otherwise meet the relevant requirements of Fed. R. Civ. P. 23, and should be appointed as Co-Lead Plaintiffs.

    2. <u>Movants Satisfy The Lead Plaintiff Requirements Of The PSLRA</u>

      a) *<u>Movants Have Complied with the PSLRA and Should Be Appointed Co-Lead Plaintiffs</u>*

Movants timely moved this Court to be appointed Co-Lead Plaintiffs on behalf of all members of the Class. Movants have submitted signed certifications stating that they have reviewed the complaint and are willing to serve as a representative party on behalf of the putative class, pursuant to 15 U.S.C. § 78u-4(a)(2) *See* Block Dec. at Exs. B and C. Movants have also filed a joint declaration indicating that they have spoken with each other and agree to work together as Co-Lead Plaintiffs. *See* Block Dec. at Ex. F. In addition, Movants have selected and retained experienced and competent counsel to represent them and the putative class. *See* Block Dec. Ex. G (Firm Resume of Block & Leviton).

Accordingly, Movants satisfy the requirements of 15 U.S.C. § 78u-4(a)(3)(B) and are entitled to have their application for appointment as Co-Lead Plaintiffs and selection of Counsel, as set forth herein, considered and approved by the Court.

>   b)   *Movants Have the Largest Financial Interest in the Relief Sought by the Class*

The Court is to presume that the most adequate plaintiff is the movant or group of movants with "the largest financial interest in the relief sought by the class" who otherwise satisfies the requirements of Rule 23(a). 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb). *See Francisco v. Abengoa, S.A.*, 2016 WL 3004664, at *4.

While the PSLRA does not specify a methodology for determining which movant has the largest financial interest in the relief sought, Courts in this Circuit have adopted a four-part test to asses a movant's financial interest: (1) "the total number of shares purchased during the class period;" (2) "the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period);" (3) "the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period);" and (4) "the approximate losses suffered." *Francisco v. Abengoa, S.A.*, 2016 WL 3004664, at *5 (citing *Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, No. 14 Civ. 10020 (RMB), 2015 WL 1345931, at *2 (S.D.N.Y. Mar. 19, 2015). "Of these factors, courts have consistently held that the fourth, the magnitude of the loss suffered, is most significant." *In re Braskem S.A. Sec. Litig.*, 2015 WL 5244735, at *4 (collecting cases).

As evidenced by the accompanying certifications and loss charts, Movants purchased FXCM securities during the Class Period and have suffered estimated losses of $100,779.57 as a result of Defendants' misconduct. *See* Block Dec. at Exs. D and E. (Movants' loss calculation charts).[3] Movants have a significant financial interest in this case and are unaware of any other

---

[3] Movants' losses of $100,779.57 are calculated on a last in, first out basis. *See* Block Decl. Exs. D and E. Movants' losses, as calculated on a first in, first out, basis are $100,779.19. *Id*.

8

applicant or applicant group that has sustained greater financial losses in connection with transactions in FXCM securities during the Class Period. Therefore, Movants have the "largest financial interest in the relief sought by the class," satisfy all of the PSLRA's prerequisites for appointment as lead plaintiff, and should be appointed as Co-Lead Plaintiffs. 15 U.S.C. §78u-4(a)(3)(B)(iii).

### c) *Movants Otherwise Satisfy Rule 23*

Under 15 U.S.C. §78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must '"otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class may be certified only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of these four prerequisites, only two—typicality and adequacy—directly address the personal characteristics of the lead plaintiff movants. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed. *See Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 191 (S.D.N.Y. 2008) ("At this stage of the litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Co-Lead Plaintiffs.

### *(1) Movants Satisfy the Typicality Requirement*

Typicality under Rule 23(a)(3) is satisfied if the proposed lead plaintiff's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Blackmoss*, 252 F.R.D. at 191 (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir.1992)). To meet this burden, Movants need not show that their claims are *identical* to absent class members' claims. *Id.* ("However, the claims of the class representative need not be identical to those of all members of the class."); *In re Orion Sec. Litig.*, No. 08 CIV. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 8, 2008) ("Indeed, the possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.") (internal citations omitted).

Here, Movants satisfy the typicality requirement of Rule 23 because, just like all other Class members, they (1) transacted in FXCM securities during the Class Period at artificially inflated prices; and (2) suffered damages thereby. Movants' claims, like those of all other members of the Class, arise out of the same course of events and are based on the same legal theories. Accordingly, Movants' interests and claims are in all respects "typical" of the interests and claims of the Class.

### *(2) Movants Satisfy the Adequacy Requirement*

Under Rule 23(a)(4), Movants are adequate if: (1) their counsel is qualified, experienced and generally able to conduct the proposed litigation; and (2) Movants' interests are not antagonistic to those of the class. *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011) ("In considering the adequacy of a proposed lead plaintiff, a court must consider: (1) whether the lead plaintiff's claims conflict with those of the

class; and (2) whether class counsel is qualified, experienced, and generally able to conduct the litigation."); *see also In re Gen. Elec. Sec. Litig.,* No. 09 CIV. 1951DC, 2009 WL 2259502, at *5 (S.D.N.Y. July 29, 2009) (Plaintiff "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and it has retained competent and experienced counsel.") (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007)).

