**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TONY KHOURY, Individually and on Behalf of All Others Similarly Situated,<br><br>                         Plaintiff,<br><br>v.<br><br>FXCM INC., DROR NIV, and ROBERT LANDE,<br><br>                         Defendants. | **Civil Action: 1:17-cv-00916 (RA)** |
| YING ZHAO, Individually and On Behalf Of All Others Similarly Situated,<br><br>                         Plaintiff,<br><br>        vs.<br><br>FXCM INC., DROR NIV, AND ROBERT LANDE,<br><br>                         Defendants. | **Civil Action: 1:17-cv-00955** |
| DAVID BLIN, Individually and On Behalf Of All Others Similarly Situated,<br><br>                         Plaintiff,<br><br>        vs.<br><br>FXCM INC., DROR NIV, AND ROBERT LANDE,<br><br>                         Defendants. | **Civil Action: 1:17-CV-01028 (RA)** |

## MEMORANDUM OF LAW IN SUPPORT OF KATHY GRAY'S MOTION TO CONSOLIDATE THE ACTIONS, TO BE APPOINTED AS LEAD PLAINTIFF AND FOR APPROVAL OF HER SELECTION OF COUNSEL

### PRELIMINARY STATEMENT

Presently pending before the Court are three (3) securities class action lawsuits (collectively, the "Action"). The Action is brought on behalf of purchasers of the common stock of FXCM, Inc. ("FXCM" the "Company"), who purchased or otherwise acquired the Company's common stock between March 15, 2012 and February 6, 2017, inclusive ("Class Period"), against the Company. The Action alleges that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated under Section 10(b).

Class member Kathy Gray ("Movant") hereby moves this Court, pursuant to Section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an order (a) consolidating the above-captioned actions; (b) appointing Movant as lead plaintiff in the Action; and (c) approving Movant's selection of Gainey McKenna & Egleston as Lead Counsel for the Class.

Movant suffered substantial losses resulting from her FXCM investment – over $143,810 – and believes that she has the largest financial interest in the Action.

### STATEMENT OF FACTS

The Complaint alleges that, during the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) between September 4, 2009 through at least 2014, FXCM's U.S. subsidiary engaged in false and misleading solicitations of its retail foreign exchange customers by concealing its relationship with its most important market maker and by misrepresenting that its "No Dealing Desk" platform had no conflicts of interest with its

customers; (2) FXCM's U.S. subsidiary made false statements to the National Futures Association about its relationship with the market maker; and (3) as a result, Defendants' statements about FXCM's business, operations and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.  When the true details entered the market, the lawsuit claims that investors suffered damages.  ¶¶ 18-32.[1]

## ARGUMENT

## I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions."  *Id.*

### A.    The Court Should Resolve the Consolidation Issue as a Prerequisite to the Determination of Lead Plaintiff

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a).  The Court has broad discretion under this rule to consolidate cases pending within this District.  *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).  Consolidation is particularly appropriate in securities class action litigation.  *See Mitchell v. Complete Mgmt., Inc. Sec. Litig.*, Case No. 99-CV-1454 (DAB), 1999 U.S. Dist. LEXIS 14460, at *4 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact . . .") (citation

---

[1]    Citations to "¶___" are to paragraphs of the Complaint entitled *Tony Khoury v. FXCM, Inc., et al.*, Civil Action: 1:17-cv-00916(RA).

omitted); *see also Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements. *See, e.g., Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) (consolidation appropriate in securities class actions); *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 431 (E.D. Va. 2000) ("consolidation is often warranted where multiple securities fraud class actions are based on the same public statements and reports[]") (internal quotations omitted).

The above-captioned actions pending before this Court present similar factual and legal issues, as they all involve the same general subject matter, and present, for the most part, the same legal issues.  Each alleges the same general violations of the Exchange Act and each is based on the same wrongful course of conduct.  Each names the Company and certain of its officers and/or directors as defendants.  Because these actions arise from the same facts and circumstances and involve the same general subject matter, the same discovery and similar class certification issues will be relevant to both related actions.  Accordingly, consolidation under Rule 42(a) is appropriate.  *See Celotex*, 899 F.2d at 1285.

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable."  Section 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii).  Here, a prompt determination is reasonable and warranted under Rule 42(a), given the common questions of fact and law presented by the related actions now pending in this District.

