**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X

| | |
|---|---|
| TONY KHOURY, Individually and on Behalf of All Others Similarly Situated, | **CASE No.: 1:17-cv-00916-RA** |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF 683 CAPITAL PARTNERS, LP AND SHIPCO TRANSPORT INC. TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT CO-LEAD PLAINTIFFS; AND (3) APPROVE CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL** |
| vs. | |
| FXCM INC., DROR NIV, and ROBERT LANDE, | |
| Defendants. | |
| | **CLASS ACTION** |

------------------------------------------------------------------------X
------------------------------------------------------------------------X

| | |
|---|---|
| YING ZHAO, Individually and on Behalf of All Others Similarly Situated, | **CASE No.: 1:17-cv-00955-UA** |
| Plaintiff, | **CLASS ACTION** |
| vs. | |
| FXCM INC., DROR NIV, and ROBERT N. LANDE, | |
| Defendants. | |

------------------------------------------------------------------------X

1

| | |
|---|---|
| ------------------------------------------------------------------------X <br> DAVID BLINN, Individually and on Behalf of All Others Similarly Situated, | **CASE No.: 1:17-cv-01028-RA** |
| Plaintiff, | **CLASS ACTION** |
| vs. | |
| FXCM INC, DROR NIV, and ROBERT N. LANDE, | |
| Defendants. | |
| ------------------------------------------------------------------------X | |
| ------------------------------------------------------------------------X <br> 683 CAPITAL PARTNERS, LP, Individually and on Behalf of All Others Similarly Situated, | **CASE No.: 1:17-cv-02506-UA** |
| Plaintiff, | **CLASS ACTION** |
| vs. | |
| GLOBAL BROKERAGE, INC. f/k/a FXCM INC., DROR NIV, and ROBERT LANDE, | |
| Defendants. | |
| ------------------------------------------------------------------------X | |

Plaintiffs 683 Capital Partners, LP and Shipco Transport Inc. (collectively, "Movants") respectfully submit this memorandum of law in support of their motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) consolidating the above-captioned actions;

(2) appointing Movants as Co-Lead Plaintiffs for the class of all purchasers or acquirers of the securities of Global Brokerage, Inc. f/k/a FXCM Inc. ("FXCM" or the "Company") between March 15, 2012 through February 6, 2017, inclusive (the "Class Period"); and

(3) approving Movants' selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

This action was commenced on February 7, 2017 against the Company and certain of its officers, and directors, for violations under the Exchange Act. That same day, The Rosen Law Firm, P.A. issued an early notice pursuant to the PSLRA advising class members of, *inter alia,* the allegations and claims in the Complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto. The above-captioned related actions styled as *Zhao v. FXCM Inc. et al,* Docket No. 1:17-cv-00955 (S.D.N.Y. Feb 08, 2017), *Blinn v. FXCM Inc. et al,* Docket No. 1:17-cv-01028 (S.D.N.Y. Feb 10, 2017), and *683 Capital Partners, LP et al v. Global Brokerage, Inc. f/k/a FXCM Inc. et al*, Docket No. 1:17-cv-02506 (S.D.N.Y. Apr 06, 2017), were subsequently filed against Defendants asserting the same facts and claims as the instant action.

According to the lawsuits, throughout the Class Period Defendants made false and/or misleading statements and/or failed to disclose that: (1) between September 4, 2009 through at least 2014, FXCM's U.S. subsidiary engaged in false and misleading solicitations of its retail foreign exchange customers by concealing its relationship with its most important market maker and by misrepresenting that its "No Dealing Desk" platform had no conflicts of interest with its customers; (2) FXCM's U.S. subsidiary made false statements to the National Futures Association about its relationship with the market maker; and (3) as a result, Defendants' statements about FXCM's business, operations and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times. When the true details entered the market, the lawsuits claim that investors suffered damages.

**ARGUMENT**

**I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

**II.   MOVANTS SHOULD BE APPOINTED CO-LEAD PLAINTIFFS**

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable

4

presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movants satisfy all three of these criteria, and thus are entitled to the presumption that they are the "most adequate plaintiff" for the Class.

**A.   Movants Are Willing to Serve as Class Representatives**

Movants have timely filed the instant motion, and have filed herewith PSLRA certifications attesting that they are willing to serve as representatives of the class and are willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2. Accordingly, Movants satisfy the first requirement to serve as Co-Lead Plaintiffs for the Class.

**B.   Movants Have the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that …has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the Lax/Olsen-styled[1] factors in

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036*5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig*., 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movants lost $8,754,514.33 in connection with their purchases of FXCM securities. *See* Ex. 3. Movants are not aware of any other movant that has suffered greater losses in FXCM securities during the Class Period. Accordingly, Movants satisfy the largest financial interest requirement to be appointed as Co-Lead Plaintiffs for the class.

## C. Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movants will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.* at 437.

### 1. Movants' Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movants' claims are typical of the claims asserted by the Class. Movants, like all members of the Class, allege that defendants violated the Exchange Act by issuing false and misleading statements about the Company's business and financial condition. Movants' interests are closely aligned with the other Class members' and their interests are, therefore typical of the other members of the Class.

### 2. Movants Are Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.2d. 201, 265 (3d Cir. 2001). Here, Movants have communicated with competent, experienced counsel concerning this case, and have made this motion to be appointed as Co-Lead Plaintiffs. Movants are not aware that any conflict exists between Movants' claims and those asserted on behalf of the Class. Movants also sustained substantial financial losses from their investments in FXCM securities and are, therefore, extremely motivated to pursue claims in this action.

### D. Movants Are Presumptively the Most Adequate Plaintiffs

The presumption in favor of appointing Movants as Co-Lead Plaintiffs may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption that Movants are the most adequate Co-Lead Plaintiffs is not, therefore subject to rebuttal. Movants have suffered substantial financial losses and have the largest financial interest in this case of any timely lead plaintiff. The ability of Movants to fairly and adequately represent the Class is discussed above. Movants are not aware of any unique defenses defendants could raise against them that would render Movants inadequate to represent the Class. Accordingly, Movants are presumptively the most adequate plaintiffs and should be appointed as Co-Lead Plaintiffs for the Class.

## III. MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching the Class Plaintiffs and Movants' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims

against the defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4. The firm has prosecuted securities fraud class actions and other complex litigation and has obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movants' selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court issue an Order (1) consolidating the above-captioned related actions; (2) appointing Movants as Co-Lead Plaintiffs of the Class; (3) approving Movants' selection of The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: April 10, 2017                           Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of April 2017, a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF 683 CAPITAL PARTNERS, LP AND SHIPCO TRANSPORT INC. TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT CO-LEAD PLAINTIFFS; AND (3) APPROVE CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL** was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Phillip Kim