UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x
TONY KHOURY, Individually and on Behalf :    Civil Action No. 1:17-cv-00916-RA
of All Others Similarly Situated,              :
                                       :    <u>CLASS ACTION</u>
                Plaintiff,      :
                                         :
        vs.                         :
                                         :
FXCM INC., DROR NIV and ROBERT    :
LANDE,                                  :
                                         :
              Defendants.    :
———————————————————————
YING ZHAO, Individually and on Behalf of :    Civil Action No. 1:17-cv-00955-UA
All Others Similarly Situated,            :
                                       :    <u>CLASS ACTION</u>
                Plaintiff,      :
                                         :
        vs.                         :
                                         :
FXCM INC., DROR NIV and ROBERT N. : 
LANDE,                                  :
                                         :
              Defendants.    :
———————————————————————
DAVID BLINN, Individually and on Behalf of :    Civil Action No. 1:17-cv-01028-RA
All Others Similarly Situated,            :
                                       :    <u>CLASS ACTION</u>
                Plaintiff,      :
                                         :
        vs.                         :
                                         :
FXCM INC., DROR NIV and ROBERT N. :
LANDE,                                  :
                                         :
              Defendants.    :
———————————————————————— x

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S
SELECTION OF LEAD COUNSEL

## I.      INTRODUCTION

The Private Securities Litigation Reform Act of 1995 ("PSLRA"), which governs this action,

provides that "[n]ot later than 90 days after the date on which a notice is published" the "court shall

consider any motion made by a purported class member in response to the notice" and "shall appoint

as lead plaintiff the member or members of the purported plaintiff class that the court determines to

be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-

4(a)(3)(B)(i).  Moshe Ariel ("Mr. Ariel") respectfully submits that he is the presumptively most

adequate plaintiff in this case because he has filed a timely "motion in response to a notice," believes

he has the "largest financial interest in the relief sought by the class," and "otherwise satisfies the

requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Mr. Ariel's selection of

Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Johnson & Weaver, LLP ("Johnson

& Weaver") as Lead Counsel for the purported class is reasonable and should be approved.  15

U.S.C. §78u-4(a)(3)(B)(v).

Because Mr. Ariel satisfies the statutory criteria for appointment as Lead Plaintiff, the Court

should grant his motion.

## II.     FACTUAL BACKGROUND

FXCM Inc. ("FXCM" or the "Company")[1], which was founded in 2010, offers foreign

exchange trading services over the internet. The Company acts as a credit intermediary,

simultaneously entering into trades with the customer and the foreign exchange market maker, which

allows customers to trade currency pairs on the over-the-counter foreign exchange markets.

The putative class action complaints filed in this case allege that FXCM and its senior

executive officers violated §10(b) and §20(a) of the Securities Exchange Act of 1934 (the "1934

---

[1]      On February 27, 2017, FXCM changed its name to Global Brokerage, Inc.

Act") by making materially false and misleading statements and/or failing to disclose that: (1) between September 4, 2009 through at least 2014, FXCM's U.S. subsidiary engaged in false and misleading solicitations of its retail foreign exchange customers by concealing its relationship with a major market maker and by misrepresenting that its "No Dealing Desk" platform did not have conflicts of interest with customers; and (2) FXCM's U.S. subsidiary made false statements to the National Futures Association ("NFA") about its relationship with the market maker. As a result of the foregoing, defendants' statements regarding FXCM's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

Then, on February 6, 2017, the Commodities Futures Trading Commission ("CFTC") announced that FXCM was engaged in false and misleading solicitations of its retail foreign exchange customers by hiding its relationship with the Company's most important market maker. Moreover, it was revealed that FXCM's "No Dealing Desk" platform had conflicts of interest with FXCM's customers. In turn, the CFTC barred FXCM from operating in the United States. As a result of this news, the price of FXCM stock plunged $3.40 per share, or 50%, to close at $3.45 on February 7, 2017, on extremely heavy trading volume.

## III.   ARGUMENT

### A.   The Actions Should Be Consolidated for All Purposes

The above-captioned actions (the "Actions") name the same defendants and involve the same factual and legal issues. The Actions each seek relief from injuries caused by defendants' fraud, which was perpetrated through the issuance of materially false and misleading statements and omissions. Consolidation is appropriate where there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a). Accordingly, the Actions should be consolidated.

**B.      Mr. Ariel Should Be Appointed as Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, "[n]ot later than 20 days" after the first complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported plaintiff class may move the court to serve as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(A)(i).

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  Mr. Ariel meets these requirements and should therefore be appointed as Lead Plaintiff.

**1.      Mr. Ariel's Motion Is Timely**

On February 7, 2017, statutory notice in a related case was published on *Business Wire*.  *See* Declaration of David A. Rosenfeld in Support of Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A. The notice advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as Lead Plaintiff by April 10,

2017.  *See* Rosenfeld Decl., Ex. A.  Because Mr. Ariel's Motion has been filed by the statutory deadline, Mr. Ariel is eligible for appointment as Lead Plaintiff.

