**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------------X

| | |
|---|---|
| TONY KHOURY, Individually and on Behalf of All Others Similarly Situated, | **CASE No.: 1:17-cv-00916-RA** |
| Plaintiff, | **OPPOSITION OF 683 CAPITAL PARTNERS, LP AND SHIPCO TRANSPORT INC. TO: COMPETING LEAD PLAINTIFF MOTIONS** |
| vs. | |
| FXCM INC., DROR NIV, and ROBERT LANDE, | **CLASS ACTION** |
| Defendants. | |

-----------------------------------------------------------------------------X
-----------------------------------------------------------------------------X

| | |
|---|---|
| YING ZHAO, Individually and on Behalf of All Others Similarly Situated, | **CASE No.: 1:17-cv-00955-RA** |
| Plaintiff, | **CLASS ACTION** |
| vs. | |
| FXCM INC., DROR NIV, and ROBERT N. LANDE, | |
| Defendants. | |

-----------------------------------------------------------------------------X

1

-------------------------------------------------------------------------X
DAVID BLINN, Individually and on Behalf of All Others     CASE No.: 1:17-cv-01028-RA
Similarly Situated,

       Plaintiff,     **CLASS ACTION**

      vs.


FXCM INC, DROR NIV, and ROBERT N. LANDE,

       Defendants.

-------------------------------------------------------------------------X

-------------------------------------------------------------------------X
683 CAPITAL PARTNERS, LP, Individually and on Behalf     CASE No.: 1:17-cv-02506-RA
of All Others Similarly Situated,

       Plaintiff,     **CLASS ACTION**

      vs.


GLOBAL BROKERAGE, INC. f/k/a FXCM INC., DROR
NIV, and ROBERT LANDE,

       Defendants.

-------------------------------------------------------------------------X

     Plaintiffs 683 Capital Partners, LP and Shipco Transport Inc. (collectively, "Movants") respectfully submit this memorandum in opposition to the competing lead plaintiff motions.

**I.  683 Capital and Shipco Should be Appointed Co-Lead Plaintiffs**

     The standard for selecting Lead Plaintiffs is well established. First, the Court must identify the presumptive "most adequate" plaintiffs by identifying the movant with the largest financial interest that has otherwise made a *prima facie* demonstration of typicality and adequacy. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263-65 (3d Cir. 2001); *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435-37 (S.D.N.Y. 2008); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

"[T]he court's initial inquiry as to whether the movant with the largest losses satisfies the typicality and adequacy requirements need not be extensive." *Cendant*, 264 F.3d at 264. At this stage, "[i]n keeping with the statutory text…the court generally will not consider…any arguments by other members of the putative class; rather, such allegations should be dealt with in terms of assessing whether the lead plaintiff presumption has been rebutted rather than in terms of deciding whether it has been triggered." *Id.*

Second, the Court must provide class members an opportunity to rebut the presumption in favor of the "most adequate plaintiff." The presumption, however, may be rebutted only upon "*proof*" by a class member that "the presumptively most adequate plaintiff-(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Cendant*, 264 F.3d at 268 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)); *Fuwei*, 247 F.R.D. at 436. "If no class member succeeds in rebutting the presumption, then the district court should appoint the presumptive lead plaintiff as the lead plaintiff." *Cendant*, 264 F.3d at 268. If the presumption has been rebutted with *proof*, then the district court starts the process anew with the movant with the next largest financial interest. *Id.; Constance Sczesny Trust v. KPMG LLP,* 223 F.R.D. 319, 324–25 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence of the existence of an actual or potential conflict of interest or a defense to which [the potential lead plaintiff] would be uniquely subject.").

Utilizing this required procedure confirms that 683 Capital and Shipco are the presumptive most adequate plaintiffs. 683 Capital and Shipco have by far the largest financial

3

interest, as their losses are greater than the losses of all other competing movants combined. The table below sets forth the losses asserted by the movants before the Court:

| Movant[1] | Losses |
|---|---|
| 1. 683 Capital & Shipco | 1. $8,754,514.33 |
|    1a. 683 Capital | 1a. $7,793,640.00 |
|    1b. Shipco | 1b. $960,874.33 |
| 2. Sergey Regukh | 2. $2,165,815.13 |
| 3. Hany Sikaik | 3. $558,432.00 |
| 4. Moshe Ariel | 4. $537,600.00 |
| 5. Kathy Gray | 5. $143,810.00 |
| 6. Damty & Latif | 6. $100,779.57 |
|    6a. Adi Damty | 6a. $91,339.10 |
|    6b. Abed Latif | 6b. $9,440.11 |
| 7. Thomas Kelly | 7. **$16,081.58** |

683 Capital and Shipco, as set forth in their initial papers, have made a *prima facie* showing of their adequacy and typicality. Because 683 Capital and Shipco have the largest financial interest and made a *prima facie* showing of adequacy and typicality, they are entitled to the statutory presumption in their favor. Competing movants have failed to rebut the presumption with *proof*, and thus the Court should appoint 683 Capital and Shipco as Co-Lead Plaintiffs and approve their selection of The Rosen Law Firm, P.A. as Lead Counsel.

## II. THE COMPETING MOTIONS SHOULD BE DENIED

Given the required process under the PSLRA, the competing lead plaintiff motions should be denied as the competing movants have far smaller financial interests than 683 Capital

---

1. On April 20, 2017, movant The Global Brokerage Investor Group filed a non-opposition to 683 Capital and Shipco's lead plaintiff motion, dkt. # 37. Therefore, they are not listed in this chart.

and Shipco. Should the Court reach the other motions (it should not), 683 Capital and Shipco reserve their rights to present rebuttal evidence.

### III. CONCLUSION

For the foregoing reasons, 683 Capital and Shipco's motion should be granted in its entirety and the competing lead plaintiff motions should be denied.

Dated: April 24, 2017　　　　　　　　　Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

　　　/s/ Phillip Kim　　　
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiff and Class

## CERTIFICATE OF SERVICE

I hereby certify that on this on the 24th day of April, 2017, a true and correct copy of the foregoing **OPPOSITION OF 683 CAPITAL PARTNERS, LP AND SHIPCO TRANSPORT INC. TO: COMPETING LEAD PLAINTIFF MOTIONS** was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Phillip Kim