**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Global Brokerage, Inc. f/k/a FXCM Inc. Securities Litigation<br><br>This Document Relates To: All Actions | Master File No. 1:17-cv-00916-RA<br><br>CLASS ACTION |

### SUR-REPLY IN OPPOSITION TO THE MOTION TO DISMISS

In their Reply brief (ECF No. 94), Defendants again improperly submitted numerous extraneous documents in support of the motion to dismiss the Amended Complaint. This tactic is contrary to black letter law that when deciding a Rule 12(b)(6) motion a district court must confine its consideration to "facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice maybe taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999). Defendants' proffered documents were not appended to or incorporated in the Amended Complaint nor do they warrant judicial notice. Instead, the extraneous documents were submitted as exhibits to declarations of Israel Dahan supporting both the memorandum in support of the motion to dismiss and the reply memorandum (ECF No. 90; ECF No. 95) (the "Dahan Declarations"). Defendants tried this exact same tactic in a prior litigation in this District and the court swiftly rejected the submission of the extraneous documents: "Defendants attach to the Motion to Dismiss a litany of press releases, articles, and internal presentations ***that the Court does not and cannot rely on at this stage of the litigation***." *Ret. Board of the Policemen's*

*Annuity and Benefit Fund of Chicago ex rel. Policemen's Annuity and Benefit Fund of Chicago v. FXCM*, No. 15-cv-3599-KMW (SDNY), ECF No. 73 at 8 n.3.

The Second Circuit has emphasized that "before materials outside the record may become the basis for a dismissal, several conditions must be met." *Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 415 (S.D.N.Y. 2010) (quoting *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006)). "For example, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *Faulkner*, 463 F.3d at 134.

As noted in Plaintiffs' Opposition (ECF No. 92), Defendants do not even request that the Court take judicial notice of the documents attached to the Dahan Declarations. Rather, in their motion to dismiss (ECF No. 89), Defendants merely set forth the relevant standard without explaining why any of the documents should be considered. More egregiously, in their Reply, Defendants merely assert that some of the extraneous documents are warranted as "Plaintiffs explicitly requested that Defendants provide copies of these documents in their opposition." ECF No. 94 at 15 n. 9. This purported reasoning does not fall within the explicit conditions warranting judicial notice of extraneous documents on a motion to dismiss. Defendants do not state that: (i) the documents fall within the permissible exceptions to consider materials outside of the four-corners of the Amended Complaint; (ii) the documents are underlying contracts for an action alleging breach; or (iii) the documents were relied upon by plaintiff in drafting the complaint and thus integral to the complaint. In short, Defendants fail to make ***any*** demonstration as to why the documents warrant judicial notice, and certainly do not show that there are "no material disputed issues of fact regarding the relevance of the document[s]." *Id.*

Even if the Court considers the SEC documents appended to the Dahan Declarations (Exhibits A, B, C, E, H, J, and M), the Court should only take judicial notice of the filings *not* for the truth of the matters asserted, but rather to establish the *existence* of the filings and the *fact* of their contents. *See, e.g.*, *Chechele v. Scheetz*, 466 Fed. Appx. 39, 40-41 (2d Cir. 2012) (finding that the district court did not err in declining to consider SEC filings, which were not incorporated into the complaint, for the truth of their assertions); *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 355 n.5 (2d Cir. 2010) (taking judicial notice of SEC filings not "for their truth, but 'rather to establish the fact of such litigation and related filings'"); *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("When a complaint alleges, for example, that a document filed with the SEC failed to disclose certain facts, it is appropriate for the court, in considering a Rule 12(b)(6) motion, to examine the document …. 'only to determine *what* the document[] stated,' and '*not to prove the truth of its contents*.'"). Indeed, this proposition makes sense because, as here, where the truth of the content of these documents is in question and there has been no discovery, Plaintiffs are unable to submit other documents to *prove* the falsity of the documents as would occur on a motion for summary judgment.

Moreover, there is *no* circumstance whereby the Court should consider Exhibit F (attorney-made chart), Exhibit G (complaint from an unrelated litigation), or Exhibits K, L, and N (documents purportedly relating to service agreements between FXCM and Effex). These documents are *not* referenced in the Amended Complaint nor has there been *any* showing that Plaintiffs relied heavily upon the documents when drafting the Complaint. *See, e.g., Difolco v. MSNBC Cable LLC*, 66 F.3d 104, 111 (2d Cir. 2010) ("Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint") (quoting

*Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)). Indeed, Exhibit F quotes paragraphs *of* the Amended Complaint and could not possibly be relied upon *by* the Amended Complaint. Defendants' assertion that Exhibit G "merely reorganizes Plaintiffs' allegations" does not change that the document is not and cannot be integral to Plaintiffs' Amended Complaint and thus cannot be considered by this Court.

Should the Court consider the extraneous documents attached to the Dahan Declarations, the motion to dismiss must be converted to a motion for summary judgment under Fed. R. Civ. P. 56 and discovery should be opened to allow Plaintiffs to dispute the purported facts asserted by and in the extraneous documents. *See Chambers v. Time Warner Inc.* 282 F.3d 147, 154 (2d Cir. 2002) ("Because [the District Court did not exclude the extrinsic documents], however, the court was obligated to convert the motion to one for summary judgment and give the parties an opportunity to conduct appropriate discovery and submit the additional supporting material contemplated by Rule 56.") (citing *Carter v. Stanton*, 405 U.S. 669, 671, 31 L. Ed. 2d 569, 92 S. Ct. 1232 (1972) (per curiam); *Friedl v. City of New York*, 210 F.3d 79, 83-84 (2d Cir. 2000); *Morelli v. Cedel*, 141 F.3d 39, 45-46 (2d Cir. 1998)). Indeed, "[t]his conversion requirement is strictly enforced whenever a district court considers extra-pleading material in ruling on a motion to dismiss." *Chambers*, 282 F.3d at 154.

Accordingly, Plaintiffs request that the Court strike or disregard the extraneous documents submitted by Defendants with the Dahan Declarations [ECF No. 90; ECF No. 95] in support of the motion to dismiss.

Dated: November 14, 2017                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)

4

        Laurence M. Rosen, Esq. (LR 5733)
        Joshua Baker, Esq. (JB 8288)
        275 Madison Avenue, 34th Floor
        New York, New York 10016
        Telephone: (212) 686-1060
        Fax: (212) 202-3827
        Email: pkim@rosenlegal.com
        Email: lrosen@rosenlegal.com
        Email: jbaker@rosenlegal.com

*Lead Counsel for Lead Plaintiffs*

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Matthew M. Guiney, Esq. (MG 5858)
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600
Email: guiney@whafh.com

*Additional Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of November 2017, a true and correct copy of the foregoing SUR-REPLY IN OPPOSITION TO THE MOTION TO DISMISS was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Phillip Kim
Phillip Kim