# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Israel Dahan
Partner
Direct Dial: 212-556-2114
Direct Fax: 212-556-2222
idahan@kslaw.com

November 15, 2017

**VIA ECF**

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

  Re: In re Global Brokerage, Inc. f/k/a FXCM Inc. Securities Litigation, Civ. No. 17-cv-00916 (RA)

Dear Judge Abrams:

  We represent the Defendants in the above referenced matter. We write in response to the letter filed by Lead Plaintiffs 683 Capital Partners, LP and Shipco Transport Inc. ("Plaintiffs") on November 14, 2017 (ECF No. 97), belatedly requesting leave to file a sur-reply to Defendants' Reply Memorandum of Law in Support of Defendants' Motion to Strike and Dismiss Plaintiffs' Consolidated Class Action Complaint (ECF No. 94). Defendants oppose Plaintiffs' request, and respectfully submit that Plaintiffs have failed to put forth any credible arguments to support the proposition that the Court should exercise its discretion and allow them to file a sur-reply at this time.

  Sur-replies are disfavored because "such a procedure has the potential for placing a court in the position of refereeing an endless of volley of briefs." *Kapiti v. Kelly*, No. 07 Civ. 3782, 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008). Here, Plaintiffs' November 14 letter concedes that they have already apprised the Court in their Opposition (ECF No. 92) of the nature of their objections to the documents submitted along with Defendants' opening brief— objections to which Defendants adequately responded to in their reply papers. Plaintiffs' proposed sur-reply merely rehashes these arguments—in several paragraphs virtually verbatim. *See* ECF No. 92 at 36-38. And nowhere in their November 14 letter or attached sur-reply do Plaintiffs explain why they waited nearly one month after Defendants filed their reply papers to make this request.

But more significantly, contrary to Plaintiffs' contentions, the Court can take judicial notice on this motion to dismiss of all the documents attached to my supporting declarations without converting Defendants' motion to one for summary judgment. Specifically, Exhibits A, B, C, E, H, I, J, and M are all excerpts from Global Brokerage Inc.'s ("GLBR") public filings with the Securities and Exchange Commission ("SEC")—nearly all of which are expressly discussed and incorporated into Plaintiffs' Complaint. There can be no genuine dispute that the Courts can take judicial notice of GLBR's SEC filings. *See, e.g., ATSI Commc'ns Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("[W]e may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, legally required *public disclosure documents filed with the SEC*, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit.") (emphasis added).

Exhibits K and L are copies of the Services Agreements between FXCM Inc. (n/k/a GLBR) and Effex Capital LLC ("Effex"), and Exhibit N is a copy of the termination of the Services Agreements. In their Opposition, Plaintiffs specifically criticized Defendants for discussing these agreements without attaching a copy of them to their moving brief. ECF No. 92 at 20 n.9. Now, Plaintiffs criticize Defendants for actually complying with their request and attaching a copy of these agreements to their motion papers. Plaintiffs can't argue from both sides. But more importantly, contrary to Plaintiffs' representation, these agreements are referenced in the body of their Complaint and in Exhibit 1, the CFTC Order, on which Plaintiffs extensively rely to support their allegations. ECF No. 48 at ¶¶ 70, 74, Exhibit 1. Thus, this Court can take judicial notice of these agreements. *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (courts will deem the complaint to include "any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint").[1]

Exhibit G is a copy of a publicly filed complaint by Effex against the NFA in the Northern District of Illinois. "Matters of public record, including court filings, are subject to judicial notice." *Henkel v. Wagner*, No. 12 Civ. 4098 (AJN), 2013 WL 12084503, at *1 (S.D.N.Y. Mar. 18, 2013); *see also Gracia v. City of New York*, No. 16-CV-7329 (VEC), 2017 WL 4286319, at *1 n.1 (S.D.N.Y. Sept. 26, 2017) (noting that courts may take judicial notice of court filings to "establish the fact of such litigation and related filings"). Defendants attached this document because the allegations in the Illinois action are integral to, and helpful to understand, the allegations in this matter. However, should the Court not find this document suitable for judicial notice, then it may disregard it.

Lastly, Exhibit F is a chart that Defendants offered as an aid to the Court, and it merely organizes and compares the allegations in the Complaint, the CFTC Order, and the NFA Complaint in a digestible format. *See* ECF No. 94 at 9-10 n.8. Defendants were not asking the Court to take judicial notice of this chart, and if it is not useful the Court can disregard it.

---

[1] Plaintiffs have not objected to Exhibit D, which is a copy of the National Futures Association's ("NFA") Decision in *In the Matter of Forex Capital Markets, LLC, et al.*, NFA Case. No. 17-BCC-001 (Feb. 6, 2017). The actions of the NFA against GLBR are discussed at great length in the Complaint (ECF No. 48 ¶¶ 35, 86, 93-98). In addition, Plaintiffs themselves have attached as Exhibit 2 to the Complaint a copy of the NFA's Complaint against GLBR in the above-referenced regulatory proceeding.

In sum, there is no basis for Plaintiffs' belated request to file a sur-reply solely to challenge the admissibility of documents this Court can take judicial notice of under applicable law. And should the Court determine that it cannot take judicial notice of any or all of the documents attached to my supporting declarations, the Court can make such decision without converting Defendants' motion to dismiss to one for summary judgment.

        Respectfully submitted,

        KING & SPALDING LLP

        /s/ Israel Dahan
        Israel Dahan

cc:    All Counsel of Record