December 28, 2017

**VIA ECF**

Hon. Ronnie Abrams
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *In re Global Brokerage, Inc., f/k/a FXCM Inc., Securities Litigation*,
            Case No. 17-cv-00916-RA

Your Honor:

      Pursuant to the Court's order on December 15, 2017 (Dkt. No. 101), counsel for Lead Plaintiffs 683 Capital Partners, LP and Shipco Transport Inc. ("Plaintiffs") and individual defendants Dror Niv, William Ahdout, David Sakhai, Eduard Yusupov, Janelle G. Lester, Robert Lande, Omit Niv, Nicola Santoro, Jr., Margaret Deverell, David S. Sassoon, Kenneth Grossman, James Brown, Ryan Silverman, Arthur Gruen, Robin E. Davis, Eric LeGoff, Perry G. Fish, and Bryan Reyhani (the "Individual Defendants") submit this joint letter indicating their respective positions as to whether this case should proceed against the Individual Defendants in light of Defendant Global Brokerage, Inc. f/k/a FXCM Inc. ("Global Brokerage" or the "Company")'s bankruptcy.

**Plaintiffs' Position**

      The automatic stay should not be extended to the Individual Defendants. The Second Circuit has explained that "automatic stays pursuant to § 362(a) are generally limited to debtors and do not encompass non-bankrupt co-defendants." *Teachers Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir.1986). Thus, "courts in this circuit regularly refuse to extend a debtor corporation's § 362 stay to its non-debtor officers and principals." *Gray v. Hirsch*, 230 B.R. 239, 242 (S.D.N.Y.1999). Such extensions "are reserved for special circumstances and typically apply to those lawsuits which threaten serious risk to a reorganization in the form of immediate adverse economic consequences for the debtor's estate" *Gucci America, Inc. v. Duty Free Apparel, Ltd.*, 328 F.Supp.2d 439, 442 (S.D.N.Y. 2004) (citations omitted). No special circumstances are present here to extend the automatic stay, thus the litigation should proceed against the Individual Defendants.[1]

---

[1] In *Springer v. Code Rebel Corp.*, No. 16-CV-3492 (AJN), 2017 WL 838197, at *3 (S.D.N.Y. Mar. 2, 2017) Judge Nathan deferred the issue of determining the scope of the automatic stay to the Bankruptcy Court. Judge Nathan imposed a temporary stay to allow the individual defendants to seek an order from the bankruptcy court to address the scope of the automatic stay. Here, when Global Brokerage filed for bankruptcy, the litigation progressed farther than in *Code*

In narrow instances courts have extended the automatic stay to non-debtor officers of a debtor where they were "inextricably involved in the debtor-in-possession's reorganization efforts." *In re Wolf Fin. Grp., Inc.*, 1994 WL 913278, at *4 (Bankr. S.D.N.Y. Dec. 15, 1994). There are no special circumstances that warrant the limited exceptions to extending the automatic stay to non-debtor defendants. First, not all of the Individual Defendants are currently employed at Global Brokerage so they have no participation in the Company's reorganization efforts.[2] Second, none of the Individual Defendants will be unduly distracted by defending this lawsuit because according to them, Global Brokerage's reorganization plan is already finalized with a confirmation hearing scheduled for January 17, 2018. Accordingly, allowing the action to proceed against the Individual Defendants will not pose any risk to Global Brokerage's reorganization. Even if the plan is not confirmed on January 17, 2018 or prior to the hearing on the motions to dismiss and stay in this matter on February 9, 2018, there is no evidence before the Court to suggest that adjudicating the motions to dismiss and stay will unduly distract or interfere with Global Brokerage's reorganization. Indeed, the Individual Defendants and Global Brokerage actively participated in this litigation while the reorganization plan was being drafted and filed since they filed motions to dismiss and to strike on August 3, 2017 (Dkt. No. 88) and continued briefing by filing a reply in support of their motions on October 18, 2017 (Dkt. Nos. 94-95).

