

Phillip Kim, Esq.
pkim@rosenlegal.com

July 2, 2018

**VIA ECF**

Honorable Ronnie Abrams
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:   *In re Global Brokerage, Inc. f/k/a FXCM Inc. Securities Litigation*
             Master File No. 1:17-cv-00916-RA

Your Honor:

      We represent the Plaintiffs in the above-referenced action.  We write in connection with Defendants' recently filed reply memorandum of law in further support of the pending motion to dismiss the second amended complaint (Dkt. No. 123, "Def. Reply Mem."), which improperly raises significant new arguments not addressed in either Defendants' initial motion papers (Dkt. No. 118) or in Plaintiffs' opposition papers (Dkt. No. 122).

      Specifically, Defendants' reply brief argues that Plaintiffs have not addressed "*Omnicare's* requirements to plead an actionable statement of opinion."  Def. Reply Mem. at 2. (citing *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 135 S. Ct. 1318, 1326–27, 1332 (2015)).  But Plaintiffs did not address *Omnicare* or any argument that the second amended complaint did not adequately allege an actionable statement of opinion because Defendants' opening memorandum of law did not make those arguments.  Indeed, Defendants did not cite *Omnicare* **at all** in their opening memorandum of law. *See* Dkt. No. 118 Defendants also did not argue at all that the complaint failed to plead an actionable statement of opinion.  *See id.*  Consequently, Defendants' new arguments – raised for the first time on reply – are improper. "It is well settled in the Second Circuit that a party may not raise an argument for the first time in his reply brief."  *Morgan v. McElroy*, 981 F. Supp. 873, 876 n.3 (S.D.N.Y. 1997).  Courts "will not consider" such arguments.  *Evangelista v. Ashcroft*, 359 F.3d 145, 156 n.4 (2d Cir. 2004).  In fact, Defendants **concede** that they did not raise the argument in the opening memorandum and

1

**THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 34TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686- 1060 ♦ FAX: (212) 202 - 3827**

that Plaintiffs did not raise the argument in opposition as follows: "nowhere in the Opposition do Plaintiffs address . . . that they have met *Omnicare's* requirements to plead an actionable statement of opinion." Def. Reply Mem. at 2.

Consequently, Plaintiffs respectfully request that the Court strike these arguments from the record and refuse to consider them. *See generally United States v. George*, 779 F.3d 113, 119 (2d Cir. 2015) ("We generally treat arguments raised for the first time in a reply brief as waived.") *See also Mohamed v. Nolan Law Group*, 574 F. App'x 45, 46 n.1 (2d Cir. 2014) ("[W]e will not consider an argument raised for the first time in a reply brief") (quoting *United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003)). Defendants' new arguments move substantially beyond the arguments set forth in their opening memorandum in support of the motion to dismiss.

Moreover, by including new arguments in their Reply that were not in their opening brief, Defendants are attempting to subvert their agreement with Plaintiffs regarding page limit extensions. *See* Dkt. No. 113 (Order granting Defendants' letter motion for leave to file excess pages). Defendants chose not to make these *Omnicare* arguments in their opening motion papers. They should not have the opportunity to supplement their motion papers with new arguments on reply. The Court should strike and refuse to consider Defendants' new arguments for this reason as well.

In the alternative, Plaintiffs respectfully request leave to file a brief sur-reply of no more than three pages in response to the new arguments contained in Defendants' Reply. Leave to file a sur-reply is appropriate and freely granted where a movant introduces new arguments for the first time on reply. *See, e.g., Dixon v. NBCUniversal Media, LLC,* 947 F. Supp. 2d 390, 397 (S.D.N.Y. 2013); *Fink v. Time Warner Cable,* 810 F. Supp. 2d 633, 648 n.9 (S.D.N.Y. 2011); *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.,* 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010).

In short, Plaintiffs respectfully request that Court strike Defendants' newly raised arguments and refuse to consider them, or in the alternative, grant Plaintiffs leave to file a brief sur-reply to address such arguments.

We are available to discuss these issues at the Court's convenience.

Respectfully submitted,

/s/ Phillip Kim
Phillip Kim, Esq.

cc:   All counsel of record by ECF

2

**THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 34TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686- 1060 ♦ FAX: (212) 202 - 3827**