# King & Spalding

King & Spalding LLP
1100 Avenue of the Americas
35th Floor
New York, NY 10036
Tel: +1 212.556.2100
www.kslaw.com

Paul R. Bessette
Partner
Direct Dial: +1 212.556.2120
pbessette@kslaw.com

July 2, 2018

*Via ECF*

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

      Re:   *In re Global Brokerage, Inc. f/k/a FXCM Inc. Securities Litigation*, Master File No. 1:17-cv-00916-RA

Dear Judge Abrams,

      Defendants Global Brokerage, Inc. f/k/a FXCM Inc. ("FXCM"), Dror Niv, William Ahdout and Robert Lande ("Defendants") submit this letter in response to Plaintiffs' letter requesting leave to file a sur-reply brief (ECF No. 126). As explained below, Plaintiffs were well-aware of the allegedly-new argument, and Defendants raised it in response to arguments in Plaintiffs' Opposition.

      As a preliminary matter, Plaintiffs knew that the *Omnicare* standard applied when they repleaded their complaint because this Court told them so. *See* Mot.[1] at 10 (quoting the Court's directive to "plead the defendants did not actually" believe statements of opinion); Hr'g Tr. (Mar. 31, 2018), at 15:16 – 21. Plaintiffs do not, and cannot, claim that they suffered any prejudice because Defendants did not cite a well-known Supreme Court case laying out a standard that this Court previously instructed them to follow.[2] Therefore, the usual reason to strike new arguments or allow a sur-reply—that the opposing party "may not have an adequate opportunity to respond to it"—does not apply here. *In re Harris*, 464 F.3d 263, 268 n.3 (2d Cir. 2006) (citation omitted); *see also In re Various Grand Jury Subpoenas*, 235 F. Supp. 3d 472, 485 (S.D.N.Y. 2017) ("[T]here is no risk of prejudice against [the opposing party] because she has already responded to all of the [allegedly new] arguments."). Accordingly, even assuming the *Omnicare* argument was newly-raised, this Court should exercise its discretion to consider the argument. *See Am. Hotel Int'l Grp., Inc. . OneBeacon Ins. Co.*, 611 F. Supp. 2d 373, 375

---

[1] Defined terms have the meanings given to them in Defendants' Reply brief (ECF No. 123).

[2] Notably, Plaintiffs do not allege that they are entitled to a sur-reply because Defendants raised the *Omnicare* standard in a different section of the brief. *See* Reply at 10.

July 2, 2018
Page 2

(S.D.N.Y. 2009) ("[T]he Second Circuit has made it abundantly clear that a district court has *discretion* to consider a belatedly-raised argument . . . ." (citing *Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249 (2d Cir. 2005))), *aff'd* 374 F. App'x 71 (2d Cir. 2010).

Further, this argument was not new. Defendants raised the *Omnicare* standard in response to arguments raised for the first time in Plaintiffs' opposition brief. The SAC discusses numerous allegedly misleading statements about the agency model. *See* SAC ¶¶ 146, 148, 150, 152, 154, 156, 158, 160. In their opening brief, Defendants addressed these statements as a group, explaining why investors were not misled about the agency trading model. *See* Mot. at 20. By contrast, Plaintiffs' opposition discussed at length the allegedly misleading impression created by *a single statement*—that FXCM "believe[s] that [the agency-trading model] aligns our interest with those of our customers and reduces our risk." *See* Opp'n at 11–13. And, for the first time, Plaintiffs identified this statement as the "foremost falsehood" alleged in the SAC. *Id.* at 12. Defendants therefore specifically addressed this statement in their Reply. *See* Reply at 2. Given the parties' agreement regarding page limits, Defendants could not have addressed every single alleged misstatement at this level of detail in their Motion. It was not improper for the Reply to focus on the shortcomings with the particular statement Plaintiffs newly identified as the most important. *See Ramirez v. ML Restaurant Corp.*, No. 14-CV-4030 (VEC), 2015 WL 12564227, at *1 n.1 (S.D.N.Y. Mar. 13, 2015) ( "The *new* arguments in Defendants' reply brief, insofar as there were any, were responses to Plaintiffs' [opposition].").

Finally, once again, "[P]laintiffs completely fail to explain in their complaint, *as opposed to in their papers responding to defendants' motion to dismiss*, why defendants' statements of their belief that their agency model aligns their investors' interests with those of their customers was materially false or misleading to investors. *See* Hr'g Tr. (Mar. 31, 2018), at 15:16 – 21. Notably, the relevant statement of opinion is buried in a block quote, SAC ¶ 146, and the SAC makes only a cursory attempt to plead that Defendants did not hold this belief, *id.* ¶ 147. Arguments alone cannot redeem Plaintiffs' attempt to plead an actionable opinion; they needed to plead additional *facts* in the SAC. *See* Opp'n at 2. But because Plaintiffs cannot plead new facts in a sur-reply, their request is pointless.

For these reasons, Defendants oppose granting Plaintiffs leave to file a sur-reply. However, if the Court grants Plaintiffs' request, then Defendants respectfully request permission to file a responsive brief of no more than three pages.

Thank you for your time and consideration of this request.

    Respectfully Submitted,

    KING & SPALDING LLP

    /s/ *Paul R. Bessette*
    Paul R. Bessette
    *Counsel for Defendants Global Brokerage,*
    *Inc. f/k/a FXCM Inc., Dror Niv, William*
    *Ahdout, and Robert Lande*

July 2, 2018
Page 3

cc: All counsel of record