# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GLOBAL BROKERAGE, INC. f/k/a FXCM INC. SECURITIES LITIGATION<br><br>This Document Relates To: All Actions | Master File No. 1:17-cv-00916-RA-BCM<br><br>CLASS ACTION |

**DECLARATION OF FRANK COZZARELLI IN SUPPORT OF THE MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF <u>CLASS REPRESENTATIVES AND CLASS COUNSEL</u>**

I, Frank Cozzarelli, declare, under penalty of perjury as follows:

1. I am a Vice President of Lead Plaintiff Shipco Transport Inc. ("Shipco"). I submit this declaration on behalf of Shipco.

2. Shipco has retained the Rosen Law Firm, P.A. as counsel.

3. I understand that Shipco, along with Lead Plaintiff 683 Capital Partners LP and named plaintiff Sergey Regukh ("Plaintiffs"), are moving to be appointed as class representatives in this action.

4. I have read the initial complaint and reviewed and authorized the filing of the Consolidated Securities Class Action Complaint ("FAC") that was filed on June 19, 2017 against Defendants Global Brokerage, Inc. f/k/a FXCM Inc. ("FXCM" or "Company"), Dror Niv, FXCM's co-founder, Chairman, and CEO, William Ahdout, FXCM's co-founder, director, and Managing Director, David Sakhai, FXCM's co-founder, director, and COO, Eduard Yusupov, FXCM's co-founder, director, and Managing Director, Janelle G. Lester, FXCM's Chief Compliance Officer, Robert Lande, FXCM's CFO, Ornit Niv, FXCM's Head of Sales, Nicola Santoro, Jr., FXCM's Chief Accounting Officer, Margaret Deverell, FXCM's Chief Accounting Officer, David S. Sassoon, FXCM's General Counsel, Kenneth Grossman, FXCM's co-founder and director, and a number of other FXCM directors: James Brown, Ryan Silverman, Arthur Gruen, Robin E. Davis, Eric LeGoff, Perry G. Fish, and Bryan Reyhani.

5. I believe the action to be meritorious.

6. I am aware that the initial complaint was amended because lead counsel discovered new evidence and information that was not available when the initial complaint was filed.

7.     I have reviewed and authorized the filing of the Second Amended Consolidated Securities Class Action Complaint ("SAC") that was filed on April 6, 2018 against Defendants FXCM, Niv, Ahdout, and Lande.

8.     I am aware that the FAC was amended because the Court granted Defendants' motion to dismiss the FAC with leave to amend, and lead counsel added new allegations and clarified their theory of liability in accordance with the Court's order dismissing the FAC.

9.     I understand that this action is now in the discovery stage, after the Court denied in part Defendants' motion to dismiss the SAC as to each of the Defendants except for Lande.

10.    I am aware that the SAC alleges, among other things, violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 as a result of Defendants' misleading statements and omissions of material fact. Particularly, the SAC alleges that Defendants misrepresented that FXCM's foreign exchange ("forex") trading platform was free of conflict of interest, while FXCM secretly maintained a profit sharing relationship with another firm, Effex Capital LLC, which was taking positions against FXCM's forex trading customers on FXCM's trading platform.

11.    The SAC also asserts that Niv and Ahdout are liable for having been control persons of FXCM at the time the false and misleading statements and omissions were made based on their high-level positions within FXCM, their access to internal information, and/or their influence and control over FXCM's public statements to investors.

12.    I am aware that a class action lawsuit, like this one, is brought on behalf of not only myself, but also other shareholders that have been wronged in the same way during the Class Period.

13.    I understand that this class action lawsuit is brought on behalf of "all persons and entities who purchased or otherwise acquired publicly traded FXCM securities, including FXCM 2.25% Convertible Senior Notes due 2018 (the "FXCM Notes") and Class A common stock from March 15, 2012 to February 6, 2017, both dates inclusive ("Class Period").

14. I have communicated with counsel throughout the course of this action.

15. Shipco agreed to be the one of the proposed class representatives in this action along with the other Plaintiffs.

16. I understand that a class representative is someone who acts on behalf of other class members in directing the litigation. Shipco is willing to serve as a class representative either individually or as part of a group. I understand that Shipco has a responsibility to the absent class members to oversee the litigation and ensure that counsel for plaintiffs prosecute the case vigorously and in the interest of all class members equally.

17. I will continue to communicate with the Rosen Law Firm about the status of the litigation, case strategies, settlement negotiations, and other matters pertinent to overseeing the litigation.

18. Throughout the course of this litigation, I have independently monitored news about the Company through internet financial sites and the Company's own website. Even prior to my involvement in this action, I monitored Company news releases and its stock price.

19. I will continue to work with counsel to oversee the litigation, and I have and will continue to monitor the litigation.

20. I understand that, as a class representative, my duties may include consulting with plaintiffs' counsel on proposed strategies and tactics during the course of the litigation, making recommendations as to whether or not to accept a particular settlement offer, and testifying at deposition and trial. I accept and will diligently perform all such duties.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of December, 2019

Frank Cozzarelli

DECLARATION OF FRANK COZZARELLI
3