# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GLOBAL BROKERAGE, INC. f/k/a FXCM INC. SECURITIES LITIGATION | Master File No. 1:17-cv-00916-RA-BCM<br><br>CLASS ACTION |
| This Document Relates To: All Actions | |

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO ADD NAMED PLAINTIFF

## INTRODUCTION

Lead Plaintiffs 683 Capital Partners, LP ("683 Capital") and Shipco Transport Inc. ("Shipco"), named plaintiffs Sergey Regukh and Brian Armstrong, and movant E-Global Trade and Finance Group Inc. ("E-Global") (collectively, "Plaintiffs"), respectfully submit this memorandum of law in support of Plaintiffs' motion, pursuant to Rules 21 and 15 of the Federal Rules of Civil Procedure, to add E-Global as a named plaintiff in this action.

## STATEMENT OF FACTS

Tony Khoury filed the initial complaint in this action on February 7, 2017. Dkt. No. 1. On May 3, 2017, the Court issued an order appointing 683 Capital and Shipco as Lead Plaintiffs and appointing The Rosen Law Firm, P.A. as Lead Counsel. Dkt. No. 47. On June 19, 2017, 683 Capital, Shipco, Sergey Regukh and Brian Armstrong filed their Consolidated Securities Class Action Complaint ("FAC"). Dkt. No. 48. On March 1, 2018, the Court granted Defendants' motion to dismiss the FAC with leave for Plaintiffs to amend. Dkt. No. 108. On April 6, 2018, 683 Capital, Shipco, Regukh, and Armstrong filed their Second Amended Consolidated Securities Class Action Complaint ("SAC"). Dkt. No. 111. On March 28 2019, the Court denied in part and granted in part Defendants' motion to dismiss the SAC. Dkt. No. 135. The latest actionable statement alleged in the SAC which the Court found adequately pleaded occurred on March 16, 2015. *See id.* at 23, 38.

On June 4, 2019, the Court entered a scheduling order. Dkt. No. 142. The scheduling order provides that the deadline for additional parties to be joined, and for amendments to the pleadings, is April 3, 2020. *Id.* The deadline for the parties to complete fact discovery is August 4, 2020. *Id.* The scheduling order also set forth a schedule for briefing on Plaintiffs' anticipated class certification motion. *Id.* Pursuant to the scheduling order, 683 Capital, Shipco, and Regukh filed their motion for class certification on January 6, 2020. Class discovery, including the depositions of the proposed class representatives, is still ongoing. *See* Dkt. No. 160 (extending class certification deadlines). Counsel for the parties have conferred and agreed in principal to further extend the class certification deadlines in light of recent developments with the COVID-19 pandemic. A formal stipulation and proposed order to that effect is forthcoming.

## ARGUMENT

## I.     The Court Should Grant Leave to Add E-Global Because Liberal Standards Apply to Motions To Amend Parties or Pleadings

Rule 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Here, Plaintiffs seek only to add E-Global as a named plaintiff, not to amend the pleadings in any substantive way. "Though the Second Circuit has offered limited guidance" in applying Rule 21, "the consensus in this [district] is that when 'deciding whether to allow joinder, courts adhere to the same standard of liberality afforded to motions to amend [pleadings] under Rule 15.'" *Sanders v. Houslanger & Assocs., PLLC*, No. 17 Civ. 8985 (DC), 2018 WL 6444921, at *2 (S.D.N.Y. Sept. 6, 2018) (quoting *Sly Magazine, LLC v. Welder Publ'ns LLC*, 241 F.R.D. 527, 532 (S.D.N.Y. 2007) and collecting cases).[1]

Rule 15(a)(2) provides that in cases where a party cannot amend its pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under that standard, "leave to amend shall be freely given when justice so requires." *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (quoting Fed. R. Civ. P. 15(a)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The "permissive standard" of Rule 15 "is consistent with [the Second Circuit's] strong preference for resolving disputes on the merits." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015). Following *Foman*, the Second Circuit has outlined six grounds to deny a motion for leave to amend: undue delay, bad faith, dilatory motive, futility, prejudice, and repeated failure to cure deficiencies by amendments previously allowed. *Williams v. Citigroup Inc.*, 659 F.3d 208, 213-14 (2d Cir. 2011). None of those grounds is present here.

"The Supreme Court has emphasized that amendment should normally be permitted, and has stated that refusal to grant leave without justification is 'inconsistent with the spirit of the Federal Rules.'" *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234 (2d Cir. 1995) (quoting

---

[1] Internal citations and quotations are omitted and emphasis is added unless otherwise indicated.

*Foman*, 371 U.S. at 182). The decision to grant leave to amend falls within the sound discretion of the trial court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Austin v. Ford Models, Inc.*, 149 F.3d 148, 155 (2d Cir. 1998).

The Second Circuit has reversed district courts that deny leave to replead when the reasons the district court provided were not linked to the grounds set out in *Foman*. *Williams*, 659 F.3d at 214; *Loreley*, 797 F.3d at 190. A leading treatise confirms this view, noting that "[t]he court may not impose arbitrary restrictions on the availability of amendments or use its discretion in a way that undermines the basic policy of the rule." 6 Charles Alan Wright & Arthur R. Miller, *Federal Prac. & Proc.* §1487 (3d ed.). Thus, any reason for denying leave to amend must be closely analogous to the grounds set out in *Foman*. Finally, the party opposing the motion for leave to amend has the burden of establishing that leave to amend would be prejudicial, futile, or cause undue delay. *Stonewell Corp. v. Conestoga Title Ins. Co.*, No. 04 CV 9867(KMW)(GWG), 2010 WL 647531, at *2 (S.D.N.Y. Feb. 18, 2010); *Burns v. Martinez*, No. 08 Civ. 4835(LAK)(JCF), 2008 WL 5429644, at *2 (S.D.N.Y. Dec. 24, 2008).

