# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Global Brokerage, Inc. f/k/a FXCM, Inc. Securities Litigation | Master File No. 1:17-cv-00916-RA |
| | CLASS ACTION |
| This Document Relates To:  All Actions | |

## DEFENDANTS' ANSWER AND DEFENSES TO THE THIRD AMENDED CONSOLIDATED SECURITIES CLASS ACTION COMPLAINT

Defendants Global Brokerage, Inc., Dror Niv and William Ahdout ("Defendants"),[1] by and through their undersigned counsel, hereby respond to Plaintiffs' Third Amended Consolidated Securities Action Complaint ("Complaint").  Defendants deny all allegations that are not expressly admitted as set forth below.[2]  Defendants reserve the right to seek to amend or supplement their Answer as may be necessary and appropriate.

## RESPONSES TO SPECIFIC ALLEGATIONS

1.      The allegations in Paragraph 1 consist of Plaintiffs' characterizations of their purported claims and the putative class, to which no response is required.  To the extent a response

---

[1] The Court's March 28, 2019 Order regarding Defendants' Motion to Dismiss the Second Amended Consolidated Securities Class Action Complaint in this action dismissed all claims (i) against Defendant William Lande, (ii) regarding Plaintiff's allegations that Defendants made misleading statements with respect to regulatory investigations, and (iii) regarding alleged misstatements made after August 2014 when FXCM's order flow arrangement with Effex ended (the "Dismissed Claims").

[2] Defendants also deny all titles, headings, footnotes, subheadings, and any other material not contained in a numbered paragraph.  When a document (or statements, conclusions or other material references therefore) is referenced in this Answer, it speaks for itself.  That is, when Defendants respond to an allegation by stating that they refer to a document, that document itself is the best evidence of its contents, and Defendants deny any allegations or characterizations based on the document.  Defendants reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of such documents.

may be deemed to be required, Defendants deny knowledge or information sufficient to form a belief as to whether Plaintiffs have standing to sue and/or represent a class of similarly situation persons in connection with claims brought under the Securities and Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, and otherwise deny the allegations contained in Paragraph 1.

2.      To the extent the allegations in Paragraph 2 purport to describe and/or characterize FXCM's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to FXCM's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 2. Further, to the extent the allegations in Paragraph 2 concern allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

3.      To the extent the allegations in Paragraph 3 purport to describe and/or characterize FXCM's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to FXCM's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 3. Further, to the extent the allegations in Paragraph 3 concern allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

4.      To the extent the allegations in Paragraph 4 purport to describe and/or characterize FXCM's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to FXCM's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 4. Further, to the extent the allegations in Paragraph 4 concern allegedly

misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

5.      To the extent the allegations in Paragraph 5 purport to describe and/or characterize FXCM's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to FXCM's public disclosures and statements for their complete and accurate contents.  Defendants admit that Effex Capital, LLC ("Effex") was a liquidity provider for FXCM.  Defendants otherwise deny the allegations in Paragraph 5.  Further, to the extent the allegations in Paragraph 5 concern allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

6.      Defendants admit that Effex was a "startup" foreign exchange trading liquidity provider.  Defendants otherwise deny the allegations in Paragraph 6.

7.      Defendants admit that FXCM hired John Dittami in 2009 to develop a high-frequency trading algorithm and that Mr. Dittami received compensation for his work.  Defendants otherwise deny the allegations in Paragraph 7.

8.      Defendants admit that FXCM conducted an initial public offering in 2010.  Defendants further admit that Effex was a stand-alone company formed in 2010 by Mr. Dittami.  Defendants otherwise deny the allegations in Paragraph 8.

9.      Defendants admit that Effex shared office space with FXCM for a period of time and that some FXCM employees performed work for Effex.  Defendants otherwise deny the allegations in Paragraph 9.

10.     Defendants admit that during certain time periods Effex was provided with the ability to view price quotations offered by other liquidity providers.  Defendants also admit that

during certain time periods if Effex and another liquidity provider quoted the same price, Effex would "win" the trade.  Defendants also admit that for a period of time FXCM applied smaller markups to Effex's prices than to prices provided by other liquidity providers.  To the extent the allegations in Paragraph 10 purport to describe and/or characterize FXCM's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to FXCM's public disclosures and statements for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 10.  Further, to the extent the allegations in Paragraph 10 concern allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

11.     Defendants admit that FXCM received nearly $80 million in order flow payments from Effex between 2010 and 2014.  Defendants otherwise deny the allegations in Paragraph 11.

12.     To the extent the allegations in Paragraph 12 purport to describe and/or characterize FXCM's public disclosures, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to FXCM's public disclosures for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 12.  Further, to the extent the allegations in Paragraph 12 concern allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

13.     The allegations in Paragraph 13 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, and to the extent the allegations in Paragraph 13 purport to describe and/or characterize FXCM's public disclosures, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to FXCM's public disclosures for their complete and accurate contents.  Defendants

4

otherwise deny the allegations in Paragraph 13.  Further, to the extent the allegations in Paragraph 13 concern allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

14.     The allegations in Paragraph 14 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 14.  Further, to the extent the allegations in Paragraph 14 concern allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

15.     Plaintiffs' claims have been dismissed to the extent they allege that Defendants made misleading statements with respect to regulatory investigations, and therefore a response to Paragraph 15 is not required.  To the extent a response may be deemed to be required, Defendants admit that FXCM received a Request for Production from the CFTC, as well as preservation notices from the CFTC and NFA, and that Mr. Niv received a subpoena to testify and produce documents from the CFTC.  To the extent the allegations in Paragraph 15 purport to describe and/or characterize those documents, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to those documents for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 15.

16.     FXCM admits that the CFTC issued a press release on February 6, 2017, and that FXCM entered into a settlement with the CFTC.  To the extent the allegations in Paragraph 16 purport to characterize the CFTC's February 6, 2017 press release, Defendants deny that Plaintiffs have accurately and completely characterized it and refer the Court to the CFTC's February 6, 2017 press release for its complete and accurate contents.  To the extent Paragraph 16 purports to describe and/or characterize the terms of FXCM's settlement with the CFTC, Defendants refer the

Court to those settlement documents for a complete and accurate description of the settlement terms.  Defendants otherwise deny any remaining allegations contained in Paragraph 16.

17.     Defendants deny the allegations in Paragraph 17.

18.     The allegations in Paragraph 18 consist of legal conclusions and Plaintiffs' characterizations of their purported claims as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 18.

19.     The allegations in Paragraph 19 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 19, except Defendants admit that Plaintiffs purport to base jurisdiction over the subject matter of this action on the statutory provisions cited.

20.     Defendants admit that Global Brokerage, Inc. is headquartered in this District. The remaining allegations in Paragraph 20 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the remaining allegations in Paragraph 20, except Defendants admit that Plaintiffs purport to base venue on the statutory provisions cited.

21.     The allegations in Paragraph 21 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 21.

22.     Defendants admit that the Court appointed Lead Plaintiffs 683 Capital Partners, LP and Shipco Transport Inc. as Lead Plaintiffs in the above-captioned action.  Defendants deny that 683 Capital Partners, LP and Shipco Transport Inc. were damaged by any conduct by Defendants and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 22.

