# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Israel Dahan
Partner
Direct Dial: +1 212 556 2114
Direct Fax: +1 212 556 2222
idahan@kslaw.com

July 31, 2020

**Via ECF**

The Honorable Barbara Moses
United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20A
New York, NY 10007

Re:   *In re Gobal Brokerage, Inc. f/k/a FXCM Inc. Securities Litigation*, Master File No. 1:17-cv-00916-RA-BCM

Dear Judge Moses:

We represent Defendants Global Brokerage, Inc. f/k/a FXCM Inc., Dror Niv, and William Ahdout (collectively, "Defendants") in the above-referenced action. Pursuant to Local Rule 7.1(d) and Rule 1(b) of Your Honor's Individual Rules, Defendants respectfully submit this letter-motion to request an evidentiary hearing in connection with Plaintiffs' Amended Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF Nos. 174, 175) ("Class Certification Motion") to assist the Court in resolving the conflicting testimony of the parties' experts on issues that are central to Plaintiffs' class certification motion. Specifically, an evidentiary hearing would assist the Court in deciding the central disputed issue of whether FXCM's 2.25% Convertible Senior Notes due 2018 (the "FXCM Notes") traded in an efficient market during the period June 24, 2014 through February 6, 2017, inclusive.[1]

The Second Circuit has encouraged evidentiary hearings in connection with contested motions for class certification. *See Philip Morris Inc. v. Nat'l Asbestos Workers Med. Fund*, 214 F.3d 132, 135 (2d Cir. 2000) ("'[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied.'") (quoting *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982)); *see also Arkansas Teachers Ret. Sys. v. Goldman Sachs Grp., Inc.*, 879 F.3d 474, 482, 486 (2d Cir. 2018) (vacating class certification where court certified class "[w]ithout

---

[1] In light of the COVID-19 pandemic, Defendants propose that the evidentiary hearing be conducted remotely using video conference technology. Defendants anticipate that a one-day hearing limited to testimony presented by each party's respective expert and minimal oral argument would suffice.

The Honorable Barbara Moses
July 31, 2020
Page 2

holding an evidentiary hearing" and "encourag[ing]" the district court to hold such a hearing on remand if appropriate; on remand, Judge Crotty held an evidentiary hearing); *Manual for Complex Litigation* § 21.21 (4th ed. 2020) (evidentiary hearing "is a routine part of the certification decision" that "ensures a full record"); *Newberg on Class Actions* § 7.4 (5th ed. 2020) (in adjudicating motions for class certification, "most courts do hold [evidentiary] hearings").

Moreover, courts in this district frequently hold evidentiary hearings where, as here, class certification hinges on resolution of complex and disputed issues of market efficiency.  For instance, in *IBEW 90 Pension Fund v. Deutsche Bank A.G.*, 2013 WL 5815472 (S.D.N.Y. Oct. 29, 2013), Judge Forrest ordered a hearing and heard live testimony to analyze the "credib[ility]," "consisten[cy]," "responsive[ness]," and "quality and depth of reasoning" of the parties' market efficiency experts.  *Id.* at *7, *10.  *See also Strougo v. Barclays*, No. 14-cv-5797, ECF No. 76 (S.D.N.Y. Nov. 5, 2015) (Scheindlin, J.) (conducting one-day evidentiary hearing with two market efficiency experts); *George v. China Auto Sys., Inc.*, 2013 WL 3357170, at *9 (S.D.N.Y. July 3, 2013) (Forrest, J.) (denying class certification motion where plaintiffs failed to carry their burden of proof on issue of market efficiency and therefore predominance; "[t]he evidentiary hearing was particularly useful in this matter to assist the Court in understanding the parties' analyses and to assess the credibility of the analytical work performed"); *In re Fed. Home Loan Mortg. Corp. Sec. Litig.*, 281 F.R.D. 174, 175 (S.D.N.Y. 2012) (Cedarbaum, J.) ("Because the parties dispute the efficiency of the market . . ., I held an evidentiary hearing [with expert testimony] to determine whether plaintiffs can rely on the fraud on the market theory.").

Here, the parties' experts have collectively submitted more than 290 pages of comprehensive expert reports and supporting exhibits and provided 405 pages of deposition testimony.  An evidentiary hearing would permit the Court to hear live testimony from the parties' experts about their respective reports and the market efficiency of the FXCM Notes so that the Court can properly assess their credibility and perform the "rigorous analysis" necessary to resolve the Class Certification Motion.  *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).

Accordingly, Defendants respectfully request that the Court grant their request for an evidentiary hearing with respect to the contested Class Certification Motion.

                Respectfully submitted,

                */s/ Israel Dahan*
                Israel Dahan

cc:    All Counsel of Record (via ECF)