UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/3/20

| | |
|---|---|
| In re Global Brokerage, Inc. f/k/a FXCM, Inc. Securities Litigation<br><br>This Document Relates To:  All Actions | Master File No. 1:17-cv-00916-RA-BCM<br><br>CLASS ACTION<br><br>**STIPULATION AND [PROPOSED] ORDER ESTABLISHING PROTOCOL FOR DEPOSITIONS OF FACT WITNESSES** |

Pursuant to the agreement reached between Plaintiffs and Defendants herein, this Court adopts and orders the following Protocol (the "Deposition Protocol") relating to the conduct of remote and other depositions of fact witnesses in these proceedings, which binds all parties and their counsel of record in this action, whether they currently are involved or become so in the future (collectively, the "Parties").  This Deposition Protocol governs depositions of fact witnesses in this case and incorporates relevant provisions of the Federal Rules of Civil Procedure and the Local Rules for the Southern District of New York regarding the management of discovery and, as set forth herein, supplements those sources of authority. This Order shall be read consistently with the Federal Rules of Civil Procedure and the Local Rules for the Southern District of New York (collectively, the "Rules"), shall not impose on the Parties obligations or duties beyond those provided for by the Rules, and shall not alter or modify the rights granted to the Parties by the Rules.

Expert witness depositions are not subject to the terms of this Deposition Protocol.

### I. DEPOSITIONS CONDUCTED REMOTELY

a. **Depositions Generally to be Conducted Remotely Due to COVID-19 Pandemic.** Given the COVID-19 pandemic and the importance of maintaining social distancing

1

in order to promote and preserve the public health and the well-being of all Parties, deponents, and others involved in the discovery process, the Parties stipulate that unless otherwise agreed for good cause in a specific instance, subject to the provisions of paragraph II(d) below, all depositions shall be conducted remotely using videoconference technology, and each deponent shall be video-recorded.

      b.    **Court Reporting and Teleconferencing Services**. The Parties agree to use Veritext for court reporting, videoconference, and remote deposition services. The Parties agree that a Veritext employee may attend each remote deposition to video record the deposition, troubleshoot any technological issues that may arise, and administer virtual breakout rooms. Counsel for both Plaintiffs and Defendants shall each be provided with RealTime feeds of the rough transcript as it is recorded.

      c.    **Subsequent Use of Remote Depositions.** The Parties agree that these video-recorded remote depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the Parties agree not to object to the use of these video recordings on the basis that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

      d.    **Remote Participants**. The deponent, court reporter, and counsel for the Parties will each participate in the videoconference deposition remotely and separately. Each person attending a deposition shall be visible to all other participants, their statements shall be audible to all participants, and they should each strive to ensure their environment is free from noise and distractions. All persons present on the conference shall identify themselves on the record at the beginning of each deposition, and in the event that any persons should join after the deposition has begun, such persons shall verbally identify themselves upon joining the conference. Real-time

video and/or audio of the deposition shall not be shared with or simulcast to any person(s) whose presence has not been noted on the record.

e. **Private Conferences Generally Prohibited.** Consistent with Local Rule 30.4, no counsel shall initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent while a deposition question is pending, except for the purpose of determining whether a privilege should be asserted.

f. **Virtual Breakout Rooms.** During breaks in the deposition, the Parties may use a breakout room feature provided by Veritext, which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established and controlled by Veritext.

g. **Recording of Remote Depositions.** Remote depositions shall be recorded by stenographic means consistent with the requirements of Rule 30(b)(3), but given the COVID-19 pandemic, the court reporter will not be physically present with the witness whose deposition is being taken. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides. The court reporter will stenographically record the testimony, and the court reporter's transcript shall constitute the official record, subject to errata corrections, if any, submitted by the deponent or deponent's counsel. Veritext will simultaneously videotape the deposition and preserve the video recording. The court reporter may be given a copy of the video recording and may review the video recording to improve the accuracy of any written transcript.

h. **Administration of Oaths and Identification of Deponents.** The Parties agree that the court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the witness via the videoconference.

i. **Written Transcripts.** The Party that noticed the deposition shall be responsible for procuring a written transcript and video record of the remote deposition. The Parties shall bear their own costs in obtaining a transcript and/or video record of the deposition. The Party that noticed the deposition shall provide Veritext with a copy of this Stipulation and Order at least twenty-four hours in advance of the deposition.

