

Joshua Baker
jbaker@rosenlegal.com

August 4, 2020

**VIA ECF**

The Honorable Barbara Moses
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 20A
New York, NY 10007

        Re:   *In re Global Brokerage, Inc. f/k/a FXCM, Inc. Securities Litigation*
                Master File No. 1:17-cv-00916-RA-BCM

Dear Judge Moses:

      We represent the Plaintiffs in the above-referenced action. We write to oppose Defendants' request for an evidentiary hearing (Dkt. No. 197) in connection with Plaintiffs' amended motion for class certification. Defendants do not explain why an evidentiary hearing is warranted for this motion, only that it is an available mechanism at the Court's disposal. No such hearing is warranted here. An evidentiary hearing would provide marginal additional insight and would not justify the significant expense it would impose on all parties.

      An evidentiary hearing would be unnecessarily cumulative. As Defendants note, the parties have already submitted 290 pages of comprehensive expert reports and supporting exhibits with respect to this one aspect of Plaintiffs' motion. The parties have deposed each other's experts, soliciting 405 pages of testimony. The parties have also fully briefed the relevant issues, including extra pages (authorized by the Court) on both Defendants' opposition and Plaintiffs' reply briefs. Defendants do not identify any way in which these comprehensive submissions are insufficient for the Court to reach a well-informed opinion on this matter.

      In our experience litigating securities fraud class actions like this one, including in this District, this same issue of market efficiency is routinely the focus of class certification motion practice, and is almost always decided on the parties' filings and oral argument, without need for an evidentiary hearing. *See also In re Winstar Commc'ns Sec. Litig.*, 290 F.R.D. 437 (S.D.N.Y. 2013) (rendering a decision on the efficiency of a bond market in connection with a class certification motion, without holding evidentiary hearing); *In re Dynex Capital, Inc. Sec. Litig.*, No. 05 CIV. 1897 HB, 2011 WL 781215 (S.D.N.Y. Mar. 7, 2011) (same).

      Even a one-day evidentiary hearing would impose unnecessary expense on the parties. The parties have retained their respective experts at rates between $675 and $1,125 per hour. Dkt. No.

176-1 ¶ 7; Dkt. No. 188-1 ¶ 6. Preparing for and conducting an evidentiary hearing would require a significant amount of these experts' time, not to mention the time required of the Court and the parties' counsel. The marginal potential benefit of an evidentiary hearing does not justify the expenditure of resources it would require.

      For these reasons, we urge the Court to review the parties' submissions and only require oral argument or an evidentiary hearing if necessary.

          Respectfully submitted,

          */s/ Joshua Baker*
          Joshua Baker

cc: all counsel of record via ECF

2

**THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 34TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827**