# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Israel Dahan
Partner
Direct Dial: +1 212 556 2114
Direct Fax: +1 212 556 2222
idahan@kslaw.com

August 5, 2020

**Via ECF**

The Honorable Barbara Moses
United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20A
New York, NY 10007

      Re:    *In re Gobal Brokerage, Inc. f/k/a FXCM Inc. Securities Litigation*, Master File No. 1:17-cv-00916-RA-BCM

Dear Judge Moses:

      On behalf of Defendants Global Brokerage, Inc. f/k/a FXCM Inc., Dror Niv, and William Ahdout (collectively, "Defendants"), and pursuant to the Court's Individual Practice Rule 2(e), we write in response to Plaintiffs' opposition to Defendants' request for an evidentiary hearing (ECF No. 197) in connection with Plaintiffs' amended motion for class certification (the "Class Certification Motion").

      Contrary to Plaintiffs' assertions, Defendants have established that an evidentiary hearing is warranted and will assist the Court in resolving the conflicting testimony of the parties' experts on issues that are central to the contested Class Certification Motion. As described in Defendants' request for an evidentiary hearing, courts in this District routinely hold such hearings in connection with class certification motions where, as here, there is conflicting expert evidence on the complex issue of market efficiency. *See, e.g.*, *Strougo v. Barclays*, No. 14-cv-5797, ECF No. 76 (S.D.N.Y. Nov. 5, 2015) (Scheindlin, J.); *IBEW 90 Pension Fund v. Deutsche Bank A.G.*, 2013 WL 5815472, at *7, *10 (S.D.N.Y. Oct. 29, 2013) (Forrest, J.); *In re Fed. Home Loan Mortg. Corp. Sec. Litig.*, 281 F.R.D. 174, 175 (S.D.N.Y. 2012) (Cedarbaum, J.); *see also George v. China Auto Sys., Inc.*, No. 11 Civ. 7533 (KBF), ECF No. 111, at 2:19-3:25 (S.D.N.Y. May 7, 2013) (Forrest, J.) (ordering the parties to produce their market efficiency experts for cross-examination at a class certification hearing "because there seem[ed] to be a real debate . . . about whether or not the analyses which [the plaintiffs' expert] ha[d] done [we]re useful").[1]

---

[1] *See also Manual for Complex Litigation* § 21.21 (4th ed. 2020) (evidentiary hearing "is a routine part of the certification decision" that "ensures a full record"); *Newberg on Class Actions* § 7.4 (5th ed. 2020) (in adjudicating motions for class certification, "most courts do hold [evidentiary] hearings").

The Honorable Barbara Moses
August 5, 2020
Page 2

  Here, in connection with the Class Certification Motion, the parties sharply dispute whether the FXCM Notes traded in an efficient market during the period June 24, 2014 through February 6, 2017, inclusive. While the parties' respective experts have submitted comprehensive expert reports and provided deposition testimony on complex issues related to market efficiency, Defendants submit that an evidentiary hearing with live expert testimony would assist the Court in further understanding the conflicting market efficiency analyses and allow it to better assess the credibility of the work performed by the experts. As Judge Forrest noted in *China Automotive Systems*, an evidentiary hearing allowed the Court "to explore the bases for [the parties' market efficiency experts'] opinions," and it was "particularly useful . . . to assist the Court in understanding the parties' analyses and to assess the credibility of the analytical work performed." *George v. China Auto. Sys., Inc.*, 2013 WL 3357170, at *13 (S.D.N.Y. July 3, 2013) (Forrest, J.) (denying class certification motion following evidentiary hearing during which defendants' expert "provided complete and sound examples of the methodological shortcomings of each of [plaintiffs' expert's] tests" while plaintiffs' expert "could not explain or defend why his methodology made analytical sense given the definition of market efficiency").

  An evidentiary hearing also would permit Defendants to respond to the 87-paragraph rebuttal report of Plaintiffs' expert, Dr. Adam Werner (ECF No. 196-1), which ignores or misinterprets the criticisms of Plaintiffs' expert, Dr. Terrence Hendershott, and, in certain instances, cites Dr. Hendershott's statements out of context. Given the disputes among the parties' competing experts with respect to issues that are central to the Class Certification Motion, Defendants believe that live cross-examination during a brief, one-day evidentiary hearing will assist the Court in analyzing the credibility of the parties' experts and the quality of their analytical work.[2]

  Accordingly, Defendants respectfully request that the Court grant their request for an evidentiary hearing with respect to the Class Certification Motion.

                Respectfully submitted,

                */s/ Israel Dahan*
                Israel Dahan

cc: All Counsel of Record (via ECF)

---

[2] Although Plaintiffs assert that an evidentiary hearing in this matter would be unnecessarily expensive and time-consuming, "denying or granting class certification is often the defining moment in class actions." *See Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 162 (3d Cir. 2001). And the expense associated with a one-day hearing pales in comparison to the amount the parties have already expended on the class certification issue and the overall damages being sought by Plaintiffs in this case.