UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/11/20
```

IN RE GLOBAL BROKERAGE, INC.
F/K/A FXCM INC. SECURITIES
LITIGATION

17-CV-916 (RA) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons that follow, defendants' letter-application dated July 31, 2020 (Def. Ltr.) (Dkt. No. 197), requesting a limited evidentiary hearing in connection with plaintiffs' pending class certification motion, is GRANTED to the extent set forth below.

The Second Circuit encourages district courts "to hold any evidentiary hearing . . . it deems appropriate under the circumstances." *Arkansas Teachers Retirement System v. Goldman Sachs Group, Inc.*, 879 F.3d 474, 486 (2d Cir. 2018). Courts in this district have frequently utilized their broad discretion in this area to hold evidentiary hearings in connection with class certification motions, including – as relevant here – hearings for the purpose of exploring the credibility, consistency, and "quality and depth of reasoning" of the parties' respective market efficiency experts. *IBEW Local 90 Pension Fund v. Deutsche Bank AG*, 2013 WL 5815472 at *7, 10 (S.D.N.Y. Oct. 29, 2013) (concluding, after evidentiary hearing, that plaintiffs' expert's analysis "falls short of what plaintiffs needed to present to support a determination of market efficiency during the Class Period by a preponderance of the evidence," *id*. at *22, and denying class certification motion); *see also In re Fed. Home Loan Mortg. Corp. Sec. Litig.*, 281 F.R.D. 174, 178-82 (S.D.N.Y. 2012) (concluding, after evidentiary hearing, that plaintiffs' expert's market efficiency analysis was "deeply flawed," and denying class certification motion).

In this case, the parties' market efficiency experts, Dr. Adam Werner and Prof. Terrence Hendershott, have submitted conflicting expert reports (Dkt. Nos. 176-1, 188-1, 196-1)

concerning, *inter alia*, "whether FXCM's 2.25% Convertible Senior Notes due 2018 (the 'FXCM Notes') traded in an efficient market during the period June 24, 2014 through February 6, 2017, inclusive." Def. Ltr. at 1. After reviewing the reports, the Court has concluded that a limited evidentiary hearing would assist the Court in evaluating the strength of the expert evidence and analyzing the efficient market issue, and would be proportionate to the needs of the case, including the stakes involved in the class certification motion. However, the parties will not be permitted to expand the existing written record with any additional, supplemental, or sur-reply expert reports. Consequently, it is hereby ORDERED that:

1. The Court will conduct a limited evidentiary hearing on **October 15, 2020, at 9:00 a.m.**, focused on whether the FXCM Notes traded in an efficient market during the alleged class period. The witnesses shall be limited to the parties' respective market efficiency experts, Dr. Werner and Prof. Hendershott, and their previously-filed expert reports shall be deemed their direct testimony. It is the Court's intention to limit the expert testimony to four hours in the aggregate. Thereafter, the Court will hear oral argument as to the class certification motion, which need not be limited to the efficient market issue.

2. The parties are directed to meet and confer, and then to file a joint letter no later than **October 1, 2020**, concerning (a) the order of witnesses and allocation of time on October 15, and (b) whether they intend to present evidence and argument in person, by videoconference, or both. If the parties wish to proceed in person, in whole or in part, they must identify which witnesses and counsel are expected to be physically present in the courtroom. This will allow the Court to arrange for an adequately sized space with appropriate equipment, including PPE. If the parties

wish to proceed via videoconference, in whole or in part, they shall also advise the Court whether they wish to use the Court's technology (Skype for Business, which remote counsel and/or witnesses can access over the web) or another system. Any videoconferencing technology used must permit public access at least on a listen-only basis. On receipt of the joint letter, the Court will determine whether a pre-hearing conference is required.

The Clerk of Court is respectfully directed to close the letter-motion at Dkt. No. 197.

Dated: New York, New York
August 11, 2020

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**