

Joshua Baker
jbaker@rosenlegal.com

October 21, 2020

**VIA ECF**

The Honorable Barbara Moses
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 20A
New York, NY 10007

      Re:   *In re Global Brokerage, Inc. f/k/a FXCM, Inc. Securities Litigation*
              Master File No. 1:17-cv-00916-RA-BCM

Dear Judge Moses:

      We represent the Plaintiffs in the above-referenced action. We write to supplement the record for Plaintiffs' amended motion for class certification (Dkt. No. 174), as discussed during the evidentiary hearing and oral argument before the Court on October 15, 2020. Plaintiffs respectfully submit the attached Declaration of Joshua Baker ("Baker Declaration") and the exhibits thereto in further support of Plaintiffs' motion.

      Exhibit 10 to the Baker Declaration contains screenshots taken from Bloomberg Terminal, showing the identities and holdings of FXCM Notes holders at the end of each quarter through the Notes Period: Q2 2014 through Q1 2017.[1] The Bloomberg data show there were 83 unique entities that held FXCM Notes at the ends of the quarters overlapping the Notes Period. 43 of these holders appear to have sold their FXCM Notes holdings by the end of Q4 2016. These 43 would likely not be class members because they were "in and out" purchasers who were not damaged upon the revelation of Defendants' alleged fraud in Q1 2017. Of the remaining 40 potential class members, Plaintiffs have identified five who signed the forbearance agreement referenced by Defendants: Credit Suisse, Jefferies Group LLC, Penderfund Capital Management Ltd., Zazove Associates LLC, and Phoenix Investment Adviser LLC. In Exhibit 11 to the Baker Declaration, Plaintiffs identify the 35 potential class members identified through these steps.

      There is reason to believe the true number of class members may be greater because the Bloomberg data are not comprehensive. First, the Bloomberg data show only the quarter-end holdings. Investors who purchased and sold within Q1 2017, for example purchasing in January

---

[1] Capitalized terms not defined herein take the meaning ascribed to them in Plaintiffs' class certification motion papers. The FXCM Notes began trading in June 2014 and the Notes Period ends on February 6, 2017.

2017 and selling in March 2017, would not appear on the quarter-end lists but they would be potential class members because they bought during the Notes Period and sold after the corrective disclosure. Second, Bloomberg is not the primary source of this data, TRACE is. Bloomberg may adjust its data or screen out holdings below a certain threshold. Thus, the Bloomberg data provide a floor, not a ceiling, for the number of potential FXCM Notes sub-class members.

The numerosity element of Rule 23(a) requires Plaintiffs to show that "joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The Second Circuit has found that numerosity is presumed when a class consists of forty or more plaintiffs. *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). Where a putative class contains less than forty potential class members, "courts must consider factors other than class size," including: "(1) the judicial economy that will arise from avoiding multiple actions; (2) the geographic dispersion of members in the proposed class; (3) the financial resources of those members; (4) the ability of the members to file individual suits; and (5) requests for prospective relief that may have an effect on future class members." *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993).

Here, as noted in Plaintiffs' reply brief, Dkt. No. 195 at 2, the critical factor is that the statute of repose has run and individual class members are time-barred from bringing individual suits. Judicial economy and geographic dispersion would also weigh in favor of class certification, but the inability of class members to bring individual suits renders the remaining factors academic. If the Court were to deny class certification, these absent class members would have no means of recourse for the alleged fraud and the tens of millions of dollars in damages they suffered. Here, Plaintiffs present the exceptional case in which joinder is not just impracticable, but impossible.

Finding that numerosity is satisfied here would not break new ground. Other courts in the Second Circuit have certified classes with less than 40 members, in cases where the *Robidoux* factors were less compelling than here. *See, e.g., Novella v. Westchester Cnty*, 443 F. Supp. 2d 540, 546 (S.D.N.Y. 2006) (class of 24 satisfied numerosity), *vacated on other grounds*, 661 F.3d 128 (2d Cir. 2011); *Odom v. Hazen Transport, Inc.*, 275 F.R.D. 400, 407 (W.D.N.Y. 2011) (class of 16 satisfied numerosity); *Meyer v. Stevenson, Bishop, McCredie, Inc.*, No. 74 Civ. 5274, 1976 WL 788, *2 (S.D.N.Y. May 11, 1976) (certifying class of 30).

For these reasons, Plaintiffs have satisfied the numerosity requirement of Rule 23 as to the FXCM Notes sub-class. In addition to the submissions and arguments already before the Court, Plaintiffs have met their burden of demonstrating by a preponderance of the evidence that the entire putative Class, including the FXCM Notes sub-class, should be certified.

Respectfully submitted,

*/s/ Joshua Baker*
Joshua Baker

cc: all counsel of record via ECF