# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Israel Dahan
Partner
idahan@kslaw.com

October 28, 2020

**Via ECF**

The Honorable Barbara Moses
United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20A
New York, NY 10007

   Re: *In re Global Brokerage, Inc. f/k/a FXCM Inc. Securities Litigation*, Master File No. 1:17-cv-00916-RA-BCM

Dear Judge Moses:

  We represent Defendants Global Brokerage, Inc. f/k/a FXCM Inc., Dror Niv, and William Ahdout (collectively, "Defendants") in the above-referenced action. As discussed during the hearing and argument before the Court on October 15, 2020, Defendants respectfully respond to Plaintiffs' October 21, 2020 supplemental submission in support of Plaintiffs' Amended Motion for Class Certification (the "Motion"). Plaintiffs' supplemental submission further confirms why the Court can and should deny Plaintiffs' Motion and request to certify a class of purchasers of FXCM's 2.25% Convertible Senior Notes due 2018 from March 15, 2012 through February 6, 2017 ("Notes Class").

  It is Plaintiffs' burden to establish by clear and convincing evidence, not speculation, all of the requisite elements of Federal Rule 23, including numerosity under Rule 23(a). *See Demarco v. Edens*, 390 F.2d 836, 845 (2d Cir. 1968) (reasoning that "pure speculation" is insufficient to demonstrate the size of a class). As Plaintiffs acknowledge, numerosity is presumed only when a class consists of forty or more plaintiffs. *See* ECF No. 215 at 2; *see also Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995); *In re Winstar Comm'ns Sec. Litig.*, 290 F.R.D. 437, 442 (S.D.N.Y. 2013). In their submission, Plaintiffs have identified only 35 possible members of the Notes Class and assert (without evidence) that there may be more. ECF No. 215 at 1. Given this limited number, numerosity cannot be presumed for purposes of certifying the Notes Class.

  But more significantly, Plaintiffs' figure of 35 potential members of the Notes Class is incorrect because the number of Notes holders as of the end of the proposed class period (*i.e.*, February 6, 2017) that also signed the waiver of claims provision in the Forbearance Agreement is significantly more than five. As Schedule 1 to the Forbearance Agreement indicates, 15 of the 35 entities identified on Plaintiffs' Exhibit 11 as potential members of the Notes class were also

The Honorable Barbara Moses
October 28, 2020
Page 2

signatories to the Forbearance Agreement. To illustrate this fact, as Exhibit A hereto, Defendants have attached a complete copy of the Forbearance Agreement with a redacted version of Schedule 1, leaving unredacted those parties that also appear on Plaintiffs' Exhibit 11.[1] By removing the Notes holders who have waived their claims, the number of potential members of the Notes Class is reduced from 35 to 20. Plaintiffs cannot demonstrate that joinder is impracticable with only 20 class members. *See Grant v. New York Times Co.*, 329 F.R.D. 27, 34 (S.D.N.Y. 2018) (finding only 24 members of the putative class to lack numerosity; "The number of individuals in the class is smaller than that typically considered necessary to join suits for reasons of judicial economy.") (citation omitted); *Ansari v. N.Y. Univ.*, 179 F.R.D. 112, 114 (S.D.N.Y. 1998) (finding numerosity had not been shown for a putative class of 35 members with the ability and resources to bring individual suits).

Additionally, in considering whether numerosity has been satisfied to certify a class, courts routinely consider whether the putative class members are "economically disadvantaged." *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993) (finding economic disadvantage where plaintiffs' incomes came solely from public assistance, unemployment insurance, or social security benefits); *Jackson v. Foley*, 156 F.R.D. 538, 542 (E.D.N.Y. 1994) (weighing the fact that class members "are from extremely low income households" in favor of finding numerosity). Here, it is uncontroverted that the potential members of the Notes Class are *not* economically disadvantaged. As Plaintiffs' Exhibit 11 makes clear, the potential members of the Notes Class are large, sophisticated entities and it would not be difficult for them to file their own lawsuit. *See Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 269 F.R.D. 252, 259 (S.D.N.Y. 2010), aff'd sub nom. *Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111 (2d Cir. 2014) (considering a class of "sophisticated, institutional investor[s]" and reasoning that "[w]here, as here, the size of the proposed class members' respective claims is significant and individual plaintiffs are capable of paying for and litigating their own action, joinder is practicable").

In their supplemental submission, Plaintiffs assert that a "critical factor" in this numerosity analysis is that the statute of repose has run, and individual class members are now time-barred from bringing suit. ECF No. 215 at 2. Plaintiffs even suggest that "the inability of class members to bring individual suits renders the remaining factors academic," yet cite no precedent at all for this proposition. The absence of available precedent is not surprising because, by Plaintiffs' logic, if the statute of repose has run during the pendency of class certification, then class certification should *always* be granted (irrespective of *any* analysis or factor). This logic is painfully flawed and amounts to Plaintiffs asking the Court to certify a deficient class because the individual class members failed to bring a timely lawsuit. The

---

[1] Plaintiffs' October 21 letter is the first time they have identified potential members of the putative Notes Class in connection with their Motion. Accordingly, this is the first time that Defendants have been able to effectively compare Plaintiffs putative class with Schedule 1 to the Forbearance Agreement. Before Plaintiffs' Motion was filed, Defendants produced a redacted, "Attorneys' Eyes Only"-stamped version of the Forbearance Agreement and Schedule 1 in order to comply with the Company's confidentiality agreement with the signatories to the Forbearance Agreement. Because this issue has become so material, and in light of the protections of the Discovery Confidentiality Stipulation and Order (ECF No. 144) and the Court's seal procedures, Defendants have reproduced this document to Plaintiffs and have submitted this evidence for the limited purpose of providing an accurate record of the size of the putative Notes Class. Defendants have filed a Letter Motion to Seal Exhibit A to this letter.

The Honorable Barbara Moses
October 28, 2020
Page 3

holders of the Notes are sophisticated, institutional investors that are capable of managing their rights in relation to a statute of repose that both the U.S. Supreme Court and the Second Circuit have decided would not be tolled pending class certification. *See California Pub. Employees' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2052, 198 L. Ed. 2d 584 (2017); *SRM Glob. Master Fund Ltd. P'ship v. Bear Stearns Companies L.L.C.*, 829 F.3d 173, 177 (2d Cir. 2016) ("[W]e hold that *American Pipe* tolling does not apply to § 1658(b)(2)'s five-year statute of repose.").

For these reasons, and the reasons provided in Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion (ECF No. 187), and the testimony and arguments provided at the evidentiary hearing on October 15, 2020, Plaintiffs' Motion should be denied.

Respectfully submitted,

*/s/ Israel Dahan*
Israel Dahan

cc:   All Counsel of Record (via ECF)