## KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Israel Dahan
Partner
Direct Dial: +1 212 556 2114
Direct Fax: +1 212 556 2222
idahan@kslaw.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/30/20

October 28, 2020

<u>Via ECF</u>

The Honorable Barbara Moses
United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20A
New York, NY 10007

**MEMO ENDORSED**

Re:   *In re Global Brokerage, Inc. f/k/a FXCM Inc. Securities Litigation*, Master File No. 1:17-cv-00916-RA-BCM

Dear Judge Moses:

Pursuant to Section 3 the Court's Individual Practices, Defendants in the above-captioned matter respectfully moves to file under seal and redact in its entirety Exhibit A to Defendants' Letter Response to Plaintiffs' October 21, 2020 supplemental submission ("Exhibit A"). Prior to filing, Defendants notified Plaintiffs of this request to seal and Plaintiffs do not object to this request.

The parties in the above-captioned action have entered into a Discovery Confidentiality Stipulation and Order, approved and ordered by Judge Ronnie Abrams on July 24, 2019 (ECF No. 144, "Confidentiality Stipulation"). Paragraph 4.d. of the Confidentiality Stipulation provides that:

> To the extent Confidential Discovery Material is attached to, quoted, or referenced in Documents filed with the Court, such Confidential Discovery Material is subject to the Court's requirements for filing documents under seal . . . .

The material Defendants propose to seal consists of the entirety of a document that has been produced in this matter, in redacted form, which Defendants have stamped "Confidential," and for which there is no version of the document available in the public domain. Thus, this document is "Confidential Discovery Material" within the meaning of the Confidentiality Stipulation. More specifically, Defendants proposed to seal Exhibit A, which is a confidential Forbearance Agreement signed by a number of "Holder Parties" (as defined in the Forbearance Agreement) that would be part of the putative Notes Class that is the subject of Plaintiffs' Amended

1

Motion for Class Certification.  These Holder Parties have specifically requested that Defendants seek confidential treatment of the Forbearance Agreement in this action.

Precedent supports the requested sealing.  "'The Supreme Court has noted that every court has supervisory power over its own records and files.'"  *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013) (quoting *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978)).  The Second Circuit has held that courts have the power to forbid the disclosure of information and documents.  *See F.D.I.C. v. Ernst & Ernst*, 677 F.2d 230, 232 (2d Cir. 1987).  When deciding whether a document should be sealed, a court must consider the common law right of public access to documents.  *See Lugosch v. Pyramid Co. of Onondaga*, 435. F.3d 110, 119 (2d Cir. 2006).  In order for the common law right to access documents to apply, the documents must be considered "judicial documents."  *Id.*  A document becomes a "judicial document" when it is "'relevant to the performance of the judicial function and useful in the judicial process.'"  *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).  A court can seal documents it if it concludes that the presumption in favor of access is outweighed by other factors such as impeding judicial efficiency and privacy concerns from the parties resisting disclosure.  *Id.* at 119-20.

Here, the privacy concerns of the Holder Parties who signed the Forbearance Agreement outweigh the presumption in favor of public access.  Therefore, Defendants move the Court to seal Exhibit A, which has been filed under seal in the ECF system.

Respectfully submitted,

KING & SPALDING LLP

/s/ *Israel Dahan*
Israel Dahan

*Counsel for Plaintiff*

cc:     All Counsel of Record

---

Application GRANTED. Although the Forbearance Agreement is a "judicial document" as that term is used in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), there are adequate countervailing factors justifying the sealing, including the fact that the document to be sealed is signed by and would reveal apparently nonpublic financial information about *non*-parties. SO ORDERED.

Barbara Moses, U.S.M.J.
October 30, 2020