

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/3/20

Joshua Baker
jbaker@rosenlegal.com

November 2, 2020

**VIA ECF**

The Honorable Barbara Moses
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 20A
New York, NY 10007

**MEMO ENDORSED**

Re: *In re Global Brokerage, Inc. f/k/a FXCM, Inc. Securities Litigation*
Master File No. 1:17-cv-00916-RA-BCM

Dear Judge Moses:

Plaintiffs respectfully request leave to submit the following response to Defendants' letter dated October 28, 2020 (Dkt. No. 216), which introduced new evidence for the first time: the partially unredacted forbearance agreement. Where a party presents new evidence in its reply or equivalent submission, courts will permit the opposing party to respond to the new evidence "prior to the disposition of the motion." *See, e.g., Hervochon v. Iona College*, No. 14 Civ. 06017 (CS) (PED), 2019 WL 2451295, at *6 (S.D.N.Y. Jan. 18, 2019) (quoting *Kowalski v. YellowPages.com, LLC*, No. 10 CIV. 7318 PGG, 2012 WL 1097350, at *10 (S.D.N.Y. Mar. 31, 2012)).

Defendants had not previously filed this version of the forbearance agreement, which identified for the first time the names of fifteen FXCM Notes investors who had signed the forbearance agreement and released their claims in this Action. Defendants produced this version of the document for the first time on October 27, 2020, less than 24 hours before filing their response. Defendants had not identified the now-unredacted investors in any form prior to this thirteenth-hour production. Defendants had this document, without redaction, since they signed it in May 2019. Defendants chose not to file it or identify the signing investors in their opposition to Plaintiffs' class certification motion. They waited until responding to Plaintiffs' supplemental submission after oral argument. Thus, Plaintiffs respectfully request this opportunity to briefly respond to this new and—according to Defendants—potentially determinative information.

Plaintiffs respond to this new evidence with three points. First, with private knowledge of the signors of the forbearance agreement and access to the same public Bloomberg data Plaintiffs submitted, Defendants were uniquely positioned to know that half of the forty FXCM Notes investors in the putative class had released their claims. They knew this in May 2019 – long before the period of repose expired in March 2020. If the other bondholders in the putative class had known that only twenty of them may have claims, potentially jeopardizing certification on grounds uncommonly litigated in securities class actions, they may have sought to join this action during

the repose period to mitigate this potential risk. Defendants knew this, but the bondholders did not, nor could they have. These facts highlight the inequity that these absent class members would suffer if the Court were to deny certification and effectively extinguish their claims.

Second, the Court may find numerosity satisfied and certify the proposed class even without finding that the FXCM Notes investors meet numerosity standing alone. "[D]ecisions in this district have concluded that a class may be certified even where certain sub-groups of that class do not meet the presumptive 40–member requirement." *In re IndyMac Mortgage-Backed Sec. Litig.*, 286 F.R.D. 226, 232, n.45, and n.48 (S.D.N.Y. 2012) (finding numerosity satisfied despite two class sub-groups having 39 and 22 members, certifying the proposed class, and collecting cases). "This and other courts have rejected the argument that numerosity must be established on a tranche-by-tranche basis." *Id.* at 232, n.48. *See also, e.g., In re DVI Inc. Sec. Litig.*, 249 F.R.D. 196, 200-01 (E.D. Pa. 2008) (certifying class comprising both stock and bond investors and finding the class satisfied numerosity based on existence of thousands of stock shareholders, without assessing the number of bondholders), *aff'd*, 639 F.3d 623 (3d Cir. 2011); *Sanft v. Winnebago Indus., Inc.*, 214 F.R.D. 514, 522 (N.D. Iowa 2003) ("because the claims of all three groups of class members arise from the same uniform set of actions allegedly undertaken by defendants, the court concludes that, for the purposes of determining whether the numerosity requirement has been met, the proposed class need not be broken down into subsets"); *In re Photochromic Lens Antitrust Litig.*, No. 8:10–MD–2173–T–27EAJ, 2013 WL 8183461, at *2 n.10 (M.D. Fla. Mar. 12, 2013) (that a hypothetical subgroup would not satisfy numerosity "need not be addressed as Direct Purchaser Plaintiffs do not seek certification of subgroups, and the Court does not find it necessary to recommend that approach"); *Dennis v. Sawbrook Steel Castings Co.*, No. C–1–89–487, 1991 WL 260442, at *2 (S.D. Ohio Feb. 13, 1991) (same).

