# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Israel Dahan
Partner
idahan@kslaw.com

November 6, 2020

**Via ECF**

The Honorable Barbara Moses
United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20A
New York, NY 10007

Re: *In re Global Brokerage, Inc. f/k/a FXCM Inc. Securities Litigation*, Master File No. 1:17-cv-00916-RA-BCM

Dear Judge Moses:

We represent Defendants Global Brokerage, Inc. f/k/a FXCM Inc., Dror Niv, and William Ahdout (collectively, "Defendants") in the above-referenced action. The following is Defendants' response to Plaintiffs' November 2, 2020 letter ("Reply Letter"), as permitted by the Court's memo-endorsed letter of November 3, 2020. *See* ECF No. 221.

As an initial matter, Plaintiffs' implication that Defendants hid the fact that a number of potential members of any Noteholder class waived their securities claims is purposefully misleading. Defendants raised this fact in their opposition to class certification and told Plaintiffs then that "the holders of the vast majority of the notional value of the [FXCM] Notes . . . waived and released any claims against Defendants" for violating the U.S. securities laws through their signing of the Forbearance Agreement. *See* ECF No. 187 at 11. Defendants also provided Plaintiffs with a redacted copy of the Forbearance Agreement. As Defendants explained, they were unable to provide an unredacted copy and the identities of the specific Noteholders who signed the Forbearance Agreement because of a confidentiality agreement. Plaintiffs did not object to this redacted disclosure.

Additionally, Plaintiffs are inappropriately trying to shift the numerosity burden on Defendants. It was not Defendants' burden to identify potential members of the proposed Notes Class. Nothing stopped Plaintiffs from gathering the Bloomberg data at the time they filed this action or when they filed their Motion. This information was available to Plaintiffs, yet they waited until last month to gather the information necessary to identify who they believe are members of the putative Notes Class. It was only once Plaintiffs sought to confuse the record at the eleventh hour by submitting incorrect evidence that it became necessary for Defendants to avail themselves of the Court's seal procedures and set the record straight by submitting a partially unredacted Forbearance Agreement and Schedule 1.

The Honorable Barbara Moses
November 6, 2020
Page 2

   Nor can Plaintiffs save their Notes Class by arguing that because the statute of repose has expired, equity requires certification. According to Plaintiffs, if bondholders "had known that only twenty of them may have claims" they might have sought to join the action. Not only is this rank speculation, but the very premise is contrary to the Supreme Court's holding in *California Pub. Employees' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2052-53, 198 L. Ed. 2d 584 (2017) ("*CALPERS*"), that statutes of repose are not subject to equitable tolling because "they supersede[] a court's equitable powers by setting a fixed time period for claims to end." The Supreme Court recognized that this might cause certain inequities and noted that potential class members must file motions to intervene if they want to preserve their claims. *See id.* at 2053-54.

   Plaintiffs also assert two new arguments in their Reply Letter: (1) that the Court may find numerosity satisfied and certify the proposed class even without finding that the FXCM Notes investors meet numerosity standing alone and (2) that "Plaintiffs have never proposed the FXCM notes investors as a distinct subclass." Yet, in not a single case cited by Plaintiffs did a court save an insufficiently numerous bond class by combining it with common stockholders. And Plaintiffs' contention that they have always sought to certify a single class is misleading at best. Plaintiffs proffer a separate Notes class representative and, in their own Motion and accompanying expert report, Plaintiffs refer to a distinct Notes Period and Class Period. *See* ECF No. 175 at 13; ECF No. 176-1 at 5. Worse still, in their Reply Brief, Plaintiffs include an entire section under the heading: "*The FXCM Notes Sub-Class Satisfies the Numerosity Requirement*." ECF No. 195 at 1-2. Plaintiffs' attempts to mischaracterize their own positions in an attempt to salvage their bid for class certification are simply not credible.

   Furthermore, this argument presumes that this Court will find that the Notes traded in an efficient market. As Plaintiffs' acknowledge, if this Court finds that the Notes did *not* trade in an efficient market, Noteholders will be required to prove *actual reliance on the statements at issue*, while the common stockholders will be permitted to rely on a presumption of reliance. Plaintiffs' argue that this "need not defeat predominance," but the reality would be an untenable evidentiary situation completely at odds with the concept of class litigation. Approximately twenty Noteholders—not one of whom has shown any interest in participating in this case—would be required to demonstrate actual reliance, distracting the parties from litigating the issues relevant to the class. Plaintiffs fail to cite any case where a court allowed securities holders who were not entitled a presumption of reliance to proceed as a class. *See, e.g.*, *In re Vivendi Universal, S.A. Sec. Litig.*, 284 F.R.D. 14, 1534 (S.D.N.Y. 2012) (outlining a procedure for defendants to rebut presumption of reliance as to individual investors where the fraud on the market presumption had already been established on a class-wide basis).

   For these reasons, and the reasons provided in Defendants' complete briefing and argument on Plaintiffs' Motion, Plaintiffs' Motion should be denied.

               Respectfully submitted,

               */s/ Israel Dahan*
               Israel Dahan

cc:  All Counsel of Record (via ECF)