UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Global Brokerage, Inc. f/k/a FXCM Inc. Securities Litigation<br><br>This Document Relates To: All Actions | Master File No. 1:17-cv-00916(RA)(BCM)<br><br>CLASS ACTION |

## DECLARATION OF JOSHUA BAKER

I, Joshua Baker, hereby declare:

1. I am an attorney admitted to practice before this Court. I am an attorney with The Rosen Law Firm, P.A., Court-appointed Class Counsel for Lead Plaintiff 683 Capital Partners, LP ("683 Capital") and Class Representatives Shipco Transport Inc. ("Shipco") and E-Global Trade and Finance Group, Inc. (collectively, "Plaintiffs"). I have personal knowledge of the facts set forth herein and if called upon to testify, I could and would do so truthfully and accurately. I make this declaration, together with the attached exhibits, in support of Plaintiffs' Rule 56.1 Statement of Additional Material Facts and in opposition to Defendants' motions for summary judgment (ECF. No. 247) and to exclude Plaintiffs' experts (ECF Nos. 237 and 242).

2. Attached hereto as Exhibit 80 is a true and correct copy of excerpts from the transcript of the deposition of William Ahdout, taken by Plaintiffs on February 16, 2021.

3. Attached hereto as Exhibit 81 is a true and correct copy of excerpts from the transcript of the deposition of Dror Niv, taken by Plaintiffs on February 11, 2021.

4. Attached hereto as Exhibit 82 is a true and correct copy of FXCM's quarterly report for the period ended March 31, 2012, filed with the SEC on Form 10-Q on May 10, 2012, introduced as Exhibit 11 during Plaintiffs' deposition of Dror Niv.

5. Attached hereto as Exhibit 83 is a true and correct copy of FXCM's quarterly report for the period ended June 30, 2012, filed with the SEC on Form 10-Q on August 9, 2012, introduced as Exhibit 13 during Plaintiffs' deposition of Dror Niv.

6. Attached hereto as Exhibit 84 is a true and correct copy of FXCM's quarterly report for the period ended September 30, 2012, filed with the SEC on Form 10-Q on November 9, 2012, introduced as Exhibit 15 during Plaintiffs' deposition of Dror Niv.

7. Attached hereto as Exhibit 85 is a true and correct copy of FXCM's quarterly report for the period ended March 31, 2012, filed with the SEC on Form 10-Q on May 10, 2012, introduced as Exhibit 17 during Plaintiffs' deposition of Dror Niv.

8. Attached hereto as Exhibit 86 is a true and correct copy of FXCM's quarterly report for the period ended June 30, 2012, filed with the SEC on Form 10-Q on August 9, 2012, introduced as Exhibit 19 during Plaintiffs' deposition of Dror Niv.

9. Attached hereto as Exhibit 87 is a true and correct copy of FXCM's quarterly report for the period ended September 30, 2012, filed with the SEC on Form 10-Q on November 9, 2012, introduced as Exhibit 21 during Plaintiffs' deposition of Dror Niv.

10. Attached hereto as Exhibit 88 is a true and correct copy of FXCM's quarterly report for the period ended March 31, 2012, filed with the SEC on Form 10-Q on May 10, 2012, introduced as Exhibit 23 during Plaintiffs' deposition of Dror Niv.

11. Attached hereto as Exhibit 89 is a true and correct copy of FXCM's quarterly report for the period ended June 30, 2012, filed with the SEC on Form 10-Q on August 9, 2012, introduced as Exhibit 25 during Plaintiffs' deposition of Dror Niv.

12. Attached hereto as Exhibit 90 is a true and correct copy of FXCM's quarterly report for the period ended September 30, 2012, filed with the SEC on Form 10-Q on November 9, 2012, introduced as Exhibit 27 during Plaintiffs' deposition of Dror Niv.

13. Attached hereto as Exhibit 91 is a true and correct copy of FXCM's website page entitled "Why Execution Matters" and dated February 5, 2013 with the fifth linked question expanded, introduced as Exhibit 30 during Plaintiffs' deposition of Dror Niv. *Available at* https://web.archive.org/web/20130205185432/http://www.fxcm.com/advantages/forex-execution/why-execution-matters-faq/

14. Attached hereto as Exhibit 92 is a true and correct copy of excerpts from the transcript of the deposition of John Dittami, taken by Plaintiffs on January 21, 2021.

