# EXHIBIT 202

# Division of Corporation Finance

## Financial Reporting Manual

Disclaimer: This Manual was originally prepared by the staff of the Division of Corporation Finance to serve as internal guidance. In 2008, in an effort to increase transparency of informal staff interpretations, the Division posted a version of the Manual to its website. Because of its informal nature, the Manual does not necessarily contain a discussion of all material considerations necessary to reach an accounting or disclosure conclusion. Such conclusions about a particular transaction are very fact dependent and require careful analysis of the transaction and of the relevant authoritative accounting literature and Commission requirements. The information in this Manual is non-authoritative. If it conflicts with authoritative or source material, the authoritative or source material governs. The information presented also may not reflect the views of other Divisions and Offices at the Commission. The guidance is not a rule, regulation or statement of the Commission and the Commission has neither approved nor disapproved this information. The information included in this Manual may be updated from time to time and positions may change. As a result, the information in this manual may not be current.

    a. The methods that management used to determine the fair value of the company's shares and the nature of the material assumptions involved. For example, companies using the income approach should disclose that this method involves estimating future cash flows and discounting those cash flows at an appropriate rate.

    b. The extent to which the estimates are considered highly complex and subjective.

    c. The estimates will not be necessary to determine the fair value of new awards once the underlying shares begin trading.

Companies may cross-reference to the extent that this, or other material information relevant to share-based compensation, is provided elsewhere in the prospectus.

9520.2    The staff may issue comments asking companies to explain the reasons for valuations that appear unusual (e.g., unusually steep increases in the fair value of the underlying shares leading up to the IPO). These comments are intended to elicit analyses that the staff can review to assist it in confirming the appropriate accounting for the share-based compensation, not for the purpose of requesting changes to disclosure in the MD&A or elsewhere in the prospectus.

9520.3    The staff will also consider other MD&A requirements related to share-based compensation, including known trends or uncertainties including, but not limited to, the expected impact on operating results and taxes.

## 9600    RELATED PARTY TRANSACTIONS
*(Last updated: 9/30/2008)*

### 9610    Related Party Transactions [FR 61]

9610.1    In January 2002, an SEC Statement was issued which addressed several aspects of MD&A, including disclosures related to the effects of transactions with related and certain other parties. As discussed in SFAS 57 [ASC 850-10-50-5], transactions involving related parties should not be presumed to be carried out on an arm's-length basis, as the requisite conditions of a competitive market may not exist. Accordingly, where material, the disclosure requirements of S-K 404 with respect to certain relationships and transactions with related parties should be supplemented by additional discussion within MD&A.

9610.2   Disclosure of the following may be necessary, where related party transactions are material:

   a. The business purpose of the arrangement;

   b. Identification of the related parties transacting business with the registrant;

   c. How transaction prices were determined by the parties;

   d. If disclosures represent that transactions have been evaluated for fairness, a description of how the evaluation was made; and

   e. Any ongoing contractual or other commitment as a result of the arrangement.

9610.3   Consideration should also be given to whether disclosure is necessary about parties that fall outside of the definition of "related parties" set forth in SFAS 57 [ASC-MG], but with whom the registrant has a relationship that enables the parties to negotiate terms of material transactions that may not be available for other, more clearly independent, parties on an arm's-length basis.  An example of this type of entity might be a company established and operated by former management of the registrant.

Disclosure should be provided when an investor might not be able to understand the registrant's reported results of operations without a clear explanation of these arrangements and relationships.

## 9700   FAIR VALUE MEASUREMENTS
*(Last updated: 9/30/2008)*

In March and September 2008, the Division of Corporation Finance sent illustrative letters to certain public companies that reported significant amounts of asset-backed securities, loans carried at fair value or the lower of cost or market, and derivative assets and liabilities in their recent 10-K filings. The letters highlight disclosure matters relating to SFAS 157 [ASC 820], and suggest disclosures that companies may consider in preparing their MD&A. The full letters are available at:
http://www.sec.gov/divisions/corpfin/guidance/fairvalueltr0308.htm and http://www.sec.gov/divisions/corpfin/guidance/fairvalueltr0908.htm.