

Joshua Baker
jbaker@rosenlegal.com

December 9, 2021

**VIA ECF**

The Honorable Ronnie Abrams
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:   *In re Global Brokerage, Inc. f/k/a FXCM, Inc. Securities Litigation*
              Master File No. 1:17-cv-00916-RA-BCM

             **Letter motion to seal documents and portions of briefing associated with Plaintiffs' Opposition to Defendants' Motion for Summary Judgment**

Dear Judge Abrams:

      Pursuant to Section 5.A of your Individual Rules of Practice in Civil Cases ("Individual Rules"), Plaintiffs in the above-captioned matter move to seal portions of the briefing in support of their Opposition to Defendants' Motion for Summary Judgment Against Plaintiffs. Specifically, Plaintiffs seek to seal: (1) portions of the Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment Against Plaintiffs; (2) portions of Plaintiffs' Rule 56.1 Statement of Additional Material Facts; (3) portions of Plaintiffs' Responses to Defendants' Rule 56.1 Statement of Undisputed Material Facts; and (4) Exhibits 80-81, 92-124, 126-179, 181, 184-186, and 200 to the accompanying Declaration of Joshua Baker.

      Plaintiffs also move to seal portions of the briefing in support of their Opposition to Defendants' Motion to Exclude the Reports, Testimony, and Opinions of John E. Barron.

      Lastly, Plaintiffs also move to seal portions of the briefing in support of their Opposition to Defendants' Motion to Exclude the Reports, Testimony, and Opinions of Adam Werner.

      The parties to this action have entered into a Stipulation and Confidentiality Order, approved and ordered by the Court on July 24, 2019 (ECF No. 144, "Confidentiality Order"). Paragraph 4(d) of the Confidentiality Order provides that:

            To the extent Confidential Discovery Material is attached to, quoted,
            or referenced in Documents filed with the Court, such Confidential

Discovery Material is subject to the Court's requirements for filing documents under seal ….

The materials Plaintiffs propose to file under seal consist of (1) documents and expert reports that have been produced in this matter, which have been stamped "Confidential," and for which there is no version of the document available in the public domain; (2) deposition transcripts that have been designated "Confidential," and for which there is no version of the document available in the public domain; and (3) descriptions of or quotations from such documents, expert reports, and deposition transcripts. Thus, all of the aforementioned material is "Confidential Discovery Material" within the meaning of the Confidentiality Order.

"The Supreme Court has noted that every court has supervisory power over its own records and files." *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013) (quoting *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978)). The Second Circuit has held that courts have the power to forbid the disclosure of information and documents. *See F.D.I.C. v. Ernst & Ernst*, 677 F.2d 230, 232 (2d Cir. 1987). When deciding whether a document should be sealed, a court must also consider the common law right of public access to documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435. F.3d 110, 119 (2d Cir. 2006). The common law right to access documents applies to "judicial documents." *Id.* at 119. A document becomes a "judicial document" when it is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). A court can seal documents it if it concludes that the presumption in favor of access is outweighed by other factors such as impeding judicial efficiency and privacy concerns from the parties resisting disclosure. *Lugosch*, 435 F.3d at 119-20.

Plaintiffs seek to seal these documents, expert reports, and deposition transcripts, and references to such material in the briefing, in accordance with the Confidentiality Order. Plaintiffs' proposed redactions are narrowly tailored and necessary to preserve the privacy the parties expected when entering into the Confidentiality Order and when producing documents. In accordance with Section 5(A)(iii)(i) of your Individual Rules, the parties have conferred and Defendants do not object to this motion to seal the materials described herein.

For these reasons, Plaintiffs move the Court to seal the exhibits and un-redacted documents detailed in the first three paragraphs of this Letter Motion, copies of which have been submitted to the Court via ECF.

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: */s/ Joshua Baker*
Laurence M. Rosen
Phillip Kim
Joshua Baker
275 Madison Ave, 40th Floor
New York, NY 10016

2

Phone: (212) 686-1060  
Fax: (212) 202-3827  
Email: lrosen@rosenlegal.com  
       pkim@rosenlegal.com  
       jbaker@rosenlegal.com  

*Lead Counsel for Plaintiffs and the Class*

cc: All counsel of record

Application granted.

SO ORDERED.

_____
Hon. Ronnie Abrams
12/10/2021

3