UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Global Brokerage, Inc. f/k/a FXCM, Inc. Securities Litigation | Master File No. 1:17-cv-00916-RA |
| | CLASS ACTION |
| | ORAL ARGUMENT REQUESTED |
| This Document Relates To:  All Actions | |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' RULE 56.1 STATEMENT OF ADDITIONAL MATERIAL FACTS

Pursuant to Local Rule 56.1, Defendants Global Brokerage, Inc. f/k/a FXCM Inc. ("FXCM"), Dror Niv, and William Ahdout ("Defendants") respond to the Statement of Additional Material Facts submitted by Plaintiffs alongside their Opposition to Defendants' Motion for Summary Judgment. Documents referenced in these Responses are (1) attached as exhibits to the Declaration of Israel Dahan submitted alongside Defendants' Motion for Summary Judgment (ECF No. 252); (2) attached as exhibits, numbered continuously, to the Declaration of Joshua Baker submitted alongside Plaintiffs' Opposition to Defendants' Motion for Summary Judgment (ECF No. 271); or (3) attached as exhibits, numbered continuously, to the Supplemental Declaration of Israel Dahan submitted alongside this Response. Because all exhibits are numbered consecutively, regardless of the party who submitted the exhibit, all exhibits are referred to as "Ex. __." Defendants note that all Plaintiffs' references to ECF No. 252-XX retain the same exhibit numbers (*e.g.* ECF No. 252-1 is Ex. 1).

### Company Background and Alleged False and Misleading Statements

148.  ██████████████████████████████████████████████

Ex. 80 (Ahdout Tr. 27:22-28:2); Ex. 81 (Niv Tr. 22:19-20).

A:  Undisputed.

149.     FXCM's annual reports ("10-K") for 2011, 2012, and 2013 stated in substantially similar, if not identical, form:

> We primarily offer our customers what is referred to as an agency model to execute their trades. Our agency model is fundamental to our core business philosophy because we believe that it aligns our interests with those of our customers and reduces our risks. In the agency model, when our customer executes a trade on the bestprice quotation offered by our FX market makers, we act as a credit intermediary, or riskless principal, simultaneously entering into offsetting trades with both the customer and the FX market maker. We earn trading fees and commissions by adding a markup to the price provided by the FX market makers and generate our trading revenues based on the volume of transactions and the spread earned on transactions.

ECF No. 252-1 (2011 10-K); ECF No. 252-7 (2012 10-K); ECF No. 252-8 (2013 10-K).

A:   Undisputed, although the 2011 10-K contains language that is somewhat different than the above quote:

> Our agency model is fundamental to our core business philosophy because we believe that it aligns our interests with those of our customers, reduces our risks and provides distinct advantages over the principal model used by the majority of retail FX brokers. In the principal model, the retail FX broker sets the price it presents to the customer and may maintain its trading position if it believes the price may move in its favor and against the customer.

Ex. 1 (2011 10-K at 1).

150.     FXCM's quarterly report ("10-Q") for the second quarter of 2012 ("12Q2") andits 2013 10-K stated:

> [A]s we have for a number of years conducted our retail operationson the basis of the agency model, we could suffer reputational damage and additional regulatory scrutiny by offering execution to retail clients that creates an inherent conflict between the interests of the customer and our interests.

Ex. 83 (12Q2 10-Q); ECF No. 252-8 (2013 10-K).

A:  Undisputed.

151.    FXCM's 2012 10-K stated: "Our commitment to the agency model is  one example of our core business philosophy to reduce risks." ECF No. 252-7 (2012 10-K).

A:  Undisputed.

152.    FXCM's 13Q1 10-Q, 13Q2 10-Q, 13Q3 10-Q, 14Q1 10-Q, 14Q2 10-Q, and 14Q310-Q stated: "As we predominantly operate our retail business on an agency model with the exception of certain trades of our CFD customers we are not exposed to the market risk of a position moving up or down in value." Ex. 85 (13Q1 10-Q). Ex. 86 (13Q2 10-Q). Ex. 87 (13Q3 10-Q); Ex. 88 (14Q1 10-Q); Ex. 89 (14Q2 10-Q); Ex. 90 (14Q3 10-Q).

A:  Undisputed.

153.    On January 27, 2013, FXCM's website stated: "FXCM does not take a market position-eliminating a major conflict of interest." ECF No. 252-13. ███████████████████████ ███████████████████████████████████████████ Ex. 81 (Niv Tr. 59:12-15)███████████████████████████████████████████ ████████████████████████

A:  Undisputed.

154.    On February 5, 2013, FXCM's website stated: "FXCM can see your waiting orders when you trade with No Dealing Desk execution. But this does not create a conflict of interest between you and FXCM because we aren't taking a market position." Ex. 91 (website printout).███████████████████████████████ Ex. 81 (Niv Tr. 61:24-62-18).

A:  Undisputed.

155.    FXCM's 2011 10-K, 12Q1 10-Q, 12Q2 10-Q, 12Q-3 10-Q, 2012 10-K, 13Q1

10- Q, 13Q2 10-Q, 13Q3 10-Q, 2013 10-K, 14Q1 10-Q, 14Q2 10-Q, 14Q3 10-Q and 2014

10-K stated in substantially similar, if not identical, form: "Retail trading revenue is our largest

source of revenue and is primarily driven by: . . . (iv) the amount of additional retail revenues

earned, including . . . payments we receive for order flow from FX market makers." ECF No. 252-

1 (2011 10-K); Ex. 82 (12Q1 10-Q); Ex. 83 (12Q2 10-Q); Ex. 84 (12Q3 10-Q); ECF No. 252-7

(2012 10-K); Ex. 85 (13Q1 10-Q); Ex. 86 (13Q2 10-Q); Ex. 87 (13Q3 10-Q); ECF No. 252-8

(2013 10-K); Ex. 88 (14Q3 10-Q); Ex. 89 (14Q3 10-Q); Ex. 90 (14Q3 10-Q); ECF No. 252-9

(2014 10-K). Niv signed each of the 10-Qs and 10-Ks, and Ahdout signed each of the 10-Ks. *Id.*

> A: Undisputed.

156.      FXCM's 12Q1 10-Q, 12Q2 10-Q, 12Q3 10-Q, 2012 10-K, 2013 10-K, and

2014 10-K stated in substantially similar, if not identical, form: "Income earned on order flow

represents payments received from certain FX market makers in exchange for routing trade

orders to these firms for execution. The Company's order routing software ensures that payments

for order flow do not affect the routing of orders in a manner that is detrimental to its retail

customers." Ex. 82 (12Q1 10-Q); Ex. 83 (12Q2 10-Q); Ex. 84 (12Q3 10-Q); ECF No. 252-7 (2012

10-K); ECF No. 252-8 (2013 10-K); ECF No. 252-9 (2014 10-K).

> A: Undisputed.

157.      FXCM's 2011 10-K, 12Q2 10-Q and 12Q3 10-Q stated in substantially similar,

if not identical, form: "We earn trading fees and commissions by adding a markup to the price

provided by the FX market makers and generate our trading revenues based on the volume of

transactions, not trading profits or losses." ECF No. 252-1 (2011 10-K); Ex. 83 (12Q2 10-Q); Ex.

84 (12Q3 10-Q).

> A: Undisputed.

158.    FXCM's 14Q3 10-Q and 2014 10-K: The Company "no longer receive[d] payments for order flow." Ex. 90 (14Q3 10-Q); ECF No. 252-9 (2014 10-K).

A:  Undisputed.

159.    FXCM disclosed other related party transactions in each of its annual and quarterly reports during time Effex paid FXCM, and included assessments of VIEs in its annual and quarterly reports through the first quarter of 2013. ECF No. 252-1 (2011 10-K); ECF No. 252-7 (2012 10-K); ECF No. 252-8 (2013 10-K); ECF No. 252-9 (2014 10-K); Ex. 82 (12Q1 10-Q); Ex. 83 (12Q2 10-Q); Ex. 84 (12Q3 10-Q); Ex. 85 (13Q1 10-Q); Ex. 86 (13Q2 10-Q); Ex. 87 (13Q3 10-Q); Ex. 88 (14Q1 10-Q); Ex. 89 (14Q2 10-Q); Ex. 90 (14Q3 10-Q).

A:  Undisputed, but disputed insofar as this statement implies that FXCM stopped reporting these details beyond the first quarter of 2013, which it did not.  *See* Ex. 9 (2014 10-K at F-36).

160.    FXCM's 2010 10-K included the following statements:

We utilize what is referred to as agency execution or an agency model. When our customer executes a trade on the best price quotation offered by our FX market makers, we act as a credit intermediary, or riskless principal, simultaneously entering into offsetting trades with both the customer and the FX market maker. We earn trading fees and commissions by adding a markup to the price provided by the FX market makers and generate our trading revenues based on the volume of transactions, not trading profits orlosses. In addition to trading fees and commissions, we also earn other forms of revenue such as fees earned from: arrangementswith other financial institutions to provide platform, back office and trade execution services, trading in contracts-for-difference, or CFDs, trading in equities and equity options, payments for order flow, FX market prices and other various ancillary FX relatedservices and joint ventures.

Our agency model is fundamental to our core business philosophy because we believe that it aligns our interests with those of our customers, reduces our risks and provides distinct

5

advantages over the principal model used by the majority of retail FX brokers. Inthe principal model, the retail FX broker sets the price it presentsto the customer and may maintain its trading position if it believes the price may move in its favor and against the customer. We believe this creates an inherent conflict between the interests of thecustomer and those of the principal model broker. Principal model brokers' revenues typically consist primarily of trading gains or losses and are more affected by market volatility than those of brokers utilizing the agency model.

\*     \*     \*

Retail trading revenue is our largest source of revenue and is primarily driven by: … (iv) the amount of additional retail revenues earned, including … payments we receive for order flowfrom FX market makers.

\*     \*     \*

Income earned on order flow represents payments received from certain FX market makers in exchange for routing trade orders to these firms for execution.

ECF No. 252-17 (2010 10-K).

A:  Undisputed subject to the caveat that the above statements do not appear near each other in the FXCM 2010 10-K.  Accordingly, any meaning inferred from the close proximity of these statements is disputed, as that close proximity is inaccurate and does not exist.

**Dittami Joins FXCM**

161. 

ECF No. 252-19 (Dittami employment contract).

Ex. 81 (Niv Tr. 72:2-18).

A:  Undisputed.

162.



Ex. 81 (Niv Tr. 64:2-65:2).

Ex. 81 (Niv Tr. 68:21-69:25); Ex. 92 (Dittami Tr. 30:10-16).

A:  Defendants do not dispute that ███████████████████████████████████

███████████████████████████████████████.  Defendants dispute

that the cited portion of Niv's testimony supports this premise.  Defendants likewise

do not dispute that ████████████████████████████████████████████

███████████████████████

163.  ██████████████████████████████████████████

███████ Ex. 81 (Niv Tr. 66:2-17).

