# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Israel Dahan
Partner
Direct Dial: +1 212 556 2114
Direct Fax: +1 212 556 2222
idahan@kslaw.com

January 20, 2022

*Via ECF*

The Honorable Ronnie Abrams
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *In re Global Brokerage, Inc. f/k/a FXCM, Inc. Securities Litigation* Civ. No. 17-cv-00916 (RA); Letter motion to seal documents and portions of briefing associated with Defendants' Reply Memorandum of Law in Support of their Motion for Summary Judgment

Dear Judge Abrams:

Pursuant to Section 5.A of your Individual Rules of Practice in Civil Cases ("Individual Rules"), Defendants in the above-captioned matter move to seal portions of the briefing in further support of their Motion for Summary Judgment against Plaintiffs. Specifically, Defendants seek to seal: (1) portions of the Reply Memorandum of Law in Support of Defendants' Motion for Summary Judgment; (2) portions of Defendants' Response to Plaintiffs' Rule 56.1 Statement of Additional Material Facts; and (3) Exhibits 209-231 and 233 to the accompanying Supplemental Declaration of Israel Dahan.

Defendants also move to seal portions of the Reply Memorandum of Law in Support of Defendants' Motion To Exclude the Reports, Testimony, and Opinions of John E. Barron. Lastly, Defendants move to seal portions of the Reply Memorandum of Law in Support of Defendants' Motion To Exclude the Reports, Testimony, and Opinions of Dr. Adam Werner.

The parties in the above-captioned action have entered into a Stipulation and Confidentiality Order, approved and ordered by the Court on July 24, 2019 (ECF No. 144, "Confidentiality Order"). Paragraph 4.d. of the Confidentiality Order provides that:

> To the extent Confidential Discovery Material is attached to, quoted, or referenced in Documents filed with the Court, such Confidential Discovery Material is subject to the Court's requirements for filing documents under seal . . . .

1

The material Defendants propose to seal consists of (1) documents and expert reports that have been produced in this matter, which have been stamped "Confidential," and for which there is no version of the document available in the public domain; (2) deposition transcripts that have been designated "Confidential," and for which there is no version of the document available in the public domain; and (3) descriptions of or quotations from such documents, expert reports, and deposition transcripts. Thus, all of the aforementioned material is "Confidential Discovery Material" within the meaning of the Confidentiality Order.

"'The Supreme Court has noted that every court has supervisory power over its own records and files.'" *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013) (quoting *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978)). The Second Circuit has held that courts have the power to forbid the disclosure of information and documents. *See F.D.I.C. v. Ernst & Ernst*, 677 F.2d 230, 232 (2d Cir. 1987). When deciding whether a document should be sealed, a court must consider the common law right of public access to documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435. F.3d 110, 119 (2d Cir. 2006). In order for the common law right of access documents to apply, the documents must be considered "judicial documents." *Id.* at 119. A document becomes a "judicial document" when it is "'relevant to the performance of the judicial function and useful in the judicial process.'" *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). A court can seal documents it if it concludes that the presumption in favor of access is outweighed by other factors such as impeding judicial efficiency and privacy concerns from the parties resisting disclosure. *Lugosch*, 435 F.3d at 119-20.

While Defendants acknowledge that "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches," countervailing factors may defeat that presumption. *Lugosch*, 435 F.3d at 121, 125; *see also Giuffre v. Maxwell*, 325 F. Supp. 3d 428, 445 (S.D.N.Y. 2018) (denying motion to unseal summary judgment documents and finding a countervailing privacy interest defeated the presumption of access).

Defendants seek to seal these documents, expert reports, and deposition transcripts, and references to such material in the briefing, in accordance with the parties' Confidentiality Order. Defendants' proposed redactions are narrowly tailored and necessary to preserve the privacy the parties expected when entering into the Confidentiality Order and when producing documents. In accordance with Section 5.A.iii.i of your Individual Rules, the parties have conferred, and Plaintiffs do not object to this motion to seal the materials described herein.

Therefore, Defendants move the Court to seal the un-redacted papers detailed in the first and second paragraphs of this Letter Motion, copies of which have been submitted to the Court via ECF.

Respectfully submitted,

KING & SPALDING LLP

*/s/ Israel Dahan*
Israel Dahan

*Counsel for Defendants*

cc: All Counsel of Record

Application granted.

SO ORDERED.

_____
Hon. Ronnie Abrams
January 21, 2022

3