# EXHIBIT 181

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Global Brokerage, Inc. f/k/a FXCM Inc. Securities Litigation | Master File No. 1:17-cv-00916-RA <br><br> <u>CLASS ACTION</u> |
| This Document Relates To:  All Actions | |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO**
**<u>PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANTS</u>**

In accordance with Rules 26 and 36 of the Federal Rules of Civil Procedure and the Local Rules for the Southern District of New York (the "Rules"), Defendants Global Brokerage, Inc. f/k/a FXCM, Inc. ("FXCM"), Dror Niv, and William <u>Ahdout</u> (collectively, "Defendants"), hereby respond and object to Plaintiffs' First Set of Requests for Admission to Defendants, dated January 8, 2021 (the "Requests") as follows:

**<u>GENERAL STATEMENT</u>**

Defendants' responses are made subject to, and without waiver of, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the information referred to or of the responses given herein, or of the subject matter thereof in any proceeding, including the trial of this action or any other subsequent proceeding, and said responses are made specifically subject to the right to object to any proceeding involving or relating to the subject matter of the Requests responded to herein. No objection or limitation, or lack thereof, made in these responses and objections shall be deemed an admission by Defendants as to the existence or non-existence of the information sought, or waiver of Defendants' rights to assert such objection or limitation at any future time in connection with the Requests or otherwise.

1

Defendants have not completed their investigation of the facts related to this case. Defendants respond to these Requests based on their present knowledge, the documents and things presently in their possession, and the analysis they have completed to date. Defendants reserve the right to later supplement or amend their answers and objections to these Requests.

By responding to these Requests, Defendants do not concede that the information given is properly discoverable or admissible. Defendants reserve the right to object to further discovery regarding the subject matter of the Requests.

## GENERAL OBJECTIONS

Defendants assert the following General Objections to the Requests, each of which is incorporated into the Specific Responses and Objections set forth below. No response to any Requests is, or shall be deemed to be, a waiver of Defendants' General Objections. Any undertaking to provide a response to the Requests remains subject to, and without waiver of, the General Objections.

1.      Defendants object to the Requests to the extent that they call for information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense or common-interest privilege, and/or any other privilege or protection recognized under applicable state, federal, or foreign law. Such information will not be disclosed in response to these requests for admission, and any inadvertent disclosure shall not be deemed a waiver of any such privilege, rule, or duty.

2.      Defendants object to the Requests to the extent that they purport to require Defendants to draw legal conclusions or they are predicated on legal conclusions or arguments. Subject to and without waiver of their objections, Defendants state that any written response, production of documents or provision of information in response to the Requests is not intended

2

to provide, and shall not constitute or be construed as providing, a legal conclusion or admission.

3.      Defendants object to the Requests to the extent that they are vague, ambiguous, overbroad, and/or lacking in particularity.

4.      Defendants object to the Requests to the extent that they call for information that is not relevant to Plaintiffs' claims or any affirmative defenses identified by Defendants.  By providing any or all answers, Defendants do not concede that any of the Requests seek information or documents that are relevant to the claims or defenses of the above-captioned action (the "Action") or otherwise are appropriate for discovery in the Action.

5.      Defendants object to the RFAs to the extent they contain inaccurate, incomplete, or misleading descriptions of facts, persons, or events underlying this Action or are based on a false or flawed premise, assumption or presumption.  The disclosure of information in response to the Requests shall not constitute Defendants' agreement with, or acquiescence to, any such description or presumption.  By responding to a particular Request, Defendants do not accept, adopt or concede the truth or validity of any allegation, legal conclusion, or characterization made in that Request.  This objection applies with equal force to any of Plaintiffs' Definitions as laid out in their Requests.  To the extent that any of Plaintiffs' Definitions presume, or otherwise imply, that any contested assertions in Plaintiffs' complaint are factually accurate, Defendants to not concede them.

6.      Defendants object to the Requests to the extent they purport to impose requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Southern District of New York, or the individual rules of the judge presiding over the Action (together, the "Applicable Rules").

7.      Defendants object to the Requests to the extent that they "are not designed to identify and eliminate matters on which the parties agree, but to seek information as to fundamental disagreement at the heart of the lawsuit, or are unduly burdensome." *Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018); *see also* 7 Moore's Federal Practice § 36.02[1] (3d ed. 2013) ("While the basic purpose of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was not designed for this purpose. Instead, requests for admission are used to establish admission of facts about which there is no real dispute.").

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Defendants set forth the following objections to Plaintiffs' Definitions and Instructions, which are incorporated by reference into each of its Specific Responses and Objections to the Requests, as applicable, and as set forth below.

1.      Defendants object to the Instructions to the extent they seek to impose obligations on Defendants that are inconsistent with or greater than the obligations imposed by the Applicable Rules or any court orders that may be entered that govern discovery in this Action.

