# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Global Brokerage, Inc. f/k/a FXCM Inc. Securities Litigation | Master File No. 1:17-cv-00916-RA-BCM |
| | CLASS ACTION |
| This Document Relates To: All Actions | |

### NOTICE OF PENDENCY OF CLASS ACTION

To Potential Members of the Following Class (the "Class"):

> All persons and/or entities that purchased or otherwise acquired publicly traded Global Brokerage, Inc., f/k/a FXCM Inc. ("FXCM") Class A common stock, during the period March 15, 2012 through February 6, 2017, both dates inclusive ("Class Period").[1]

**THIS NOTICE MAY AFFECT YOUR RIGHTS.  PLEASE READ IT CAREFULLY.**

**YOU HAVE NOT BEEN SUED.**

**THIS NOTICE IS SENT PURSUANT TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND AN ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK (THE "COURT"), DATED MARCH 23, 2021. THE PURPOSE OF THIS NOTICE IS TO INFORM YOU OF (i) THE PENDENCY OF THE ABOVE-CAPTIONED CLASS ACTION (THE "ACTION"); (ii) THE CERTIFICATION OF THE CLASS DESCRIBED HEREIN, OF WHICH YOU MAY BE A MEMBER ("CLASS MEMBER"); AND (iii) YOUR RIGHT TO BE EXCLUDED FROM THE CLASS.**

This case is a securities class action against FXCM and two of its senior executives, Dror Niv ("Niv") and William Ahdout ("Ahdout") (collectively, "Defendants").  As further explained below, the plaintiffs have alleged, on behalf of all similarly situated people, that the defendants violated United States securities laws by failing to disclose a conflict of interest relating to their trading platform and misrepresenting certain payments received by FXCM.  Plaintiffs allege that the eventual disclosure of those facts at the end of the Class Period caused FXCM's Class A Stock Price to lose approximately half of its value, damaging class members.

Your options are explained in this notice.  To summarize:  (i) any Class Member sent this Notice, and who completes and returns an Exclusion Request Form postmarked no later than _____, 2022 to the Notice Administrator, asking to be excluded shall be excluded from the Class; (ii) any judgment, whether favorable or not, will include all Class Members who do not request exclusion; and (iii) any Class Member who does not request exclusion may make a separate appearance in the Lawsuit.

Unless this case is resolved by settlement or otherwise dismissed, Class Counsel must prove the claims against Defendants before the Court.  If money or benefits are obtained from Defendants, you will be notified how to seek a share of the recovery.

Any questions not answered by this Notice of Pendency of Class Action (the "Notice") should be directed to Class Counsel, not to the Court.

### WHY YOU ARE RECEIVING THIS NOTICE

Trading records indicate that you may have purchased or otherwise acquired publicly traded FXCM Class A common stock between March 15, 2012 and February 6, 2017.  This Notice is being sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure.  That rule requires that, upon the certification of a Class, all members of the Class who can be

---

[1] Excluded from the Class are: (i) Defendants; (ii) current and former officers, employees, consultants and directors of FXCM and FXCM Holdings, LLC; (iii) siblings, parents, children, spouses, and household members of any person excluded under (i) and (ii); (iv) any entities affiliated with, controlled by, or more than 5% owned by, any person excluded under (i) through (iii); and (v) the legal representatives, heirs, successors or assigns of any person excluded under (i) through (iv).

identified and located through reasonable effort shall be provided with certain information regarding the Lawsuit and their rights.

This Notice is given to you in the belief that you may be a member of the Class. To be a Class Member, you must meet all of the criteria listed above. If you do not meet the Class definition, the Notice does not apply to you. If you are uncertain whether you are a Class Member, contact Counsel for the Class (who is listed on page 4 below) or your own attorney. Class Members may be entitled to recover damages on the claims asserted. This Notice, however, is not intended to suggest any likelihood that Plaintiffs or members of the Class will be entitled to recover such damages.

