UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

IN RE GLOBAL BROKERAGE, INC. f/k/a/ FXCM INC. SECURITIES LITIGATION

No. 17-cv-00916 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Pending before the Court is Defendants Global Brokerage, Inc., Dror Niv, and William Ahdout's Motion to Certify the Court's August 17, 2022 Order for Interlocutory Appeal. For the reasons discussed below, Defendants' motion is denied.

## BACKGROUND

This securities class action arises from alleged misrepresentations that FXCM Inc. made regarding a profit-sharing arrangement with one of its primary liquidity providers. After the close of discovery, Defendants moved for summary judgment on all of Plaintiffs' claims, which the Court denied in an order dated August 17, 2022 ("the August 17 Order"). Dkt. 291. The Court explained its reasons for denying summary judgment in a proceeding held two days later. *Id.* Defendants then filed the instant motion to certify the August 17 Order for interlocutory appeal. Dkt. 320. Specifically, Defendants seek interlocutory review of the Court's conclusion regarding the loss causation element of Plaintiffs' claims.

## LEGAL STANDARD

Orders may be certified for interlocutory appeal only if: (1) the order "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "[C]ertification of interlocutory appeal under Section

1292(b) is 'entirely a matter of discretion for the District Court' and, as a general matter, '[i]nterlocutory appeals are strongly disfavored in federal practice.'" *Lopez v. Overtime 1st Ave. Corp.*, 252 F. Supp. 3d 268, 273 (S.D.N.Y. 2017) (internal citations omitted) (quoting *In re City of New York*, 607 F.3d 923, 933 (2d Cir. 2010); *In re Ambac Fin. Grp., Inc. Sec. Litig.*, 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010)).

## DISCUSSION

Defendants fail to meet each of the three prongs for certification. First, the issue of loss causation is not a "controlling question of law." Under Section 1292(b), a "question of law" "refer[s] to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 371 (S.D.NY. 2008) (internal quotation marks omitted). As the Court explained in its oral ruling on August 19, 2022, the Court views the question at hand – whether the disclosure of the regulatory penalties was a confounding event that must be disaggregated from the losses caused by the alleged fraud in this case – as a question of fact for the jury, not a pure question of law. Hr'g Tr. 14:20-15:6; *see, e.g.*, *Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*, 750 F.3d 227, 235 (2d Cir. 2014) (concluding that similar arguments regarding the disaggregation of regulatory penalties from losses caused by the alleged fraud "involve questions of fact"). Defendants' attempt to reframe the issue as a question of law is unpersuasive.[1]

---

[1] Even if the Court were to agree that the issue is a question of law, it would not necessarily be "controlling" in this litigation. A jury could still make the "reasonable inference that some part of the decline [in stock price] was substantially caused by the disclosures about the fraud itself," *Gould v. Winstar Comm'cns, Inc.*, 692 F.3d 148, 162 (2d Cir. 2012), and "ascribe some rough proportion of the whole loss" to the alleged fraud, *Lattanzio v. Deloitte & Touche LLP*, 476 F.3d 147, 158 (2d Cir. 2007).

Second, Defendants have not identified a "substantial ground for difference of opinion" regarding the loss causation question here.  "A substantial ground for difference of opinion exists when (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 539 (S.D.N.Y. 2014) (internal quotation marks omitted).  Defendants do not identify any meaningfully "conflicting authority" on this issue.  For example, Defendants rely heavily on *Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161, 173 (2d Cir. 2005), but as the Court previously explained, that case does not foreclose Plaintiffs' "corrective disclosure" approach to proving loss causation.  *See* Hr'g Tr. 13:6-16; *Lentell*, 396 F.3d at 173 (discussing the "materialization of risk" approach).  Defendants also cite several cases standing for the general proposition that confounding factors must be disaggregated from the alleged fraud, but those cases do not support Defendants' position that regulatory penalties in particular always constitute confounding events and must be disaggregated as a matter of law.  *See, e.g.*, *Lattanzio v. Deloitte & Touche LLP*, 476 F.3d 147, 158 (2d Cir. 2007); *Atlantica Holdings, Inc. v. Sovereign Wealth Fund Samruk-Kazyna JSC*, 477 F. Supp. 3d 88, 110 (S.D.N.Y. 2020); *In re Advanced Battery Techs., Inc. Sec. Litig.*, No. 11 Civ. 2279, 2012 WL 3758085, at *13 (S.D.N.Y. Aug. 29, 2012). Finally, Defendants speculate as to what "[r]easonable judges might" read certain precedents to mean, Defs. Mot. 9, 10, but the mere possibility that courts could disagree is certainly not sufficient to establish "conflicting authority on the issue." *See Transp. Workers Union of Am. v. N.Y.C. Transp. Auth.*, 358 F. Supp. 2d 347, 354 (S.D.N.Y. 2005).

Finally, the Court is not persuaded that an immediate appeal of the loss causation question would "materially advance the ultimate termination of the litigation."  Indeed, given that this trial is scheduled to begin in less than four months, the "main effect of granting [Defendants'] motion

3

would be to materially delay, rather than materially advance, the ultimate termination of the litigation," which further weighs against granting Defendants' motion. *Caruso v. City of New York*, No. 06 CIV. 5997, 2013 WL 6569783, at *2 (S.D.N.Y. Dec. 12, 2013) (quoting *Picard v. Katz*, 466 B.R. 208, 210 (S.D.N.Y. 2012)).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Certify the Court's August 17, 2022 Order for Interlocutory Appeal is denied.

SO ORDERED.

Dated:   October 31, 2022
         New York, New York

                                                Hon. Ronnie Abrams
                                                United States District Judge