**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Global Brokerage, Inc. f/k/a FXCM, Inc. Securities Litigation | Master File No. 1:17-cv-00916-RA-BCM |
| This Document Relates To:  All Actions | |

## JOINT AND CONTESTED PROPOSED JURY INSTRUCTIONS

Lead Plaintiff 683 Capital Partners, LP and Class Representatives Shipco Transport Inc. and E-Global Trade and Finance Group, Inc. ("Plaintiffs") and Defendants Global Brokerage, Inc. (f/k/a FXCM, Inc.), Dror Niv, and William Ahdout ("Defendants," and with Plaintiffs, the "Parties") submit the following Joint and Contested Proposed Jury Instructions.

For ease of reference, most instructions are supported by one or more citations to relevant authority.  Unless otherwise noted, the Parties agree on the complete text of an instruction.  Where the Parties disagree, the phase "DISPUTED" appears in the title of the instruction, with the Parties' varying proposed instructions indicated below.

The Parties reserve the right to propose revisions to these instructions or additional instructions as may be warranted following the close of evidence.

## OPENING INSTRUCTION 1[1]

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

---

[1] CA9 Model Jury Instructions, 1.2 Duty of Jury.

**OPENING INSTRUCTION 2**

The party that brings a lawsuit is called the plaintiff. In this case, the plaintiffs are 683 Capital Partners, LP, Shipco Transport Inc., and E-Global Trade and Finance Group, Inc., who invested in FXCM securities. Plaintiffs Shipco and E-Global are the class representatives, which means they are bringing the lawsuit for themselves and on behalf of all persons and/or entities that purchased or otherwise acquired publicly traded FXCM Class A common stock (the "Class"), during the period March 15, 2012 through February 6, 2017, both dates inclusive, which will be referred to as the "Class Period." Plaintiff 683 Capital Partners LP is suing individually, and purchased a different FXCM publicly traded security during the Class Period, called the 2.25% Convertible Notes, or the FXCM Notes. Unless I distinguish them, I will refer to plaintiffs 683 Capital Partners, LP, Shipco Transport Inc., E-Global Trade and Finance Group, Inc., and the Class collectively as "Plaintiffs."

The parties against whom the suit is brought are called defendants. In this action, the defendants are Global Brokerage, Inc. (f/k/a FXCM, Inc.), Dror Niv, and William Ahdout. Global Brokerage, Inc. (f/k/a FXCM, Inc.) will be referred to as "FXCM" throughout the trial. Unless I distinguish them, I will refer to FXCM, Dror Niv, and William Ahdout collectively as "Defendants."

**<u>OPENING INSTRUCTION 3</u>**[2]

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. The concept of "preponderance of the evidence" can be visualized as a scale representing the burden of proof, with the totality of evidence presented by each side resting on the respective trays on either side of the scale. If the scale tips ever so slightly to one side or the other, the weightier side will prevail.

You should base your decision on all of the evidence, regardless of which party presented it.

---

[2] CA9 Model Jury Instructions, 1.6 Burden of Proof; *Ostrowski v. Atl. Mut. Ins. Cos.*, 968 F.2d 171, 187 (2d. Cir. 1992) "the court should instruct the jury that it is to conclude that a fact has been proven by a preponderance of the evidence if it 'find[s] that the scales tip, however slightly, in favor of the party with th[e] burden of proof' as to that fact.") (citing Sand, *Modern Federal Jury Instructions* ¶ 73.01, at 73–4 (1992)); *Camus v. Supermarkets Gen. Corp.*, 903 F. Supp. 668, 669 (S.D.N.Y. 1995) "As juries routinely are charged, the plaintiff carries that burden if it proves facts that make the scales tip, however, slightly, in favor of the proposition she seeks to establish.").

## OPENING INSTRUCTION 4[3]

The evidence you are to consider in deciding what the facts are consists of:

(1)      the sworn testimony of any witness;

(2)      the exhibits that are admitted into evidence;

(3)      any facts to which the lawyers have agreed, which will be referred to as "stipulations of fact," or just "stipulations"; and

(4)      any facts that I may instruct you to accept as proved.