Movants will more than adequately represent the interests of the Class. There is no conflict between the interests of Movants and those of the other members of the Class. Moreover, Movants have already taken significant steps demonstrating that they recognize, and will protect, the interests of the class: (1) they have executed certifications detailing their Class Period transactions and expressing their willingness to serve as class representatives; (2) they have discussed with counsel their responsibilities as Co-Lead Plaintiffs in this litigation; (3) they executed a joint declaration in which they affirmed their understanding of and commitment to serving as Co-Lead Plaintiffs (*see* Block Decl. Ex. G); (4) they have moved this Court to be appointed Lead Plaintiffs; and (5) they have retained competent and experienced counsel who, as shown below, will be able to conduct this complex litigation in a professional manner.

Moreover, Movants' have known each other for more than ten years and currently reside together, leaving no question as to their cohesion. *Id.* Finally, Movants' significant financial losses provides "a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Kaplan v. Gelfond*, 240 F.R.D. at 94.

### C.     Movants' Selection Of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead plaintiff's selection of counsel when necessary to "protect the interests of the class." 15 U.S.C.

§ 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movants have selected Block & Leviton as Lead Counsel. As set forth in the accompanying firm resume (Block Dec., Ex. H), Block & Leviton attorneys have recovered hundreds of millions of dollars for investors in the course of their careers. Among other significant representations, Block & Leviton recently represented certain Ohio state pension funds as co-lead plaintiffs in the securities class action against BP seeking to recover investor losses related to the catastrophic explosion on the Deepwater Horizon oil rig and the resultant oil spill in the Gulf of Mexico, ultimately obtaining $175 million for the class.

One district court recently noted that:

> [T]he attorneys at Block & Leviton are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firm's resume. . . . [T]he court is convinced that [Plaintiffs'] chosen counsel [Block & Leviton] have the skill and knowledge that will enable them to prosecute this action effectively and expeditiously.

*Hohenstein v. Behringer Harvard REIT I, Inc.,* No. 3:12-CV-3772-G, 2012 WL 6625382, at *4 (N.D. Tex. Dec. 20, 2012).[4]

The experience that Block & Leviton has in prosecuting securities class actions ensures that this case will be effectively litigated with minimal costs to the Class. Moreover, Proposed Lead Counsel has already conducted an in-depth review of the Company's filings with the SEC, press releases and analyst and media reports and filed the only complaint against the Company and its officers in this District. Accordingly, the Court should approve Movants' selection of Block &

---

[4] *See also In re Swisher Hygiene, Inc., Securities and Derivative Litig.*, 3:12-md-2384 GCM (W.D.N.C. Aug. 6, 2014) (transcript of settlement hearing, in case in which Block & Leviton was sole lead counsel and obtained settlement worth 30% of class' alleged losses; "The settlement is – gosh. . . . the fact that it's occurring within the context of a securities case, which is very difficult for plaintiffs to win, is extremely impressive to me. . . . [T]his is a matter which has been fairly litigated by people who know what they're doing.").

12

Leviton as Lead Counsel for the Class.

Movants have additionally selected Gardy & Notis LLP ("Gardy & Notis") as Liaison Counsel. Gardy & Notis is a law firm experienced in prosecuting securities fraud class actions and has significant experience litigating in this District. Accordingly, the Court should approve Movants' selection of Gardy & Notis as Liaison Counsel for the Class.

## V.   CONCLUSION

For all the foregoing reasons, Movants respectfully requests that the Court appoint them as Co-Lead Plaintiffs in the Actions and approve their selection of Block & Leviton as Lead Counsel and Gardy & Notis as Liaison Counsel.

Dated: April 10, 2017                             Respectfully submitted,

**GARDY & NOTIS, LLP**

By: s/ Jennifer Sarnelli
James S. Notis
Jennifer Sarnelli
126 East 56th Street, 8th Floor
New York, NY 10022
Tel: 212-905-0509
Fax: 212-905-0508
jnotis@gardylaw.com
jsarnelli@gardylaw.com

**BLOCK & LEVITON LLP**
Jeffrey C. Block
Bradley J. Vettraino
155 Federal Street, Suite 400
Boston, MA 02110
Tel: 617-398-5600
Fax: 617-507-6020
Jeff@blockesq.com
Bradley@blockesq.com

*Counsel for Lead Plaintiff Movants Adi Damty and Abed Latif and Proposed Counsel for the Class*

## **CERTIFICATE OF SERVICE**

   I, Jennifer Sarnelli, hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 10, 2017.

                   /s/ Jennifer Sarnelli