## II.      THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

### A.      The Procedure Required By The PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  Sections 21D(a)(1) and 21D(a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish notice to the class within twenty (20) days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff.  Section 21D(a)(3)(A)(i), 15 U.S.C. § 78u-4(a)(3)(A)(i).  The PSLRA requires the court to consider within ninety (90) days all motions, filed within sixty (60) days after publication of that notice, made by any person or group of persons who are members of the proposed class to be appointed lead plaintiff.  Sections 21D(a)(3)(A)(i)(II) and 21D(a)(3)(B)(i), 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)   has either filed the complaint or made a motion in response to a notice;

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."   Section 21D(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against him.   Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### 1.   Movant Is Willing To Serve As Class Representative

On February 7, 2017, counsel in the Action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against FXCM (and certain officers), and which advised putative class members that they had sixty (60) days, or until April 10, 2017, to file a motion to seek appointment as a lead plaintiff in the action.  *See* Declaration of Thomas J. McKenna in Support of Motion of Kathy Gray to Consolidate the Actions, to be Appointed as Lead Plaintiff and for Approval of Her Selection of Lead Counsel ("McKenna Decl."), at Ex. A.  Pursuant to that Notice, Movant now moves for appointment as lead plaintiff and shows that she has sustained substantial financial losses from her transactions in FXCM securities.  *Id.* at Ex. B.

### 2.   Movant has the Largest Financial Interest

The PSLRA requires the Court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." Section 21D(a)(3)(B)(iii)(I)(bb), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Movant believes that she has the largest financial interest of any shareholder in the Action.  During the Class Period, Movant suffered combined losses of over $143,810.  *See* McKenna Decl. at Ex. B.  These losses are significant enough to ensure that Movant has a sufficient financial stake to remain an active participant in the Action and oversee the vigorous

prosecution of the Action by counsel.  *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. 2008).  Accordingly, Movant satisfies the largest financial interest requirement to be appointed as lead plaintiff in the Action.  Section 21D(a)(3)(B)(iii)(I)(bb), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.    Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA also states that at the outset of the litigation, the lead plaintiff must also "otherwise satisf[y] . . . the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u 4(a)(3)(B)(iii)(I)(cc).  Only typicality and adequacy are relevant for purposes of a motion for lead plaintiff.  *See, e.g.*, *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 46 (D. Mass. 2001); *In re Cendant Corp. Litig.*, 264 F.3d at 265.  As discussed below, Movant satisfies the typicality and adequacy requirements under Rule 23(a) and the PSLRA.

The claims asserted by Movant are typical of those of the Class.  Movant, like the members of the Class, purchased FXCM securities during the Class Period at prices artificially inflated by Defendant's materially false and misleading statements, and was damaged thereby.  Thus, her claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and Movant's losses result from Defendant's common course of conduct.  *See In re Waste Mgm't., Inc. Secs. Litig.*, 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000).  Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3).

Movant is also an adequate representative for the Class.  There is no antagonism between Movant's interests and those of the Class.  Moreover, Movant has retained counsel highly experienced in prosecuting securities class actions, and will submit her choice to the Court for

approval pursuant to Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v).  *See Waste Mgmt.*, 128 F. Supp. 2d at 414.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies Section 21D(a)(3)(B)(iii)(I)(cc), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

## III.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval.  Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class."  Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See also Lernout & Hauspie,* 138 F. Supp. 2d at 46-47.

Movant has selected and retained Gainey McKenna & Egleston as the proposed Lead Counsel for the Class.  Gainey McKenna & Egleston has extensive experience prosecuting complex securities class actions, such as this one, and are well qualified to represent the Class. *See* McKenna Decl. Ex. C.  Therefore, the Court may be assured that if it grants this motion, the Class members will receive high-caliber representation by skilled, experienced counsel.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the above-captioned actions; (2) appoint Movant as lead plaintiff for the Class in the Action and any subsequently-filed, related actions; and (3) approve Movant's selection of Gainey McKenna & Egleston to represent the Class as Lead Counsel.

Dated: April 10, 2017

Respectfully submitted,

**GAINEY McKENNA & EGLESTON**

By: *_/s/ Thomas J. McKenna_*
    Thomas J. McKenna
Gregory M. Egleston
440 Park Avenue South, 5th Floor
New York, NY 10016
Telephone: (212) 683-3400
Facsimile: (212) 683-3402
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com

***Proposed Lead Counsel***

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 10, 2017.


*<u>/s/ Thomas J. McKenna</u>*
Thomas J. McKenna