### 2.    Mr. Ariel Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by his Certification, Mr. Ariel expended more than $752,380 purchasing 48,400 shares of FXCM stock during the class period, and suffered over $537,600 in losses as a result of defendants' alleged misconduct.  *See* Rosenfeld Decl., Exs. B and C.  To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, Mr. Ariel satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.    Mr. Ariel Is Typical and Adequate of the Purported Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  While Rule 23 has four requirements for class certification, this Court has previously recognized "[a]t this early stage of litigation" that "only the last two factors – typicality and adequacy – are pertinent."  *Lopez v. CTPartners Exec. Search, Inc.*, No. 15 Civ. 1476 (PAE), 2015 U.S. Dist. LEXIS 64751, at *5 (S.D.N.Y. May 18, 2015) (internal quotations and citations omitted).  "A lead plaintiff's claims are typical where 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'"  *Id.*  "A lead plaintiff is adequate where he 'does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent.'"  *Id.*

As his Certification evidences, Mr. Ariel purchased FXCM stock and suffered harm when defendants' alleged misconduct was revealed.  *See* Rosenfeld Decl., Exs. B and C.  In addition, Mr. Ariel's substantial stake in the outcome of the case indicates he has the requisite incentive to

vigorously represent the class's claims.  Moreover, Mr. Ariel is not aware of any conflicts between his claims and those asserted on behalf of the putative class and is not subject to any unique defenses.  Finally, as discussed below, Mr. Ariel has selected and proposed qualified counsel experienced in securities litigation as Lead Counsel.

Mr. Ariel's common interests shared with the class, substantial financial interest in the litigation, and selection of qualified counsel confirm his satisfaction of the Rule 23 requirements.

### C.     The Court Should Approve Mr. Ariel's Selection of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection."  *Lopez*, 2015 U.S. Dist. LEXIS 64751, at *7 (internal quotations and citations omitted).  Mr. Ariel has selected Robbins Geller and Johnson & Weaver to serve as Lead Counsel in this case.

Robbins Geller, a 200-attorney firm with offices nationwide and in this District, regularly practices complex securities litigation.  *See* Rosenfeld Decl., Ex. D.  Robbins Geller has substantial experience in the prosecution of shareholder and securities class actions, including serving as Lead Counsel in *In re Enron Corporation Securities Litigation*, No. H-01-3624 (S.D. Tex. 2006), in which Robbins Geller achieved the largest recovery ever obtained in a shareholder class action. Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country.  It is not surprising that Defendants have not argued that counsel is not adequate.  Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities . . . throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006).

Most recently, Robbins Geller settled plaintiffs' claims in *Lawrence E. Jaffe Pension Plan v. Household International, Inc., et al.*, No. 02-cv-5893 (N.D. Ill.), for $1.575 billion – the largest

recorded settlement following a securities fraud class action trial.  Robbins Geller has also achieved numerous substantial recoveries in this District on behalf of shareholders, including in *Landmen Partners Inc. v. Blackstone Group, L.P.*, No. 08-cv-03601-ALC-FM (S.D.N.Y.) ($85 million recovery); *City of Roseville Employees' Retirement System v. EnergySolutions, Inc.*, No. 09-cv-08633-JGK (S.D.N.Y.) ($26 million recovery); and *Athale v. Sinotech Energy Limited, et al.*, No. 11-cv-05831-AJN (S.D.N.Y.) ($20 million recovery).

Likewise, Johnson & Weaver, with offices in this District, California, and Georgia, possesses extensive experience in securities litigation and other complex shareholder litigation and has been appointed as Lead or Co-Lead Counsel in shareholder litigation numerous times in federal and state courts throughout the country.  *See* Rosenfeld Decl., Ex. E.  Further, Johnson & Weaver has successfully litigated numerous such cases on behalf of injured investors throughout the country. *Id*. In fact, courts and clients alike have praised Johnson & Weaver and its attorneys for its capabilities in complex cases such as the present case.

Based upon Robbins Geller's and Johnson & Weaver's extensive experience and proven track record as counsel in securities class actions, Mr. Ariel's selection of Lead Counsel is reasonable and should be approved.

## IV.    CONCLUSION

Mr. Ariel has satisfied each of the PSLRA's requirements for appointment as Lead Plaintiff. Accordingly, Mr. Ariel respectfully requests that the Court grant his motion for consolidation, appointment as Lead Plaintiff, and approve his selection of counsel as Lead Counsel.

DATED:  April 10, 2017               ROBBINS GELLER RUDMAN
                                      & DOWD LLP
                                     SAMUEL H. RUDMAN
                                     DAVID A. ROSENFELD
                                     ANDREW L. SCHWARTZ

_/s/ David A. Rosenfeld_
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
aschwartz@rgrdlaw.com

JOHNSON & WEAVER, LLP
MICHAEL I. FISTEL, JR.
40 Powder Springs Street
Marietta, GA  30064
Telephone:  770/200-3104
770/200-3101 (fax)
michaelf@johnsonandweaver.com

_[Proposed] Lead Counsel for Plaintiff_

<u>CERTIFICATE OF SERVICE</u>

     I, David A. Rosenfeld, hereby certify that on April 10, 2017, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.


                                           */s/ David A. Rosenfeld*
                                           DAVID A. ROSENFELD