Moreover, the Individual Defendants are not in bankruptcy and proceeding with this action against them will not create an immediate or adverse impact to Global Brokerage or its estate. Whether non-debtor co-defendants' claims are "inextricably intertwined" with that of a debtor defendant "is not the standard for deciding whether the stay applies to non-debtor defendants." *Fratto v. D. Wilson Elec., Inc.*, 2016 WL 524651, at *2 (S.D.N.Y. Feb. 5, 2016). Furthermore, a stay cannot be extended to non-debtor defendants "where the debtor and non-debtor co-defendant 'are joint tortfeasors or where the non-debtor's liability rests upon his own breach of duty[.]'" *Variable-Parameter Fixture Dev. Corp. v. Morpheus Lights, Inc.*, 945 F. Supp. 603, 608 (S.D.N.Y. 1996) (quoting *A.H. Robins Co.*, 788 F.2d at 999). Unusual circumstances in which a judgment against a non-debtor defendant will impact a judgment or finding against the debtor "do not exist where the debtor's insider is independently liable, the right to indemnity is not absolute, and the continuation of the suit will not interfere with the bankruptcy." *In re Bidermann Indus. U.S.A., Inc.*, 200 B.R. 779, 784 (Bankr. S.D.N.Y. 1996). Plaintiffs allege that the Individual Defendants independently violated the federal securities laws and that their liability rests upon their own actions. Since the Individual Defendants face their own liability, separate from the claims against the Company, they are not entitled to the

---

*Rebel* as a consolidated amended complaint has been filed and fully briefed motions to dismiss and strike are pending and a hearing is set for February 9, 2018.

[2] Defendants Dror Niv, Janelle G. Lester, Nicola Santoro, Jr., Perry G. Fish, Eric LeGoff, and James Brown are no longer are affiliated with Global Brokerage. *See* Consolidated Securities Class Action Complaint (Dkt. No. 48); Form 8-K filed on March 21, 2017. Defendants David Sakhai, Eduard Yusupov, Margaret Deverell, Robert Lande, and David S. Sassoon are resigning from their positions at Global Brokerage effective on the Effective Date of the confirmation plan. *See* Form 8-K filed on November 13, 2017.

automatic stay as continuing the litigation against them does not affect the Company's claims or defenses. *In re First Cent. Fin. Corp.*, 238 B.R. 9, 18 (Bankr. E.D.N.Y. 1999) ("where a non-debtor codefendant may be held independently liable of the debtor, then there is no compelling basis by which a court must extend the automatic stay provisions of § 362 to the non-debtor codefendants.") (internal quotations and citations omitted). As such, worries about collateral estoppel are commonly rejected as collateral estoppel "has never been the sole justification for extending the stay as to such co-defendants." *In re MCSi, Inc.*, 371 B.R. 270, 275 (S.D. Ohio 2004). Courts in this Circuit and elsewhere routinely allow claims against defendant corporate officers or directors to proceed in light of defendant corporation's bankruptcy. *See, e.g., Stephen Calfo & Janez Demsar, et al. v. John P Messina, Sr., et al.,* 2016 WL 3661548, at *3-14 (S.D.N.Y. July 5, 2016); *Carlton v. Cannon*, 2016 WL 2346943, at *1 (S.D. Tex. May 4, 2016); *In re Northfield Labs. Inc. Sec. Litig.*, 264 F.R.D. 407, 409 (N.D. Ill. 2009).

Additionally, the mere possibility that the Individual Defendants may have a right to indemnification does not justify an extension of the automatic stay as to them. Global Brokerage is a Delaware corporation and subject to the Delaware General Corporation Law ("DGCL"). The Company's By-Laws, attached as Exhibit 3.2 to the Company's Form S-1 filed on September 3, 2010, permit indemnification "[t]o the fullest extent permitted by the DGCL…" which limits indemnification of an officer or director of a company to only circumstances "if the person acted in good faith and in a manner the person reasonably believed to be in or not opposed to the best interests of the corporation." DGCL §145. Many courts have held that even with the existence of an indemnification clause, non-debtor defendants are not entitled to an extension of the automatic stay. *See, e.g., Bidermann,* 200 B.R. at 784 (holding that a non-debtor defendants' right to indemnity under DGCL§145 is not absolute); *CAE Indus. ltd., v. Aerospace Holdings Co.*, 741 F. Supp. 388 (S.D.N.Y. 1990) (notwithstanding co-defendant officers' right to indemnification, automatic stay not imposed against co-defendants.); *In re Codfish Corp.*, 97 B.R. 132, 135 (Bankr. D.P.R. 1988) ("[indemnification] is not by itself sufficient to warrant that automatic stay provisions . . . be extended . . . ."); *In re Safeguard Co.*, 25 B.R. 415, 417 (Bankr. D. Conn. 1982) (declining to extend § 362 to non-debtor party that could have been entitled to indemnification from debtor); *In re All Seasons Resorts, Inc.*, 79 B.R. 901, 904 (Bankr. C.D. Cal. 1987) (even with right of indemnification, stay should not be automatically imposed absent sufficient magnitude of harm imposed on debtor). Thus, considering that the Individual Defendants face liability for their actions apart from the Company's liability, and Plaintiffs assert claims of fraud, the Individual Defendants should not be afforded the benefits of the automatic stay even with the presence of the Company's indemnification clause as their conduct is not protected under the DGCL as they did not act in good faith.