Amendment would not be futile because E-Global's motion is timely. No statute of limitations nor statute of repose bars E-Global's claims. *See Pasternak v. Shrader*, 863 F.3d 162, 175 (2d Cir. 2017) ("for purposes of a statute of repose, when a plaintiff moves for leave to amend to add claims within the limitations period and attaches a proposed amended complaint to the motion, the claims are timely."). Here, E-Global is not adding new claims nor is it changing the claims in the SAC that were previously upheld by the Court as adequately pleaded. Dkt. No. 135. E-Global is no differently situated than the other Plaintiffs with respect to the claims in the SAC. E-Global is a class member of the putative class because it purchased publicly traded FXCM securities during the putative Class Period – March 15, 2012 to February 6, 2017, inclusive.

Finally, the "good cause" standard of Rule 16 is does not apply here. First, adding E-Global as a named plaintiff complies with the timeline to add additional parties as set out in the Court's scheduling order. Dkt. No. 142. Where a plaintiff's motion for leave to amend is timely under the operative scheduling order, "there is no need to show good cause." *In re Mission Constr. Litig.*, No.

10 Civ. 4262(LTS)(HBP), 2013 WL 4710377, at *10 (S.D.N.Y. Aug. 30, 2013) ("The cases that LMW relies upon are inapplicable because they address the 'good cause' requirement under Rule 16(b)(4) when a party's motion is untimely under a scheduling order"). Second, adding E-Global will not require any modifications to the scheduling order beyond those already contemplated by the parties. E-Global will have no problems fulfilling their discovery obligations under the timeline contemplated by the scheduling order, including the class certification discovery timeline implied by the class certification briefing schedule.

## II.     Defendants Will Suffer No Undue Prejudice From Adding E-Global

Defendants will suffer no undue prejudice from adding E-Global as an additional named plaintiff in this action. In determining whether there is undue prejudice, courts look to whether the amended pleading would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).

That the non-movant may incur additional attorneys' fees does not qualify as "undue prejudice" under *Foman* and the cases in this Circuit interpreting it. Prejudice requires "unfair surpris[e]" or something that "impedes the fair prosecution of the claim." *Monahan*, 214 F.3d at 284. Thus, "the fact that one party has spent time and money preparing for trial will usually not be deemed prejudice sufficient to warrant a deviation from the rule broadly allowing amendment to pleadings." *Id.* Additionally, "[a]mendments to pleadings often require some amount of additional discovery and investigation by the parties. This fact does not automatically constitute undue prejudice against the party opposing amendment." *Stonewell*, 2010 WL 647531, at *2 (citing *United States v. Cont'l Ill. Nat'l Bank & Trust Co.*, 889 F.2d 1248, 1255 (2d Cir. 1989)).

Here, because the operative pleading will be substantively unchanged, Defendants will not need to relitigate the sufficiency of the SAC, nor will Defendants need to substantively amend their Answer. E-Global is represented by the same counsel as the other Plaintiffs – Lead Counsel and Additional Counsel, so no time need be spent getting new attorneys up to speed. Fact discovery is

ongoing, including class discovery. No changes to the current scheduling order will be required for the sake of adding E-Global as a plaintiff, beyond what the parties have already contemplated.

Here, "[t]he plaintiffs timely commenced the process of seeking leave to amend within the period prescribed in the parties' jointly proposed schedule. That timing suggests that the plaintiffs did not unduly delay their proposed amendment." *Zeller v. PDC Corp.*, No. 13–CV–5035 (ARR)(JO), 2015 WL 1223719, at *2 (S.D.N.Y. Mar. 17, 2015); *see also Ruotolo v. City of New York*, 514 F.3d 184 (2d Cir. 2008) ("'Mere delay ... absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend.'") (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)); *Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, No. 08 Civ. 1533(BSJ)(JCF), 2011 WL 1142916, at *2 (S.D.N.Y. Mar. 22, 2011) (granting leave to amend, inter alia, because "motion was timely filed pursuant to [court's] scheduling order").

Finally, no other *Foman* grounds are present which would weigh against granting leave to add E-Global as an additional named plaintiff. By seeking leave to amend, Plaintiffs and E-Global have in no way created undue delay, acted in bad faith, acted with a dilatory motive, or repeatedly failed to cure deficiencies by amendments previously allowed. *Williams*, 659 F.3d at 213-14; *Foman*, 371 U.S. at 182.

## <u>CONCLUSION</u>

For the foregoing reasons the Court should grant leave to add E-Global as a named plaintiff in this action.

Dated: March 16, 2020

**THE ROSEN LAW FIRM P.A.**

By: */s/ Phillip Kim*
Laurence M. Rosen
Phillip Kim
Joshua Baker
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fascimile:  (212) 202-3827
Email:  lrosen@rosenlegal.com
          pkim@rosenlegal.com
          jbaker@rosenlegal.com

*Lead Counsel for Plaintiffs and the Proposed
Class*

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
Matthew M. Guiney
270 Madison Ave.
New York, NY 10016
Tel: (212) 545-4600
Email:  guiney@whafh.com

*Additional Counsel*

## CERTIFICATE OF SERVICE

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On March 16, 2020, I served true and correct copies of the foregoing NOTICE OF MOTION AND MOTION TO ADD NAMED PLAINTIFF, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 16, 2020, at Jenkintown, Pennsylvania.

*/s/ Joshua Baker*
Joshua Baker