23.        Defendants admit Named Plaintiffs E-Global Trade and Finance Group, Inc. ("E-Global"), Sergey Regukh and Brian Armstrong are Named Plaintiffs in the above-captioned action. Defendants deny that Named Plaintiffs E-Global, Sergey Regukh and Brian Armstrong were damaged by any conduct by Defendants and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 23.

24.        Defendants admit the allegations in Paragraph 24.

25.        Defendants admit the allegations in Paragraph 25.

26.        Defendants admit the allegations in Paragraph 26.

27.        Defendants admit the allegations in Paragraph 27.

28.        Defendants admit the allegations in Paragraph 28.

29.        Defendants admit that Messrs. Niv, Ahdout, Sakhai and Yusupov had ownership interests in FXCM Holdings LLC prior to FXCM's initial public offering.  Defendants otherwise deny the allegations in Paragraph 29.

30.        Defendants deny the allegations in Paragraph 30.

31.        Defendants admit that Messrs. Niv, Ahdout, Sakhai and Yusupov owned shares in FXCM following the initial public offering but are without knowledge or information sufficient to form a belief as to the number of shares owned by each on the dates referenced in the chart included in Paragraph 31.  Defendants further state that the number of shares owned at any particular point are set forth in the Company's share records.

32.        The allegations in Paragraph 32 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants admit that Messrs. Niv, Ahdout, Sakhai and Yusupov continued to own stakes in FXCM Holdings after FXCM's initial public offering and refer the Court to FXCM's public disclosures for a complete

description of those matters.  Defendants otherwise deny the allegations in Paragraph 32.

33.     Defendants admit the allegations in Paragraph 33.  To the extent the allegations in Paragraph 33 are directed to Mr. Lande, he has been dismissed from this action, and therefore need not respond.

34.     Paragraph 34 consists of Plaintiffs' definition of terminology as to which no response is required.  To the extent the allegations in Paragraph 34 are directed to Mr. Lande, he has been dismissed from this action, and therefore need not respond.

35.     Paragraph 35 consists of Plaintiffs' definition of terminology as to which no response is required.  To the extent the allegations in Paragraph 35 are directed to Mr. Lande, he has been dismissed from this action, and therefore need not respond.

36.     The allegations in Paragraph 36 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 36.  Further, to the extent the allegations in Paragraph 36 concern allegations that Defendants made misleading statements with respect to regulatory investigations, or made allegedly misleading statements after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

37.     The allegations in Paragraph 37 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 37.  Further, to the extent the allegations in Paragraph 37 concern allegations that Defendants made misleading statements with respect to regulatory investigations, or made allegedly misleading statements after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

38.     The allegations in Paragraph 38 consist of legal conclusions as to which no

response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 38.  Further, to the extent the allegations in Paragraph 38 are directed to Mr. Lande, he has been dismissed from this action, and therefore need not respond.

39.     The allegations in Paragraph 39 purport to describe the customs and practices of individuals and companies other than the Defendants, or generally to describe certain industry customs and practices, without alleging facts specific to Defendants.  To the extent a response may be deemed to be required, Defendants deny that Paragraph 39 provides a true and complete description of the subject matter therein.

40.     The allegations in Paragraph 40 purport to describe the customs and practices of individuals and companies other than the Defendants, or generally to describe certain industry customs and practices, without alleging facts specific to Defendants.  To the extent a response may be deemed to be required, Defendants deny that Paragraph 40 provides a true and complete description of the subject matter therein.

41.     The allegations in Paragraph 41 purport to describe the customs and practices of individuals and companies other than the Defendants, or generally to describe certain industry customs and practices, without alleging facts specific to Defendants.  To the extent a response may be deemed to be required, Defendants deny that Paragraph 41 provides a true and complete description of the subject matter therein.

42.     Defendants admit that FXCM was founded in 1999 as an online provider of foreign exchange ("FX") trading and related services, and that on March 17, 2017, FXCM filed a Form 10-K for the year ended December 31, 2016 (the "2016 10-K").  Defendants refer the Court to the 2016 10-K for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 42.

43.      Defendants admit that until approximately 2007, FXCM primarily operated on a "dealing desk" model and refer the Court to FXCM's public disclosures for a complete and accurate account of how that model functioned.  Defendants otherwise deny the allegations in Paragraph 43.

44.      Defendants admit that FXCM primarily operated on an "agency" or "no-dealing-desk model" from 2007 onwards and refer the Court to FXCM's public disclosures for a complete and accurate account of how that model functioned.  To the extent that the allegations in Paragraph 44 purport to describe and/or characterize FXCM's public disclosures or statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to such public disclosures and/or statements for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 44.

45.      Defendants admit that FXCM primarily operated on an "agency" or "no-dealing-desk" model from 2007 onwards and refer the Court to FXCM's public disclosures for a complete and accurate account of how that model functioned.  To the extent that the allegations in Paragraph 45 purport to describe and/or characterize FXCM's public disclosures or statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to such public disclosures and/or statements for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 45.

46.      Defendants admit that FXCM primarily operated on an "agency" or "no-dealing-desk" model and refer the Court to FXCM's public disclosures for a complete and accurate description of how that model functioned.  To the extent that the allegations in Paragraph 46 purport to describe and/or characterize FXCM's public disclosures or statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to such public

disclosures and/or statements for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 46.

47.        Defendants admit that FXCM primarily operated on an "agency" or "no-dealing-desk" model from 2007 onwards and refer the Court to FXCM's public disclosures for a complete and accurate description of how that model functioned.  To the extent the allegations contained in Paragraph 47 purport to describe and/or characterize FXCM's public disclosures or statements, Defendants refer the Court to such public disclosures and/or statements for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 47.  Further, to the extent the allegations in Paragraph 47 concern allegedly misleading statements made after August 2014 those claims have been dismissed from this action and no response is required.

48.        Defendants deny the allegations in Paragraph 48.

49.        Defendants deny the allegations in Paragraph 49.

50.        Defendants admit that FXCM hired John Dittami in 2009 to develop a high-frequency trading algorithm, that Mr. Dittami's title was Managing Director and that he received compensation for his work.  Defendants further admit that First Directives performed some work relating to the market making software for Effex.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 50, and therefore deny them.

51.        Defendants admit that Mr. Dittami received compensation for his work and that he executed an employment agreement with FXCM.  To the extent the allegations in Paragraph 51 purport to characterize Mr. Dittami's employment agreement, Defendants deny that Plaintiffs have accurately and completely characterized it and refer the Court to that agreement for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 51.

52.      Defendants deny the allegations in Paragraph 52.

53.      Defendants admit that Effex was created as a separate company.  Defendants otherwise deny the allegations in Paragraph 53.

54.      Defendants admit that Mr. Dittami resigned from FXCM on April 14, 2010. Defendants otherwise deny the allegations in Paragraph 54.

55.      Defendants admit that FXCM entered into services agreements with Effex and refer the Court to those agreements for their complete and accurate contents.  To the extent the allegations in Paragraph 55 purport to characterize those services agreements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to those agreements for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 55.

56.      Defendants admit that FXCM provided Effex with a $2 million loan that did not bear interest and that FXCM allowed Effex to utilize FXCM's relationship with Citi.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 56, and therefore deny them.