j. **Initiating Statements on the Record.** At the beginning of each deposition, consistent with Rule 30(b)(5)(A) of the Federal Rules of Civil Procedure, the Veritext employee responsible for video-recording the deposition shall "begin the deposition with an on-the-record statement that includes: (i) the officer's name and company affiliation; (ii) the date, time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation to the deponent; and (v) the identity of all persons present." At the beginning of each segment of the deposition, consistent with Rule 30(b)(5)(B) of the Federal Rules of Civil Procedure, the Veritext employee responsible for video-recording the deposition shall begin that segment of the remote deposition by reciting (i) the officer's name and business address; (ii) the date, time, and place of the deposition; and (iii) the deponent's name.

k. **Technological Evaluation and Support for Remote Deponents.** The Parties agree to work collaboratively and in good faith with Veritext to assess each deponent's technological abilities and equipment and to troubleshoot any issues at least 48 hours in advance of the deposition so any adjustments can be made. The Parties also agree to work collaboratively to address and troubleshoot technological issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any Party to proceed with a deposition where the deponent cannot

4

hear or understand the other participants or where the participants cannot hear or understand the deponent.

l. **Minimum Technological Capabilities and Equipment.** Every deponent shall endeavor to have technology sufficient to appear for a videotaped deposition (*e.g.*, a webcam and computer or telephone audio), and a reasonably reliable internet connection with bandwidth sufficient to sustain a high-quality video and audio feed for the duration of the remote deposition. Counsel for each deponent shall consult with the deponent prior to the deposition to ensure the deponent has the required technology. If not, counsel for the deponent shall endeavor to supply the required technology to the deponent prior to the deposition. In the case of third-party witnesses, counsel noticing the deposition shall supply any necessary technology that the deponent does not have.

m. **Remote Depositions of Non-Parties.** The Parties agree that this Stipulation and Order applies to remote depositions of non-parties under Rule 45 and shall work in a collaborative manner in attempting to schedule remote depositions of non-parties. The Party noticing any third-party deposition shall provide this Stipulation and Order to counsel for any non-party under Rule 45 at least 24 hours before the date of the deposition.

n. **Exhibits in Remote Depositions**. The Parties agree that any of the following methods for administering exhibits may be employed during a remote deposition, or a combination of one or more methods:

1. Counsel may introduce exhibits electronically during the deposition, by using Veritext document-sharing technology, by using the screensharing technology within the videoconferencing platform, or by sending the exhibit to the deponent and all individuals on the

record via electronic mail or through any applicable "chat" or filesharing function of the videoconferencing platform.

   2. Counsel noticing the deposition may choose to send a compressed .zip file of the documents that may be used during the deposition via electronic mail to the deponent, the deponent's counsel, the other Party's counsel, and the court reporter. The .zip file shall be delivered by 12:00 pm ET the business day before the deposition. Counsel for the deponent, the other Party's counsel, and the court reporter shall confirm receipt of the .zip file by electronic mail to counsel noticing the deposition. The .zip file shall be password protected, and counsel taking the deposition shall supply the password via electronic email immediately prior to the commencement of the deposition. Every recipient of a .zip file shall not open the .zip file until the deposition begins and when directed to do so by the counsel taking the deposition. If sending documents by electronic mail, counsel will be mindful of file size limitations, which presumptively should be less than 50 MB.

   3. Counsel noticing the deposition may choose to mail physical copies of documents that may be used during the deposition to the deponent, the deponent's counsel, the other Party's counsel, and the court reporter. In that event, noticing counsel shall so inform the deponent's counsel, the other Party's counsel, and the court reporter prior to mailing the documents, shall confirm the appropriate address for each, and shall provide tracking information for the package. Such documents shall be delivered by 12:00 pm ET the business day before the deposition. Counsel for the deponent, the other Party's counsel, and the court reporter shall confirm receipt of the package by electronic mail to Counsel noticing the deposition. If physical copies are mailed, every recipient of a mailed package shall keep the package sealed until the deposition begins and shall only unseal the package on the record, on video, and during the deposition when

directed to do so by the counsel taking the deposition. This same procedure shall apply to any physical copies of documents any other counsel intends to use for examining the witness.

    o.    **Return of Exhibits by Deponents.** All deponents receiving documents before or during a deposition shall return the documents to the counsel who sent them originally, within three business days following the completion of the deposition, and shall not retain them in any manner. Counsel noticing the deposition shall include a pre-paid return shipping label in any package of documents mailed to a deponent. In the alternative, the deponent may destroy all copies of the documents and counsel for the deponent will indicate via email to counsel noticing the deposition that such documents have been destroyed.

    p.    **Provision of Order to Counsel for Third-Parties.** Counsel noticing the deposition shall provide any counsel for third-party witnesses with a copy of the Parties' Stipulated Protective Order. Counsel for third-party witnesses may keep any document used during the deposition in accordance with the Stipulated Protective Order, and shall return any documents not used during the deposition to the Counsel who sent them originally, within three business days following the completion of the deposition, and shall not retain them in any manner. In the alternative, Counsel for third-party witnesses may destroy all copies of the documents and will indicate via email to counsel noticing the deposition that such documents have been destroyed.