In *Pub. Emps.' Ret. Sys. of Miss. v. Goldman Sachs Grp., Inc.*, 280 F.R.D. 130, 134 (S.D.N.Y. 2012), the court found that numerosity was satisfied for a class of 150 investors, and it rejected the defendants' arguments that the plaintiff did not satisfy numerosity on a tranche-by-tranche basis where six class sub-groups contained fewer than five putative class members and two sub-groups fewer than twenty. As the court held, "there is no reason to assume that these differences create any intra-class conflict with respect to the alleged misstatements in the Offering Documents. Nor is there any obvious reason why the tranches should be counted separately. The invocation of tranches as a means to defeat class certification has failed in similar cases and fails here." *Id.* (collecting cases).

Plaintiffs have consistently defined the proposed class as investors in FXCM "*securities*, including FXCM 2.25% Convertible Senior Notes due 2018 and Class A common stock," during the Class Period. Dkt. No. 175 at 1 (emphasis added); *see also* Dkt. Nos. 48, 111, 181 (amended complaints). The FXCM common stock investors and FXCM Notes investors do not have interests adverse to each other, they have litigated the entirety of this case together save for market efficiency arguments, and have been represented by the same counsel. Division of the class into subclasses is neither necessary nor appropriate here where there is no "fundamental conflict" between the sub-groups "that goes to the very heart of the litigation." *In re Petrobras Sec. Litig.*, 317 F. Supp. 3d 858, 867 (S.D.N.Y. 2018) (declining to create sub-classes, quoting *Charron v. Wiener*, 731 F.3d 241, 250 (2d Cir. 2013)), *aff'd*, 784 Fed. Appx. 10 (2d Cir. 2019). *See, e.g., In re Petrobras Sec. Litig.*, 312 F.R.D. 354, 366 (S.D.N.Y. 2016) (certifying class of investors

2

**THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202 - 3827**

including both stock and bond investors), *aff'd in part, vacated in part*, 862 F.3d 250 (2d Cir. 2017); *DVI*, 249 F.R.D. at 220 (same). Plaintiffs have never proposed the FXCM Notes investors as a distinct subclass. In appointing 683 Capital and Shipco as Lead Plaintiffs, Judge Abrams declined to subdivide the class. Dkt. No. 47. The Court need not do so now, nor should it, especially if the effect would be to eliminate the claims of certain absent class members. That Plaintiffs have at times inartfully referred to the FXCM Notes investors as a sub-class has no legal effect.

Defendants have not challenged Plaintiffs' assertion that the FXCM common stock investors satisfy numerosity standing alone. Dkt. No. 175 at 7, Dkt. No. 195 at 1. Thus, numerosity for the entire class must be satisfied when the FXCM Notes investors are added to the already-sufficient number of stock investors.

Third, even if the Court were to find that Plaintiffs have not established that the FXCM Notes traded in an efficient market and thus the FXCM Notes sub-group members were not entitled to a presumption of reliance, this finding need not defeat predominance. If there are only twenty FXCM Notes investors in the class, as per Defendants' new evidence, resolving the issue of reliance for those twenty investors would be relatively manageable and would not predominate over issues common to the entire class. *See In re Vivendi Universal, S.A. Sec. Litig.*, 284 F.R.D. 144, 153-55 (S.D.N.Y. 2012) (outlining a procedure for resolving individual issues of reliance). Even without the presumption of reliance for these twenty investors, the Court should still certify the proposed class as every other major issue is common throughout the class. *In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267, 294 (S.D.N.Y. 2003) (finding that "common questions would predominate even if some plaintiffs would have to show reliance in connection with some or all of their bond holdings"), *aff'd sub nom. Hevesi v. Citigroup Inc.*, 366 F.3d 70, 84-85 (2d Cir. 2004); *see also In re Sumitomo Copper Litig.*, 262 F.3d 134, 143 (2d Cir. 2001) (declining interlocutory review in part because where most of the plaintiffs' claims did not require proof of reliance, the defendants' argument that a sub-group of plaintiffs may need to prove reliance would not necessarily disturb the district court's grant of certification). Here, Defendants concede that the vast majority of class members—the stock investors—need not prove individual reliance. Certifying the proposed class in its entirety would ensure this case is litigated efficiently and that the FXCM Notes investors would not lose their only means of recourse for the tens of millions of dollars they lost due to Defendants' alleged fraud.

For these reasons, Defendants' last-minute submission should have no impact on the Court's finding that the proposed class satisfies the numerosity requirement of Rule 23(a)(1) and the predominance requirement of Rule 23(b)(3).

Application GRANTED. The Court accepts plaintiffs' November 2, 2020 letter. Any sur-reply is limited to 2 pages and must be filed no later than **November 6, 2020**, at which point the post-argument briefing will be closed. SO ORDERED.

_____
Barbara Moses, U.S.M.J.
November 3, 2020

Respectfully submitted,

*/s/ Joshua Baker*
Joshua Baker