15. Attached hereto as Exhibit 93 is a true and correct copy of an e-mail chain with the subject "RE: Update - Your phone questions" dated January 6, 2010, produced by Defendants as GLBR_00121206.

16. Attached hereto as Exhibit 94 is a true and correct copy of an e-mail chain with the subject "RE: Meeting Minutes 06.07.10" dated June 11, 2010, produced by Defendants as GLBR_00060316.

17. Attached hereto as Exhibit 95 is a true and correct copy of excerpts from the transcript of the deposition of Dror Niv, taken by the U.S. Commodity Futures Trading Commission ("CFTC") on May 25-26, 2016.

18. Attached hereto as Exhibit 96 is a true and correct copy of excerpts from the transcript of the deposition of John Dittami, taken by the CFTC on April 7-8, 2016.

19. Attached hereto as Exhibit 97 is a true and correct copy of a letter from John Dittami's counsel dated October 5, 2015, produced by John Dittami and Effex Capital, LLC as E Capital-000096 and introduced during Plaintiffs' deposition of John Dittami as Exhibit 5.

20. Attached hereto as Exhibit 98 is a true and correct copy of an e-mail chain with the subject "FW: EES trading dates" dated April 8, 2010, produced by Defendants as GLBR_00153994.

21. Attached hereto as Exhibit 99 is a true and correct copy of excerpts from the transcript of the deposition of William Ahdout, taken by the CFTC on May 19, 2016.

22. Attached hereto as Exhibit 100 is a true and correct copy of an e-mail chain with the subject "FW: how are things going with testing; Privileged & Confidential" dated October 7, 2014, produced by Defendants as GLBR_00046387.

23. Attached hereto as Exhibit 101 is a true and correct copy of an e-mail chain with the subject "Re: Entity Name Suggestion" dated March 22, 2010, produced by Defendants as GLBR_00218039.

24. Attached hereto as Exhibit 102 is a true and correct copy of an e-mail chain with the subject "Re: Catch up" dated April 9, 2010, produced by Defendants as GLBR_00188104.

25. Attached hereto as Exhibit 103 is a true and correct copy of an e-mail with the subject "EES income for October" dated November 2, 2010, produced by Defendants as GLBR_00188106.

26. Attached hereto as Exhibit 104 is a true and correct copy of an e-mail chain with the subject "FW: May Trade Data - Markups NZD/USD" dated September 13, 2010, produced by Defendants as GLBR_00005808.

27. Attached hereto as Exhibit 105 is a true and correct copy of a letter from John Dittami's counsel dated November 4, 2015, produced by John Dittami and Effex Capital, LLC as E Capital-000107 and introduced during Plaintiffs' deposition of John Dittami as Exhibit 11.

28. Attached hereto as Exhibit 106 is a true and correct copy of an e-mail from John Dittami with the subject "Recap meeting" dated April 14, 2010, produced by Defendants as GLBR_00189079.

29. Attached hereto as Exhibit 107 is a true and correct copy of a letter from John Dittami's counsel dated April 14, 2010, produced by John Dittami and Effex Capital, LLC as E Capital-000049 and introduced during Plaintiffs' deposition of John Dittami as Exhibit 19.

30. Attached hereto as Exhibit 108 is a true and correct copy of an e-mail from John Dittami with the subject "Method for the loan" dated May 11, 2010, produced by Defendants as GLBR_00007733.

31. Attached hereto as Exhibit 109 is a true and correct copy of an e-mail chain with the subject "Re: Please review and expand as necessary" dated July 16, 2010, produced by Defendants as GLBR_00218789.

32. Attached hereto as Exhibit 110 is a true and correct copy of excerpts from a printout of instant message conversations archived by FXCM, produced by Defendants as GLBR_00041735.

33. Attached hereto as Exhibit 111 is a true and correct copy of an e-mail from Alexander Dick with the subject "Effex FXCM docs" dated November 11, 2011, and its attachment, produced by Defendants as GLBR_00152760 and GLBR_00152761.

34.     Attached hereto as Exhibit 112 is a true and correct copy of an e-mail chain with the subject "RE: Effex FXCM docs" dated November 11, 2011, produced by Defendants as GLBR_00152765.