A:  Defendants do not dispute that ██████████████████████████████████

███████████████████████████████████.  Defendants dispute

this statement to the extent that this statement is meant to encompass any time

period after Dittami's resignation on April 14, 2010.

164.  ██████████████████████████████████████████

██████████████████████████████████████Ex. 93 (GLBR_00121206, at

GLBR_00121207) ██████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████); Ex. 94 (GLBR_00060316, at GLBR_00060317) ████████████████

███████████████████████████████████████████████████████████

A:  Defendants do not dispute that the quoted text appears in Exs. 93 and 94.

Defendants dispute Plaintiffs' characterization of these documents, specifically that

██████████████████████████████████████████████████

███████████████████████████████████████

165.   ████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████ Ex. 95 (Niv CFTC Tr. 77:16-78:8) █████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████ ); ECF No. 252-66 (████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████

A:  Defendants do not dispute that ████████████████

██████████████████████████████████. Defendants

dispute  that ████████████████████████████████████

██████████████████████████████████████████████████

Defendants likewise do not dispute that the quoted language appears in Ex. 66 but

note that the quote is incomplete and the full sentence states that ████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████ Ex. 66 (EY

Memorandum at 1).

166.   ████████████████████████████████████████

and Effex continued to operate as a liquidity provider for FXCM, FXCM could no longer represent to its clients that it operated a "no dealing desk" model. Ex. 95 (Niv CFTC Tr. 183:11- 184:8).

    A:  Defendants do not dispute that the quoted language appears in Exhibit 95. Defendants dispute that ████████████████████████████████████████████████ Ex. 23 (Dittami Affidavit ¶¶ 10, 13, 15); Ex. 4 (Dittami Tr. 128:24-129:4).

167.     ████████████████████████████████████████████

████████████████████████ Ex. 81 (Niv Tr. 87:20-88:10) ████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

Ex. 96 (Dittami CFTC Tr. 108:21-109:6).

    A:  Defendants do not dispute that FXCM decided that Dittami would have to operate EES as an external liquidity provider.   Defendants dispute that ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

Additionally, █████████████████████████████████████████████████████

████████████████████ Ex. 23 (Dittami Affidavit ¶ 4) ████████

██████████████████████████████████████ Ex. 92 (Dittami Tr. 43:7-20).

168.     ████████████████████████████████████████████

████████████ Ex. 97 (E Capital-000096 at E Capital-000097); Ex. 92 (Dittami Tr. 42:13-19).

    A:  Defendants dispute this statement.  Ex. 97 states: ████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████



██████ Ex. 97 (Greenberg Traurig Memo at 2) (emphasis added).

169. ███████████████████████████████████████

██████████████████. Ex. 98 (GLBR_00153994); Ex. 92 (Dittami Tr. 56:15-57:9)

█████████████████████████████████. Ex. 95 (Niv CFTC Tr. 68:9-12); Ex. 99 (Ahdout

CFTC Tr. 78:2-19). ███████████████████████████████

████████████████████████████████████████████

████████████████████████ Ex. 100 (GLBR_00046387); Ex. 95 (Niv CFTC Tr. 88:9-

13).

A:  Defendants do not dispute that ██████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████ *See* Ex. 100 (GLBR_00046387) ████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████ *see also* Ex. 225 (GLBR_00022903).

170. ███████████████████████████████████████

████████████████████████████████████████████

███████████████████████████ Ex. 95 (Niv CFTC Tr. 105:15-106:23).

A:  Defendants dispute Plaintiffs' characterization of Ex. 95.  In response to this

line of questioning, Niv testified that ████████████████████████

█████████████████████ Ex. 95 (Niv CFTC Tr. 105:15-24). ███████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████████████ *Id.* at 106:18-23. █████████

████████████████████████████████

**FXCM Helps Form and Incubate Effex**

171.   █████████████████████████ Ex. 97 (E Capital-000096 at E

Capital-000097). █████████████████████████████████████

████████████████████████ Ex. 101 (GLBR_00218039); Ex. 92 (Dittami Tr. 43:11-16).

A:  Defendants do not dispute that ████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

Ex. 92 (Dittami Tr. 43:7-23).

172.   ███████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

FXCM's accounting and trading systems. Ex. 102 (GLBR_00188104) (███████████████ ████████████████████████) Ex. 103 (GLBR_00184106) ████████████████████████); Ex. 104 (GLBR_00005808 at GLBR_00005808) ████████████████ ███████████████████.

    A:  Defendants dispute this statement. ████████████████████ ██████████████████████ As Evan Milazzo, FXCM's Executive Vice President of Technology, explained in his testimony regarding his email in Ex. 104, ████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

████). Defendants likewise dispute the remainder of Plaintiffs' characterizations in this statement. ██████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████



Ex. 216

(Rosenfeld Tr. 169:8-19).  Rosenfeld also testified that he

*Id.* at 172:6-20.

173.

. Ex. 95 (Niv CFTC Tr. 199:10-20, 204:13-9).                                      Ex. 92 (Dittami Tr. 76:12-77:2).

A:  Undisputed.

174.

Ex. 105 (E Capital-000107 at E Capital-000108); Ex. 80 (Ahdout Tr. 96:23-97:15); Ex. 81 (Niv Tr. 120:15-122:4).

A:  Defendants do not dispute that

Ex. 105 at E Capital-000108.  Defendants

dispute Plaintiffs remaining characterizations and note that



████████████████████████████████████████████ Ex. 31 (Ahdout

Tr. 98:2-99:23).

175.   ████████████████████████████████████

█████████████████████████████████████ ECF No.

252-29 (note); ECF No. 252-30 (guaranty). ██████████████████

████████████████████ *See* ECF No. 240-3 (Barron Rebuttal) at 20-23.

A:  Defendants do not dispute that ██████████████████

█████████████████████████████████

█████████████████████████████ Defendants

dispute Plaintiffs' assertion that "██████████████████████

█████████████████ as it is an improper legal conclusion, based

solely on expert opinions from an expert Defendants have challenged, and is

contravened by evidence.  Plaintiffs have offered no evidence to substantiate the

level of assets Effex or Dittami had at any time during the Class Period or before.

By contrast, Dittami provided sworn testimony that ██████████████

█████████████████████████████████

███████████████████████. Ex. 220 (Dittami CFTC

Tr. 207:17-208:7); Ex. 209 (Dittami Tr. 82:16-84:9).

176.   ████████████████████████████████████

████████████████████████████████████████████

████████████ Ex. 95 (Niv CFTC Tr. 177:12-178:8); ECF No. 252-37 (option agreement)

████████████████████████████████████████████

████████████████████████████████████████████

█

███████████████████████

A:  Defendants do not dispute that ████████████████████████████

██████████████████████████████████████████████████, nor do

Defendants dispute that the quoted language appears in  Exhibit 37.  Defendants

dispute the enforceability, and thus utility, of Exhibit 37.   The remainder of

Plaintiffs' assertions in this paragraph are rank speculation, unsupported by the

exhibits Plaintiffs have cited and no response is required.

177.   █████████████████████████████████████████████

███   Ex. 105 (E Capital-000107 at E Capital-000107).

A:  Defendants do not dispute that "████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████  Ex.

105 (E Capital-000107 at E Capital-000107).

**The Financial Relationship Between FXCM and Effex**

178.   █████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████   ECF No. 252-19 (Dittami employment contract).

A:  Undisputed.

179.   █████████████████████████████████████████████

███████████████████████████████████████. Ex. 92 (Dittami Tr. 37:9-15); Ex.

81 (Niv Tr. 77:5-10).

A:   This is not a material fact that is relevant to the Court's disposition of

Defendants' Motion for Summary Judgment.   Defendants do not dispute that

███



Dittami testified that █████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████ Ex. 92 (Dittami

Tr. 37:9-20).

180.   ██████████████████████████████████████

████████████████████████████████████████ ECF No. 252-19 (Dittami

employment contract). ██████████████████████████████████

████ Ex. 105 (E Capital-000107 at E Capital-000107).

A:  Undisputed.

181.   ████████████████████████████████████████

██████████████████████████████████. Ex. 106 (GLBR_00189079); Ex. 81 (Niv Tr.

138:2-24) ("████████████████████████████████████ Ex. 92 (Dittami

Tr. 99:9-16).

A:  Defendants dispute that any negotiations leading to the Services Agreement are

material facts that are relevant to the Court's disposition of Defendants' Motion for

Summary Judgment, as the Services Agreement provides that ████████████████

████████████████████████████████████████████████

████████████   Ex. 41 (Effex 000049 at Effex 000054).  Defendants do not dispute

that Niv and Dittami testified that ██████████████████████████████

████████████████████████████████████████████████

██████████████████████████. *See* Ex. 6 (Niv Tr. 76:20-21; 111:3-18; 133:3-

10); Ex. 209 (Dittami Tr. 35:10-14; 346:21-25).  Most importantly, the executed

Services Agreement does not provide ██████████████████████ *See* Ex. 41;

*see also* Ex. 18 (Response to Request for Admission Nos. 81, 86); Defendants' Rule
56.1 Statement ¶¶ 61-62.

182.  ████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████  Ex. 96 (Dittami CFTC Tr. 132:6-20) ("████████████████████

████████████████████████████████████████████████████

████████████████

A:  Defendants dispute that any negotiations leading to the Services Agreement are
material facts that are relevant to the Court's disposition of Defendants' Motion for
Summary Judgment, as the Services Agreement provides that ████████████████

████████████████████████████████████████████████████

████████  Ex. 41 (Effex 000049 at Effex 000054).  Defendants do not dispute
that the quoted language appears in Ex. 96, but at his deposition, when asked

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████  Ex. 96 (Dittami CFTC Tr. 132:21-133:5).

183.  ████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████  Ex. 107  (E Capital-000049).  ████████████████

████████████████████████████████████████████████████  Ex.
96 (Dittami CFTC Tr. 136:11-137:7, 138:6-15).  ████████████████████████████

████████████  Ex. 81 (Niv Tr. 108:12-108:24).

A:  Defendants dispute that any negotiations leading to the Services Agreement are

material facts that are relevant to the Court's disposition of Defendants' Motion for

Summary Judgment, as the Services Agreement provides that ██████████████

████████████████████████████████████████████████

██████████  Ex. 41 (Effex 000049 at Effex 000054).  Defendants otherwise do

not dispute this fact but note that ████████████████████████████████

██████████  *See* Ex. 41; *see, e.g.*, Ex. 96 (Dittami CFTC Tr. 132:21-133:5).

184.  █████████████████████████████████████████

████████████████████████████████████████████████

████████████████████  ECF No. 252-37 (option agreement).  █████████

████████████████████  Ex. 81 (Niv Tr. 118:11-25).

A:  Defendants do not dispute that Ex. 37 is a ██████████████████████

████████████████████████████████████████████  However,

testimony confirms that ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████  Ex. 4 (Dittami Tr.

98:22-99:3; 101:4-9).  Moreover, Dittami testified that the ████████████████

████████████████████████████████████████████████

██████████████████  Ex. 4 (Dittami Tr. 99:4-8).  Ahdout testified that "██

████████████████████████████████████████████████  Ex.