2.      Defendants object to the "Definitions" insofar as they incorporate purported facts. Defendants do not adopt or confirm the accuracy of any purported facts incorporated in any of the Definitions.

3.      Defendants object to Definition No. 1 ("Class Period") to the extent it exceeds the Class Period determined by the Court's order on Defendants' motion to dismiss (ECF No. 135, the "Order"). *See* Order (March 28, 2019), ECF No. 135, at 21, 23, 26–27.

4.      Defendants object to Definition No. 5 ("Defendants") because it is vague,

4

ambiguous, overbroad, and unduly burdensome. Defendants will interpret "Defendants" to mean FXCM, Dror Niv, and William Ahdout.

5.       Defendants object to Definition No. 7 ("Effex") because it is vague, ambiguous, overbroad, and unduly burdensome. Defendants will interpret "Effex" to mean only Effex Capital, LLC.

6.       Defendants object to Definition No. 8 ("FXCM" or the "Company") because it is vague, ambiguous, overbroad, and unduly burdensome. Defendants will interpret "FXCM" or the "Company" to mean only Global Brokerage, Inc., formerly known as FXCM, Inc., Global Brokerage Holdings, LLC (f/k/a FXCM Holdings, LLC), FXCM Group, LLC, and Forex Capital Markets, LLC.

7.       Defendants object to the Requests to the extent that they do not specify a relevant time period. Unless otherwise specified, Defendants' responses to the Interrogatories are limited to the period March 15, 2012 through March 16, 2015 in accordance with the Order. *See* Order (March 28, 2019), ECF No. 135, at 21 ("[T]he second amended complaint plausibly alleges that FXCM misled investors in its public filings with respect to its purported agency-trading model, but only from the beginning of the Class Period until the end of its order flow arrangement with Effex in August 2014."); *id.* at 23 ("As addressed earlier, Plaintiffs do not appear to challenge that the order flow payments ceased after August 2014. Nevertheless, in the Company's 14Q3 10-Q and 2014 10-K, FXCM continued to address these payments as for order flow, which—for the reasons described above—Plaintiffs have adequately pleaded was misleading."); *id.* at 26 –27 ("Because Plaintiffs have provided no allegations that the relationship between these two entities continued after August 2014, however, Plaintiffs have failed to plead that Defendants were

responsible for misstatements or omissions in violation of GAAP with respect to events past that date.").

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

**RFA No. 1:**  Admit that no employee or agent of FXCM was permitted to withhold information (other than records containing personal employee information) from Defendants Niv or Ahdout.

**Response to RFA No. 1:**

Defendants incorporate by reference their General Objections and Objections to Definitions as though they were set forth fully herein.  Defendants further object to this request as vague and ambiguous to the extent that it does not define the term "information."  Defendants also object to this Request to the extent it calls for a legal conclusion.

Subject to these objections, Defendants can neither admit nor deny this Request because it is unintelligibly vague.

**RFA No. 2:**  Admit that between March 1, 2010 and August 1, 2014, Effex was the only liquidity provider that paid FXCM for order flow.

**Response to RFA No. 2:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.

Subject to the foregoing objections, Defendants admit that Effex paid FXCM Holdings, LLC for order flow during the Class Period.  Defendants further admit that BNP Paribas also paid Forex Capital Markets, LLC for order flow during the Class Period.  *See, e.g.*, GLBR_00120033; GLBR_00133264; GLBR_00133267; GLBR_00133326; GLBR_00133678; GLBR_00133686; GLBR_00133786; GLBR_00134123; GLBR_00134649; GLBR_00134999; GLBR_00152459; GLBR_00185254; Transcript of the December 9, 2020 Deposition of Joshua Rosenfeld ("Rosenfeld Dep. Tr.") at 123:16–125:3, 214:2–19; Transcript of the February 11, 2020 Deposition of Drew Niv at 158:4–11, 181:21–182:3 ("Niv Dep. Tr."); Transcript of the

May 19, 2016 Deposition of William Ahdout (GLBR_00001307-1661) ("Ahdout CFTC Dep. Tr.") at 131:13–132:20; Transcript of the May 25, 2016 Deposition of Drew Niv (GLBR_00000141-390) ("Niv CFTC Dep. Tr.") at 140:16–141:2, 142:14–144:17.

**RFA No. 3:**  Admit that at no time prior to February 6, 2017 did FXCM publicly disclose that Effex was the only liquidity provider that paid FXCM for order flow between March 1, 2010 and August 1, 2014.

**Response to RFA No. 3:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.  Defendants also incorporate their responses and objections to RFA No. 2, as that Request is restated in its entirety in this Request.  Defendants further object to this request as vague and ambiguous to the extent that it does not define the term "publicly disclose."