## **BACKGROUND OF THE LITIGATION**

Beginning in February of 2017, multiple securities class actions were instituted on behalf of purchasers of FXCM securities traded between March 15, 2012 through February 6, 2017, alleging violations of U.S. federal securities laws. against defendants including FXCM, Niv (FXCM's Chairman and CEO) and Ahdout (FXCM's Chief Dealer and Managing Director).

The lawsuits allege, *inter alia,* that the Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder, by knowingly misleading investors in Securities Exchange Commission ("SEC") filings and other public statements by falsely claiming that its customers who transacted on FXCM's "No Dealing Desk" ("NDD") platform would be free from conflicts of interest because FXCM would not be on the other side of the trade or have any financial interest in the trade, when, in fact, FXCM had an undisclosed financial interest in the market maker that consistently "won" the largest share of FXCM's NDD trading volume. On February 6, 2017, the Commodity Futures Trading Commission ("CFTC") and National Futures Association ("NFA") announced a regulatory settlement, and that they found that FXCM and Defendants Niv and Ahdout had engaged in false and misleading solicitations of FXCM's retail foreign exchange customers by concealing its conflict of interest. FXCM and Defendants Niv and Ahdout did not admit to any alleged wrongdoing as part of the settlement. The settlement imposed a civil penalty of $7 million and prohibited the company from operating in the United States. Plaintiffs allege that upon this news, FXCM securities lost half of their value, damaging FXCM investors.

On May 3, 2017, the Court issued an order consolidated the lawsuits into one case (the "Lawsuit") for all purposes.  By the same order, Plaintiffs 683 Capital Partners, LP ("683 Capital") and Shipco Transport Inc.  ("Shipco," and together with 683 Capital, the "Lead Plaintiffs"), were designated Lead Plaintiffs, The Rosen Law Firm, P.A. was appointed as Lead Counsel.

On June 19, 2017, the Lead Plaintiffs filed their Consolidated Securities Class Action Complaint against FXCM and certain of its officers and directors. The complaint was filed on behalf of a proposed Class consisting of all persons who purchased FXCM 2.25% Convertible Senior Notes due 2018 (the "FXCM Notes") or purchased Class A common stock from March 15, 2012 to February 6, 2017, both dates inclusive. On August 3, 2017, Defendants moved to dismiss the complaint. On March 1, 2018, the Court granted Defendants' motion to dismiss, but granted Plaintiffs leave to amend.

On April 6, 2018, the Lead Plaintiffs filed their Second Amended Consolidated Securities Class Action Complaint against FXCM, Niv, Ahdout, and FXCM's CFO, Robert Lande ("Lande"). The Complaint was filed on behalf of the same proposed Class as the prior complaint. On May 7, 2018, Defendants moved to dismiss the second complaint. On March 28, 2019, the Court denied Defendants' motion to dismiss the second complaint, except as against Defendant Lande and with respect to some of the claims asserted by Plaintiffs.

On May 13, 2019, Defendants filed an answer to the second complaint. Defendants denied that they violated any laws or did anything wrong. They believe that their actions were proper under the federal securities laws and assert several affirmative defenses.

On April 9, 2020, the Lead Plaintiffs, along with Plaintiff E-Global Trade and Finance Group, Inc. ("E-Global") made a motion to certify the Class defined above, and an additional subclass of all persons who purchased FXCM's 2.25% Convertible Senior Notes due 2018 ("FXCM Notes") during the Class Period.

On April 17, 2020, the Lead Plaintiffs filed a Third Amended Consolidated Securities Class Action Complaint, the operative complaint herein (the "Complaint"), against FXCM. The Complaint was filed on behalf of the same proposed Class as the prior complaints.

On May 21, 2020, Defendants filed an answer to the Complaint. Defendants continued to deny that they violated any laws or did anything wrong. They continued to believe that their actions were proper under the federal securities laws, and once again asserted several affirmative defenses.

On March 18, 2021, the Magistrate Judge filed a report and recommendation recommending that the class be certified as to the purchasers of FXCM Class A common stock, but not as to the purchasers of FXCM Notes. The Magistrate Judge also recommended appointing Shipco and E-Global as Class Representatives to act on behalf of the Class and appointing The Rosen Law Firm, P.A. as Class Counsel. On March 23, 2021, the District Court Judge accepted the Magistrate Judge's report and recommendation.