---

[3] CA9 Model Jury Instructions, 1.9 What is Evidence.

**OPENING INSTRUCTION 5[4]**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be admitted only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

---

[4] CA9 Model Jury Instructions, 1.10 What is Not Evidence.

## OPENING INSTRUCTION 6[5]

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

---

[5] CA9 Model Jury Instructions, 1.12 Direct and Circumstantial Evidence.

## OPENING INSTRUCTION 7[6]

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

---

[6] CA9 Model Jury Instructions, 1.13 Ruling on Objections.

## OPENING INSTRUCTION 8[7]

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. Testimony will be provided in two ways. In person or via deposition testimony.

A deposition contains the sworn, recorded answers to questions asked of a witness before the trial. You must give this deposition testimony the same consideration as if the witness had been present and had testified from the witness stand in court.

You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else the witness said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same

---

[7] CA9 Model Jury Instructions, 1.14 Credibility of Witnesses and 2.4 Deposition in Lieu of Live Testimony.

event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**OPENING INSTRUCTION 9[8]**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

- Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

---

[8] CA9 Model Jury Instructions, 1.15 Conduct of the Jury.

11

- Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved — including the parties, the witnesses or the lawyers — until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## **OPENING INSTRUCTION 10[9]**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

---

[9] CA9 Model Jury Instructions, 1.17 No Transcript Available to Jury.

**OPENING INSTRUCTION 11[10]**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

---

[10] CA9 Model Jury Instructions, 1.18 Taking Notes.

## OPENING INSTRUCTION 12[11]

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

---

[11] CA9 Model Jury Instructions, 1.20 Bench Conferences and Recesses.

**<u>OPENING INSTRUCTION 13</u>**[12]

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

Plaintiffs will then present evidence, and counsel for Defendants may cross-examine. Then the Defendants may present evidence, and counsel for Plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

---

[12] CA9 Model Jury Instructions, 1.21 Outline of Trial.

## CLOSING INSTRUCTION 1[13]

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

---

[13] CA9 Model Jury Instructions, 1.4 Duty of Jury (Court Reads and Provides Written Instructions at End of Case).

## CLOSING INSTRUCTION 2[14]

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. The concept of "preponderance of the evidence" can be visualized as a scale representing the burden of proof, with the totality of evidence presented by each side resting on the respective trays on either side of the scale. If the scale tips ever so slightly to one side or the other, the weightier side will prevail.

You should base your decision on all of the evidence, regardless of which party presented it.

---

[14] CA9 Model Jury Instructions, 1.6 Burden of Proof—Preponderance of the Evidence; *Ostrowski v. Atl. Mut. Ins. Cos.*, 968 F.2d 171, 187 (2d. Cir. 1992) "the court should instruct the jury that it is to conclude that a fact has been proven by a preponderance of the evidence if it 'find[s] that the scales tip, however slightly, in favor of the party with th[e] burden of proof' as to that fact.") (citing Sand, *Modern Federal Jury Instructions* ¶ 73.01, at 73–4 (1992)); *Camus v. Supermarkets Gen. Corp.*, 903 F. Supp. 668, 669 (S.D.N.Y. 1995) "As juries routinely are charged, the plaintiff carries that burden if it proves facts that make the scales tip, however, slightly, in favor of the proposition she seeks to establish.").

## <u>CLOSING INSTRUCTION 3</u>[15]

The evidence you are to consider in deciding what the facts are consists of:

(1)    the sworn testimony of any witness;

(2)    the exhibits that are admitted into evidence;

(3)    stipulations, which are any facts to which the lawyers have agreed; and

(4)    any facts that I have instructed you to accept as proved.

---

[15] CA9 Model Jury Instructions, 1.9 What is Evidence.

**CLOSING INSTRUCTION 4**[16]

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

---

[16] CA9 Model Jury Instructions, 1.10 What is Not Evidence .

## CLOSING INSTRUCTION 5[17]

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

---

[17] CA9 Model Jury Instructions, 1.12 Direct and Circumstantial Evidence.