Given that the Individual Defendants are independently liable, their right to indemnity is not absolute, and the continuation of this Action will not interfere with the Company's bankruptcy, no circumstances exist to merit an extension of the automatic stay and the litigation should proceed as usual.

**Individual Defendants' Position**

The Individual Defendants respectfully request that the Court extend the automatic stay in effect pursuant to 11 U.S.C. § 362(a) with respect to claims asserted against Defendant Global Brokerage, Inc. ("Global Brokerage") to the interwoven claims asserted against the Individual Defendants. Given the anticipated, extremely short-term nature of Global Brokerage's bankruptcy and the discovery stay already imposed pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), an extension of the § 362(a) automatic stay to the Individual Defendants will not cause any undue delay in this case or hardship to Plaintiffs. *See, e.g.*, *CAE Indus. Ltd. v. Aerospace Holdings Co.*, 116 B.R. 31, 32 (S.D.N.Y. 1990).

On December 11, 2017, Global Brokerage filed for bankruptcy relief under Chapter 11 of the Bankruptcy Code as part of its consensual, pre-packaged plan to restructure Global Brokerage's debt (the "Plan"). A confirmation hearing to confirm the Plan has been set by the Bankruptcy Court for January 17, 2018—*approximately two weeks from now*. Should the Bankruptcy Court confirm the Plan, as is expected, Global Brokerage will exit its Chapter 11 bankruptcy fourteen (14) days after entry of the confirmation order. Thus, the § 362(a) stay associated with Global Brokerage's bankruptcy filing is likely to only last another month, *i.e.*, *until the beginning of February 2018*.

On August 3, 2017, Global Brokerage and the Individual Defendants filed a Motion to Strike and Dismiss Plaintiffs' Consolidated Securities Class Action Complaint (the "Motion"). ECF No. 89. As a result of such filing, pursuant to the PSLRA, all discovery in this action has been stayed pending a decision on the Motion. This Court has set a hearing on the Motion for February 9, 2018 at 2 p.m. ECF No. 99. Thus, the hearing and decision on the Motion is unlikely to occur (and the PSLRA stay is unlikely to be lifted) until *after* Global Brokerage already emerges from bankruptcy. Accordingly, as a practical matter, the extension of the § 362(a) stay to the Individual Defendants will have no greater effect than the stay already imposed by the PSLRA and will not prevent the Court from deciding the Motion in due course.

In addition, the Court has sufficient grounds to extend the automatic stay to the Individual Defendants given the nature of the allegations and claims asserted against the Individual Defendants. It is well-settled that "the automatic stay provision is not limited solely to actions against the debtor, but rather bars actions against even against third-parties that would have an adverse impact on the property of the estate." *In re Saint Vincent's Catholic Medical Centers of New York*, 449 B.R. 209, 217 (S.D.N.Y. 2011). To this end, courts routinely extend the bankruptcy stay to non-debtors where the allegations and claims against the non-debtors are interwoven with claims against the debtor. *See, e.g.*, *Ng v. Adler*, 518 B.R. 228 (E.D.N.Y. 2014) (extending stay to non-debtors where claims were intertwined with claims against Chapter 7 debtor); *In re Ionosphere Clubs, Inc.*, 111 B.R. 423, 434 (Bankr. S.D.N.Y. 1990) ("a stay should be provided to codefendants when the claims against them and the claims against the debtor are 'inextricably interwoven, presenting common questions of law and fact, which can be resolved in one proceeding.'") (citation omitted). Here, a simple review of Plaintiffs' Complaint reveals an unavoidable overlap of allegations and claims against Global Brokerage and the Individual Defendants. In fact, given such overlap, a finding of liability against the Individual Defendants could have a preclusive, collateral estoppel effect on Global Brokerage. For this very reason, "courts have often extended protection to non-debtor defendants who were officers or directors of the debtors." *In re SN Liquidation, Inc.*, 388 B.R. 579, 584-85 (Bankr. D. Del. 2008); *see also*