57.      Defendants admit that for a period of time Effex was operated out of FXCM's office space.  Defendants otherwise deny the allegations in Paragraph 57.

58.      Defendants admit that for a period of time Effex used FXCM's servers and email systems and that certain Effex employees were given access to FXCM computers through a virtual private network.  Defendants otherwise deny the allegations in Paragraph 58.

59.      Defendants admit that certain FXCM employees received bonuses from Effex for work performed for Effex in certain years.  Defendants admit that for a period of time one employee spent four days of the work week at Effex's offices.  Defendants otherwise deny the

allegations in Paragraph 59.

60.     To the extent the allegations in Paragraph 60 cross-reference the allegations in Paragraphs 56-59, Defendants incorporate by reference and restate their responses to Paragraphs 56-59 as if fully set forth herein.  Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 60, and therefore deny them.

61.     Defendants admit that FXCM Holdings and Effex documented their business relationship by entering into a services agreement pursuant to which Effex paid FXCM Holdings for order flow, and that this services agreement was amended.  Defendants refer the Court to that agreement and the amendment for a complete and accurate description of their terms.  Defendants otherwise deny the allegations in Paragraph 61.

62.     Defendants deny the allegations in Paragraph 62.

63.     Defendants admit that for a period of time Effex would report its P&L to FXCM.  To the extent the allegations in Paragraph 63 are directed to Mr. Lande, he has been dismissed from this action and therefore need not respond.  Defendants otherwise deny the allegations in Paragraph 63.

64.     Defendants admit that FXCM Holdings has never been a member of the NFA.  Defendant also admit that the Services Agreement between FXCM Holdings and Effex provided that payment be made to FXCM Holdings.  To the extent the allegations in Paragraph 64 are directed to Mr. Lande, he has been dismissed from this action and therefore need not respond.  Defendants otherwise deny the allegations in Paragraph 64.

65.     Defendants admit that during certain time periods Effex was provided the ability to view price quotations offered by other liquidity providers.  Defendants also admit that during

certain time periods if Effex and another liquidity provider quoted the same price, Effex would "win" the trade.  Defendants further admit that for a period of time FXCM applied smaller markups to Effex's prices than to prices provided by other liquidity providers.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Effex had a "significant leg up" on other liquidity providers.  Defendants otherwise deny the allegations in Paragraph 65.

66.     Defendants admit that Effex used a "hold timer."  Defendants otherwise deny the allegations in Paragraph 66.

67.     Defendants admit that Effex used a "previous quote" practice.  Defendants otherwise deny the allegations in Paragraph 67.

68.     Defendants deny the allegations in Paragraph 68.

69.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore deny them.

70.     Defendants admit that FXCM received nearly $80 million in order flow payments from Effex between 2010 and 2014.  Defendants are unable to answer the remaining allegations in Paragraph 70 because they are overbroad, vague and fail to specify a time period, and therefore deny them.

71.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 71, and on that basis deny them.

72.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 72, and on that basis deny them.  To the extent the allegations in Paragraph 72 are directed to Mr. Lande, he has been dismissed from this action and therefore need not respond.

73.      Defendants admit that FXCM stopped receiving order flow payments upon termination of the Services Agreement in August 2014.  Defendants also admit that Effex continued to serve as a liquidity provider for FXCM until 2017.  Defendants otherwise deny the allegations in Paragraph 73.  Further, to the extent the allegations in Paragraph 73 concern allegedly misleading statements after August 2014 those claims have been dismissed from this action and no response is required.

74.      To the extent the allegations in Paragraph 74 relate to Plaintiffs' claims that Defendants made misleading statements with respect to regulatory investigations, those claims have been dismissed and therefore a response is not required.  To the extent a response may be deemed to be required, Defendants admit that on or about October 15, 2014, the CFTC sent FXCM a Request for Production of Documents and refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 74.

75.      To the extent the allegations in Paragraph 75 relate to Plaintiffs' claims that Defendants made misleading statements with respect to regulatory investigations, those claims have been dismissed and therefore a response is not required.  To the extent a response may be deemed to be required, Defendants admit that on or about February 19, 2015, the NFA sent a letter to FXCM and refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 75.

76.      To the extent the allegations in Paragraph 76 relate to Plaintiffs' claims that Defendants made misleading statements with respect to regulatory investigations, those claims have been dismissed and therefore a response is not required.  To the extent a response may be deemed to be required, Defendants admit that on or about July 2, 2015, the CFTC sent a letter to FXCM and refer the Court to that document for its complete and accurate contents.  Defendants

otherwise deny the allegations in Paragraph 76.

77.     To the extent the allegations in Paragraph 77 relate to Plaintiffs' claims that Defendants made misleading statements with respect to regulatory investigations, those claims have been dismissed and therefore a response is not required.  To the extent a response may be deemed to be required, Defendants admit that on or about August 13, 2015, the CFTC issued a subpoena to Mr. Niv and refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 77.

78.     To the extent the allegations in Paragraph 78 relate to Plaintiffs' claims that Defendants made misleading statements with respect to regulatory investigations, those claims have been dismissed and therefore a response is not required.  To the extent a response may be deemed to be required, Defendants admit that on or about September 18, 2015, FXCM and the CFTC entered into a tolling agreement and refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 78.

79.     To the extent the allegations in Paragraph 79 relate to Plaintiffs' claims that Defendants made misleading statements with respect to regulatory investigations, those claims have been dismissed and therefore a response is not required.  To the extent a response may be deemed to be required, Defendants admit that on or about February 6, 2017, the CFTC issued a press release and refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 79.

80.     To the extent the allegations in Paragraph 80 relate to Plaintiffs' claims that Defendants made misleading statements with respect to regulatory investigations, those claims have been dismissed and therefore a response is not required.  To the extent a response may be deemed to be required, Defendants admit that on or about February 6, 2017, the NFA issued a

complaint and order regarding FXCM and refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 80.

81.     To the extent the allegations in Paragraph 81 relate to Plaintiffs' claims that Defendants made misleading statements with respect to regulatory investigations, those claims have been dismissed and therefore a response is not required. To the extent a response may be deemed to be required, Defendants admit that on or about February 6, 2017, FXCM issued a press release and refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 81.

82.     To the extent Plaintiffs purport to describe the price of FXCM's stock on a certain date, it is a matter of public record. Defendants deny that the allegations in Paragraph 82 accurately and completely describe the factors affecting stock price movements described therein and otherwise deny the allegations in Paragraph 82.

83.     To the extent Plaintiffs purport to describe the price of FXCM's stock on certain dates, it is a matter of public record. Defendants deny that the allegations in Paragraph 83 accurately and completely describe the factors affecting stock price movements described therein and otherwise deny the allegations in Paragraph 83.

84.     Defendants admit the allegations in Paragraph 84.

85.     Defendants admit the allegations in Paragraph 85.

86.     Defendants deny the allegations in Paragraph 86.

87.     Defendants admit that FXCM employees, including Mr. Niv, met with NFA personnel on or about October 24, 2013. Defendants otherwise deny the allegations in Paragraph 87.