## II.    SCHEDULING OF DEPOSITIONS

    a.    **Deposition Lists.** On or before August 5th 2020, the Parties shall exchange initial lists of anticipated fact witnesses for the purpose of scheduling depositions.

b. **Deposition Scheduling**. The purpose of this scheduling protocol is to facilitate, coordinate and streamline the scheduling and conduct of depositions.

1. To ensure adequate notice, the parties may begin the process of scheduling and issuing subpoenas to third-party witnesses prior to a deadline for exchanging lists.

2. Within ten (10) calendar days of exchanging the lists of anticipated witnesses and proposed deposition dates, any counsel representing any witness shall notify the noticing party that they are representing the witness and shall work cooperatively to select mutually agreeable dates for the deposition, subject to any calendar conflicts of the witness or counsel.

3. The party requesting the deposition shall be responsible for serving deposition notices for that deposition on all parties. Counsel for parties who seek depositions of non-party witnesses shall contact the non-party in an attempt to voluntarily schedule the requested deposition within the time requested by counsel. Counsel for parties who seek depositions of non-party witnesses are responsible for serving a subpoena on the non-party pursuant to Rule 45 of the Federal Rules of Civil Procedure. Counsel seeking to depose the non-party shall coordinate with counsel for opposing parties in scheduling non-party depositions.

4. Depositions may be scheduled Monday through Friday. Absent good cause or extraordinary circumstances, only one deposition per day may be scheduled.

5. If the counsel acting to coordinate the deposition on behalf of a witness is unable to secure the voluntary attendance of the anticipated witness (for example, former employees of the Defendants) within a reasonable period, the party that requested the deposition will be notified so that arrangements can be made for the issuance and service of a subpoena.

6.  After the exchange of witness lists, a party may remove, substitute or notice additional depositions as long as the party provides sufficient notice of the new or additional deposition, for party witnesses the party and his or her counsel agree, and it does not result in exceeding the number of depositions or depositions per day allowed under this Deposition Protocol, or otherwise cause undue hardship or delay.

7.  In the event a witness who is identified cannot be scheduled during the originally proposed time period, the Parties shall use their good faith efforts to schedule the deposition of the witness as soon as possible.

8.  In the event the Parties are unable to reach a resolution regarding the schedule or order of depositions, the party seeking relief may present the issue to the Court as specified in Local Rule 37.2 of the Local Rules for the Southern District of New York.

c.  **Daily Schedule**. The Parties shall make reasonable efforts to schedule depositions to begin at 9:00 a.m. (time zone of deposition) on Monday through Thursday and to begin at 8 a.m. (time zone of deposition) on Friday, unless otherwise agreed to by counsel.

d.  **Location of In-Person Depositions**. To the extent remote deposition of a specific deponent is agreed by the Parties not to be possible or appropriate, and consistent with the Federal Rules of Civil Procedure, New York City is the preferred location for any depositions which are to be taken completely or partially in-person. If a witness does not agree to appear in New York City, the location of the deposition will be set in accordance with the Federal Rules of Civil Procedure, and the Parties will make a good faith effort to conduct the deposition near a commercial airport or other mutually convenient location as agreed to by the Parties. If multiple witnesses' depositions will take place in the same city, the Parties shall use their best efforts to schedule those depositions during the same week or weeks and on consecutive days, in order to

reduce the amount of travel required by the parties and their counsel. To the extent applicable, the provisions of Sections II through VIII of this Deposition Protocol shall govern the conduct of in-person depositions, subject to further agreement of the Parties.