35.     Attached hereto as Exhibit 113 is a true and correct copy of an e-mail chain with the subject "RE: Effex FXCM docs" dated November 11, 2011, produced by Defendants as GLBR_00152767.

36.     Attached hereto as Exhibit 114 is a true and correct copy of an e-mail from John Dittami with the subject "Per MM" dated June 14, 2010, produced by Defendants as GLBR_00189082.

37.     Attached hereto as Exhibit 115 is a true and correct copy of an e-mail from John Dittami with the subject "Doing well here" dated October 26, 2010, produced by Defendants as GLBR_00003915.

38.     Attached hereto as Exhibit 116 is a true and correct copy of an e-mail from John Dittami with the subject "Working on year end financials" dated December 27, 2010, produced by Defendants as GLBR_00003957.

39.     Attached hereto as Exhibit 117 is a true and correct copy of an e-mail from Chris Meyer with the subject "weekly update draft" dated March 5, 2011, and its attachment, produced by Defendants as GLBR_00036290 and GLBR_00036291.

40.     Attached hereto as Exhibit 118 is a true and correct copy of an e-mail from John Dittami with the subject "Effex Several Weekly Update July 2011 v3.docx" dated August 14, 2011, and its attachment, produced by Defendants as GLBR_00008068 and GLBR_00008069.

41.     Attached hereto as Exhibit 119 is a true and correct copy of an e-mail chain with the subject "RE: Good day, a treat for your halloween" dated October 31, 2011, produced by Defendants as GLBR_00004262.

42.     Attached hereto as Exhibit 120 is a true and correct copy of an e-mail from John Dittami with the subject "Update" dated December 19, 2012, produced by Defendants as GLBR_00004527.

43. Attached hereto as Exhibit 121 is a true and correct copy of an e-mail chain with the subject "RE: Per MM" dated June 17, 2010, produced by Defendants as GLBR_00036220.

44. Attached hereto as Exhibit 122 is a true and correct copy of an e-mail chain with the subject "RE: Invoice" dated November 8, 2010, and its attachment, produced by Defendants as GLBR_00184107 and GLBR_00184108.

45. Attached hereto as Exhibit 123 is a true and correct copy of an e-mail from Baruch Greenbaum with the subject "February Invoice" dated April 3, 2013, and its attachment, produced by Defendants as GLBR_00185174 and GLBR_00185175.

46. Attached hereto as Exhibit 124 is a true and correct copy of an e-mail chain with the subject "FW: Reviewed agreement" dated July 19, 2010, and its attachment, produced by Defendants as GLBR_00152107 and GLBR_00152108.

47. Attached hereto as Exhibit 125 is a true and correct copy of an excerpt from the Form S-1 Registration Statement filed by FXCM with the SEC on September 3, 2010.

48. Attached hereto as Exhibit 126 is a true and correct copy of an e-mail chain with the subject "FW: Effex services doc" dated August 28, 2010, and its attachment, produced by Defendants as GLBR_00194774 and GLBR_00194776.

49. Attached hereto as Exhibit 127 is a true and correct copy of an e-mail chain with the subject "FW: Effex services doc" dated August 27, 2010, and its attachment, produced by Defendants as GLBR_00194756 and GLBR_00194766.

50. Attached hereto as Exhibit 128 is a true and correct copy of excerpts from the transcript of the deposition of Joshua Rosenfeld, taken by Plaintiffs on December 9, 2020.

51. Attached hereto as Exhibit 129 is a true and correct copy of a draft memorandum with the subject "Evaluation of Regulatory Matters & Impact on 2016 Financial Statements" dated March 14, 2017, produced by Ernst & Young, LLP ("E&Y") as EY-GBI-WP-00003862 and introduced during Plaintiffs' deposition of David Stollow, CPA as Exhibit 12.

52. Attached hereto as Exhibit 130 is a true and correct copy of an e-mail chain with the subject "RE: Payments for Order Flow" dated August 25, 2010, produced by Defendants as GLBR_00022930.

53. Attached hereto as Exhibit 131 is a true and correct copy of an e-mail chain with the subject "RE: Thank You" dated October 22, 2013, and its attachment, produced by Defendants as GLBR_00110416 and GLBR_00110420.