31 (Ahdout Tr. 134:21-135:11).  Niv testified that ██████████████████████

████████████████████████████████████████████████

████████████████████████████████  Ex. 6 (Niv Tr. 119:2-22);

*see also* Ex. 21 (Niv CFTC Tr. 155:5-11, 159:6-19, 162:16-24).  Likewise, Ahdout



Ex. 21 (Niv CFTC Tr. 159:20-160:8; 161:3-162:7).

Ex. 36 (Dick Tr. 304:9-305:2).

185.

Ex. 108 (GLBR_00007733) (

; Ex. 96 (Dittami CFTC Tr. 145:8-24) (

A:  Defendants dispute that any negotiations leading to the Services Agreement are

material facts that are relevant to the Court's disposition of Defendants' Motion for

Summary Judgment, as the Services Agreement provides that "[

Ex. 41 (Effex 000049 at Effex 000054).  Defendants do not dispute

that the quoted language appears Ex. 108 and Ex. 96, but dispute that this evidences

*See* Ex. 41;

*see also* Ex. 18 (Response to Request for Admission Nos. 81, 86); Defendants' Rule

56.1 Statement ¶¶ 61-62.

186. █████████████████████████████████████████████

████████████████████████ ECF No. 252-33 ███████████████████

█████████████████████████████████████████████ Ex.  109

(GLBR_00218789 at GLBR_00218789) █████████████████████████

████████ ; Ex. 110 (GLBR_00041735, ConvID: 11/15/2010 1:45, lines 18383-18439) ████████

█████████████████████████████████████████████

██████████████████████████████████

A:  Defendants dispute this statement ███████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████ Ex. 37. █████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████ Ex. 209 (Dittami Tr. 171:4-172:4).

187.  ████████████████████████████████████████

████████████████████████████████████████████████

████████ Ex. 111 (GLBR_00152760 at GLBR_00152760). ████████████

████████████████████ Ex. 111 (GLBR_00152760 at GLBR_00152762).

A:  Undisputed. ████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████ Ex. 209

(Dittami Tr. 190:5-13; 191:5-12).  Dick clarified in his testimony that ████████

████████████████████████████████████████

████████████████████████████████████████

████████████████ Ex. 217 (Dick Tr. 282:25-283:23).

188.  ████████████████████████████████████

████████████████████████████████████████████████

████████████████████. Ex. 112 (GLBR_00152765); Ex. 113 (GLBR_00152767 at

GLBR_00152767).

A:  Undisputed.

189.  ████████████████████████████████████

████████████████████████████████████████████████

████████████████████ Ex. 96 (Dittami CFTC Tr. 432:15-434:20).

A:  Defendants' dispute Plaintiffs' characterization of Dittami's testimony, as the

quoted text ████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████████ Ex. 96

(Dittami CFTC Tr. 432:15-434:20).

190.   ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████. *See, e.g.,* Ex. 114 (GLBR_00189082); Ex. 115 (GLBR_00003915); Ex. 116

(GLBR_00003957); Ex. 117 (GLBR_00036290); Ex. 118 (GLBR_00008068); Ex. 119

(GLBR_00004262); Ex. 120 (GLBR_00004527). ████████████████████

████████████. Ex. 95 (Niv CFTC Tr. 346:19-23).

A:   Defendants do not dispute that these seven emails are ███████████

██████████████████████████████████████ Defendants dispute

Plaintiffs' characterization of Effex's updates ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████. Ex.

209 (Dittami Tr. 308:10-16).

191.   ████████████████████████████████████████

████ Ex. 110 (GLBR_00041735, ConvID: 7/22/2010 17:12, at lines 602-630) ████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

FXCM. Ex. 96 (Dittami CFTC Tr. 153:5-9) (" 

).

A:  Defendants dispute this statement.  Dittami testified that

Ex. 209 (Dittami Tr. 308:23-

309:14).  In Dittami's testimony to the CFTC,

Ex. 220 (Dittami CFTC Tr. 152:11-153:4).

Defendants do not dispute that the quoted testimony appears in Ex. 96, yet

**FXCM and Effex Attempted to Disguise Their Profit Sharing as Payments for Order Flow**

192.

Ex. 114 (GLBR_00189082).

*See id.*

A:  Defendants dispute Plaintiffs' characterization of Ex. 114, which does not

indicate that ████████████████████████████████████

████████████ Defendants specifically dispute the assertion that ██████████████

████████████████████████████████████████████████

█████████████████████████████████████████████. *See*

Exs. 34 and 41.

193.   ██████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████ Ex. 109 (GLBR_00218789 at

GLBR_00218789).

A:  Defendants dispute Plaintiffs' characterization of Ex. 109, ██████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████ Ex. 209 (Dittami Tr. 135:16-21).

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████ *Id.* at 136:11-18.

194.   ████████████████████████████████████████████

████████████████████████████████ Ex. 95 (Niv CFTC Tr. 131:7-22); Ex.

121 (GLBR_00036220 at GLBR_00036222) (████████████████████████████████

████████████████████████████████ Ex. 80 (Ahdout Tr. 200:2-7) ██████████

███████████████████████████████████████████ Ex. 95 (Niv CFTC Tr.

150:15-25, 153:9-13)██████████████████████████████████

██████████████████████████

A:  Defendants dispute that ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████   *See*

Ex. 224 (Chart of Payments).  ██████████████████████████████

██████████████████████   *Id.; see also* Ex. 221 (Meyer Tr. 40:12-42:3).   Multiple

deponents testified that Dittami often sought to negotiate Effex's rates, but that

those negotiations are evidence of a customary liquidity provider relationship.  Ex.

209 (Dittami Tr. 141:13-15, 181:9-20, 195:20-24, 208:7-22); Ex. 215 (Ahdout Tr.

107:5-12, 200:6-7); Ex. 210 (Wilson-Taylor Tr. 87:8-88:25).   Further, as Niv

testified, ██████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████   Ex. 95 (Niv CFTC Tr. 131:7-22).  Moreover, in Ex. 121,

████████████████████████████████████████████████

███████████████████████████████████

Ex. 121 (emphasis on the portion of the sentence Plaintiffs chose to exclude).

195.   ████████████████████████████████

█████████████████████████████████████████ *E.g.,*

Ex. 122 (GLBR_00184107 at GLBR_00184108); ECF No. 252-42 (November 2010 invoice); Ex.

123 (GLBR_00185174 at GLBR_00185175).

A:  Defendants dispute Plaintiffs' characterization of ███████████

Witnesses testified █████████████████████

*See, e.g.*, Ex. 216 (Rosenfeld Tr. 133:25-134:15).  Likewise, "████████████

████████████████████████████ Ex. 222 (Muchinsky Tr. 178:3-8).

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

Ex. 216 (Rosenfeld Tr. 133:14-24).

196.   ████████████████████████████████

███████████████████████████████████████

████ Ex. 124 (GLBR_00152107 at GLBR_00152110-14) ████████████████

███████████████████████████████████████

██████████████████████████████████

A:  Defendants dispute Plaintiffs' characterization of Ex. 124, ████████████

███████████████████████████████████

██████████████████████████████████████ Defendants dispute that any

negotiations leading to the Services Agreement are material facts that are relevant

to the Court's disposition of Defendants' Motion for Summary Judgment, as the

Services Agreement provides that ████████████████████████████████████████

████████████████████████████████████ Ex. 41 (Effex 000049

at Effex 000054).

197.   ████████████████████████████████████████████

████████████████████████████████████████████████████

Ex. 81 (Niv Tr. 108:25-109:24).

A:  Defendants do not dispute that the quoted text appears in Ex. 81, but Defendants

dispute Plaintiffs' characterization of Ex. 81.  Niv testified that:  "████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████ Ex. 81 (Niv Tr. 108:25-109:14) (emphasis

added).  ████████████████████████████████████████████

████████████████████████████ *See* Ex. 41; *see also* Ex. 18

(Response to Request for Admission Nos. 81, 86); Defendants' Rule 56.1 Statement

¶¶ 61-62.

198.   FXCM filed its initial registration statement for its initial public offering on in

early September 2010. Ex. 81 (Niv Tr. 42:8-13); Ex. 125 (excerpts from Form S-1 registration

statement filed with the SEC).

> A:  Defendants do not dispute that FXCM filed its initial registration statement for its initial public offering on September 3, 2010.  *See* Ex. 208 (FXCM Registration Statement).  Defendants dispute that Ex. 81 and Ex. 125 are the best evidence of the date of FXCM's initial registration statement.

199. 

Ex. 126 (GLBR_00194774)

Ex. 127  (GLBR_00194756)

ECF No. 252-34 (March 1 Services Agreement); ECF No. 252-41 (May 1 Services Agreement).

> A:  Defendants dispute

Defendants do not dispute that Ex. 126 is

Defendants also do not dispute that the quoted text appears in Ex. 127.

200.

ECF No. 252-34 (March 1 Services Agreement); Ex. 97 (E Capital-000096 at E Capital-000097); Ex. 107 (E Capital-000049).



██████████████ *See* Ex. 126 (GLBR_00194774) ████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████

      A:  Defendants dispute Plaintiffs' unsupported characterizations of the motivations for and terms of the March 1, 2010 Services Agreement.  Defendants do not dispute that ██████████████████████████████████████████████████ ████████████████████████████  Defendants likewise do not dispute that the quoted language appears in Ex. 126.

    201.  ████████████████████████████████████████████████████████ ████████████████████████████████████████████████. ECF No. 252-34 (March 1  Services  Agreement);  ECF  No. 252-41  (May 1  Services  Agreement);  Ex. 126 (GLBR_00194774). ████████████████████████████████. Ex. 81 (Niv Tr. 112:15-4, 128:12-129:4).

      A:  Undisputed.

    202.  ████████████████████████████████████████████████████████ ████████████████████████████████████ ECF No. 252-41 (May 1 Services Agreement); Ex. 81 (Niv Tr. 29:25-30:3).

      A:  Defendants do not dispute tha ████████████████████████████████ ████████████████████████████████  Defendants  dispute  that  FXCM Holdings was not a regulated entity.  FXCM Holdings is "regulated" in a number of ways.  FXCM Holdings, however, is not and was not registered with the NFA and, thus, was not subject to direct NFA and CFTC regulation. ██████████████ ████████████████████████████████████

*See, e.g.,*

Ex. 230 (GLBR_00054034 at GLBR_00054037) ████████████████

██████████████████████████████████████████████

█████████████████████████

██     ██████████████████████████████████████

██████ Ex. 128 (Rosenfeld Tr. 130:11-21). ████████████████

███████████████████████████████████████████████████

██████████ Ex. 81 (Niv Tr. 134:21-13); Ex. 129 (EY-GBI-WP-00003862 at EY-GBI-

WP-00003868) ███████████████████████████████████████

████████████████████████████

A:  Defendants do not dispute that ████████████████████████

████████████████████████████████████████ Defendants dispute

Plaintiffs' assertion that "FXCM Holdings typically did not have any other sources

of direct revenue" as the use of "typically" and "any other" without reference to

specific revenue sources, make this statement so vague that response is impossible.