Subject to the foregoing objections, Defendants admit that Effex paid FXCM Holdings, LLC for order flow during the Class Period.  Defendants further admit that BNP Paribas also paid Forex Capital Markets, LLC for order flow during the Class Period.  *See, e.g.*, GLBR_00120033; GLBR_00133264; GLBR_00133267; GLBR_00133326; GLBR_00133678; GLBR_00133686; GLBR_00133786; GLBR_00134123; GLBR_00134649; GLBR_00134999; GLBR_00152459; GLBR_00185254; Rosenfeld Dep. Tr. at 123:16–125:3, 214:2–19; Niv Dep. Tr. at 158:4–11, 181:21–182:3; Ahdout CFTC Dep. Tr. at 131:13–132:20; Niv CFTC Dep. Tr. at 140:16–141:2, 142:14–144:17.  Defendants further admit that Effex was not publicly named as a liquidity provider of FXCM in filings that FXCM submitted to the SEC prior to February 6, 2017, as they had no obligation to do so.

**RFA No. 4:** Admit that Defendants have no evidence to support their Tenth Affirmative Defense that "Plaintiffs and members of the purported class knew or had reason to know of the untruth or omission allegedly constituting the violation."

**Response to RFA No. 4:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.  Defendants also object to this Request to the extent it calls for a legal conclusion.  Defendants further object as this is not a proper request for admission, as it is not designed to identify and eliminate matters as to which there is no dispute.  *See Republic of Turkey*, 326 F.R.D. at 399.

Subject to the foregoing objections, Defendants admit that they repeatedly disclosed to Plaintiffs and any putative class members that FXCM received payments for order flow from liquidity providers.  *See, e.g.*, FXCM Form 10-K filed on March 18, 2013 for the fiscal year ended December 31, 2012 ("2012 10-K") at 1, 74, F-18; FXCM Form 10-K filed on March 17, 2014 for the fiscal year ended December 31, 2013 ("2013 10-K") at 1, 40, 73; FXCM Form 10-K filed on March 16, 2015 for the fiscal year ended December 31, 2014 ("2014 10-K") at 42, 51, 60, 78–79.  Defendants otherwise deny the Request.

**RFA No. 5:**  Admit that Defendants have no evidence to support their Eleventh Affirmative Defense that "Plaintiffs and members of the purported class had actual or constructive knowledge of the acts and omissions complained of and therefore assumed the risk of any alleged damages proximately caused thereby."

**Response to RFA No. 5:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.  Defendants also object to this Request to the extent it calls for a legal conclusion.  Defendants further object as this is not a proper request for admission, as it is not designed to identify and eliminate matters as to which there is no dispute.  *See Republic of Turkey*, 326 F.R.D. at 399.

Subject to the foregoing objections, Defendants admit that they repeatedly disclosed to Plaintiffs and any putative class members that FXCM received payments for order flow from

liquidity providers.  *See, e.g.*, 2012 10-K at 1, 74; 2013 10-K at 1, 40, 73; 2014 10-K at 42, 51,

60, 78–79.  Defendants otherwise deny the Request.

**RFA No. 6:**  Admit that Defendants have no evidence to support their Fourteenth Affirmative
Defense that "Plaintiffs and members of the purported putative class knew or had reason to know,
the truth of the alleged misrepresentations or omissions on which their claims are based."

**Response to RFA No. 6:**

Defendants incorporate by reference their General Objections and Objections to

Definitions and Instructions as though they were set forth fully herein.  Defendants also object to

this Request to the extent it calls for a legal conclusion.  Defendants further object as this is not a

proper request for admission, as it is not designed to identify and eliminate matters as to which

there is no dispute.  *See Republic of Turkey*, 326 F.R.D. at 399.

Subject to the foregoing objections, Defendants admit that they repeatedly disclosed to

Plaintiffs and any putative class members that FXCM received payments for order flow from

liquidity providers.  *See, e.g.*, 2012 10-K at 1, 74; 2013 10-K at 1, 40, 73; 2014 10-K at 42, 51,

60, 78–79.  Defendants otherwise deny the Request.

**RFA No. 7:**  Admit that Defendants have no evidence to support their Twenty-Sevent[h]
Affirmative Defense that "Plaintiffs and the putative class would have purchased at-issue notes
and common stock shares even with full knowledge of the facts that they now allege were
misrepresented or omitted."

**Response to RFA No. 7:**

Defendants incorporate by reference their General Objections and Objections to

Definitions and Instructions as though they were set forth fully herein.  Defendants also object to

this Request to the extent it calls for a legal conclusion.  Defendants further object as this is not a

proper request for admission, as it is not designed to identify and eliminate matters as to which

there is no dispute.  *See Republic of Turkey*, 326 F.R.D. at 399.

Subject to the foregoing objections, Defendants respond that they lack knowledge or

9

information sufficient to admit or deny this Request as this information is uniquely in the possession of unknown members of the putative plaintiff class.