On September 8, 2021, Defendants filed a Motion for Summary Judgment on all claims asserted by Plaintiffs. On August 17, 2022, the Court denied Defendants' summary judgment motion.

The Court has instructed the parties to file, by December 14, 2022, a joint pretrial order and other materials in preparation for trial. Trial is presently scheduled to commence on February 13, 2023.

Plaintiffs have requested that the Court declare Defendants' alleged actions to be unlawful, order the payment of damages to the Class, and awarding the Class any reasonable costs and expenses incurred in this Lawsuit. Defendants deny Plaintiffs' claims and deny that Plaintiffs and the Class are entitled to any recovery.

No money or relief is available now because the Court has not yet decided the merits of Plaintiffs' claims, and because the two sides have not settled the Lawsuit. There is no guarantee that money or relief will ever be obtained. If they are, you will be notified about how to ask for a share of any recovery.

## YOUR RIGHTS AND OPTIONS
.

**RIGHT TO SEPARATE COUNSEL**

You have the right to hire your own attorney and unless you retain your own counsel to enter an appearance on your behalf, you will be represented by Class Counsel. If you choose to hire your own attorney, you will be responsible for the payment of that attorney.

**ATTORNEY'S FEES**

As a Class Member, you will not be directly charged by Class Counsel to represent you in this Lawsuit. In the event of a judgment in favor of the Class in this Lawsuit, Class Counsel will apply to the Court for payment of reasonable attorney's fees and costs which will either be deducted from the funds recovered before net proceeds are distributed to the Class Members or paid directly by Defendants.

**YOUR OPTIONS CONCERNING CLASS MEMBERSHIP**

The Court has not decided the merits of the Lawsuit. The purpose of this Notice is to advise you of the existence of the Lawsuit and how it may affect your rights. You must decide whether to stay in the Class or ask to be excluded before the Court enters judgment, and you must decide this before _____, 2022. Your options regarding this lawsuit are as follows:

**IF YOU WISH TO REMAIN A CLASS MEMBER, YOU ARE NOT REQUIRED TO DO ANYTHING AT THIS TIME.** If you remain a Class Member, you will be bound by any judgment in this Action, whether it is favorable or unfavorable. If there is a recovery, you may be entitled to share in the proceeds, less such costs, expenses and attorney's fees as the Court may allow out of any such recovery. If the Defendants prevail, you may not pursue a lawsuit on your own with regard to any of the issues decided in this Action.

In the event of a recovery, you will be required to prove your membership in the Class, your purchase of FXCM Class A Common Stock during the Class Period, and your damages, if any. ***For this reason, please be sure to keep all records of your transactions in FXCM Class A common stock.***

**RIGHT AND PROCEDURES TO BE EXCLUDED FROM THE CLASS**

If you wish to exclude yourself from the Class and not be a part of this class action litigation, you must send a letter by first-class mail stating that you "request exclusion from the Class in *In re Global Brokerage, Inc. f/k/a FXCM Inc. Securities Litigation*, Master File No. 1:17-cv-00916-RA-BCM, Your request must state your full name, address, telephone number,

and you must sign it. If you are signing on behalf of a Class member (such as an estate, corporation, or partnership), please indicate your full name and the basis of your authority to act on behalf of the Class member. Your request for exclusion must also state the amount of FXCM common stock purchased, acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase, acquisition and/or sale. You must mail your exclusion request, ***postmarked no later than \_\_\_\_, 2022***, The Exclusion Request should be sent to:

> FXCM, Inc. Securities Litigation
> c/o Strategic Claims Services
> P.O. Box 230
> 600 N. Jackson St., Ste. 205
> Media, PA 19063
> Tel.:  866-274-4004
> Fax:  610-565-7985
> info@strategicclaims.net

If you exclude yourself from the Class, you will not be bound by any judgment in this Action against the Defendants, nor will you be entitled to share in any recovery in this Action against the Defendants, should any recovery be obtained, but you may individually pursue any legal rights you may have against the Defendants.