**CLOSING INSTRUCTION 6**[18]

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Testimony was provided in two ways in this trial: in person and via deposition testimony. You must give the deposition testimony the same consideration as if the witness had been present and had testified from the witness stand in court.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else the witness said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

---

[18] CA9 Model Jury Instructions, 1.14 Credibility of Witnesses and 2.4 Deposition in Lieu of Live Testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**CLOSING INSTRUCTION 7**

The Parties have agreed (stipulated) to certain facts. You must therefore treat these facts as having been proved.

## CLOSING INSTRUCTION 8[19]

You have heard testimony from witnesses who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinion, and all the other evidence in the case.

---

[19] CA9 Model Jury Instructions, 2.13 Expert Opinion.

## CLOSING INSTRUCTION 9[20]

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

---

[20] CA9 Model Jury Instructions, 2.14 Charts and Summaries Not Received in Evidence.

**CLOSING INSTRUCTION 10**[21]

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. Certain of the Plaintiffs are corporate entities. Likewise, Defendant FXCM is a corporate entity.

Under the law, a corporation is considered to be a person. All parties are equal under the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

A corporation can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of their authority.

With regard to each particular alleged misrepresentation or omission in this case, you must attribute to FXCM the mental state you decide was possessed by FXCM's employees, agents, directors, and officers, including Dror Niv or William Ahdout, the individual corporate officers who made the statements at issue in this case.

---

[21] CA9 Model Jury Instructions, 4.2 Liability of Corporations—Scope of Authority Not in Issue.

## CLOSING INSTRUCTION 11[22]

Plaintiffs' Count One in the complaint alleges violations of federal securities laws.

Congress has enacted securities laws designed to protect the integrity of financial markets. The Plaintiffs claim to have suffered a loss caused by the Defendants' violation of certain of these laws.

There are terms concerning securities laws that have a specific legal meaning. The following definitions apply throughout these instructions, unless noted otherwise.

A security is an investment of money in a commercial, financial, or other business enterprise, with the expectation of profit or other gain produced by the efforts of others. Some common types of securities are stocks and bonds.

The buying and selling of securities is controlled by the securities laws. A "10b-5 Claim" is a claim brought under a federal statute, Section 10(b) of the Securities Exchange Act of 1934, which in essence prohibits acts of deception in connection with the purchase or sale of a security and in violation of rules and regulations that the SEC has the duty and power to issue. A corresponding SEC Rule, Rule 10b-5, prohibits the misrepresentation of material facts and the omission of material facts in connection with the purchase or sale of securities. A person or business entity who violates the securities laws, including Rule 10b-5, may be liable for damages caused by the violation.

---

[22] CA9 Model Jury Instructions, 18.1 Securities—Definitions of Recurring Terms.

**CLOSING INSTRUCTION 12[23]**

Plaintiffs Shipco Transport Inc. ("Shipco") and E-Global Trade and Finance Group, Inc. ("E-Global"), for themselves and the Class, allege that Defendants knowingly or recklessly misled investors in FXCM's periodic reports filed with the SEC and in other public statements by falsely claiming (1) that its customers who transacted on FXCM's "No Dealing Desk" ("NDD") platform would be free from conflicts of interest because FXCM operated the NDD platform on an agency model and would not have financial interest in the opposite side of the trade; (2) that FXCM received order flow payments from "market makers"; and (3) that it did not have to disclose Effex as a related party, or alternatively, as a variable interest entity, under U.S. accounting rules.

Plaintiff 683 Capital Partners, LP ("683 Capital") has an individual claim in connection with 683 Capital's purchase of FXCM bonds during the Class Period, alleging the same knowingly or recklessly false and misleading statements and misconduct by Defendants.