*In re Lomas Fin. Corp.*, 117 B.R. 64, 67 (S.D.N.Y. 1990) (due in part to likelihood of collateral estoppel, rejecting "transparent attempt . . . to end run the automatic stay" by bringing suit against officers of debtor corporation); *In re Calpine Corp.*, 365 B.R. 45, 49 (Bankr. S.D.N.Y. 2006) (extending stay to non-debtor due to "significant risk of collateral estoppel" against debtor).

Moreover, courts regularly extend the bankruptcy stay to non-debtors where there is an identity of interest between the debtor and non-debtor defendants. "A debtor corporation's financial responsibility for claims against its principals creates the identity of interest sufficient to justify extension of the automatic stay." *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 328 F. Supp. 2d 439, 442 (S.D.N.Y. 2004); *see also A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.), cert. denied, 479 U.S. 876 (1986) (Section 362(a)(1) applies to non-bankruptcy parties "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment against the debtor"); *In re United Health Care Org.*, 210 B.R. 228, 232 (S.D.N.Y. 1997) ("One example of a situation where such an injunction would be permitted would be a suit against a third party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against it in the case."); *In re N. Star Contracting Corp.*, 125 B.R. 368, 370 (S.D.N.Y. 1991) ("[A]n identity of interest exists between a debtor and a third party non-debtor when a right to indemnification exists.").

Pursuant to the indemnification provision provided in Global Brokerage's By-Laws:

> [T]he Corporation shall indemnify any person . . . who was or is made . . . a party to or is otherwise involved in any threatened, pending or completed action, suit or proceeding (brought in the right of the Corporation or otherwise), whether civil . . . by reason of the fact that such person . . . is or was a director or officer of the Corporation . . . for and against all loss and liability suffered and expenses (including attorneys' fees), judgments, fines and amounts paid in settlement reasonably incurred by such person . . . in connection with such action, suit or proceeding . . . .

Amended and Restated By-Laws of FXCM Inc. (n/k/a Global Brokerage, Inc.), filed as Exhibit 3.2 to September 3, 2010 Form S-1 Filing. Each Individual Defendant is either a current or former officer or director of Global Brokerage, or one of Global Brokerage's subsidiaries and entitled to indemnification from Global Brokerage for any loss incurred from this action. Therefore, "the 'special circumstances' required to justify extension of a § 362(a) stay exist [because] a judgment against [] indemnified non-debtor[s] will directly affect the debtor's assets." *Gucci Am., Inc.*, 328 F. Supp. 2d at 442.

Finally, even if the Court finds that the § 362(a) stay does not apply to these circumstances, it still has the inherent "discretionary powers to stay proceedings in the interest of justice and in control of their dockets." *Chord Associates LLC v. Protech 2003-D, LLC*, No. 07-5138 JFB AKT, 2010 WL 1257874, at *13 (E.D.N.Y. Mar. 25, 2010) (declining to extend the stay to non-debtors pursuant to § 362(a), but staying proceeding temporarily pursuant to the court's inherent discretion, in part because the claims were "undifferentiated as to the debtor versus non-debtor Defendants."). For the foregoing reasons, particularly the lack of any real delay or prejudice caused by an extension of the stay, the Court can and should exercise its discretionary powers and extend the stay to the Individual Defendants.

        Respectfully submitted,

        /s/ Phillip Kim
        Phillip Kim
        *Counsel for Lead Plaintiffs 683 Capital Partners, LP and Shipco Transport Inc.*

        /s/ Israel Dahan
        Israel Dahan
        *Counsel for FXCM and Individual Defendants*