88.     Defendants admit that on or about October 22, 2013, an FXCM employee sent

NFA personnel an email and refer the Court to that email for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 88.

89.     Defendants admit that on or about March 24, 2014, an FXCM employee sent an email to NFA personnel and refer the Court to that email for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 89.

90.     Defendants admit that on or about April 4, 2014, Janelle Lester sent an email to NFA personnel and refer the Court to that email for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 90.

91.     Defendants admit that FXCM provided responses to the NFA.   Defendants otherwise deny the allegations in Paragraph 91.

92.     Defendants admit that on February 6, 2017, the CFTC released an Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act, Making Findings, and Imposing Remedial Sanctions (the "Order") and refer the Court to that Order for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 92.

93.     Defendants deny the allegations in Paragraph 93.

94.     Defendants admit that Mr. Dittami became a Managing Director at FXCM in October 2009 and was hired to develop a high-frequency trading algorithm.  Defendants also admit that Mr. Dittami would receive compensation from FXCM for his work.  Defendants further admit that First Directives was hired to perform some work relating to the market making software for Effex.  Defendants otherwise deny the allegations in Paragraph 94.

95.     Defendants admit that FXCM prepared for an initial public offering in 2010. Defendants otherwise deny the allegations in Paragraph 95.

96.     Defendants deny the allegations in Paragraph 96.

97.      Defendants admit that Mr. Dittami resigned from FXCM on April 14, 2010, and that FXCM entered into services agreements with Effex.  FXCM refers the Court to the services agreements for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 97.

98.      Defendants admit that Effex was a separate entity from FXCM and that FXCM allowed Effex to utilize FXCM's relationship with Citi.  Defendants otherwise deny the allegations in Paragraph 98.

99.      Defendants admit that for a period of time Effex would report its P&L to FXCM.  To the extent the allegations in Paragraph 99 are directed to Mr. Lande, he has been dismissed from this action and therefore need not respond.  Defendants otherwise deny the allegations in Paragraph 99.

100.      Defendants are unable to answer the allegations regarding Effex's capture of order flow because they are overbroad, vague and fail to specify a time period, and therefore deny them.  Defendants otherwise deny the allegations in Paragraph 100.

101.      Defendants admit that FXCM employees, including Mr. Niv, met with NFA personnel in October 2013.  Defendants otherwise deny the allegations in Paragraph 101.  To the extent the allegations in Paragraph 101 are directed to Mr. Lande, he has been dismissed from this action and therefore need not respond.

102.      Defendants admit that FXCM provided responses to the NFA and refer the Court to those responses for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 102.

103.      The allegations set forth in Paragraph 103 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants

deny the allegations in Paragraph 103.  Further, to the extent the allegation in Paragraph 103 concern allegedly misleading statements made after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

104.     Defendants admit that Plaintiffs purport to allege a class period that begins on March 15, 2012, that FXCM filed a Form 10-K with the SEC on March 15, 2012 for the fiscal year ended December 31, 2011 (the "2011 10-K"), and that it was signed by Messrs. Niv, Ahdout and Lande.  Defendants refer the Court to the 2011 10-K for its complete and accurate contents.  To the extent the allegations in Paragraph 104 are directed to Mr. Lande, he has been dismissed from this action and therefore need not respond.

105.     Defendants admit the allegations in Paragraph 105.  To the extent the allegations in Paragraph 105 are directed to Mr. Lande, he has been dismissed from this action and therefore need not respond.

106.     Defendants admit the allegations in Paragraph 106.  To the extent the allegations in Paragraph 106 are directed to Mr. Lande, he has been dismissed from this action and therefore need not respond.

107.     Defendants admit the allegations in Paragraph 107.  To the extent the allegations in Paragraph 107 are directed to Mr. Lande, he has been dismissed from this action and therefore need not respond.

108.     Defendants admit the allegations in Paragraph 108.  To the extent the allegations in Paragraph 108 are directed to Mr. Lande, he has been dismissed from this action and therefore need not respond.

109.     Defendants admit the allegations in Paragraph 109.  To the extent the allegations in Paragraph 109 are directed to Mr. Lande, he has been dismissed from this action and therefore

need not respond.

110.     Defendants admit the allegations in Paragraph 110.  To the extent the allegations in Paragraph 110 are directed to Mr. Lande, he has been dismissed from this action and therefore need not respond.

111.     Defendants admit the allegations in Paragraph 111. To the extent the allegations in Paragraph 111 are directed to Mr. Lande, he has been dismissed from this action and therefore need not respond.

112.     Defendants admit the allegations in Paragraph 112.  To the extent the allegations in Paragraph 112 are directed to Mr. Lande, he has been dismissed from this action and therefore need not respond.

113.     Defendants admit the allegations in Paragraph 113.  To the extent the allegations in Paragraph 113 are directed to Mr. Lande, he has been dismissed from this action and therefore need not respond.

114.     Defendants admit the allegations in Paragraph 114.  To the extent the allegations in Paragraph 114 are directed to Mr. Lande, he has been dismissed from this action and therefore need not respond.

115.     Plaintiffs' claims have been dismissed to the extent they concern allegedly misleading statements made after August 2014, or are directed to Mr. Lande, and therefore a response to Paragraph 115 is not required.

116.     Plaintiffs' claims have been dismissed to the extent they concern allegedly misleading statements made after August 2014, or are directed to Mr. Lande, and therefore a response to Paragraph 116 is not required.

117.     Plaintiffs' claims have been dismissed to the extent they concern allegedly

misleading statements made after August 2014, or are directed to Mr. Lande, and therefore a response to Paragraph 117 is not required.

118.     Plaintiffs' claims have been dismissed to the extent they concern allegedly misleading statements made after August 2014, or are directed to Mr. Lande, and therefore a response to Paragraph 118 is not required.

119.     Plaintiffs' claims have been dismissed to the extent they concern allegedly misleading statements made after August 2014, or are directed to Mr. Lande, and therefore a response to Paragraph 119 is not required.

120.     Plaintiffs' claims have been dismissed to the extent they concern allegedly misleading statements made after August 2014, or are directed to Mr. Lande, and therefore a response to Paragraph 120 is not required.

121.     Plaintiffs' claims have been dismissed to the extent they concern allegedly misleading statements made after August 2014, or are directed to Mr. Lande, and therefore a response to Paragraph 121 is not required.

122.     Plaintiffs' claims have been dismissed to the extent they concern allegedly misleading statements made after August 2014, or are directed to Mr. Lande, and therefore a response to Paragraph 122 is not required.

123.     Plaintiffs' claims have been dismissed to the extent they concern allegedly misleading statements made after August 2014, or are directed to Mr. Lande, and therefore a response to Paragraph 123 is not required.

124.     Plaintiffs' claims have been dismissed to the extent they concern allegedly misleading statements made after August 2014, or are directed to Mr. Lande, and therefore a response to Paragraph 124 is not required.

125.     The allegations set forth in Paragraph 125 purport to characterize generally accepted accounting principles ("GAAP"), and thus do not constitute factual allegations as to which a response is required.  To the extent a response may be deemed to be required, Defendants deny that Plaintiffs have accurately and completely characterized GAAP.  Defendants otherwise deny the allegations in Paragraph 125.