### III.    DEPOSITION LIMITATIONS

a.    **Duration of Depositions.** Unless otherwise stipulated or ordered by the court, the examination of a witness is limited to a maximum of 1 day (defined as 7 hours of examination) pursuant to Federal Rule of Civil Procedure 30(d)(1). The party noticing a deposition will begin the examination but will leave a reasonable amount of time for other parties to ask questions of the witness, if desired. If a witness has a medical or other condition that affects his or her ability to testify for 7 consecutive hours, the parties agree to work in good faith to accommodate an alternative schedule for that witness.

b.    **Holidays**. Unless counsel for all parties and/or the non-party witness agree, no depositions may be scheduled on the days of or the day before an in-person Court hearing in this action, or any national or religious holidays. For purposes of this Deposition Protocol, such holidays are New Year's Eve, New Year's Day, Martin Luther King, Jr.'s Birthday, Presidents' Day, Passover (4 days), Good Friday, Easter Monday, Memorial Day, Independence Day, Labor Day, Rosh Hashanah (2 days), Yom Kippur (2 days), Sukot (4 days), Columbus Day, Veterans' Day, Thanksgiving (Wednesday, Thursday, and Friday), Christmas Eve, and Christmas Day.

### IV.    CONDUCT OF DEPOSITIONS

a.    **Objections**. Counsel shall comply with Fed. R. Civ. P. 30(d)(1) and (3).  No objections may be made, except those which would be waived if not made under Fed. R. Civ. P. 32(d)(3)(B) (errors and irregularities) and those necessary to assert a privilege, to enforce a limitation on evidence directed by the court, or to present a Fed. R. Civ. P. 30(d) motion (to

terminate bad-faith deposition). Objections will be made by counsel by stating, "Objection," and the basis for the objection concisely and in a nonargumentative and nonsuggestive manner. Any objection made at a deposition shall be deemed to have been made on behalf of all other parties. All objections, except those as to form and privilege, are reserved until trial or other use of the deposition. Counsel shall refrain from engaging in colloquy during deposition. The phrase "objection as to form" or similar language shall be sufficient to preserve all objections as to form and foundation until the deposition is sought to be used. If requested, the objecting party shall provide a sufficient explanation for the objection to allow the deposing party to rephrase the question. An objection made by one party preserves the objection for all other parties.

b. **Instructions Not to Answer**. A party may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion under paragraph (3) of Federal Rule of Civil Procedure 30(d). Whenever counsel instructs a witness not to answer a question, he or she shall state on the record the specific reason for such an instruction, the specific question, part of a question, or manner of asking the question, upon which counsel is basing the instruction not to answer the question.

c. **Discovery Disputes**. In the event that a discovery dispute arises during a deposition that requires Court intervention, the parties may contact the Court in an attempt to resolve such dispute informally. If the Court is unavailable, the deposition will continue as to matters not in dispute and the party seeking relief may present the issue to the Court as specified in Local Rule 37.2 of the Local Rules for the Southern District of New York.

V.   **MARKING OF EXHIBITS**

All exhibits shall be marked sequentially. Counsel will make their best efforts to use the previously marked exhibit number in subsequent depositions rather than re-marking the same

exhibit with different exhibit numbers. The index of exhibits annexed to each deposition transcript shall contain, for each exhibit marked or referred to in the deposition, the document production (Bates) range, the exhibit number, and a brief description of the exhibit.

Veritext shall ensure that the original of all deposition transcripts, including exhibits, are placed in a mutually-accessible document repository.

**VI.     AMENDMENTS AND FURTHER STIPULATIONS**

This Deposition Protocol Order may be modified by the agreement of counsel for the parties below or by order of the Court for good cause shown.

Dated: July 31, 2020

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*/s/ Phillip Kim*
Phillip Kim
Laurence M. Rosen
Joshua Baker
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com
Email: jbaker@rosenlegal.com

*Lead Counsel for Lead Plaintiffs*

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Matthew M. Guiney
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600
Email: guiney@whafh.com

*Additional Counsel*

**KING & SPALDING LLP**

*/s/ Israel Dahan*
Paul R. Bessette
Israel Dahan
Peter Isajiw
Evan Claire Ennis
1185 Avenue of the Americas
New York, New York 10036-2601
Tel: (212) 556.2100
Fax: (212) 556.2200
Email: pbessette@kslaw.com
Email: idahan@kslaw.com
Email: pisajiw@kslaw.com
Email: eennis@kslaw.com

Rebecca Matsumura, *pro hac vice*
500 W. 2nd Street Suite 1800
Austin, Texas 78701
Tel: (512) 457.2000
Fax: (512) 457.2100
Email: rmatsumura@kslaw.com

*Attorneys for Defendants*

**SO ORDERED**, on this 3rd day of August, 2020

[signature: Barbara Moses]

Hon. Barbara Moses
United States Magistrate Judge