54. Attached hereto as Exhibit 132 is a true and correct copy of an e-mail chain with the subject "Re: Effex services doc" dated August 30, 2010, produced by Defendants as GLBR_00189088.

55. Attached hereto as Exhibit 133 is a true and correct copy of an e-mail chain with the subject "FW: resig.doc" dated August 17, 2010, produced by Defendants as GLBR_00218184.

56. Attached hereto as Exhibit 134 is a true and correct copy of an e-mail chain with the subject "RE: Legal docs" dated October 25, 2010, produced by Defendants as GLBR_00054454.

57. Attached hereto as Exhibit 135 is a true and correct copy of an e-mail from John Dittami with the subject "Note" dated July 6, 2010, produced by Defendants as GLBR_00188143.

58. Attached hereto as Exhibit 136 is a true and correct copy of an e-mail chain with the subject "RE: Please remit to Holdings ASAP." dated October 24, 2010, produced by Defendants as GLBR_00188166.

59. Attached hereto as Exhibit 137 is a true and correct copy of an e-mail chain with the subject "RE: January Volume" dated February 10, 2011, produced by Defendants as GLBR_00184132.

60. Attached hereto as Exhibit 138 is a true and correct copy of an e-mail chain with the subject "Re: Jan 2011 Invoice" dated February 14, 2011, produced by Defendants as GLBR_00184136.

61. Attached hereto as Exhibit 139 is a true and correct copy of an e-mail chain with the subject "FW: March's Volume" dated April 13, 2011, produced by Defendants as GLBR_00118420.

62. Attached hereto as Exhibit 140 is a true and correct copy of an e-mail chain with the subject "RE: Volume" dated September 7, 2012, produced by Defendants as GLBR_00119217.

63. Attached hereto as Exhibit 141 is a true and correct copy of an e-mail chain with the subject "Re: Effex services doc" dated August 29, 2010, produced by Defendants as GLBR_00194784.

64. Attached hereto as Exhibit 142 is a true and correct copy of an e-mail chain with the subject "Effex" dated October 12, 2011, produced by Defendants as GLBR_00189249.

65. Attached hereto as Exhibit 143 is a true and correct copy of an e-mail chain with the subject "RE: Payments" dated October 5, 2011, produced by Defendants as GLBR_00003094.

66. Attached hereto as Exhibit 144 is a true and correct copy of an e-mail chain with the subject "RE: EFFEX February Volume" dated March 7, 2012, produced by Defendants as GLBR_00118665.

67. Attached hereto as Exhibit 145 is a true and correct copy of an e-mail chain with the subject "RE: Volume" dated May 9, 2012, produced by Defendants as GLBR_00119021.

68. Attached hereto as Exhibit 146 is a true and correct copy of an e-mail chain with the subject "RE: April Invoice" dated May 18, 2012, and its attachments, produced by Defendants as GLBR_00119092, GLBR_00119095, and GLBR_00119096.

69. Attached hereto as Exhibit 147 is a true and correct copy of an invoice from FXCM to Effex dated April 29, 2013, produced by Defendants as GLBR_00185248.

70. Attached hereto as Exhibit 148 is a true and correct copy of an invoice from FXCM to Effex dated June 21, 2013, produced by Defendants as GLBR_00120028.

71. Attached hereto as Exhibit 149 is a true and correct copy of an invoice from FXCM to Effex dated June 21, 2013, produced by Defendants as GLBR_00217444.

72. Attached hereto as Exhibit 150 is a true and correct copy of an invoice from FXCM to Effex dated August 13, 2013, produced by Defendants as GLBR_00120227.

73. Attached hereto as Exhibit 151 is a true and correct copy of an invoice from FXCM to Effex dated September 2, 2013, produced by Defendants as GLBR_00185335.

74.     Attached hereto as Exhibit 152 is a true and correct copy of an invoice from FXCM to Effex dated November 21, 2013, produced by Defendants as GLBR_00120656.

75.     Attached hereto as Exhibit 153 is a true and correct copy of an invoice from FXCM to Effex dated December 9, 2013, produced by Defendants as GLBR_00185361.

76.     Attached hereto as Exhibit 154 is a true and correct copy of an invoice from FXCM to Effex dated December 16, 2013, produced by Defendants as GLBR_00185363.

77.     Attached hereto as Exhibit 155 is a true and correct copy of an invoice from FXCM to Effex dated January 2, 2014, produced by Defendants as GLBR_00185365.