204.  █████████████████████████████████████████████

████████████████████████████████████████ Ex. 126

(GLBR_00194774) █████████████████████████████████

A:  Defendants dispute Plaintiffs' characterization of Ex. 126 which is contravened

by a common sense reading of Ex. 126 and Lande's testimony regarding this email.

In Ex. 126 Lande wrote: ████████████████████████████████

█████████████ Ex. 126 (emphasis added on the portion of the email Plaintiffs

omitted).   When asked about this email at his deposition, Lande testified that,

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████ Ex. 212 (Lande Tr. 221:3-222:8); *see also id.*

99:23-100:3 █████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████ *see also id.* 123:3-8 ███████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████

**Effex was the Only Retail Liquidity Provider Who Paid FXCM for Order Flow Between 2010-2014**

205. ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████ Ex. 81 (Niv Tr. 188:22-189:13). █████████████

████████████████████████████████████████████████████████

██████████████████████ Ex. 130 (GLBR_00022930 at GLBR_00022930); Ex. 81 (Niv Tr.

189:17-25); Ex. 95 (Niv CFTC Tr. 142:14-145:6).

A: Defendants dispute that ████████████████████████████████

████████████████████████████ It is undisputed that ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████ *See, e.g.*, Ex.

130 (████████████████████████████████████); Ex. 227 (GLBR_00152459)



(█████████████████████████████████████████████████
████████████████████████████); Ex. 229 (GLBR_00133264)
█████████████████████████████████████████████████
██████████████████████████████████████████; Ex. 228
(GLBR_00185254) ███████████████████████████████████
█████████████████████████████████████████████████
████████████████████████████ Defendants do not dispute
that the testimony quoted above appears in Niv's testimony provided in this Action
as well as to the CFTC.

206.    ███████████████████████████████████████████
████████████████████████████████████████████████████
█████████████████████████████████████████████ Ex. 131
(GLBR_00110416 at GLBR_00110416) (██████████████████████████
████████████████████████████████████████████████████
█████████████████████████████████ *Id.* (GLBR_00110416 at
GLBR_00110420) ████████████████████████████████████████
█████████████████

A:  Undisputed.

207.    ███████████████████████████████████████████
████████████████████████████████████ ECF No. 252-57.

A:  Defendants do not dispute that the quoted language appears in Ex. 57.
Defendants note that the complete email ██████████████████████████████
█████████████████████████████████████████████████

EEFEX [sic].  *There was BNP P3 in FXCM US in the beginning of the year, but that appears to have ceased*."  Ex. 57 (emphasis added).

208.  █████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████ ECF No. 252-54.

A:  Undisputed.

209.  █████████████████████████████████████████████████

█████ Ex. 81 (Niv Tr. 99:12-13).

A:  Undisputed.

210.  █████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████. *See* Ex. 81 (Niv Tr. 159:8-162:6).

A:  Defendants dispute Plaintiffs' characterization of Ex. 81.  Niv testified that

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████ Ex. 81 (Niv Tr. 159:8-18).  ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████ *Id.*

at 162:2-12. ████████████████████████████████████████

████████████████████

**The Rate of Effex's Payments Varied With Effex's Profitability and Did Not Always Match the Services Agreements**

211. 

████████████████████████████████████. Ex. 96 (Dittami

CFTC Tr. 133:6-133:19, 142:5-20) ("███████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████

A:   Defendants do not dispute that the quoted language appears in Ex. 96.

Defendants dispute that ████████████████████████████████

████████████████

212.   ███████████████████████████████████████

██████████████████████████████████████████████. Ex.

95 (Niv CFTC Tr. 132:2-9).

A:   Defendants dispute that any negotiations leading to the Services Agreement are

material facts that are relevant to the Court's disposition of Defendants' Motion for

Summary Judgment, as the Services Agreement provides that "█████████████

██████████████████████████████████████████████████

████████████   Ex. 41 (Effex 000049 at Effex 000054).   █████████████

██████████████████████████████████████████████████

████████████████████   Ex. 24 (Dittami CFTC Tr. 132:21-133:5; 377:2-7);

Ex. 35 (William Ahdout May 19, 2016 Deposition Transcript ("Ahdout CFTC Tr.")

114:24-115:4); *see also* Ex. 18 (Plaintiffs' Response to RFAs at 27, 29); ECF No.

240-3 (Barron Rebuttal at ¶ 33).  Moreover, "bigger share of the profits" is so vague

34

and ambiguous, no response is necessary.  To the extent that Plaintiffs seek to imply

that FXCM would receive a larger share of Effex's profits than Effex, defendants

dispute this assertion. 

Ex. 23 at ¶ 10.  Most importantly,

regardless of intent,

Ex. 233 (E Capital-000117 - E Capital-000118); *see also* Ex. 23 ¶ 11

213.

. Ex. 132 (GLBR_00189088 at

GLBR_00189089) (

Ex. 133 (GLBR_00218184 at

GLBR_00218185) (

A:  Defendants dispute that any negotiations leading to the Services Agreement are

material facts that are relevant to the Court's disposition of Defendants' Motion for

Summary Judgment, as the Services Agreement provides that ███████████████

████████████████████████████████████████████████████████████

█████████████ Ex. 41 (Effex 000049 at Effex 000054). ███████████████████

████████████████████████████████████████████████████████████

████████████████████████ Ex. 24 (Dittami CFTC Tr. 132:21-133:5; 377:2-7);

Ex. 35 (William Ahdout May 19, 2016 Deposition Transcript ("Ahdout CFTC Tr.")

114:24-115:4); *see also* Ex. 18 (Plaintiffs' Response to RFAs at 27, 29); ECF No.

240-3 (Barron Rebuttal at ¶ 33).  Defendants do not dispute that the quoted language

appears in Exs. 132 and 133.

214.  ████████████████████████████████████████████

██████████████████████████████████████████████████████████ Ex. 134

(GLBR_00054454 at GLBR_00054454) ███████████████████████████████████

██████████████ *See also* ECF No. 252-33; Ex. 108 (GLBR_00007733).

A:  Defendants dispute Plaintiffs' characterization of Exs. 108, 134, and 33 as

████████████████████████████████████. Ex. 33 is an ████████████ Ex. 108

is a █████████████ and Ex. 134 is ████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████ Defendants also dispute that ████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████ Ex. 24 (Dittami CFTC Tr. 132:21-133:5; 377:2-7); Ex.

35 (Ahdout CFTC Tr. 114:24-115:4); *see also* Ex. 18 (Plaintiffs' Response to RFAs

at 27, 29); ECF No. 240-3 (Barron Rebuttal at ¶ 33).

215. 

*E.g.,* Ex. 121 (GLBR_00036220 at GLBR_00036222) (

Ex. 135 (GLBR_00188143)

; Ex. 136 (GLBR_00188166 at GLBR_00188166)

Ex. 137

(GLBR_00184132 at GLBR_00184132)

Ex. 138 (GLBR_00184136 at GLBR_00184136)

( Ex. 139 (GLBR_00118420 at

GLBR_00118420) (

; Ex. 140 (GLBR_00119217 at GLBR_00119217-18) (

*See id.*

A:  Local Civil Rule 56.1(b) instructs that papers opposing a motion for summary

judgment shall include . . . if necessary, additional paragraphs containing a separate,

*short and concise statement* of additional material facts . . . ."  L. Civ. R. 56.1 (emphasis added).  This is patently neither a short nor concise statement, and an abuse of the Rule 56.1 requirement for additional material facts.  Defendants dispute that this is a material fact that is relevant to the Court's disposition of Defendants' Motion for Summary Judgment 

*See* Ex. 224 (Chart of Payments).

. Ex. 209 (Dittami Tr. 141:13-15, 181:9-20, 195:20-24, 208:7-22); Ex. 215 (Ahdout Tr. 107:5-12, 200:6-7); Ex. 210 (Wilson-Taylor Tr. 87:8-88:25).

216.

Ex. 92 (Dittami Tr. 207:12-

23, 214:19-24) ████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████ Ex. 81 (Niv Tr. 154:5-10).

A:  Defendants do not dispute that ████████████████████████████

████████████████████████████████████████████. Defendants

dispute that ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████

217.   ██████████████████████████████████████████████

██████████████████████████████████████████████████ Ex. 135

(GLBR_00188143) (████████████████████████████████████████

██████████████████████████████████████████████ Ex.  110

(GLBR_00041735, ConvID: 7/22/2010 17:12, lines 602-630) (███████████

██████████████████████████████.

A:  Defendants do not dispute that the quoted language appears in Exs. 110 and

135.  Defendants dispute that this is a material fact that is relevant to the Court's

disposition of Defendants' Motion for Summary Judgment ████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████ Multiple

deponents testified that ████████████████████████████████████

████████████████████████████████████████████████████ Ex.

209 (Dittami Tr. 141:13-15, 181:9-20, 195:20-24, 208:7-22); Ex. 215 (Ahdout Tr.

107:5-12, 200:6-7); Ex. 210 (Wilson-Taylor Tr. 87:8-88:25).

218. ███████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████ Ex. 141 (GLBR_00194784 at GLBR_00194784) ████████

████████████████████████████████████████████████

████████████████████████████████████████████████ Ex. 128

(Rosenfeld Tr. 148:10-149:17).

A:  Defendants do not dispute that ████████████████████████

███████████████████████████████████████████████████.

Defendants dispute any unfounded implication that ████████████████

████████████████████████████████, (Ex. 224 (Chart of

Payments); Ex. 221 (Meyer Tr. 48:18-49:5) ████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████

219. ███████████████████████████████████

██████████████. ECF No. 252-43 (email from FXCM accountant to E&Y attaching chart

showing payments from Effex in 2010); Ex. 128 (Rosenfeld Tr. 193:9-194:17, 222:6-223:3).

A:  Defendants dispute Plaintiffs' characterization of Exs. 43 and 128.  Ex. 43

████████████████████████████████████████████████

████████████████████████████████. *See* Ex. 128 (Rosenfeld Tr.

193:9-15).

220. ███████████████████████████████████

███████████████████████████████████████████ Ex. 136 (GLBR_00188166

at GLBR_00188166) (████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████ Ex. 122 (GLBR_00184107 at GLBR_00184108); ECF No. 252-42

(November 2010 invoice).

       A:  Defendants do not dispute that the quoted language appears in Ex. 136, or ██

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████ Ex. 231 (GLBR_00184115);

*see also* ECF No. 240-1 (Barron Report at ¶ 75). ██████████████████████

████████████████████████████████████████████████

████████████████████ *See, e.g.*, Ex. 224 (Chart of Payments); Ex. 43; Ex. 221 (Meyer

Tr. 50:4-10); Ex. 128 (Rosenfeld Tr. 193:9-15).