**RFA No. 8:**   Admit that Defendants have no evidence to support their Twenty-Eighth Affirmative Defense that "Plaintiffs and members of the purported class purchased notes and shares of the at-issue common stock with actual or constructive knowledge of the risks involved in an investment in the securities."

**Response to RFA No. 8:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.  Defendants also object to this Request to the extent it calls for a legal conclusion.  Defendants further object as this is not a proper request for admission, as it is not designed to identify and eliminate matters as to which there is no dispute.  *See Republic of Turkey*, 326 F.R.D. at 399.

Subject to the foregoing objections, Defendants admit that they repeatedly disclosed to Plaintiffs and any putative class members that FXCM received payments for order flow from liquidity providers and the risks attendant to FXCM's business, including but not limited to, risks regarding the heavily regulated environment FXCM operates in that is likely to impose significant legal risks.  *See, e.g.*, 2012 10-K at 1, 12–39, 74; 2013 10-K at 1, 10–34, 40, 73; 2014 10-K at 11–35, 42, 51, 60, 78–79.  Defendants otherwise deny the Request.

**RFA No. 9:**   Admit that Defendants have no evidence to support their Thirtieth Affirmative Defense that "one or more members of the purported putative plaintiff class ratified the alleged wrongful acts and omissions alleged in the Complaint."

**Response to RFA No. 9:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.  Defendants also object to this Request to the extent it calls for a legal conclusion.  Defendants further object as this is not a proper request for admission, as it is not designed to identify and eliminate matters as to which

there is no dispute.  *See Republic of Turkey*, 326 F.R.D. at 399.

Subject to the foregoing objections, Defendants respond that they lack knowledge or information sufficient to admit or deny this Request as this information is uniquely in the possession of unknown members of the putative plaintiff class.

**RFA No. 10:**  Admit that between March 15, 2012 and August 1, 2014, Effex reimbursed FXCM for bonuses FXCM paid to FXCM employees for work those employees performed for Effex.

**Response to RFA No. 10:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.

Subject to the foregoing objections, Defendants admit that Effex reimbursed FXCM for bonuses FXCM paid to two FXCM employees who performed certain work for Effex as part of their duties as FXCM employees.  *See, e.g.*, Milazzo Dep. Tr. 142:15–25; Merwitz Dep. Tr. 122:9–12, 122:20–123:9; Transcript of the May 13, 2016 Deposition of Evan Milazzo (GLBR_00000668-980) ("Milazzo CFTC Dep. Tr.") at 42:13–43:3, 44:12–45:8, 154:15–157:4, 163:5–164:3.

**RFA No. 11:**  Admit that between March 15, 2012 and August 1, 2014, no FXCM employees performed work for any liquidity provider other than Effex.

**Response to RFA No. 11:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.  Defendants further object to this Request as vague and ambiguous to the extent that it does not define the term "performed work."

Subject to the foregoing objections, Defendants admit that FXCM employees would monitor Effex's dashboard and assist with coding for Effex as part of their duties as FXCM

employees.  *See, e.g.*, Transcript of the December 16–17, 2020 Deposition of Darren Merwitz ("Merwitz Dep. Tr.") 124:8–16; Transcript of the December 2, 2020 Deposition of Evan Milazzo ("Milazzo Dec. 2 Dep. Tr.") 140:12–142:12.  With respect to whether FXCM employees "performed work" for other liquidity providers, Defendants can neither admit nor deny this Request because it is unintelligibly vague.

**RFA No 12:**  Admit that between March 15, 2012 and August 1, 2014, no FXCM employees received bonuses from FXCM for work they performed for any liquidity provider other than Effex.

**Response to RFA No. 12:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.  Defendants further object to this Request as vague and ambiguous to the extent that it does not define the term "work they performed."

Subject to the foregoing objections, Defendants admit that FXCM employees would monitor Effex's dashboard and assist with coding for Effex as part of their duties as FXCM employees.  *See, e.g.*, Merwitz Dep. Tr. 124:8–16; Milazzo Dec. 2 Dep. Tr. 140:12–142:12. Those same FXCM employees would, on occasion, receive bonuses from FXCM.  *See., e.g.*, Merwitz Dep. Tr. 122:25–123:9; Milazzo Dec. 2 Dep. Tr. 142:15–25.  With respect to whether FXCM employees "received bonuses from FXCM for work they performed" for other liquidity providers, Defendants can neither admit nor deny this Request because it is unintelligibly vague.

**RFA No. 13:**  Admit that between March 15, 2012 and August 1, 2014, FXCM allowed Effex to use a hold timer in conjunction with a "last look" practice in Effex's trades with FXCM.

**Response to RFA No. 13:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.  Defendants further object to this request as vague and ambiguous as neither "hold timer" nor "'last look' practice" is

defined.