If you do not exclude yourself from the Class, you will be bound by any judgment in this Action and you will not be entitled to share in the recoveries of any other class action involving similar factual allegations that has been filed against FXCM or any of the Individual Defendants and you may not individually pursue such an action against any of the Defendants.

**CLASS COUNSEL**

If you do not request exclusion from the Class in the manner set forth above, you will be represented by the Court-appointed Class Representatives and Class Counsel. Class Counsel for the Class is:

> **The Rosen Law Firm, P.A.**
> Phillip Kim, Esq.
> Laurence M. Rosen, Esq.
> Joshua Baker, Esq.
> 275 Madison Ave, 40th Floor
> New York, NY 10016
> Phone: (212) 686-1060
> Fax: (212) 202-3827

Please do not contact the Lead Plaintiffs or Class Representatives directly; questions should be addressed to Class Counsel.

If you remain a Class Member, you will not be personally responsible for Plaintiffs' attorneys' fees or costs. Any fees or expenses ultimately allowed by the Court to Plaintiffs' counsel will be payable out of the recovery in the Action, if any.

<u>**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**</u>

If you purchased publicly traded Class A common stock of FXCM during the period from March 15, 2012 through February 6, 2017, both dates inclusive for the beneficial interest of a person or entity other than yourself, the Court has ordered that, (a) within 7 calendar days of receipt of the Notice Administrator's mailed or emailed notice, you shall request from the Notice Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within 7 calendar days of receipt of those Postcard Notices forward them to all such beneficial owners/purchasers; (b) within 7 calendar days of receipt of the Notice Administrator's mailed or emailed notice, request a link to the Long Notice and email the link to all such beneficial owners/purchasers for whom valid email addresses are available; or (c) within 7 calendar days of receipt of the Notice Administrator's mailed or emailed notice, provide a list of the names, addresses, and email addresses of all such beneficial owners/purchasers to the Notice Administrator at *FXCM, Inc. Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063, Tel: (866) 274-4004, Fax: (610) 565-7985, Email: info@strategicclaims.net. If you choose the third option, the Notice Administrator will send a copy of the Postcard Notice or links to the Long Notice to the beneficial owners/purchasers. Upon full compliance with the Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with the Order, up to a maximum of $0.03 per name, address, and email address provided to the Notice Administrator; up to

$0.03 per Postcard Notice actually mailed, plus postage at the rate used by the Notice Administrator; or up to $0.03 per link to the Long Notice actually transmitted by email.  Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court.  Copies of this Notice may be obtained from the website maintained by the Notice Administrator, www.strategicclaims.net/FXCM, or by calling the NoticeAdministrator toll-free at 1-866-274-4004.

If this Notice was sent to you at your current address, you do not have to do anything further to receive further notices concerning this Action. If it was forwarded by the postal service, or if it was otherwise sent to you at an address that is not current, you should immediately contact the Notice Administrator referred to above in this paragraph.

### **AVAILABILITY OF FILED PAPERS**

This Notice does not fully describe all of the claims and contentions of the parties. The pleadings and other papers filed in this Action are available for inspection, during business hours, at the Office of the Clerk of the Court, United States District Court for the Southern District of New York. In addition, you may obtain a copy of the Complaint by contacting the above-listed Class Counsel.

If you have any questions about this Notice, you may consult an attorney of your own choosing, or plaintiffs' counsel whose name, address and telephone number are listed above. **DO NOT ADDRESS ANY QUESTIONS ABOUT THE CASE TO THE CLERK OF THE COURT OR TO THE JUDGE.** They are not permitted to answer your questions.

This notice does not indicate any expression of opinion by the Court concerning the merits of any of the claims or defenses asserted by or against the parties in this Action or in any other action discussed herein. This notice is merely to advise you of the pendency of this Action.

Dated: _____, 2022                            BY ORDER OF THE UNITED STATES DISTRICT COURT
                                                        FOR THE SOUTHERN DISTRICT OF NEW YORK