On these claims, Plaintiffs have the burden of proving each of the following elements by a preponderance of the evidence:

1.      During the Class Period, Defendants made at least one misrepresentation of a material fact or omitted a material fact necessary under the circumstances to keep the statements that were made from being misleading, in connection with the purchase or sale of securities;

2.      Defendants acted with scienter in connection with that misrepresentation or omission of material fact;

---

[23] CA9 Model Jury Instructions, 18.2 Securities—Rule 10b-5 Claim; *Plumber & Steamfitters Local 773 v. Danske Bank*, 11 F.4th 90, 98 (2d Cir. 2021) ("To state a claim under those provisions, a plaintiff must plead six familiar elements: (1) a misstatement or omission of material fact; (2) scienter; (3) a connection with the purchase or sale of securities; (4) reliance; (5) economic loss; and (6) loss causation.").

3.      Plaintiffs justifiably relied on the misrepresentation or omission of a material fact when purchasing FXCM securities; and

4.      Defendants' misrepresentations and omissions of material fact caused Plaintiffs to suffer damages.

If you find that Plaintiffs have proved each of the above elements, your verdict should be for Plaintiffs. If, on the other hand, you find that Plaintiffs have failed to prove any of these elements, your verdict should be for Defendants.

## CLOSING INSTRUCTION 14[24]

Plaintiffs must prove by a preponderance of the evidence that Defendants made a misrepresentation or omission of material fact in connection with the purchase or sale of FXCM's securities.

A misrepresentation is a statement of material fact that is false or misleading when it is made. A statement may be misleading even if it is literally true if the context in which the statement was made caused the listener or reader to remain unaware of the actual state of affairs.

An omission is a failure to disclose a material fact that had to be disclosed to prevent other statements that were made from being misleading.

A misrepresentation or omission is made in connection with the purchase or sale of securities where the statement was disseminated into the marketplace in a manner reasonably calculated to influence the investing public.

A factual representation is material if there is a substantial likelihood that a reasonable investor would consider the fact important in deciding whether to buy or sell that security.

An omission is material if a reasonable investor would have regarded the omitted fact as having significantly altered the total mix of information that they took into account in deciding whether to buy or sell the security.

You must decide whether a fact was material based on the circumstances as they existed at the time of the statement or omission.

---

[24] CA9 Model Jury Instructions, 18.3 Securities—Misrepresentations or Omissions—Materiality and 18.1 Securities--Definitions of Recurring Terms; *S.E.C. v. DCI Telecommunications, Inc.*, 122 F. Supp. 2d 495, 499 (S.D.N.Y. 2000) (citing *Ames Dep't Stores, Inc. Stock Litig.*, 991 F.2d 953, 962 and 966 (2d Cir. 1993)).

**CLOSING INSTRUCTION 15[25]**

A defendant acts with scienter when it makes a misrepresentation with the knowledge that the statement was false or with reckless disregard for whether the statement was true.

A defendant also acts with scienter when it omits material facts with the knowledge that the omission would make the statement false or misleading or with reckless disregard for whether the omission would make the statements false or misleading.

"Reckless" means highly unreasonable conduct that is an extreme departure from ordinary care, presenting a danger of misleading investors, which is either known to the defendant or is so obvious that the defendant must have been aware of it.

---

[25] CA9 Model Jury Instructions, 18.5 Securities—Knowingly.

## CLOSING INSTRUCTION 16[26]

Defendants claim that scienter cannot be shown and that they are not liable to Plaintiffs because they did not induce the violation that led to Plaintiffs' alleged economic injury and acted in good faith reliance on accountants. Defendants have the burden of proving the following elements by a preponderance of the evidence:

1. Defendants made a complete disclosure to an accountant;

2. Defendants sought advice as to the appropriateness of the challenged conduct;

3. Defendants received advice that the challenged conduct was appropriate; and

4. Defendants relied upon that advice in good faith.

If you find that Defendants have proven these elements, your verdict should be for Defendants. If you find that Defendants have failed to prove these elements, your verdict should be for Plaintiffs.

---

[26] CA9 Model Jury Instructions, 18.11 Securities – Good Faith Defense; 3B Fed. Jury Prac. & Instr. § 162:311 (6th ed.), 3B Fed. Jury Prac. & Instr. § 162:311 (6th ed.); *S.E.C. v. Caserta*, 75 F. Supp. 2d 79, 94 (E.D.N.Y. 1999) (establishing elements and stating that "Good faith reliance on the advice of an accountant or an attorney has been recognized as a viable defense to scienter in securities fraud cases.").