126.     The allegations in Paragraph 126 purport to characterize GAAP, and thus do not constitute factual allegations as to which a response is required.  To the extent a response may be deemed to be required, Defendants deny that Plaintiffs have accurately and completely characterized GAAP.  Defendants otherwise deny the allegations in Paragraph 126.

127.     The allegations in Paragraph 127 purport to characterize the statutory authority of the SEC and the Financial Accounting Standards Board ("FASB"), and thus do not constitute factual allegations as to which a response is required.  To the extent a response may be deemed to be required, Defendants deny that Plaintiffs have accurately and completely characterized the authority of the SEC and FASB.  Defendants otherwise deny the allegations in Paragraph 127.

128.     The allegations in Paragraph 128 purport to characterize rules and regulations promulgated by the SEC, NYSE and NASDAQ, and thus do not constitute factual allegations as to which a response is required.  To the extent a response may be deemed to be required, Defendants refer the Court to the referenced rules and regulations, Section 13 of the Exchange Act and SEC Rule 10-01(d) of Regulation S-X ("Reg. S-X"), for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 128.

129.     Defendants admit that the allegations in Paragraph 129 accurately quote a portion of 17 C.F.R. § 210.4-01(a)(1), and Defendants refer the Court to that statute for its complete and accurate contents.  Defendants otherwise deny the allegations set forth in Paragraph 129.

130.     The allegations in Paragraph 130 purport to characterize management's obligations under GAAP and therefore do not constitute factual allegations as to which a response is required.  To the extent a response may be deemed to be required, Defendants deny that Plaintiffs have accurately and completely characterized management's responsibilities pursuant to GAAP. Further, to the extent the allegations in Paragraph 130 purport to quote AU § 110.02, Defendants admit that Plaintiffs have accurately quoted a portion of AU § 110.02 and refer the Court to that accounting standard for its complete and accurate contents.  Defendants otherwise deny the allegations set forth in Paragraph 130.

131.     To the extent the allegations in Paragraph 131 purport to characterize ASC 810, Defendants deny that Plaintiffs have accurately and completely characterized that accounting standard and refer the Court to that standard for its complete and accurate contents.  Defendants otherwise deny the remaining allegations in Paragraph 131.

132.     Defendants deny the allegations in Paragraph 132.

133.     Defendants deny the allegations in Paragraph 133.

134.     Defendants deny the allegations in Paragraph 134.

135.     To the extent the allegations in Paragraph 135 purport to characterize the referenced SEC filings, Defendants deny that Plaintiffs have accurately and completely characterized those disclosures and refer the Court to those SEC filings for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 135.  Further, to the extent the allegation in Paragraph 135 concern allegedly misleading statements made after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

136.     The allegations set forth in Paragraph 136 consist of legal conclusions as to

which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 136.  Further, to the extent the allegation in Paragraph 136 concern allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

137.     Defendants deny the allegations in Paragraph 137.

138.     The allegations set forth in Paragraph 138 purport to characterize GAAP, and thus do not constitute factual allegations as to which a response is required.  To the extent a response may be deemed to be required, Defendants deny that Plaintiffs have accurately and completely characterized the accounting standards regarding the disclosure of material related party transactions.  Defendants otherwise deny the allegations in Paragraph 138.

139.     Defendants admit that Paragraph 139 accurately quotes a portion of the current iteration of ASC 850-10-50-1 and refer to that standard for its complete and accurate contents. Defendants are without knowledge or information sufficient to form a belief as to which version or versions of ASC 850-10-50-1 may have been applicable during the relevant period.  Defendants otherwise deny the allegations in Paragraph 139.

140.     Defendants admit that Paragraph 140 quotes a portion of the current iteration of ASC 850-10-05-03 and refer to that standard for its complete and accurate contents.  To the extent the allegations in Paragraph 140 purport to characterize ASC 850-10-05-3 and ASC 850-10-20, Defendants deny that Plaintiffs have accurately and completely characterized those accounting standards and refer the Court to those standards for their complete and accurate contents. Defendants are without knowledge or information sufficient to form a belief as to which version or versions of ASC 850-10-05-3 and ASC 850-10-20 may have been applicable during the relevant period.  Defendants otherwise deny the allegations in Paragraph 140.

141.     To the extent the allegations in Paragraph 141 purport to characterize ASC 850-10-50-1, Defendants refer the Court to that accounting standard for its complete and accurate contents.  Defendants are without knowledge or information sufficient to form a belief as to which version or versions of ASC 850-10-50-1 may have been applicable during the relevant period.  Defendants otherwise deny the allegations in Paragraph 141.

142.     Defendants deny the allegations in Paragraph 142.

143.     Defendants admit that Effex paid FXCM approximately $80 million between 2010 and 2014.  Defendants otherwise deny the allegations in Paragraph 143.

144.     To the extent the allegations in Paragraph 144 purport to characterize the referenced SEC filings, Defendants deny that Plaintiffs have accurately and completely characterized those disclosures and refer the Court to those SEC filings for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 144.  Further, to the extent the allegation in Paragraph 144 concern allegedly misleading statements made after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

145.     The allegations in Paragraph 145 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 145.  Further, to the extent the allegation in Paragraph 145 concern allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

146.     Defendants admit that the quoted language or similar language appears in the referenced SEC filings and refer the Court to those filings for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 146.  Further, to the extent the allegations

in Paragraph 146 concern allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

147.     The allegations set forth in Paragraph 147 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 147.  Further, to the extent the allegation in Paragraph 147 concern allegedly misleading statements made after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

148.     Defendants admit that the quoted language or similar language appears in the referenced SEC filings and refer the Court to those filings for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 148.  Further, to the extent the allegations in Paragraph 148 concern allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

149.     The allegations set forth in Paragraph 149 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 149.  Further, to the extent the allegations in Paragraph 149 concern allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

150.     Defendants admit that the quoted language or similar language appears in the referenced SEC filings and refer the Court to those filings for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 150.  Further, to the extent the allegations in Paragraph 150 concern allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

151.     The allegations in Paragraph 151 consist of legal conclusions as to which no

response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 151.  Further, to the extent the allegations in Paragraph 151 concern allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

152.     Defendants admit that the quoted language or similar language appears in the referenced SEC filings and refer the Court to those filings for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 152.

153.     The allegations in Paragraph 153 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 153.

154.     Defendants admit that the quoted language appears in the referenced SEC filing and refer the Court to that filing for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 154.

155.     The allegations in Paragraph 155 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 155.

156.     Defendants admit that the quoted language appears in the referenced SEC filings and refer the Court to those filings for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 156.  Further, to the extent the allegations in Paragraph 156 concern allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

157.     The allegations set forth in Paragraph 157 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants

deny the allegations in Paragraph 157.  Further, to the extent the allegation in Paragraph 157 concern allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

158.    Defendants admit that the quoted language appears in the referenced SEC filing and refer the Court to that filing for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 158.

159.    The allegations set forth in Paragraph 159 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 159.

160.    Defendants admit that the quoted language appears in the referenced SEC filings and refer the Court to those filings for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 160.  Further, to the extent the allegations in Paragraph 160 concern allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

161.    The allegations set forth in Paragraph 161 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 161.  Further, to the extent the allegations in Paragraph 161 concern allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

162.    Defendants admit that the quoted language appears in the referenced SEC filings and refer the Court to those filings for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 162.  Further, to the extent the allegations in Paragraph 162 concern allegedly misleading statements made after August 2014, those claims have been

dismissed from this action and no response is required.