78.     Attached hereto as Exhibit 156 is a true and correct copy of an invoice from FXCM to Effex dated March 11, 2014, produced by Defendants as GLBR_00121084.

79.     Attached hereto as Exhibit 157 is a true and correct copy of an invoice from FXCM to Effex dated March 31, 2014, produced by Defendants as GLBR_00121085.

80.     Attached hereto as Exhibit 158 is a true and correct copy of an invoice from FXCM to Effex dated April 24, 2014, produced by Defendants as GLBR_00121083.

81.     Attached hereto as Exhibit 159 is a true and correct copy of an invoice from FXCM to Effex dated June 3, 2014, produced by Defendants as GLBR_00154607.

82.     Attached hereto as Exhibit 160 is a true and correct copy of an invoice from FXCM to Effex dated July 7, 2014, produced by Defendants as GLBR_00154608.

83.     Attached hereto as Exhibit 161 is a true and correct copy of an invoice from FXCM to Effex dated July 7, 2014, produced by Defendants as GLBR_00154609.

84.     Attached hereto as Exhibit 162 is a true and correct copy of an invoice from FXCM to Effex dated August 19, 2014, produced by Defendants as GLBR_00120896.

85.     Attached hereto as Exhibit 163 is a true and correct copy of an e-mail chain with the subject "RE: Events signal for effex" dated March 23, 2014, produced by Defendants as GLBR_00103994.

86.     Attached hereto as Exhibit 164 is a true and correct copy of an e-mail chain with the subject "Re: calculations" dated July 8, 2010, produced by Defendants as GLBR_00046543.

DECLARATION OF JOSHUA BAKER
9

87. Attached hereto as Exhibit 165 is a true and correct copy of an e-mail chain with the subject "RE: My desktop access" dated December 28, 2012, produced by Defendants as GLBR_00028063.

88. Attached hereto as Exhibit 166 is a true and correct copy of excerpts from the transcript of the deposition of Alex Kochel, taken by the CFTC on May 5, 2016, as redacted by the CFTC.

89. Attached hereto as Exhibit 167 is a true and correct copy of excerpts from the transcript of the deposition of Chris Meyer, taken by Plaintiffs on December 11, 2020.

90. Attached hereto as Exhibit 168 is a true and correct copy of an e-mail chain with the subject "RE: payments" dated February 13, 2013, produced by Defendants as GLBR_00185250.

91. Attached hereto as Exhibit 169 is a true and correct copy of an e-mail chain with the subject "FW: Markups_may.xls" dated May 16, 2010, and its attachment, produced by Defendants as GLBR_00005534 and GLBR_00005535.

92. Attached hereto as Exhibit 170 is a true and correct copy of excerpts from the transcript of the deposition of Simon Wilson-Taylor, taken by Plaintiffs on June 2, 2021.

93. Attached hereto as Exhibit 171 is a true and correct copy of an e-mail chain with the subject "RE: question / clarification" dated November 29, 2011, produced by Defendants as GLBR_00004281.

94. Attached hereto as Exhibit 172 is a true and correct copy of an e-mail chain with the subject "Re: Payment for Order Flow" dated August 22, 2010, produced by Defendants as GLBR_00003881.

95. Attached hereto as Exhibit 173 is a true and correct copy of an e-mail chain with the subject "RE: Marketshare" dated November 29, 2011, produced by Defendants as GLBR_00151710.

96. Attached hereto as Exhibit 174 is a true and correct copy of an e-mail chain with the subject "RE: Compliance Concerns" dated September 1, 2011, produced by Defendants as GLBR_00007684.

97.     Attached hereto as Exhibit 175 is a true and correct copy of an e-mail chain with the subject "RE: Follow-up" dated March 24, 2014, produced by Defendants as GLBR_00029513.

98.     Attached hereto as Exhibit 176 is a true and correct copy of an e-mail chain with the subject "RE: Additional questions" dated April 4, 2014, produced by Defendants as GLBR_00110437.

99.     Attached hereto as Exhibit 177 is a true and correct copy of an e-mail chain with the subject "RE: payment for order flow" dated May 7, 2014, produced by Defendants as GLBR_00104025.