221.  ████████████████████████████████████████████████

██████████████████████, ECF No. 252-41 (May 1 Services Agreement), █████████████

███████████████████████████ Ex. 92 (Dittami Tr. 225:7-11) █████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████ ECF No. 252-43 (email from FXCM accountant to E&Y attaching chart showing

payments from Effex in 2010); Ex. 128 (Rosenfeld Tr. 194:18-25, 223:4-15).

       A:  Defendants do not dispute that the quoted language appears in Ex. 92, or ██

████████████████████████████████████████████████████



Ex. 231
(GLBR_00184115); *see also* ECF No. 240-1 (Barron Report ¶ 75).

*See, e.g.*, Ex. 224 (Chart of Payments); Ex.
43; Ex. 221 (Meyer Tr. 50:4-10); Ex. 128 (Rosenfeld Tr. 193:9-15).

222.

Ex. 116 (GLBR_00003957) ("

Ex. 96
(Dittami CFTC Tr. 164:22-166:4).

A: Defendants do not dispute that the quoted language appears in Ex. 116.
Defendants note that

223.

██████████████████████████. Ex. 142 (GLBR_00189249) (██████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████ Ex. 81 (Niv Tr. 141:22-142:12, 151:6-

22) (███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████

     A: Undisputed.

    224. ███████████████████████████████████████████ ECF

No. 252-46 (Amendment to Services Agreement). █████████████████████████

████. *Id.* (██████████████████████████████████████████

██████████████████████████████████████████████

    A: Defendants do not dispute that the █████████████████████

████████████████████████████████████████ Ex. 46.

Defendants likewise do not dispute that █████████████████████████

██████████████████████████ Defendants dispute Plaintiffs'

characterizations of the parties' actions in amending the Services Agreement. *See,*

*e.g.*, Ex. 209 (Dittami Tr. 220:8-13, 227:6-10)

    225. ███████████████████████████████████. Ex. 92 (Dittami Tr. 244:8)

("We did over many years many streams with FXCM"). █████████████████████████

███████████████████████████████████████████████████████████████

of ███████████████████████████████████████████
████████████████████████████████████████. Ex.
143 (GLBR_00003094 at GLBR_00003096) (████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████████████ Ex. 142 (GLBR_00189249) (███████████████████
██████████████████████████████████ Ex. 144
(GLBR_00118665 at GLBR_00118665) (████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
██████ Ex. 145 (GLBR_00119021 at GLBR_00119021-22) (██████████████
███████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████ Ex. 140
(GLBR_00119217 at GLBR_00119217-18) (█████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████████████████████████

A: Local Civil Rule 56.1(b) instructs that papers opposing a motion for summary

judgment shall include . . . if necessary, additional paragraphs containing a separate,



*short and concise statement* of additional material facts . . . ."  L. Civ. R. 56.1 (emphasis added).  This is patently neither a short nor concise statement, and an abuse of the Rule 56.1 requirement for additional material facts.  Defendants do not dispute that ███████████████████████████████████████████

███████████████████████████████████████████████████████

███████████  Defendants do not dispute that the quoted language appears in Exs. 140, 142, 143, 144, and 145.  ██████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████  Ex. 209 (Dittami Tr. 245:4-18).  ████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

*Id.* at 245:19-246:7; 255:5-17.

226.   █████████████████████████████████████████████████

████████████████████████████████████████████  Ex. 92 (Dittami Tr. 258:10-23).  █████████

███████████████████████████████████████████████████████

███████   *E.g.,* Ex. 146 (GLBR_00119092 at GLBR_00119092 and GLBR_00119096) (email discussion of excluding liquidity stream and corresponding invoice).

A:  Undisputed.

227.   █████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████  Ex. 120 (GLBR_00004527 at GLBR_00004528).

A:  Undisputed.

228.  ████████████████████████████████████████

████████████████████████████████████████████. Ex. 92 (Dittami Tr. 275:23-

276:9). ████████████████████████████████████████████████

████████████████ Ex. 92 (Dittami Tr. 275:18-276:23).

A:  Undisputed.

229.  ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████ Ex. 123 (GLBR_00185174 at GLBR_00185175).

A:  Undisputed.

230.  ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████ *See* Ex. 123 (GLBR_00185174 at

GLBR_00185175) (February 2013 invoice); Ex. 147 (GLBR_00185248) (March 2013 invoice);

Ex. 148 (GLBR_00120028) (April 2013 invoice); Ex. 149 (GLBR_00217444) (May 2013

invoice); Ex. 150 (GLBR_00120227) (June 2013 invoice); Ex. 151 (GLBR_00185335) (July 2013

invoice); Ex. 152 (GLBR_00120656) (August 2013 invoice); Ex. 153 (GLBR_00185361)

(October 2013 invoice); Ex. 154 (GLBR_00185363) (November 2013 invoice); Ex. 155

(GLBR_00185365) (December 2013 invoice); Ex. 156 (GLBR_00121084) (January 2014

invoice); Ex. 157 (GLBR_00121085) (February 2014 invoice); Ex. 158 (GLBR_00121083)

(March 2014 invoice); Ex. 159 (GLBR_00154607) (April 2014 invoice); Ex. 160

(GLBR_00154608) (May 2014 invoice); Ex. 161 (GLBR_00154609) (June 2014 invoice); Ex. 162

(GLBR_00120896) (July 2014 invoice).

A:  Defendants dispute that this is a material fact that is relevant to the Court's disposition of Defendants' Motion for Summary Judgment.  Defendants dispute that ███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████

231.    ███████████████████████████████████████

█████████████████████████████████████████████████

██████████  Ex. 150 (GLBR_00120227); Ex. 92 (Dittami Tr. 278:23-279:7); ECF No. 252-61.

██████████████████████████████████████████████

A:  Undisputed.

232.    ███████████████████████████████████████

████████████████████  Ex. 92 (Dittami Tr. 279:8-19).

A:  Undisputed.

233.    ███████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████  See Exs. 162-74 (invoices for June 2013 through July 2014).

A:  Defendants dispute that this is a material fact that is relevant to the Court's disposition of Defendants' Motion for Summary Judgment.  Defendants dispute that ███████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

234.   ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████   *See* Exs. 129 and 159-74 (invoices for

February 2013 through July 2014).

A:  Defendants dispute that this is a material fact that is relevant to the Court's

disposition of Defendants' Motion for Summary Judgment.  Defendants dispute

that Plaintiffs' calculation is correct, in part because ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████   ████████████████████████

████████████████████████████████████████████████

████████████

**Effex Depended on FXCM, Which Gave Effex Advantages to Win Trading Volume**

235.   ████████████████████████████████████████   *See*

Ex. 96 (Dittami CFTC Tr. 230:18-21).   ██████████████████████████

████████████████████████████████████████████   Ex. 92

(Dittami Tr. 335:4-24).

    A:  Defendants do not dispute that ██████████████████

██████████████████████████  Defendants dispute that ███████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████  Ex. 209 (Dittami Tr. 335:25-336:8).

236.    In ████████████████████████████████

████████████  Ex. 92 (Dittami Tr. 172:20-173:15, 335:4-12) (██

████████████████████████████████████████

Ex. 119 (GLBR_00004262) (████████████████████████

██████████████████████████████████████

    A:  Undisputed.

237.    ████████████████████████████████

████████████  Ex. 92 (Dittami Tr. 335:18-24). ███████████

██████████████████████  Ex. 96 (Dittami CFTC Tr. 35:14-19).

    A:  Undisputed.

238.    ████████████████████████████████

████████████  Ex. 163 (GLBR_00103994) (███████████████

████████████████████████████████████████

████████████████████████████████████████

████████████

A:   Defendants do not dispute that the quoted language appears in Ex. 163.

Defendants dispute that ███████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ Ex. 211 (Niv Tr. 234:7-

24).   Moreover, both Dittami and Meyer testified that ████████████████

██████████████████████ Ex. 221 (Meyer Tr. 212:24-213:3); Ex. 4 (Dittami

Tr. 346:21-347:7).

239.   █████████████████████████████████████████████

████████████████████████████ Ex. 96 (Dittami CFTC Tr. 39:16-24). ████████

████████████████████████████████████████████████████ *Id.*;  Ex.  110

(GLBR_00041735, ConvID: 11/15/2010 1:45, Excel lines 18383-18439) (████████

████████████████████████████████████████████

A:  Undisputed.

240.   █████████████████████████████████████████████

████████████████████████████████████████ . Ex. 96 (Dittami CFTC Tr.

41:8-14).

A:   Defendants dispute Plaintiffs' characterization of Dittami's testimony to the

CFTC, in which he testified that ███████████████████████████████████

████████████████████████████████████████ Ex. 96 (Dittami CFTC

Tr. 41:8-14).

241.  ███████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████ *See* Ex. 96 (Dittami CFTC Tr. 188:13-203:17).

A:  Undisputed.

242.  ███████████████████████████████████████

██████████████████████████ Ex. 96 (Dittami CFTC Tr. 57:5-58:9).

A:  Undisputed.

243.  ███████████████████████████████████████

███████████████████████. Ex. 164 (GLBR_00046543) (email sent from "John

Dittami <jdittami@fxcm.com>" on July 8, 2010).

A:  Undisputed.

244.  ███████████████████████████████████████. Ex. 96 (Dittami

CFTC Tr. 188:13-203:17). ████████████████████████████████████

██████████████ Ex. 96 (Dittami CFTC Tr. 207:3-16).

A:  Undisputed.

245.  ███████████████████████████████████████

███████████████████████. Ex. 96 (Dittami CFTC Tr. 200:10-19). ████████████

████████████████████████████████████████████████ Ex. 96

(Dittami CFTC Tr. 201:14-17); Ex. 165 (GLBR_00028063) (██████████████

████████████████████████████████████████████████████████

██████████████████

      A: Undisputed.

246. ████████████████████████████████████████████

███████████████████████████████████████ Ex. 96 (Dittami CFTC Tr. 216:4-

16) ("████████████████████████████████████; Ex. 166 (Kochel

CFTC Tr. 97:18-17) (████████████████████████████████████

███ Ex. 167 (Meyer Tr. 201:13-202:5) (████████████████████

█████████████████████████████████

      A: Undisputed.

247. ████████████████████████████████████████████

████████████████████████████ Ex. 96 (Dittami CFTC Tr. 232:9-235:18).

      A: Undisputed.

248. ████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████ Ex. 168 (GLBR_00185250)████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████; Ex. 167 (Meyer Tr. 207:6-22) (████████

███████████████████████████████████████████████████

██████████████████████████

      A: Undisputed.

249. ████████████████████████████████████████████

███████████████████████████████████████████████████



Ex. 96 (Dittami CFTC Tr. 281:18- 283:22).

A:  Defendants dispute this fact and Plaintiffs' characterization of Ex. 96.

Ex. 96 (Dittami CFTC Tr. 281:18-283:22).

. *Id.* at 232:9-23.

250.

. Ex. 96
(Dittami CFTC Tr. 327:13-19, 331:12-15).

A:

. *See, e.g.*, Ex. 6 (Niv
Tr. 90:7-95:22)

Dittami testified that

Ex. 96 (Dittami CFTC Tr. 327:13-25).