Subject to the foregoing objections, Defendants admit that Effex, like all liquidity providers, used a "hold timer" at times, as part of its trading practices. *See, e.g.*, Milazzo Dec. 2 Dep Tr. at 186:2–25; GLBR_00041753. Defendants deny that they were in a position to "allow" or prohibit use of a "hold timer" by any liquidity provider, including Effex. *See, e.g.*, Milazzo Dec. 2, 2020 Dep Tr. at 187:2–17; GLBR_00041753.

**RFA No. 14:** Admit that between March 15, 2012 and August 1, 2014, by using a hold timer in conjunction with a "last look" practice, Effex at times benefitted from price slippage in Effex's favor, without passing on price slippage in the customer's favor.

**Response to RFA No. 14:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein. Defendants further object to this request as vague and ambiguous as neither "hold timer" nor "'last look' practice" is defined.

Subject to the foregoing objections, Defendants admit that Effex, like all liquidity providers, used a "hold timer" at times, as part of its trading practices. *See, e.g.*, Milazzo Dec. 2 Dep Tr. at 186:2–25; GLBR_00041753. Defendants further respond that they lack knowledge or information sufficient to admit or deny this Request. Defendants are simply not in a position to know whether Effex, an independent company, "at times benefitted from price slippage in Effex's favor, without passing on price slippage in the customer's favor."

**RFA No. 15:** Admit that at all times between March 1, 2010 and August 1, 2014, FXCM allowed Effex to win all price quote ties with other liquidity providers.

**Response to RFA No. 15:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein. Defendants further object

13

to this request as it seeks information outside the Class Period and, thus, is not relevant to the claims or defenses in this action.

Subject to the foregoing objections, Defendants admit that Effex was permitted to win ties on price quotes in certain currency pairs at certain points in time.  Contrary to the assertion in the Request, produced documents and deposition testimony establish that there were periods of time that Effex was not permitted to win ties on certain currency pairs.  *See, e.g.*, GLBR_00005927; GLBR_00009421; GLBR_00063288; GLBR_00151218; Transcript of the January 21, 2021 Deposition of John Dittami ("Dittami Dep. Tr.") at 291:22–292:2.  Defendants admit that no liquidity provider, including Effex, was permitted to "win all price quote ties with other liquidity providers" on all currency pairs at all times during the Class Period.

**RFA No. 16:**  Admit that at no point between March 1, 2010 and August 1, 2014 did FXCM allow any liquidity provider other than Effex to win all price quote ties with other liquidity providers.

**Response to RFA No. 16:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.  Defendants further object to this request as it seeks information outside the Class Period and, thus, is not relevant to the claims or defenses in this action.

Subject to the foregoing objections, Defendants admit that Effex was permitted to win ties on a majority of currency pairs at certain points in time during the Class Period.  Contrary to the assertion in the Request, produced documents and deposition testimony establish that there were periods of time that Effex was not permitted to win ties on certain currency pairs.  *See, e.g.*, GLBR_00005927; GLBR_00009421; GLBR_00063288; GLBR_00151218; Dittami Dep. Tr. at 291:22–292:2.  Defendants admit that no liquidity provider, including Effex, was permitted to "win all price quote ties with other liquidity providers" on all currency pairs at all times during

14

the Class Period.

**RFA No. 17:**  Admit that between March 15, 2012 and August 1, 2014, FXCM provided Effex with the ability to view in real time the price quotes offered by FXCM's other liquidity providers.

**Response to RFA No. 17:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.  Defendants further object to this Request as vague and ambiguous to the extent that it does not define the term "real time" or "price quotes."

Subject to the foregoing objections, Defendants admit that between March 15, 2012 and August 1, 2014, FXCM provided Effex the ability to view raw quotes from other liquidity providers in exchange for superior execution.  *See, e.g.*, Milazzo Dec. 1, 2020 Dep. Tr. 42:19–43:15.  Defendants further admit that Effex, as well as other liquidity providers, were given the ability to view in real time the best bid and offer that was formed out of the quotes from other liquidity providers.  *See id.*

**RFA No. 18:**  Admit that between March 15, 2012 and August 1, 2014, FXCM did not provide any liquidity providers other than Effex the ability to view in real time the price quotes offered by other liquidity providers.

**Response to RFA No. 18:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.  Defendants further object to this Request as vague and ambiguous to the extent that it does not define the term "real time" or "price quotes."

Subject to the foregoing objections, Defendants admit that between March 15, 2012 and August 1, 2014, FXCM provided Effex the ability to view raw quotes from other liquidity providers.  *See, e.g.*, Transcript of the December 1, 2020 Deposition of Evan Milazzo ("Milazzo

Dec. 1 Dep. Tr.") at 42:19–43:15; 38:12–25.   Defendants further admit that Effex, as well as other liquidity providers, were given the ability to view in real time the best bid and offer that was formed out of the quotes from other liquidity providers.  *See id.*

**RFA No. 19:**   Admit that Defendants Niv and Ahdout both controlled FXCM, directly or indirectly, as "control" is used in Section 20(a) of the Securities Exchange Act of 1934.