## CLOSING INSTRUCTION 17[27]

With respect to reliance, Plaintiffs Shipco and E-Global do not have to prove their individual reliance where there is an active open market in a security. An "active open market" means that there were a large number of traders, a high level of activity, and frequent trades, such that the price of the security immediately reflects all publicly available information.

If you find that Plaintiffs Shipco and E-Global have proven by a preponderance of the evidence that (1) an open, developed, and efficient market for the FXCM Common Stock existed and (2) that investors reasonably relied on that market as an accurate reflection of the current market value of FXCM Common Stock, there is a presumption of reliance for these Plaintiffs and the Class.

This presumption, however, does not end the inquiry. This presumption only applies to Plaintiffs Shipco and E-Global; it does not apply to the claims by Plaintiff 683 Capital Partners LP. And for Shipco and E-Global, Defendants may rebut the presumption that Shipco and E-Global themselves relied on the integrity of the market price when purchasing FXCM Common Stock. They can do this by proving by a preponderance of the evidence that Shipco and E-Global did not actually rely on the integrity of the market price when they purchased FXCM Common Stock because they would have bought FXCM Common Stock at the same price even if they had known of the alleged fraud.

---

[27] CA9 Model Jury Instructions, 18.7 Securities—Justifiable Reliance—Fraud-on-the-Market Case; *Basic Inc. v. Levinson*, 485 U.S. 224, 245-49 (1988); *Halliburton Co. v. Erica P. John Fund*, 573 U.S. 258, 269 (2014).

**CLOSING INSTRUCTION 18**

Plaintiff 683 Capital's claims as to its purchase of FXCM Notes are not brought as a class action. There is no presumption of reliance by 683 Capital with respect to any of its FXCM Notes purchases. Rather, it is 683 Capital's burden to show that it relied upon Defendants' misrepresentations or omissions when it purchased the FXCM Notes and that 683 Capital was justified in doing so.

In the case of a misrepresentation, 683 Capital must prove by a preponderance of the evidence that it in fact relied upon the alleged misrepresentation. In other words, if you find that the alleged misrepresentation had no effect upon 683 Capital's investment decision and that 683 Capital would have engaged in the same transaction anyway, then there was no reliance and there can be no recovery for 683 Capital.

Plaintiff 683 Capital must also prove by a preponderance of the evidence that it justifiably relied on an alleged misrepresentation in deciding to purchase the Notes, and that it did not intentionally close its eyes and refuse to investigate the circumstances or disregard known or obvious risks. Plaintiff 683 Capital may not recover if you find that the alleged misrepresentation or omission was so obvious that 683 Capital must be taken to have been aware of it, and that it was highly probable that harm would follow.

In the case of material omissions or non-disclosures of material facts, if a material omission is proved, then the element of reliance on the part of Plaintiff 683 Capital may be presumed. The law states that Plaintiff 683 Capital would have relied upon the facts that are shown to be material and intentionally withheld.

**DISPUTED CLOSING INSTRUCTION 19[28]**

### A.   Defendants' Proposed Closing Instruction 19[29]

To establish the element of loss causation, Plaintiffs must prove by a preponderance of the evidence that the alleged material misrepresentations or omissions were the cause of their economic injury. Plaintiffs are not required to prove that the disclosure of the alleged misrepresentations or omissions was the sole and exclusive cause of their injury. Rather, Plaintiffs must prove by a preponderance of the evidence that the alleged misrepresentations or omissions concealed something from the market that, when disclosed, played a substantial part in causing the decline of the price of FXCM Common Stock, and for 683 Capital's claim, the decline of the price of FXCM Notes, on February 7, 2017.

Plaintiffs must also separate out losses caused by the disclosure of the information concealed by the alleged misrepresentation or omission from losses caused by any other factors.

### B.   Plaintiffs' Proposed Closing Instruction 19[30]

To establish the element of loss causation, Plaintiffs must prove by a preponderance of the evidence that the alleged material misrepresentations or omissions were the cause of their

---

[28] CA9 Model Jury Instructions 18.8 Securities—Causation; 3B Fed. Jury Prac. & Instr. § 162:300 (6th ed.).