163.    The allegations set forth in Paragraph 163 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 163.  Further, to the extent the allegations in Paragraph 163 concern allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

164.    The allegations in Paragraph 164 relate to Plaintiffs' claims that Defendants made misleading statements with respect to regulatory investigations, and as those claims have been dismissed no response to Paragraph 164 is required.  Further, to the extent the allegations in Paragraph 164 concern allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

165.    The allegations in Paragraph 165 relate to Plaintiffs' claims that Defendants made misleading statements with respect to regulatory investigations, and as those claims have been dismissed no response to Paragraph 165 is required.  Further, to the extent the allegations in Paragraph 165 concern allegedly misleading statements made after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

166.    The allegations in Paragraph 166 relate solely to Plaintiffs' claims that Defendants made misleading statements with respect to regulatory investigations, and as those claims have been dismissed no response to Paragraph 166 is required.  Further, to the extent the allegations in Paragraph 166 concern allegedly misleading statements made after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

167.    The allegations in Paragraph 167 relate solely to Plaintiffs' claims that

Defendants made misleading statements with respect to regulatory investigations and as those claims have been dismissed no response to Paragraph 167 is required.  Further, to the extent the allegations in Paragraph 167 concern allegedly misleading statements made after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

168.     The allegations in Paragraph 168 relate solely to Plaintiffs' claims that Defendants made misleading statements with respect to regulatory investigations, and as those claims have been dismissed no response to Paragraph 168 is required.  Further, to the extent the allegations in Paragraph 168 concern allegedly misleading statements made after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

169.     Defendants admit that referenced SEC filings were signed by Messrs. Niv and Lande and that the quoted language appears in those filings with the indicated alterations and refer the Court to those filings for their complete and accurate contents.  To the extent the allegations in Paragraph 169 purport to characterize those SEC filings, Defendants deny that Plaintiffs have accurately and completely characterized it and refer the Court to those filings for their complete and accurate contents.  Further, to the extent the allegations in Paragraph 169 concern allegations that Defendants made misleading statements with respect to regulatory investigations, or made allegedly misleading statements after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

170.     The allegations set forth in Paragraph 170 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 170.  Further, to the extent the allegations in Paragraph 170

concern allegedly misleading statements made after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

171.     To the extent the allegations in Paragraph 171 cross-reference the allegations in Paragraphs 146-168, Defendants incorporate by reference and restate the responses to Paragraphs 146-168 as if fully set forth herein.  The remaining allegations in Paragraph 171 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 171.  Further, to the extent the allegations in Paragraph 171 the concern allegations that Defendants made misleading statements with respect to regulatory investigations, or made allegedly misleading statements after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

172.     The allegations set forth in Paragraph 172 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 172.  Further, to the extent the allegations in Paragraph 172 concern allegedly misleading statements made after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

173.     Defendants admit that on May 29, 2013, FXCM issued a press release regarding a private offering of $150 million of 2.25% convertible senior notes.  The Defendants further admit that on June 3, 2013 the Company filed an 8-K with the SEC (the "June 3, 2013 8-K") and that Paragraph 173 accurately quotes portions of that document and refer the Court to the June 3, 2013 8-K for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 173.

174.     Defendants admit that the Purchase Agreement was attached as Exhibit 10.1 to

the June 3, 2013 8-K and that the S-OX certifications in the Purchase Agreement were signed by Messrs. Niv and Lande.  To the extent the allegations in Paragraph 174 purport to characterize those documents, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to those documents for their complete and accurate contents.   Defendants otherwise deny the allegations in Paragraph 174.  Further, to the extent the allegations in Paragraph 174 are directed to Mr. Lande, he has been dismissed from this action and therefore need not respond.

175.      The allegations set forth in Paragraph 175 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 175.  Further, to the extent the allegations in Paragraph 175 are directed to Mr. Lande, he has been dismissed from this action and therefore need not respond.

176.      The allegations set forth in Paragraph 176 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 176.  Further, to the extent the allegations in Paragraph 176 concern allegedly misleading statements made after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

177.      Defendants deny the allegations in Paragraph 177.

178.      Defendants admit that the referenced website contains a downloadable trading guide and two videos regarding no dealing desk and dealing desk models.  To the extent the allegations in Paragraph 178 purport to characterize the referenced website, Defendants deny that Plaintiffs have accurately and completely characterized it and refer the Court to the referenced website for its complete and accurate contents.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation regarding when the referenced contents

were posted.

179.     The web link referenced in Paragraph 179 is not operational, and therefore Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179, and therefore deny them.

180.     The web link referenced in Paragraph 180 is not operational, and therefore Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180, and therefore deny them.

181.     Plaintiffs' claims have been dismissed to the extent they concern allegedly misleading statements made after August 2014, and therefore a response to Paragraph 181 is not required.

182.     Plaintiffs' claims have been dismissed to the extent they concern allegedly misleading statements made after August 2014, and therefore a response to Paragraph 182 is not required.

183.     Plaintiffs' claims have been dismissed to the extent they concern allegedly misleading statements made after August 2014, and therefore a response to Paragraph 183 is not required.

184.     Defendants admit that FXCM.com was the Company's website.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation regarding how the selections were gathered.  Defendants otherwise deny the allegations set forth in Paragraph 184.  Further, to the extent the allegation in Paragraph 184 concern allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

185.     The allegations set forth in Paragraph 185 consist of legal conclusions as to

which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 185.  Further, to the extent the allegation in Paragraph 185 concern allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

186.     Defendants deny the allegations in Paragraph 186.  Further, to the extent the allegations in Paragraph 186 are directed to Mr. Lande, he has been dismissed from this action and therefore need not respond.

187.     The allegations set forth in Paragraph 187 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants admit that Paragraph 187 accurately quotes portions of the referenced SEC filing with the indicated changes and refer the Court to that filing for its complete and accurate contents.  And to the extent Paragraph 187 purports to characterize the referenced SEC filing, Defendants deny that Plaintiffs have accurately and completely characterized it and refer the Court to the referenced filing for its complete and accurate contents.  Further, to the extent the allegations in Paragraph 187 concern allegedly misleading statements made after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

188.     Defendants admit that FXCM paid Effex nearly $80 million between 2010 and 2014.  Defendants otherwise deny the allegations in Paragraph 188.  Further, to the extent the allegations in Paragraph 188 concern allegedly misleading statements made after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

189.     To the extent the allegations in Paragraph 189 purport to describe and/or characterize FXCM's public statements or disclosures, Defendants deny that Plaintiffs have

accurately and completely characterized them refer the Court to those documents for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 189.  Further, to the extent the allegations in Paragraph 189 concern allegedly misleading statements made after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

190.     Plaintiffs' claims have been dismissed to the extent they allege that Defendants made misleading statements with respect to regulatory investigations, and therefore a response to Paragraph 190 is not required.  Further, to the extent the allegations in Paragraph 190 are directed to Mr. Lande, he has been dismissed from this action and therefore need not respond.