100.    Attached hereto as Exhibit 178 is a true and correct copy of a letter from David Sassoon dated August 25, 2014, produced by Defendants as GLBR_00125304.

101.    Attached hereto as Exhibit 179 is a true and correct copy of minutes from FXCM Inc.'s Special Telephonic Board of Directors Meeting on December 14, 2016, produced by E&Y as EY-GBI-WP-00004278 and introduced during Plaintiffs' deposition of Dror Niv as Exhibit 61.

102.    Attached hereto as Exhibit 180 is a true and correct copy of a press release issued by the CFTC on February 6, 2017, Release Number 7528-17. *Available at* https://www.cftc.gov/PressRoom/PressReleases/7528-17

103.    Attached hereto as Exhibit 181 is a true and correct copy of Defendants' Responses and Objections to Plaintiffs' First Set of Requests for Admission to Defendants, dated February 12, 2021.

104.    Attached hereto as Exhibit 182 is a true and correct copy of a Form 8-K current report filed by FXCM with the SEC on February 21, 2017. *Available at* https://www.sec.gov/Archives/edgar/data/0001499912/000114420417009974/v459946_8k.htm

105.    Attached hereto as Exhibit 183 is a true and correct copy of the Company's voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code, filed in the United States Bankruptcy Court for the Southern District of New York on December 11, 2017. *See In re Global Brokerage Inc.*, No. 1:17-BK-13532-MEW (S.D.N.Y. Bankr. 2017).

106. Attached hereto as Exhibit 184 is a true and correct copy of excerpts from the transcript of the deposition of Joseph S. Patt, taken by Defendants on April 23, 2020.

107. Attached hereto as Exhibit 185 is a true and correct copy of excerpts from the transcript of the deposition of David Stollow, CPA, taken by Plaintiffs on January 25, 2021.

108. Attached hereto as Exhibit 186 is a true and correct copy of excerpts from the transcript of the deposition of Robert N. Lande, taken by Plaintiffs on January 14, 2021.

109. Attached hereto as Exhibit 187 is a true and correct copy of the Sarbanes-Oxley Act of 2002 ("SOX") certification attached as Exhibit 31.1 to FXCM's annual report for the year ended December 31, 2011, filed with the SEC on Form 10-K on March 15, 2012, introduced as Exhibit 4 during Plaintiffs' deposition of Dror Niv.

110. Attached hereto as Exhibit 188 is a true and correct copy of the SOX certification attached as Exhibit 31.1 to FXCM's quarterly report for the period ended March 31, 2012, filed with the SEC on Form 10-Q on May 10, 2012, introduced as Exhibit 12 during Plaintiffs' deposition of Dror Niv.

111. Attached hereto as Exhibit 189 is a true and correct copy of the SOX certification attached as Exhibit 31.1 to FXCM's quarterly report for the period ended June 30, 2012, filed with the SEC on Form 10-Q on August 9, 2012, introduced as Exhibit 14 during Plaintiffs' deposition of Dror Niv.

112. Attached hereto as Exhibit 190 is a true and correct copy of the SOX certification attached as Exhibit 31.1 to FXCM's quarterly report for the period ended September 30, 2012, filed with the SEC on Form 10-Q on November 9, 2012, introduced as Exhibit 16 during Plaintiffs' deposition of Dror Niv.

113. Attached hereto as Exhibit 191 is a true and correct copy of the SOX certification attached as Exhibit 31.1 to FXCM's annual report for the year ended December 31, 2012, filed with the SEC on Form 10-K on March 15, 2013, introduced as Exhibit 6 during Plaintiffs' deposition of Dror Niv.

114.     Attached hereto as Exhibit 192 is a true and correct copy of the SOX certification attached as Exhibit 31.1 to FXCM's quarterly report for the period ended March 31, 2013, filed with the SEC on Form 10-Q on May 10, 2013, introduced as Exhibit 18 during Plaintiffs' deposition of Dror Niv.

115.     Attached hereto as Exhibit 193 is a true and correct copy of the SOX certification attached as Exhibit 31.1 to FXCM's quarterly report for the period ended June 30, 2013, filed with the SEC on Form 10-Q on August 8, 2013, introduced as Exhibit 20 during Plaintiffs' deposition of Dror Niv.