██████████████████████████████████████████████████████████ *Id.* at

331:6-19.

251.   ████████████████████████████████████████

██████ Ex. 81 (Niv Tr. 94:11-95:22).███████████████████████

█████████████████████████████████████████████████████████

Ex. 96 (Dittami CFTC Tr. 331:12-15).

A:  Undisputed.

252.   ███████████████████████████████████████████

█████████████████████████████████████████████████████████

Ex. 118 (GLBR_00008068); Ex. 92 (Dittami Tr. 324:22-326:8). ███████████

█████████████████████████████████████████████████████████

██████ Ex. 118 (GLBR_00008068 at GLBR_00008069). ██████████████

█████████████ ECF No. 250 ¶ 95.

A:  Defendants do not dispute that the quoted language appears in Ex. 118 or that

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████ Ex. 218 (Milazzo 30(b)(6) Tr. 43:8-15). ██████████████

█████████████████████████████████████████████████████████

██████████████ *Id.* at 118:19-119:7. ███████████████████

█████████████████████████████████████████████████████████

████████

253. ███████████████████████████████████████████████████
███████████████████████ Ex. 96 (Dittami CFTC Tr. 37:23-38:8, 44:23-45:15).

A:  Undisputed.  However, Defendants dispute that ████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
███████████████████ Ex. 218 (Milazzo 30(b)(6) Tr. 115:22-116:12).

254. █████████████████████████████████████████████████
████████████████████████████████████████████████████. Ex. 99
(Ahdout CFTC Tr. 240:2-241:12). ████████████████████████████████
██████████████████████████████████████████████████████.
Ex. 169 (GLBR_00005534) (██████████████████████████████████
█████████████████████ Ex. 92 (Dittami Tr. 283:3-14, 284:10-15) ████████
██████████████████████████████████████████████████████
█████████████████████████████████████████████████

A:  Defendants do not dispute that ████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
███████████████████████████████ *See* Ex. 222 (Muchinsky Tr.
105:23-106:11) (████████████████████████████████████████
██████████████████████████████); *id.* at 106:16-107:4 ███████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████



██████████████████████████████████████ *id.* at 107:22-108:15

████████████████████████████████████████

█████████ Defendants dispute Plaintiffs' characterization of Ahdout's

testimony to the CFTC ████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████ Ex. 99 (Ahdout

CFTC Tr. 240:2-16).  Ahdout also testified that ████████████████████

█████████████████████████████████████ *Id.* at 240:17-241:12.

Defendants do not dispute that █████████████████████████████████

████████████████████████████████████████ dispute

that ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████ *See* Ex. 169 ████████████████████████████████

████████████████████████████████████████

████████████████ Ex. 219 (Milazzo Tr. 62:5-23) (█████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████

255.   ████████████████████████████████████████

████████████████████████████████████████

████████ Ex. 92 (Dittami Tr. 300:20-301:3) ████████████████████

████████ Ex. 96 (Dittami CFTC Tr. 430:4-9) ████████████████████



Ex. 96

(Dittami CFTC Tr. 430:10-15) (

Ex. 95 (Niv CFTC Tr. 419:6-14).

Ex. 170 (Wilson- Taylor Tr. 139:7-23).

Ex. 170 (Wilson-Taylor Tr. 140:19-24).

A:  Local Civil Rule 56.1(b) instructs that papers opposing a motion for summary judgment shall include . . . if necessary, additional paragraphs containing a separate, *short and concise statement* of additional material facts . . . ."  L. Civ. R. 56.1 (emphasis added).  This is patently neither a short nor concise statement, and an abuse of the Rule 56.1 requirement for additional material facts.  Defendants dispute Plaintiffs' characterizations of Exs. 92, 95, 96, and 170.  FXCM repeatedly and clearly disclosed that it applied markups to the bids it received from liquidity providers.  *See, e.g.*, Ex. 1 at 1; Ex. 7 at 1; Ex. 9 at 1.

.  *See* Ex. 59 (Milazzo Tr. 57:12-25)

Ex. 222 (Muchinsky Tr. 105:23-106:11) (

Goldman Sachs, Morgan Stanley" all received lower markups); *id.* at 106:16-107:4



*id.* at 107:22-

108:15 (

Ex. 6 (Niv. Tr. 156:3-19) (

Defendants

do not dispute that a

256.

Ex. 96 (Dittami CFTC Tr. 331:20-332:22).

Ex. 96 (Dittami

CFTC Tr. 430:20-25)

A:  Undisputed.

Ex. 59 (Milazzo Tr. 57:12-

25)

Ex. 6 (Niv. Tr. 156:3-19)



Ex. 218 (Milazzo 30(b)(6) Tr. 118:19-119:6).

257. ███████████████████████████████████. Ex. 81 (NivTr. 160:10-22) ("██████████████████████████████████

██████████████████████████████████████

█████████ Ex. 96 (Dittami CFTC Tr. 432:9-14) (███████

████████████████████████████████████████

████████████████████████████████

A:  Defendants do not dispute that ████████████████████

████████████████████████████████████████

███████████████████ *See* Ex. 41; Ex. 46.  Defendants dispute that the testimony Plaintiffs have chosen to cite supports this proposition.

258. ████████████████████████████████

████████████████████████████████████████

███████████████████ Ex. 99 (Ahdout CFTC Tr. 129:25-130:24).

A:  Defendants dispute that Ex. 99 supports this assertion. ████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████ Ex. 99 (Ahdout CFTC Tr. 129:25-130:24).

259.  ███████████████████████████████████████. Ex. 81 (Niv

Tr. 275:2-24).

      A:  Defendants dispute that this is a material fact that is relevant to the Court's

disposition of Defendants' Motion for Summary Judgment.  Defendants otherwise

do not dispute this statement.

260.  ██████████████████████████████████████████

██████ Ex. 81 (Niv Tr. 276:12-18). ████████████████████████████████

██████████████████████████ *Id.*

      A:  Defendants dispute that this is an accurate characterization of Niv's testimony,

in which he testified that ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████ Ex. 81 (Niv Tr. 276:12-18).  Moreover, this is not a

material fact that is relevant to the Court's disposition of Defendants' Motion for

Summary Judgment.

**Defendants Sought to Conceal FXCM's Relationship With Effex**

261.  ██████████████████████████████████████████

███████████████████████████████████████████. Ex. 171

(GLBR_00004281 at GLBR_00004281) ██████████████████████████████

██████████████████████████████████████████████

      A:  Defendants do not dispute that the quoted language appears in Ex. 171.

Defendants dispute Plaintiffs' characterizations of Ex. 171. ████████████████

████████████████████████████████████████████████████████████

████████████████████████████ Ex. 221 (Niv Tr. 217:22-219:17); *see*



*also* Ex. 222 (Muchinsky Tr. 160:3-165:23)

262.

Ex. 172 (GLBR_00003881 at GLBR_00003882).

*Id.* (GLBR_00003881 at GLBR_00003881).

*See, e.g.,* ECF Nos. 252-1, 252-7, 252-8, and 252-9 (FXCM 10-Ks for 2011-2014); Exs. 82-90 (FXCM 10-Qs for 2012-2014).

A: Defendants do not dispute that

Ex. 2 (Wilson-Taylor Report ¶ 11.f) ("

Defendants do not dispute that the language quoted in this fact appears in Ex. 172.  However, Defendants dispute Plaintiffs' characterizations of Ex. 172,

Ex. 172 (GLBR_00003881 at GLBR_00003881).

263.

"█████████████████████████████████ Ex. 173 (GLBR_00151710 at GLBR_00151710).

A:   Defendants do not dispute that the quoted language appears in Ex. 173. However, Defendants dispute Plaintiffs' characterizations of Ex. 173.   Dittami testified that ████████████████████████████████████ ████████████████████████████████ Ex. 209 (Dittami Tr. 293:24-294:14).

264.   ███████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████ Ex. 174 (GLBR_00007684 at GLBR_00007686).

A:   Defendants do not dispute that the quoted language appears in Ex. 174. Defendants dispute Plaintiffs' bracketed characterizations of Ex. 174 (*i.e.*, ████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████ *See* Ex. 174.

265.   ███████████████████████████████████
███████████████████████████████████████████
████████████████████ Ex. 175 (GLBR_00029513 at GLBR_00029518). ████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

█████████████████████████████████████████████████████████ *Id.*

(GLBR_00029513 at GLBR_00029513).

A:  Defendants do not dispute that the quoted language appears in Ex. 175.  Niv

testified that █████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████ Ex. 214 (Niv CFTC Tr. 432:2-433:12).  Niv also testified that ████████

████████████████████████████████████████████████████████

██████████████████████████████████ *Id.* at 433:13-434:14

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████

266.    █████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████ Ex. 176 (GLBR_00110437

at GLBR_00110437).

A:  Undisputed.

### Regulators Investigate FXCM's Relationship With Effex

267.    █████████████████████████████████████████████

████████████ Ex. 81 (Niv Tr. 166:5-167:7).

A:  Defendants do not dispute that the NFA investigated FXCM's relationship with

Effex in 2013 and 2014.  Defendants dispute that the cited testimony from Niv

supports the assertion that ██████████████████████████████████████

████████████████████████████████████████████████████████



. Ex. 81 (Niv. Tr. 167:4-14).

268. ███████████████████████████████████████

████████████████████████. Ex. 81 (Niv Tr. 167:10-170:2); Ex. 177 (GLBR_00104025 at GLBR_00104026) (███████████████████████████████

███████████████████████████

A:  Defendants dispute this statement. ████████████████████████████

████████████████████████████████

███████████████████████████ *See, e.g.*, Ex. 211 (Niv Tr. 167:15-169:20) ████████████████████████████████

████████████████████████████████

████████████████████████████████

███████████████████████████████████ *id.* at 165:6-166:3, 175:9-13; Ex. 35 (Ahdout CFTC Tr. 259:18-260:10, 261:18-24); *see also* Ex. 226 (GLBR_00062622) (███████████████████████████

████████████████████████████████

269.  ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████ Ex. 178 (GLBR_00125304) (letter terminating services agreement);ECF No. 252-27 (letter terminating Dittami's resignation letter).

A:  Defendants do not dispute that the ████████████████████████

████████████████████████████████████████



██████  Defendants also do not dispute that ████████████████████

████████████████████████████████████████████████████

████████████████████████  Defendants dispute Plaintiffs'

characterizations of Ex. 178 and note that Plaintiffs have omitted that ██████████

████████████████  Defendants also dispute Plaintiffs' characterizations

of Ex. 27, ██████████████████████████████████

████████████████████████████████████████████████████

██████████████████████

270.  ████████████████████████████████████

████████████████████████  ECF No. 252-62. ████████████

████████  *id.*, and CFTC, Ex. 81 (Niv Tr. 262:12-14), ████████████

████████████████████████████  Ex. 179 (EY-GBI-WP-00004278 at EY-

GBI-WP-00004279) ("████████████████████████████████"); Ex. 81

(Niv Tr. 256:25-257:21).