**Response to RFA No. 19:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.  Defendants further object to this request to the extent that it calls for a legal conclusion.

Subject to the foregoing objections, Defendants admit that during the Class Period Defendant Niv was the Chief Executive Officer of FXCM, Inc. and Forex Capital Markets, LLC, and Defendant Ahdout was a Director of FXCM, Inc. and a Managing Director of Forex Capital Markets, LLC.

**RFA No. 20:**   Admit that FXCM US and John Dittami entered into an employment agreement dated September 4, 2009 ("Employment Agreement").

**Response to RFA No. 20:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.  Defendants further object to this request to the extent that it calls for a legal conclusion.

Subject to the foregoing objections, Defendants admit that John Dittami executed a document entitled "Employment Agreement" by and among Mr. Dittami and Forex Capital Markets, LLC, dated September 4, 2009.

**RFA No. 21:**  Admit that the Employment Agreement is reflected in GLBR_00110697.

**Response to RFA No. 21:**

Defendants incorporate by reference their General Objections and Objections to

16

Definitions and Instructions as though they were set forth fully herein.   Defendants also incorporate their Response to RFA No. 20.

Subject to the foregoing objections, Defendants admit that the document produced at Bates numbers GLBR_00110697 – 110712 is a true and correct copy of a document entitled "Employment Agreement" by and among Forex Capital Markets, LLC and John Dittami, dated September 4, 2009.

**RFA No. 22:**  Admit that FXCM US and Effex entered into a services agreement dated March 1, 2010 ("March 2010 Services Agreement").

**Response to RFA No. 22:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.   Defendants further object to this request to the extent that it calls for a legal conclusion.

Subject to the foregoing objections, Defendants admit that William Ahdout, on behalf of Forex Capital Markets, LLC, and John Dittami, on behalf of Effex Capital, LLC, executed a document entitled "Services Agreement" by and among Effex Capital, LLC and Forex Capital Markets, LLC, dated March 1, 2010.

**RFA No. 23:**  Admit that the March 2010 Services Agreement is reflected in GLBR_00135436.

**Response to RFA No. 23:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.   Defendants also incorporate their Response to RFA No. 22.

Subject to the foregoing objections, Defendants admit that the document produced at Bates numbers GLBR_00135436 – 135443 is a true and correct copy of a document entitled "Services Agreement" by and among Forex Capital Markets, LLC and Effex Capital, LLC, dated

March 1, 2010.

**RFA No. 24:**  Admit that FXCM US and John Dittami executed an Option Agreement dated April 14, 2010 ("Option Agreement").

**Response to RFA No. 24:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.  Defendants further object to this request to the extent that it calls for a legal conclusion.

Subject to the foregoing objections, Defendants admit that William Ahdout, purporting to act on behalf of Forex Capital Markets, LLC, and John Dittami, on behalf of Effex Capital, LLC, executed a document entitled "Option Agreement" by and among John Dittami and Forex Capital Markets, LLC, dated April 14, 2010.  Defendants deny that the Option Agreement is a valid, binding agreement.  *See, e.g.*, Transcript of the January 14, 2021 Deposition of Robert Lande ("Lande Dep Tr.") 99:12–100:3; Niv Dep. Tr. 119:19–22; Niv CFTC Dep. Tr. 155:8–11, 158:24–159:19.  Effex has likewise denied that the Option Agreement is a valid, binding agreement.  *See, e.g.*, Dittami Dep. Tr. 98:22–99:3; 101:4–9.

**RFA No. 25:**  Admit that the Option Agreement is reflected in GLBR_00189350.

**Response to RFA No. 25:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.  Defendants also incorporate their Response to RFA No. 24.

Subject to the foregoing objections, Defendants admit that the document produced at Bates numbers GLBR_00189350 – 189351 is a true and correct copy of a document entitled "Option Agreement" by and among Forex Capital Markets, LLC and John Dittami, dated April 14, 2010.

**RFA No. 26:**  Admit that FXCM US and John Dittami executed a letter agreement dated April 14, 2010 ("Letter Agreement").

**Response to RFA No. 26:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.  Defendants further object to this request to the extent that it calls for a legal conclusion.

Subject to the foregoing objections, Defendants admit that William Ahdout, purporting to act on behalf of Forex Capital Markets, LLC, and John Dittami executed a letter dated April 14, 2010.

**RFA No. 27:**  Admit that the Letter Agreement is reflected in GLBR_00189367, at GLBR_00189370.

**Response to RFA No. 27:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.  Defendants also incorporate their Response to RFA No. 26.

Subject to the foregoing objections, Defendants admit that the document produced at Bates number GLBR_00189370 is a true and correct copy of a letter signed by John Dittami and William Ahdout on April 14, 2010.