[29] *Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161, 173 (2d Cir. 2005) ("Thus to establish loss causation, a plaintiff must allege that the subject of the fraudulent statement or omission was the cause of the actual loss suffered, i.e., that the misstatement or omission concealed something from the market that, when disclosed, negatively affected the value of the security. Otherwise, the loss in question was not foreseeable.") (cleaned up); *In re Omnicom Grp., Inc. Sec. Litig.*, 541 F. Supp. 2d 546, 554 (S.D.N.Y. 2008), aff'd, 597 F.3d 501 (2d Cir. 2010) (disaggregation of confounding factors is required); *Atlantica Holdings, Inc. v. Sovereign Wealth Fund Samruk-Kazyna JSC*, 477 F. Supp. 3d 88, 110 (S.D.N.Y. 2020) (opining that disaggregation is required and that in order to prove loss causation under a "corrective disclosure" theory (which is Plaintiffs' theory) "a plaintiff must show that the market reacted negatively to a 'corrective disclosure,' which revealed an alleged misstatement's falsity or disclosed that allegedly material information had been omitted" (internal quotation marks and citations omitted)).

[30] *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 261 (2d Cir. 2016) ("*Vivendi II*") (establishing loss causation requires a showing that "the subject of the fraudulent statement or omission was the cause of the actual loss suffered") (emphasis in original); *id.* at 261 (losses may be caused by a 'corrective disclosure' that reveals the truth behind the alleged fraud"); ECF No. 322-1 (Decision of the Court denying Defendants' motion

36

economic injury. Plaintiffs are not required to prove that the disclosure of the alleged misrepresentations or omissions was the sole and exclusive cause of their injury. Rather, Plaintiffs must prove by a preponderance of the evidence that the subject of the misrepresentations or omissions played a substantial part in causing the decline of the price of FXCM Common Stock, and for 683 Capital's claim, the decline of the price of FXCM Notes, on February 7, 2017.

Plaintiffs must also separate out losses caused by the disclosure of the truth behind the alleged misrepresentations or omissions from losses caused by non-fraud-related factors.

---

for summary judgment) at 14 ("Plaintiffs do, however, have the burden to disaggregate losses caused by disclosures of the truth behind the alleged misstatements from losses caused by non-fraud-related factors."); *Gruber v. Gilbertson*, No. 16-CV-9727 (JSR), 2022 WL 4232834, at *10 (S.D.N.Y. Sept. 14, 2022) ("when it comes to disaggregation… [a plaintiff] cannot recover for losses caused by … factors that were unrelated to the fraud").

## DISPUTED CLOSING INSTRUCTION 20[31]

### A.    Defendants' Proposed Closing Instruction 20[32]

If you find that Plaintiffs have proved by a preponderance of the evidence that one, some, or all of the Defendants violated federal securities laws, that is, Plaintiffs' Count One, then you must decide the amount of money damages per share to be awarded to Plaintiffs. You may award only actual damages in that amount which will reasonably and fairly compensate Plaintiffs for the economic loss they sustained.

Actual damages are measured by the amount of inflation per share of FXCM Common Stock (or FXCM Notes) caused by the disclosure of the information that had been concealed from the market on which you based your finding of a Section 10(b) violation. Your award must be based on evidence and not upon speculation, guesswork, or conjecture.  Plaintiffs have the burden of proving damages by a preponderance of the evidence.

Plaintiffs also bear the burden of separating out the share price inflation, if any, caused by factors that had not been allegedly concealed from the market.

### B.    Plaintiffs' Proposed Closing Instruction 20[33]

If you find that Plaintiffs have proved by a preponderance of the evidence that one, some, or all of the Defendants violated federal securities laws, that is, Plaintiffs' Count One, then you

---

[31] CA9 Model Jury Instructions, 18.9 Securities—Damages.