191.     The allegations set forth in Paragraph 191 purport to state legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs purchased FXCM Notes and Class A common stock, and Defendants otherwise deny the allegations set forth in Paragraph 191.

192.     The allegations set forth in Paragraph 192 purport to state legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants admit that FXCM's securities traded on the NYSE and NASDAQ, and Defendants otherwise deny the allegations in Paragraph 192.

193.     The allegations set forth in Paragraph 193 purport to state legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 193.  Further, to the extent the allegations in Paragraph 193 are directed to Mr. Lande, he has been dismissed from this action and therefore need not respond.

194.     The allegations set forth in Paragraph 194 purport to state legal conclusions as to

which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 194.

195.     The allegations set forth in Paragraph 195 purport to state legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 195.  Further, to the extent the allegations in Paragraph 195 concern allegations that Defendants made misleading statements with respect to regulatory investigations, or made allegedly misleading statements after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

196.     The allegations in Paragraph 196 purport to state legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 196.

197.     The allegations in Paragraph 197 purport to state legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 197.  Further, to the extent the allegations in Paragraph 197 concern allegations that Defendants made misleading statements with respect to regulatory investigations, or made allegedly misleading statements after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

198.     The allegations in Paragraph 198 purport to state legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 198.

199.     The allegations in Paragraph 199 purport to state legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 199.  Further, to the extent the allegations in Paragraph 199 concern

allegations that Defendants made misleading statements with respect to regulatory investigations, or made allegedly misleading statements after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

200.    The allegations in Paragraph 200 purport to state legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 200.  Further, to the extent the allegations in Paragraph 200 concern allegations that Defendants made misleading statements with respect to regulatory investigations, or made allegedly misleading statements after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

201.    Defendants incorporate by reference and restate the responses to each of Paragraphs 1-200 as above as if fully set forth herein.

202.    The allegations in Paragraph 202 consist of legal conclusions and Plaintiffs' description of their claims as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 202.

203.    The allegations in Paragraph 203 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 203.  Further, to the extent the allegations in Paragraph 203 concern allegations that Defendants made misleading statements with respect to regulatory investigations or allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

204.    The allegations set forth in Paragraph 204 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 204.  Further, to the extent the allegations in Paragraph 204

concern allegations that Defendants made misleading statements with respect to regulatory investigations or allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

205.    The allegations set forth in Paragraph 205 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 205.  Further, to the extent the allegations in Paragraph 205 concern allegations that Defendants made misleading statements with respect to regulatory investigations or allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

206.    The allegations set forth in Paragraph 206 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 206.  Further, to the extent the allegations in Paragraph 206 concern allegations that Defendants made misleading statements with respect to regulatory investigations or allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

207.    The allegations set forth in Paragraph 207 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 207.  Further, to the extent the allegations in Paragraph 207 concern allegations that Defendants made misleading statements with respect to regulatory investigations or allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

208.    The allegations set forth in Paragraph 208 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants

deny the allegations in Paragraph 208. Further, to the extent the allegations in Paragraph 208 concern allegations that Defendants made misleading statements with respect to regulatory investigations or allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

209.     The allegations set forth in Paragraph 209 consist of legal conclusions as to which no response is required. To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 209. Further, to the extent the allegations in Paragraph 209 concern allegations that Defendants made misleading statements with respect to regulatory investigations or allegedly misleading statements made after August 2014, those claims have been dismissed from this action and no response is required.

210.     Defendants incorporate by reference and restate the responses to each of Paragraphs 1-209 above as if fully set forth herein.

211.     The allegations set forth in Paragraph 211 consist of legal conclusions as to which no response is required. To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 211. Further, to the extent the allegations in Paragraph 211 concern allegations that Defendants made misleading statements with respect to regulatory investigations, or made allegedly misleading statements after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

212.     The allegations set forth in Paragraph 212 consist of legal conclusions as to which no response is required. To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 212. Further, to the extent the allegations in Paragraph 212 concern allegations that Defendants made misleading statements with respect to regulatory investigations, or made allegedly misleading statements after August 2014, or are directed to Mr.

Lande, those claims have been dismissed from this action and no response is required.

213.     The allegations set forth in Paragraph 213 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 213.  Further, to the extent the allegations in Paragraph 213 concern allegations that Defendants made misleading statements with respect to regulatory investigations, or made allegedly misleading statements after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

214.     The allegations set forth in Paragraph 214 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 214.  Further, to the extent the allegations in Paragraph 214 concern allegations that Defendants made misleading statements with respect to regulatory investigations, or made allegedly misleading statements after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

215.     The allegations set forth in Paragraph 215 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 215.  Further, to the extent the allegations in Paragraph 215 concern allegations that Defendants made misleading statements with respect to regulatory investigations, or made allegedly misleading statements after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

216.     The allegations set forth in Paragraph 216 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 216.  Further, to the extent the allegations in Paragraph 216 concern allegations that Defendants made misleading statements with respect to regulatory

investigations, or made allegedly misleading statements after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

217.    The allegations set forth in Paragraph 217 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 217.  Further, to the extent the allegations in Paragraph 217 concern allegations that Defendants made misleading statements with respect to regulatory investigations, or made allegedly misleading statements after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

218.    The allegations set forth in Paragraph 218 consist of legal conclusions as to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 218.  Further, to the extent the allegations in Paragraph 218 concern allegations that Defendants made misleading statements with respect to regulatory investigations, or made allegedly misleading statements after August 2014, or are directed to Mr. Lande, those claims have been dismissed from this action and no response is required.

<b>ANSWER TO PRAYER FOR RELIEF</b>

Defendants deny that Plaintiffs or any putative class members that Plaintiffs purport to represent are entitled to the relief sought in the Prayer for Relief or under any other theory, and Defendants request that the Court dismiss all claims against Defendants with prejudice and order such further relief as the Court deems just and proper.

<b>ANSWER TO JURY DEMAND</b>

The allegations consist of Plaintiffs' demand for a trial by jury, to which no response is required.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any defense or issue that would otherwise rest on Plaintiffs or as to any element of Plaintiffs' claims, and reserving the right to amend this Answer to assert any additional defenses when, and if, in the course of their investigation, discovery, preparation for trial, or otherwise it becomes appropriate to assert such defenses, Defendants assert the following defenses. These defenses do not include defenses to the Dismissed Claims.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are contradicted by documentary evidence.