116.     Attached hereto as Exhibit 194 is a true and correct copy of the SOX certification attached as Exhibit 31.1 to FXCM's quarterly report for the period ended September 30, 2013, filed with the SEC on Form 10-Q on November 8, 2013, introduced as Exhibit 22 during Plaintiffs' deposition of Dror Niv.

117.     Attached hereto as Exhibit 195 is a true and correct copy of the SOX certification attached as Exhibit 31.1 to FXCM's annual report for the year ended December 31, 2013, filed with the SEC on Form 10-K on March 14, 2014, introduced as Exhibit 8 during Plaintiffs' deposition of Dror Niv.

118.     Attached hereto as Exhibit 196 is a true and correct copy of the SOX certification attached as Exhibit 31.1 to FXCM's quarterly report for the period ended March 31, 2014, filed with the SEC on Form 10-Q on May 12, 2014, introduced as Exhibit 24 during Plaintiffs' deposition of Dror Niv.

119.     Attached hereto as Exhibit 197 is a true and correct copy of the SOX certification attached as Exhibit 31.1 to FXCM's quarterly report for the period ended June 30, 2014, filed with the SEC on Form 10-Q on August 8, 2014, introduced as Exhibit 26 during Plaintiffs' deposition of Dror Niv.

120.     Attached hereto as Exhibit 198 is a true and correct copy of the SOX certification attached as Exhibit 31.1 to FXCM's quarterly report for the period ended September 30, 2014, filed

with the SEC on Form 10-Q on November 7, 2014, introduced as Exhibit 28 during Plaintiffs' deposition of Dror Niv.

121. Attached hereto as Exhibit 199 is a true and correct copy of the SOX certification attached as Exhibit 31.1 to FXCM's annual report for the year ended December 31, 2014, filed with the SEC on Form 10-K on March 16, 2015, introduced as Exhibit 10 during Plaintiffs' deposition of Dror Niv.

122. Attached hereto as Exhibit 200 is a true and correct copy of excerpts from the transcript of the deposition of John E. Barron, CPA, taken by Defendants on June 7, 2021.

123. Attached hereto as Exhibit 201 is a true and correct copy of the Financial Accounting Standards Board ("FASB") Conceptual Framework, "*Amendments to Statement of Financial Accounting Concepts No. 8*," dated August 2018.

124. Attached hereto as Exhibit 202 is a true and correct copy of the U.S. Securities and Exchange Commission, Division of Corporation Finance *Financial Reporting Manual*, Topic 9, § 9610 (2008).

125. Attached hereto as Exhibit 203 is a true and correct copy of the U.S. Securities and Exchange Commission *Staff Accounting Bulletin No. 99 – Materiality*.

126. Attached hereto as Exhibit 204 is a true and correct copy of a scholarly paper by C Justin Robinson & Prosper Bangwayo-Skeete, *Semi-strong Form Market Efficiency in Stock Markets with Low Levels of Trading Activity: Evidence from Stock Price Reaction to Major National and International Events,* 18 Global Bus Rev 1447 (2017).

127. Attached hereto as Exhibit 205 is a true and correct copy of a scholarly paper by Jay W. Eisenhofer, Geoffrey C. Jarvis, and James R. Banko, *Securities Fraud, Stock Price Valuation, and Loss Causation: Toward A Corporate Finance-Based Theory of Loss Causation*, 59 Bus. Law. 1419 (2004).

128. Attached hereto as Exhibit 206 is a true and correct copy of a scholarly paper by Jeffrey Macintosh, *Event Study Methodology and the Computation of Damages for Secondary*

*Market Misrepresentations: Striving for a Technicolor Palette*, SSRN Electronic Journal (January 2020).

129.   Attached hereto as Exhibit 207 is a true and correct copy of a scholarly paper by Michael J. Kaufman & John M. Wunderlich, *Regressing: The Troubling Dispositive Role of Event Studies in Securities Fraud Litigation.*, 15 Stan. J.L. Bus. & Fin. 183 (2009)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 9, 2021, in Jenkintown, Pennsylvania.

*/s/ Joshua Baker*

**CERTIFICATE OF SERVICE**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On December 9, 2021, I served true and correct copies of the foregoing DECLARATION OF JOSHUA BAKER and Exhibits 80-207, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 9, 2021, at Jenkintown, Pennsylvania.

*/s/ Joshua Baker*