A: This is not a material fact that is relevant to the Court's disposition of

Defendants' Motion for Summary Judgment.  Defendants do not dispute that

████████████████████████████████████████████████████

████████████████████████████████████.  Defendants dispute

Plaintiffs' remaining characterizations of Exs. 62, 81, and 179.  ██████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████  Ex. 211 (Niv Tr. 257:5-258:9).  Niv also testified that ██████████

████████████████████████████████████████████████████

█████████████████   *Id.*  Plaintiffs also omit that Ex. 179 states that ████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████   Ex. 179.

271.   ███████████████████████████████████████████,

Ex. 81 (Niv Tr. 178:9-179:6), ██████████████████████████████

████████████████████████████████████████████. ECF No. 252-38

(Acknowledgement and Confirmation).

A:  Defendants do not dispute that Ex. 38 is ███████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████  Defendants dispute Plaintiffs' unsupported characterization that██

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████  Ex. 81 (Niv Tr. 178:9-179:13).

272.   ███████████████████████████████████████████

█████████████████████████   Ex. 81 (Niv Tr. 120:4-6); Ex. 92 (Dittami Tr.

200:19-24).

A:  Defendants do not dispute that ████████████████████████████

████████████████████████████████   Defendants dispute that a

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████   Ex. 36 (Dick Tr. 304:9-305:2).

273.     On February 6, 2017, the CFTC announced that it banned the Company from operating in the U.S. and fined the Company $7 million after finding that FXCM was taking undisclosed positions opposite its retail customers. Ex. 180 (CFTC Press Release).

> A:  Defendants do not dispute that the CFTC and Defendants reached a no-admit-no deny settlement of the CFTC's claims against them and that the terms of that settlement included that FXCM pay a $7 million fine and "within thirty days of the date of entry of [the CFTC's] Order, withdraw from registration with the Commission." ECF No. 245-7 at 12-13.  Defendants dispute any characterizations of Ex. 180, which does not state that FXCM was "taking undisclosed positions opposite its retail customers."

274.     In its Order dated February 6, 2017 ("CFTC Order"), the CFTC found that "FXCM and FXCM Holdings, by and through their officers, employees, and agents, including Respondents Niv and Ahdout, engaged in false and misleading solicitations of FXCM's retail foreign exchange ('forex') customers" by concealing that "FXCM had an undisclosed interest in the market maker that consistently 'won' the largest share of FXCM' s trading volume - and thus was taking positions opposite FXCM's retail customers." ECF No. 245-7 at 2 (CFTC Order).███

███████████████████████████████████   Ex. 181 (Defendants' responses to Plaintiffs' requests for admission) at 22.

> A:  This is not a material fact that is relevant to the Court's disposition of Defendants' Motion for Summary Judgment.  The CFTC's allegations contained in

the CFTC Order are not adjudicated facts that can support the grant or denial of a motion for summary judgment in this case.  The CFTC itself has stated that "no facts have been proven by the CFTC Consent Order where the settling party neither admitted nor denied the allegations. They therefore cannot be treated as proven facts in subsequent litigation."  Ex. 232 (CFTC Reparations Order) at 8-9. Defendants dispute any characterizations of ECF No. 245-7, which does not state that FXCM "concealed" any undisclosed interest.

275.      The same day, the NFA issued a Complaint and a Decision against FXCM, Niv, Ahdout, and Niv's sister, Ornit Niv. ECF Nos. 245-5 (NFA Decision) and 245-6 (NFA Complaint). The NFA found that the defendants committed the violations alleged in the NFA's Complaint, ECF No. 245-5, including that FXCM directed customer trades to a  liquidity provider, Effex, "that was purportedly independent but which FXCM actually supported and controlled. ECF No. 245-6 at 4-5.

A:  This is not a material fact that is relevant to the Court's disposition of Defendants' Motion for Summary Judgment.  The NFA's allegations contained in the NFA Decision and NFA Complaint are not adjudicated facts that can support the grant or denial of a motion for summary judgment in this case.  The CFTC's logic regarding the inadmissibility of the allegations in the CFTC Order (*see* Ex. 232 (CFTC Reparations Order) at 8-9) is equally applicable to the NFA Decision and NFA Complaint.

276.      The NFA found that in exchange for the order flow that FXCM directed to Effex, Effex paid rebates to FXCM that amounted at times to as much as 70% of Effex's profits from FXCM's order flow and which FXCM referred to internally as 'P&L'." ECF No. 245-6 at 5.

A: This is not a material fact that is relevant to the Court's disposition of Defendants' Motion for Summary Judgment. The NFA's allegations contained in the NFA Decision and NFA Complaint are not adjudicated facts that can support the grant or denial of a motion for summary judgment in this case. The CFTC's logic regarding the inadmissibility of the allegations in the CFTC Order (*see* Ex. 232 (CFTC Reparations Order) at 8-9) is equally applicable to the NFA Decision and NFA Complaint.

277.     The Company also issued a press release on February 6, 2017, disclosing the settlements with the NFA and CFTC and announcing that the Company would withdraw from doing business in the U.S., pursuant to the CFTC's order, and sell its U.S. customer accounts. ECF No. 245-13 at 8.

A: Defendants admit that FXCM issued a press release on February 6, 2017 and that ECF No. 245-13 contains that press release. Defendants dispute Plaintiffs' characterizations of the February 6, 2017 press release, which announced simultaneous regulatory settlements with the CFTC and NFA in which "[t]he named FXCM entities and principals neither admit[ted] nor den[ied] the allegations associated with the settlements." ECF No. 245-13 at 8.

278.     On this news, the Company's share price fell $3.40, over 68%, and the price of FXCM Notes fell over 42%. ECF No. 245-1 (Report of Plaintiffs' expert, Adam Werner) at 7.

A: Defendants dispute that any FXCM Stock price decline or FXCM Notes price decline was caused by FXCM's February 6, 2017 press release. Defendants do not dispute that the quoted text appears in the Werner Report, although Defendants disagree with Werner's assertions and calculations. Defendants have filed a Motion

to Exclude the Reports, Testimony, and Opinions of Dr. Adam Werner ("Werner Motion") that is being briefed contemporaneously with Defendants' Motion for Summary Judgment.

279.     On February 21, 2017, Niv resigned as CEO and from the FXCM board of directors. Ex. 182 (FXCM Form 8-K). That same day, FXCM announced its name change to Global Brokerage Inc. *Id.*

A:  Undisputed.

280.     On December 11, 2017, the Company filed for Chapter 11 bankruptcy. Ex. 183 (Chapter 11 Petition).

A:  Undisputed.

**Wilson-Taylor Report and Deposition Testimony**

281.     Defendants' witness, Simon Wilson-Taylor, submitted a report in connection withthis action. ECF No. 252-2 (Wilson-Taylor Report). ███████████████████████ ███████████████████████████████████████████████████████████████ *Id.* at 14 (Figure 1).

A:  Undisputed.

282.     ████████████████████████████████████████████████████ ████████████████████████████████████████. Ex. 170 (Wilson-Taylor Tr. 64:22-65:2).

A:  Defendants dispute Plaintiffs' characterization of Wilson-Taylor's testimony. Wilson-Taylor testified that ███████████████████████████████ ███████████████████████████████████████████████████████ ███████████████ Ex. 5 (Wilson-Taylor Tr. 63:10-18) ████████████ ███████████████████████████████████████████████████████



*Id.* at 63:19-64:21.

283.

. Ex. 170 (Wilson-Taylor Tr. 77:22-78:2).

A:  Defendants dispute Plaintiffs' characterization of Wilson-Taylor's testimony.

Wilson-Taylor testified that

Ex. 210 (Wilson-Taylor Tr. 63:10-18); *see also id.* at 78:2-5 (

Wilson-Taylor also testified

Ex. 210 (Wilson-Taylor Tr. 100:4-103:25) ("

284.

Ex. 170 (Wilson-

Taylor Tr. 86:19-87:6).

A: Defendants dispute Plaintiffs' characterization of Wilson-Taylor's testimony.

Wilson-Taylor testified that ███████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███   Ex. 210 (Wilson-Taylor Tr. 83:6-84:24) ███████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████ *Id.* at

86:19-87:3.

285.   ████████████████████████████████████████

██████████████████████████████████████. Ex. 170

(Wilson-Taylor Tr. 104:2-7). ███████████████████████████

████████████████████████████████████████ Ex.

170 (Wilson-Taylor Tr. 153:16-154:13).

A:  Defendants dispute Plaintiffs' characterization of Wilson-Taylor's testimony.

Wilson-Taylor testified ████████████████████████████

████████████████████████████████████████████

████████████████████████████████ Ex. 210 (Wilson-

Taylor Tr. 100:4-103:25) ██████████████████████████

████████████████████████████████████████████

████████████████████████████████████████ *see also*

*id.* at 154:3-13 (█████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████

286.   ███████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████ Ex. 170 (Wilson-Taylor Tr. 121:7-122:15).

A:  Defendants dispute Plaintiffs' characterization of Wilson-Taylor's testimony.

Wilson-Taylor testified that ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████ Ex. 210 (Wilson-Taylor Tr.

120:20-121:4).  Wilson-Taylor recalled that ███████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████ *Id.* at 121:15-22.

287.   ███████████████████████████████████

████████████████████████████████████████████

████████████████████████ Ex. 170 (Wilson-Taylor Tr. 124:8-14).

A: Defendants dispute Plaintiffs' characterization of Wilson-Taylor's testimony.

Wilson-Taylor testified that ██████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████ Ex. 210 (Wilson-Taylor

Tr. 124:15-125:5).   To ███████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████ *Id.* at 124:8-14.

**683 Capital Deposition Testimony**

288.   ███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████ Ex. 184 (Patt Tr. 33:20-25). ████████████████████████████████

████ Ex. 184 (Patt Tr. 30:25, 103:20), █████████████████████████████

████████████████████████ Ex. 184 (Patt Tr. 35:2, 126:16-19 ("███████

██████████████████████████████, 129:19-20 ("███████████████████████

████████████████████████████████████████████ 148:4-7(█████████████

████████████████████████████████████████████████████████████████████

████████████████████████

A:  Defendants do not dispute that the quoted text appears in Patt's transcript.

Defendants dispute that ████████████████████████████████████████████

███████████████████████████████████

289.   ███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████ Ex. 184 (Patt Tr. 148:8-10).

A:  Defendants do not dispute that the quoted text appears in Patt's transcript. Defendants dispute that ███████████████████████████████████

███████████████████████████████████████████

290.  █████████████████████████████████

██████████████████████████ Ex. 184 (Patt Tr. 151:9-25) █████████████████

█████████████████████████████████████████████

██████████████████████

A:  Defendants do not dispute that the quoted text appears in Patt's transcript. However, Patt's full testimony is: "████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████ Ex. 184 (Patt Tr. 151:9-25).

291.  █████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████" Ex. 184 (Patt Tr. 152:2-10).