**RFA No. 28:**  Admit that the Letter Agreement terminated the Employment Agreement.

**Response to RFA No. 28:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.  Defendants further object to this request to the extent that it calls for a legal conclusion.  Defendants also incorporate their Response to RFA Nos. 20 and 26.

Subject to the foregoing objections, Defendants admit that the letter reflected at Bates

number GLBR_00189370 states:  "Given that we have an employment contract in place, I am recommending that we release each other of our respective responsibilities under that contract."

**RFA No. 29:**  Admit that FXCM Holdings and Effex entered into a services agreement dated May 1, 2010 ("May 2010 Services Agreement").

**Response to RFA No. 29:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.  Defendants further object to this request to the extent that it calls for a legal conclusion.

Subject to the foregoing objections, Defendants admit that William Ahdout, on behalf of FXCM Holdings, LLC, and John Dittami, on behalf of Effex Capital, LLC, executed a document entitled "Services Agreement" by and among Effex Capital, LLC and FXCM Holdings, LLC, dated May 1, 2010.

**RFA No. 30:**  Admit that the May 2010 Services Agreement is reflected in GLBR_00135444.

**Response to RFA No. 30:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.  Defendants also incorporate their Response to RFA No. 29.

Subject to the foregoing objections, Defendants admit that the document produced at Bates numbers GLBR_00135444 – 135451 is a true and correct copy of a document entitled "Services Agreement" by and among FXCM Holdings, LLC and Effex Capital, LLC, dated May 1, 2010.

**RFA No. 31:**  Admit that the May 2010 Services Agreement superseded the March 2010 Services Agreement.

**Response to RFA No. 31:**

Defendants incorporate by reference their General Objections and Objections to

Definitions and Instructions as though they were set forth fully herein.  Defendants further object

to this request to the extent that it calls for a legal conclusion.  Defendants also incorporate their

Response to RFA No. 29.

Subject to the foregoing objections, Defendants admit that the "Services Agreement"

produced at Bates numbers GLBR_00135444 – 135451 states:  "WHEREAS, Effex and Forex

Capital Markets, LLC previously entered into a Services Agreement dated March 1st, 2010,

which is hereby terminated in its entirety and superseded by this Agreement."

**RFA No. 32:**  Admit that FXCM Holdings and Effex executed an amendment to the May 2010
Services Agreement on October 13, 2011 ("2011 Amendment").

**Response to RFA No. 32:**

Defendants incorporate by reference their General Objections and Objections to

Definitions and Instructions as though they were set forth fully herein.  Defendants further object

to this request to the extent that it calls for a legal conclusion.

Subject to the foregoing objections, Defendants admit that William Ahdout, on behalf of

FXCM Holdings, LLC, and John Dittami, on behalf of Effex Capital, LLC, executed a document

entitled "Amendment to Services Agreement," dated October 13, 2011.

**RFA No. 33:**  Admit that the 2011 Amendment is reflected in GLBR_00135452.

**Response to RFA No. 33:**

Defendants incorporate by reference their General Objections and Objections to

Definitions and Instructions as though they were set forth fully herein.   Defendants also

incorporate their Response to RFA No. 32.

Subject to the foregoing objections, Defendants admit that the document produced at

Bates number GLBR_00135452 is a true and correct copy of a document entitled "Amendment

to Services Agreement" by and among FXCM Holdings, LLC and Effex Capital, LLC, dated

October 13, 2011.

**RFA No. 34:**  Admit that in the CFTC Order, "HF Trader" refers to John Dittami.

**Response to RFA No. 34:**

     Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.

     Subject to the foregoing objections, Defendants admit that it is their understanding that "HF Trader" as used in the CFTC Order refers to John Dittami.

**RFA No. 35:**  Admit that in the CFTC Order, "HFT Co" refers to Effex.

**Response to RFA No. 35:**

     Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.

     Subject to the foregoing objections, Defendants admit that it is their understanding that "HFT Co" as used in the CFTC Order refers to Effex.

**RFA No. 36:**  Admit that all documents Defendants produced in this Action are authentic pursuant to Federal Rule of Evidence 901.

**Response to RFA No. 36:**

     Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.  Defendants further object to this request to the extent that it calls for a legal conclusion.

     Subject to the foregoing objections, Defendants admit they produced 33,731 documents to Plaintiffs and that an analysis under Federal Rule of Evidence 901 is a fact-specific inquiry. *See, e.g.*, *Bazak Int'l Corp. v. Tarrant Apparel Grp.*, 378 F. Supp. 2d 377, 392 (S.D.N.Y. 2005) (authenticating under Rule 901 a produced letter with testimony as to its production).

**RFA No. 37:**  Admit that all Documents Defendants produced were prepared and kept by FXCM during the course of the regularly conducted activity of FXCM's business, as defined in Federal

Rule of Evidence 803(6).