[32] [32] *Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161, 173 (2d Cir. 2005); *In re Omnicom Grp., Inc. Sec. Litig.*, 541 F. Supp. 2d 546, 554 (S.D.N.Y. 2008), aff'd, 597 F.3d 501 (2d Cir. 2010) (disaggregation of confounding factors is required); *Atlantica Holdings, Inc. v. Sovereign Wealth Fund Samruk-Kazyna JSC*, 477 F. Supp. 3d 88, 110 (S.D.N.Y. 2020) (same).

[33] *Vivendi II*, 838 F.3d at 261 (losses may be caused by "a 'corrective disclosure' that reveals the truth behind the alleged fraud"); ECF No. 322-1 (Decision of the Court denying Defendants' motion for summary judgment) at 14 ("Plaintiffs do, however, have the burden to disaggregate losses caused by disclosures of the truth behind the alleged misstatements from losses caused by non-fraud-related factors."); *Gruber v. Gilbertson*, No. 16-CV-9727 (JSR), 2022 WL 4232834, at *10 (S.D.N.Y. Sept. 14, 2022) ("when it comes

must decide the amount of money damages per share to be awarded to Plaintiffs. You may award only actual damages in that amount which will reasonably and fairly compensate Plaintiffs for the economic loss they sustained.

Actual damages are measured by the amount of inflation per share of FXCM Common Stock (or FXCM Notes) caused by the disclosure of truth behind the alleged fraud on which you based your finding of a Section 10(b) violation. Your award must be based on evidence and not upon speculation, guesswork, or conjecture.  Plaintiffs have the burden of proving damages by a preponderance of the evidence.

Plaintiffs must also separate out losses caused by the disclosure of the truth behind the alleged misrepresentations or omissions from losses caused by non-fraud-related factors.

---

to disaggregation… [a plaintiff] cannot recover for losses caused by … factors that were unrelated to the fraud”).

**CLOSING INSTRUCTION 21**

Plaintiffs' Count Two in the complaint alleges a claim under Section 20(a) of the Securities Exchange Act, which is called control person liability. Under Section 20(a), even if a defendant did not themself violate the securities laws, the defendant may be secondarily liable if they are a controlling person of another person or entity that violated the securities laws. Here, Plaintiffs claim that Defendant Niv and Defendant Ahdout are each secondarily liable under Section 20(a) of the Securities Exchange Act because FXCM or one of its officers or directors violated Section 10(b) of the Securities Exchange Act, and Defendants Niv and Ahdout were controlling persons of those primary violators.

In order to prove that Defendants are liable as controlling persons, Plaintiffs have the burden of proving the following three elements by a preponderance of the evidence:

(1) that FXCM or one of its officers or directors committed a primary Section 10(b) violation (that is, Plaintiffs' Count One);

(2) that the Defendant directly or indirectly controlled a primary violator; and

(3) that the Defendant was a culpable participant in the primary violation committed by FXCM or one of its officers or directors.

A defendant controls a corporation or individual where they have the power to direct or cause the direction of the management and policies of the primary violator.[34]

A defendant is a culpable participant when they knew or should have known that the primary violator, over whom the defendant had control, was engaging in fraudulent conduct.[35]

---

[34]  *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1472-73 (2d Cir. 1996) (quoting 17 C.F.R. § 240.12b-2).

[35] *Special Situations Fund III QP, LP v. Deloitte Touche Tohmatsu CPA, Ltd.*, 33 F. Supp. 3d 401, 439 (S.D.N.Y. 2014).

## CLOSING INSTRUCTION 22

Before you begin your deliberations, elect one member of the jury as your foreperson. The foreperson will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself; but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## CLOSING INSTRUCTION 23[36]

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

- Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, Linkedin, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

- Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or

---

[36] CA9 Model Jury Instructions, 3.2 Consideration of Evidence—Conduct of the Jury.

the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**<u>CLOSING INSTRUCTION 24[37]</u>**

   If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal or bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

---

[37] CA9 Model Jury Instructions, 3.3 Communication with Court.

## CLOSING INSTRUCTION 25[38]

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

---

[38] CA9 Model Jury Instructions, 3.5 Return of Verdict.