### THIRD AFFIRMATIVE DEFENSE

Any and all actions taken by Defendants were, at all times, lawful, proper and consistent with their duties and obligations, and Defendants did not otherwise have any obligations or duty to take any other action or make any other disclosure.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, because Defendants had no duty to characterize the disclosed facts pejoratively.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred because Defendants did not breach any duty owed to Plaintiffs or members of the putative class.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or part, because Defendants did not make any false or misleading statements of material fact or omit to state any material facts.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or part, to the extent Plaintiffs and members of the purported putative class lack standing.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or part, to the extent that they are beyond the applicable statute(s) of limitations and/or repose.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or part, because Defendants acted with due diligence and/or did not know, and in the exercise of reasonable care could not have known or had reasonable grounds to believe, that any misstatements or omissions of material fact existed in any of FXCM's filings with the SEC or press releases or any statement issued in connection therewith or otherwise.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or part, because Plaintiffs and members of the purported class knew or had reason to know of the untruth or omission allegedly constituting the violation.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or part, because Plaintiffs and members of the purported class had actual or constructive knowledge of the acts and omissions complained of and therefore assumed the risk of any alleged damages proximately caused thereby.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or part, because of the contribution of or the comparative fault and contributory negligence of Plaintiffs or other entities or persons.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by Plaintiffs' own actions, omissions and/or negligence.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and members of the purported putative class knew or had reason to know, the truth of the alleged misrepresentations or omissions on which their claims are based.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or part, because Plaintiffs and members of the purported putative class did not reasonably rely on the public filings or press releases or statements alleged in the Complaint that were alleged to be materially false or misleading when made.

### SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of the matters now claimed by the Complaint to be the subject of misrepresentations or omissions were publicly disclosed or were in the public domain and, as such, were available to Plaintiffs and members of the purported putative class and were at all times reflected in the price of FXCM's common stock.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and members of the purported putative class at all relevant times had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Complaint.  Plaintiffs and members of the purported putative class failed to comply with that duty and are therefore barred from recovering any damages that might reasonably have been avoided.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants are not liable because the conduct of persons and/or entities other than the

Defendants was the cause (or a suspending or intervening cause) of any damage, loss or injury sustained by Plaintiffs.  Any alleged damages Plaintiffs claim to have sustained were therefore not actually or proximately caused by Defendants.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred in whole or in part because of the lack of loss causation and because Defendants did not cause any losses.  Plaintiffs have not suffered any injury or harm as a result of the actions of Defendants alleged in the Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred in whole or in part because of the lack of transaction causation.  The actions or inactions of Defendants were not the sole or partial cause of any decision by a Plaintiff to purchase FXCM shares.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because any alleged depreciation in the value of FXCM's shares resulted from factors other than the misstatements or omissions alleged in the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs have failed to allege, and have not suffered, any cognizable injury attributable, in whole or in part, to any conduct by Defendants.  Any damages which Plaintiffs seek to recover against the Defendants were in fact caused by actions or omissions of Plaintiffs and members of the purported putative class and/or third parties.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants are not liable because any alleged misrepresentations by Defendants were forward-looking statements.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants are not liable pursuant to the bespeaks caution doctrine because any alleged misrepresentation by Defendants contained sufficient cautionary language and risk disclosure.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, because the alleged misstatements were mere puffery or were vague statements of optimism.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, because the alleged misrepresentations are non-actionable statements that contain expressions of opinion that Plaintiffs have not alleged, and cannot prove, were not truly held.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and members of the purported putative class are not entitled to any recovery from Defendants because Plaintiffs and the putative class would have purchased at-issue notes and common stock shares even with full knowledge of the facts that they now allege were misrepresented or omitted (which Defendants deny).

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs and members of the purported class purchased notes and shares of the at-issue common stock with actual or constructive knowledge of the risks involved in an investment in the securities, and thus assumed the risk that the value would decline if such risks materialized.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or part, to the extent that doctrines of laches, estoppel, waiver, *in pari delicto*, unclean hands and/or other related equitable doctrines apply.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from Defendants because one or more members of the purported putative plaintiff class ratified the alleged wrongful acts and omissions alleged in the Complaint.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or part, to the extent that the damages sought exceed those permitted under the Securities Act of 1933, the Securities Exchange Act of 1934, the Private Securities Litigation Reform Act, common law or any other applicable statute, rule or regulation.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs and members of the purported putative class cannot show scienter by Defendants.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Each of the Individual Defendants believed and had a reasonable basis to believe that each of the statements alleged to be false or misleading was true when made.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

As to the Defendants against whom control liability is alleged pursuant to Section 20(a) of the Securities Exchange Act of 1934, that liability is barred because Plaintiffs cannot establish the primary liability necessary to assert a control person liability claim.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

As to the Defendants against whom control liability is alleged pursuant to Section 20(a) of the Securities Exchange Act of 1934, that liability is barred because the alleged controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violations and/or because the alleged controlling person had no knowledge of or reasonable grounds to believe in the existence of facts by reason of which liability is alleged to exist.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

As to the Defendants against whom control person liability is alleged pursuant to Section 20(a) of the Securities Exchange Act of 1934, that liability is barred because Defendants did not have "control" over any person primarily liable, as the term "control" is defined in the federal securities laws and regulations.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for attorneys' and expert fees are barred because they have failed to state facts sufficient to support a claim for such fees.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Defendants are entitled to recover contribution from others for any liability incurred as a result of any of the alleged misrepresentations, omissions and conduct alleged in the Complaint against Defendants.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

The claims against Defendants are barred because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**FORTIETH AFFIRMATIVE DEFENSE**

The putative class period is overbroad and, therefore, many of the purported class members are not entitled to any recovery.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or part, because Defendants at all times acted in good faith and in reasonable reliance upon the representations, reports, expert opinions and advice of others.  Defendants were entitled to, and did, rely upon representations, reports, expert opinions and advice of others in affixing their signatures to, and authorizing the public filings at issue.  They

believed that those individuals upon whose representations, reports, expert opinions and advice they relied were, in fact, expert in their field and were competent to render the opinions they had provide.   Defendants had no notice, and had no reasonable grounds to believe, that the representations, reports, expert opinions and advice provided were in any way inadequate, unfounded or incorrect.

### FORTY-SECOND AFFIRMATIVE DEFENSE

The purported claims against Defendants, and the allegations upon which they are based, are improperly vague, ambiguous and confusing.  Defendants reserve the right to request a more definite statement.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they fail to comply with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure and the requirements of the Private Securities Litigation Reform Act.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendants did not culpably participate in any fraudulent scheme, misstatement of fact or omission by others.  None of the Defendants had knowledge of, or a reasonable ground to believe in the existence of, facts by reason of which the liability of the controlled person is alleged to have existed.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred as against Defendants because they did not directly or indirectly induce any act or acts alleged in the Complaint to constitute a violation of any federal securities law or regulation.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred against the Defendants because they are not responsible in law or on fact for any alleged false or misleading statements or omissions by others.

## ADDITIONAL DEFENSES

Defendants assert, and expressly reserve all rights with respect to, all counterclaims, cross-claims, third-party claims or contribution claims that may be revealed during the course of discovery. Defendants also assert and expressly reserve all rights with respect to all other defenses that may be revealed during the course of discovery. Defendants expressly reserve the right to amend and/or supplement this Answer.

Dated:  May 21, 2020

KING & SPALDING LLP

/s/  Israel Dahan
Paul R. Bessette
Israel Dahan
Peter Isajiw
Evan C. Ennis
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036-2601
Tel:  (212) 556.2100
Fax: (212) 556.2200

Rebecca Matsumura, *pro hac vice*
KING & SPALDING LLP
500 W. 2nd Street Suite 1800
Austin, Texas 78701
Tel: (512) 457.2000
Fax: (512) 457.2100

*Attorneys for Defendants Global Brokerage, Inc. f/k/a/ FXCM, Inc., Dror Niv, and William Ahdout*