A:  Defendants do not dispute that the quoted text appears in Patt's transcript.

292.  █████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████ Ex. 184 (Patt Tr. 77:23-78:7).

A:  Defendants dispute Plaintiffs' characterization of Patt's testimony. ██████████



293. █████████████████████████████████████████████

███████████████████████████████████████████, Ex.

184 (Patt Tr. 142:16-22); (███████████████████████

█████████████████████████, Ex. 184 (Patt Tr. 143:12-17); ██

██████████████████████ Ex. 184 (Patt Tr. 144:13-14).

   A:  Defendants dispute Plaintiffs' characterization of Patt's testimony.  The cited

   portion of the transcript does not support ███████████████████████

   ████████████████████████████████████████████████

   ████████████████████████████████████████████████

   ████████

294.    Patt provided a substantive and accurate explanation of the central claims in

this case:



Ex. 184 (Patt Tr. 29:11-25).

   A:  Defendants do not dispute that the quoted text appears in Patt's transcript.

   Defendants dispute Plaintiffs' characterization of Patt's testimony.

**Barron Expert Report and Supporting Deposition Testimony**

295.    Plaintiff's accounting expert, John Barron, submitted his expert reports in

connection with this Action. ECF No. 240-1 (Barron Report) and 240-3 (Barron Rebuttal). ██

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████ ECF No. 240-1 at 5.

> A:  Defendants do not dispute that Plaintiffs have proffered John Barron as an accounting expert in connection with this action.  Defendants do not dispute that the quoted text appears in the Barron Rebuttal, yet Defendants do not adopt Barron's assertions or calculations.  Defendants have filed a Motion to Exclude the Reports, Testimony, and Opinions of John E. Barron ("Barron Motion") that is being briefed contemporaneously with Defendants' Motion for Summary Judgment.

296. ██████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████ ECF No. 240-3 (Barron Rebuttal) at 20 (quoting Ex. 129 (EY-GBI-WP-00003862)).

> A:  Defendants do not dispute that the quoted text appears in Ex. 129.  Likewise, Defendants do not dispute that the quoted text appears in the Barron Rebuttal, yet Defendants do not accept Barron's characterizations of Ex. 129.  Robert Lande testified ████████████████████████████████████████████
>
> ██████████████████████████████████████████████████
>
> ██████████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████████████████ Ex. 212 (Lande Tr. 170:24-171:11).  Finally,

Defendants have filed the Barron Motion that is being briefed contemporaneously

with Defendants' Motion for Summary Judgment.

297.   ███████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████ ECF No. 240-3 (Barron Rebuttal) at 26-

27 (quoting Ex. 129 (EY-GBI-WP-00003862)).

A:  Defendants do not dispute that the quoted text appears in Ex. 129.  Likewise,

Defendants do not dispute that the quoted text appears in the Barron Rebuttal, yet

Defendants do not accept Barron's characterizations of Ex. 129.  Robert Lande

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████



█████████████████████████████   Ex. 212 (Lande Tr. 170:24-171:11).  Finally,

Defendants have filed the Barron Motion that is being briefed contemporaneously

with Defendants' Motion for Summary Judgment.

298.   ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████   Ex. 185

(Stollow Tr. 103:19-104:10, 107:6-107:15).

A:  Defendants to not dispute that Stollow testified ████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████   and therefore is not a material fact that is relevant to the

Court's disposition of Defendants' Motion for Summary Judgment.   ████████████

████████████████████████████████████████████████████████████

████████████████████████   *See* Ex. 212 (Lande Tr. 72:21-73:3); Ex. 6 (Niv

Tr.  48:17-24);  Ex.  223  (Stollow  Tr.  99:6-101:4).   ████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████   *See* Ex. 213 (EY-GBI-WP-

00004260).

299.   ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████   Ex. 185 (Stollow Tr. 114:14-115:7).   ████████

███████████████████████████████████████████████████

█████████████████████████████████████████████ Ex.

185 (Stollow Tr. 118:17-119:4).

    A:   Defendants dispute Plaintiffs' characterization of Stollow's testimony,

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████ *See* ECF No. 264 at ¶ 72

████████████████████████████████  ██████████

████████████████████████████████████████████

300.   ████████████████████████████████

██████████████████████████████. Ex. 186 (Lande Tr. 97:16–99:3).

██████████████████████████████████████████████

███████████████████████████████████████ *Id.* ███

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████ ECF No. 240-3 (Barron Rebuttal) at 35.

    A:   Defendants do not dispute that the quoted language appears in Ex. 186.

Defendants dispute Plaintiffs' characterization of Lande's testimony, in which he

stated that ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████ Ex.

12 (Lande Tr. 98:5-18).  Moreover, it ████████████████████████

████████████████████████████████████████████████

███████   ECF No. 264 ¶ 72; Ex. 126.  Defendants do not dispute that the quoted

text appears in the Barron Rebuttal, yet Defendants do not accept Barron's

characterizations of Lande's testimony.  Defendants have filed the Barron Motion

that is being briefed contemporaneously with Defendants' Motion for Summary

Judgment.

**Defendants' False and Misleading SOX Certifications**

301.    The 2011 10-K also contained Sarbanes-Oxley Act of 2002  ("SOX")

certifications attesting to the accuracy of the report, certifying that "this report does not contain

any untrue [or misleading] statement of a material fact," and certifying that Niv disclosed "[a]ny

fraud, whether or not material" to FXCM's auditor and audit committee. Niv signed his 2011 10-

K SOX certification. Ex. 187 (2011 10-K SOX certification).

A:  Undisputed.

302.    The 12Q1 10-Q also contained SOX certifications attesting to the accuracy of

the report, certifying that "this report does not contain any untrue [or misleading] statement of a

material fact," and certifying that Niv disclosed "[a]ny fraud, whether or not material"  to FXCM's

auditor and audit committee. Niv signed his 12Q1 10-Q SOX certification. Ex. 188 (12Q1 10-Q

SOX certification).

A:  Undisputed.

303.    The 12Q2 10-Q also contained SOX certifications attesting to the accuracy of

the report, certifying that "this report does not contain any untrue [or misleading] statement of a

material fact," and certifying that Niv disclosed "[a]ny fraud, whether or not material" to FXCM's

auditor and audit committee. Niv signed his 12Q2 10-Q SOX certification. Ex. 189 (12Q2 10-Q

SOX certification).

   A:  Undisputed.

  304.  The 12Q3 10-Q also contained SOX certifications attesting to the accuracy of

the report, certifying that "this report does not contain any untrue [or misleading] statement of a

material fact," and certifying that Niv disclosed "[a]ny fraud, whether or not material" to FXCM's

auditor and audit committee. Niv signed his 12Q3 10-Q SOX certification. Ex. 190 (12Q3 10-Q

SOX certification).

   A:  Undisputed.

  305.  The 2012 10-K also contained SOX certifications attesting to the accuracy of the

report, certifying that "this report does not contain any untrue [or misleading] statement of a

material fact," and certifying that Niv disclosed "[a]ny fraud, whether or not material" to FXCM's

auditor and audit committee. Niv signed his 2012 10-K SOX certification. Ex. 191(2012 10-

K SOX certification).

   A:  Undisputed.

  306.  The 13Q1 10-Q also contained SOX certifications attesting to the accuracy of

the report, certifying that "this report does not contain any untrue [or misleading] statement of a

material fact," and certifying that Niv disclosed "[a]ny fraud, whether or not material" to FXCM's

auditor and audit committee. Niv signed his 13Q1 10-Q SOX certification. Ex. 192 (13Q1 10-Q

SOX certification).

   A:  Undisputed.

  307.  The 13Q2 10-Q also contained SOX certifications attesting to the accuracy of

the report, certifying that "this report does not contain any untrue [or misleading] statement of a material fact," and certifying that Niv disclosed "[a]ny fraud, whether or not material" to FXCM's auditor and audit committee. Niv signed his 13Q2 10-Q SOX certification. Ex. 193 (13Q2 10-Q SOX certification).

        A: Undisputed.

308.     The 13Q3 10-Q also contained SOX certifications attesting to the accuracy of the report, certifying that "this report does not contain any untrue [or misleading] statement of a material fact," and certifying that Niv disclosed "[a]ny fraud, whether or not material" to FXCM's auditor and audit committee. Niv signed his 13Q3 10-Q SOX certification. Ex. 194 (13Q3 10-Q SOX certification).

        A: Undisputed.

309.     The 2013 10-K also contained SOX certifications attesting to the accuracy of the report, certifying that "this report does not contain any untrue [or misleading] statement of a material fact," and certifying that Niv disclosed "[a]ny fraud, whether or not material" to FXCM's auditor and audit committee. Niv signed his 2013 10-K SOX certification. Ex. 195(2013 10-K SOX certification).

        A: Undisputed.

310.     The 14Q1 10-Q also contained SOX certifications attesting to the accuracy of the report, certifying that "this report does not contain any untrue [or misleading] statement of a material fact," and certifying that Niv disclosed "[a]ny fraud, whether or not material" to FXCM's auditor and audit committee. Niv signed his 14Q1 10-Q SOX certification. Ex. 196 (14Q1 10-Q SOX certification).

        A: Undisputed.

311.     The 14Q2 10-Q also contained SOX certifications attesting to the accuracy of the report, certifying that "this report does not contain any untrue [or misleading] statement of a material fact," and certifying that Niv disclosed "[a]ny fraud, whether or not material" to FXCM's auditor and audit committee. Niv signed his 14Q2 10-Q SOX certification. Ex. 197 (14Q2 10-Q SOX certification).

A:  Undisputed.

312.     The 14Q3 10-Q also contained SOX certifications attesting to the accuracy of the report, certifying that "this report does not contain any untrue [or misleading] statement of a material fact," and certifying that Niv disclosed "[a]ny fraud, whether or not material" to FXCM's auditor and audit committee. Niv signed his 14Q3 10-Q SOX certification. Ex. 198 (14Q3 10-Q SOX certification).

A:  Undisputed.

313.     The 2014 10-K also contained SOX certifications attesting to the accuracy of the report, certifying that "this report does not contain any untrue [or misleading] statement of a material fact," and certifying that Niv disclosed "[a]ny fraud, whether or not material" to FXCM's auditor and audit committee. Niv signed his 2014 10-K SOX certification. Ex. 199(2014 10-K SOX certification).

A:  Undisputed.

Dated: January 20, 2022

KING & SPALDING LLP

*/s/ Israel Dahan*

Israel Dahan
Peter Isajiw
Ryan Gabay
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036-2601
Tel: (212) 556.2100
Fax: (212) 556.2200
idahan@kslaw.com
pisajiw@kslaw.com
rgabay@kslaw.com

Chelsea Corey
KING & SPALDING LLP
300 S. Tryon Street, Suite 1700
Charlotte, North Carolina 28202
Tel: (704) 503.2575
Fax: (704) 503.2622
ccorey@kslaw.com

*Attorneys for Defendants Global Brokerage, Inc.*
*f/k/a/ FXCM, Inc., Dror Niv, and William Ahdout*