**Response to RFA No. 37:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.  Defendants further object to this request to the extent that it calls for a legal conclusion.

Defendants admit that they produced 33,731 documents to Plaintiffs and that an analysis under Federal Rule of Evidence 803(6) is a fact-specific inquiry.  *See, e.g.*, *Park W. Radiology v. CareCore Nat. LLC*, 675 F. Supp. 2d 314, 333 (S.D.N.Y. 2009) ("[A]n email *may* satisfy the business records exception under appropriate circumstances.") (emphasis added).

**RFA No. 38:**  Admit that all Documents Defendants produced constitute an opposing party's statement, as defined in Federal Rule of Evidence 801(d)(2).

**Response to RFA No. 38:**

Defendants incorporate by reference their General Objections and Objections to Definitions and Instructions as though they were set forth fully herein.  Defendants further object to this request to the extent that it calls for a legal conclusion.

Subject to the foregoing objections, Defendants admit they produced 33,731 documents to Plaintiffs and that an analysis under Federal Rule of Evidence 801(d)(2) is a fact-specific inquiry.  *See, e.g.*, *Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 420 (S.D.N.Y. 2011) (performing an analysis of various messages under FRE 801(d)(2) and restating the rule that an admission made by a party's employee is admissible against the party only if it was made "during the course of the employee relationship and relates to a matter within the scope of the person's employment").

Dated: February 12, 2021

KING & SPALDING LLP

*/s/  Israel Dahan*
Israel Dahan
Peter Isajiw
Evan C. Ennis
1185 Avenue of the Americas
New York, New York  10036-2601
Tel:  (212) 556.2100
Fax: (212) 556.2200

Chelsea Corey
300 S. Tryon Street
Charlotte, North Carolina  28202
Tel:  (704) 503 2600
Fax:  (704) 503 2622

*Attorneys for Defendants Global Brokerage, Inc.*
*f/k/a/ FXCM, Inc., Dror Niv and William Ahdout*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| In re Global Brokerage, Inc. f/k/a FXCM Inc. Securities Litigation |
| This Document Relates To: All Actions |

Master File No. 1:17-cv-00916-RA

CLASS ACTION

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

I am an authorized signatory of Defendants Global Brokerage, Inc. f/k/a FXCM, Inc. ("FXCM"). I have read Defendants' Responses and Objections to Plaintiffs' First Set of Requests for Admission to Defendants, dated January 8, 2021 (the "Responses") dated February 12, 2021, and know the contents thereof. The Responses were prepared with the assistance and advice of counsel, and the assistance of current and former agents of FXCM and its affiliates, upon which I have relied. The Responses are, therefore, based upon information provided by multiple persons, and neither I nor any other single individual has personal knowledge of all the information set forth therein or considered in their preparation. The Responses are also necessarily limited by the records and information available and thus far discovered in the course of their preparation. Subject to these limitations, I state that, to the best of my knowledge, information, and belief, the facts stated in the Responses are true.

Dated: February 12, 2021

_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Global Brokerage, Inc. f/k/a FXCM Inc.
Securities Litigation

Master File No. 1:17-cv-00916-RA

CLASS ACTION

This Document Relates To:  All Actions

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

I have read Defendants' Responses and Objections to Plaintiffs' First Set of Requests for Admission to Defendants, dated January 8, 2021 (the "Responses") dated February 12, 2021, and know the contents thereof.  The Responses were prepared with the assistance and advice of counsel, and the assistance of current and former agents of FXCM and its affiliates, upon which I have relied.  The Responses are, therefore, based upon information provided by multiple persons, and neither I nor any other single individual has personal knowledge of all the information set forth therein or considered in their preparation.  The Responses are also necessarily limited by the records and information available and thus far discovered in the course of their preparation. Subject to these limitations, I state that, to the best of my knowledge, information, and belief, the facts stated in the Responses are true.

Dated: February 12, 2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Global Brokerage, Inc. f/k/a FXCM Inc. Securities Litigation | Master File No. 1:17-cv-00916-RA<br><br>CLASS ACTION |
| This Document Relates To:  All Actions | |

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

I have read Defendants' Responses and Objections to Plaintiffs' First Set of Requests for Admission to Defendants, dated January 8, 2021 (the "Responses") dated February 12, 2021, and know the contents thereof.  The Responses were prepared with the assistance and advice of counsel, and the assistance of current and former agents of FXCM and its affiliates, upon which I have relied.  The Responses are, therefore, based upon information provided by multiple persons, and neither I nor any other single individual has personal knowledge of all the information set forth therein or considered in their preparation.  The Responses are also necessarily limited by the records and information available and thus far discovered in the course of their preparation. Subject to these limitations, I state that, to the best of my knowledge, information, and belief, the facts stated in the Responses are true.

Dated: February 17, 2021