UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Global Brokerage, Inc. f/k/a FXCM, Inc. Securities Litigation | Master File No. 1:17-cv-00916-RA |
| This Document Relates To:  All Actions | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE*
TO EXCLUDE CERTAIN EVIDENCE AND ARGUMENT CONCERNING
<u>FXCM'S SETTLEMENTS WITH THE CFTC AND NFA</u>**

Defendants Global Brokerage Inc. f/k/a FXCM Inc. ("FXCM"), Dror Niv, and William Ahdout (collectively, "Defendants") submit this memorandum in support of their motion to preclude Plaintiffs from introducing at trial certain evidence and argument regarding FXCM's prior regulatory settlements with the Commodity Futures Trading Commission ("CFTC") and National Futures Association ("NFA").

## INTRODUCTION

To prevail in this action, Plaintiffs will need to prove that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act in connection with their statements concerning FXCM's agency model, Effex's order flow payments to FXCM, and FXCM's related party and variable interest entity GAAP disclosures. Defendants are confident in their ability to explain to the jury—point by point—why Plaintiffs have not even come close to meeting their burden and proving their securities claims.

In their effort to prove their securities fraud claims, Plaintiffs apparently intend to introduce at trial the no-admit regulatory settlements FXCM entered into with the CFTC and NFA in February 2017 and use the unadjudicated allegations and "findings" set forth therein as evidence and proof of actual wrongdoing by FXCM. Indeed, in opposing Defendants' summary judgment motion in this litigation, Plaintiffs improperly argued that "[a] reasonable jury will easily be able to find, *as the CFTC and NFA already did*, that the facts and evidence in this action support Plaintiffs' allegations of securities fraud." ECF No. 262 at 1 (emphasis added). But as this Court is well aware, neither the CFTC nor the NFA found that Defendants committed securities fraud (nor could they have). In fact, the CFTC itself has since issued several administrative rulings in which it concluded that the allegations it made against Defendants in the CFTC Order were nothing more than allegations and could not be used in a different litigation to establish liability against FXCM. This is consistent with well-settled New York law that the CFTC and NFA Orders

1

(Plaintiffs' Exhibits 135 and 137, respectively) and the "findings" therein are ***not*** adjudicated facts and ***cannot*** be used as evidence of wrongdoing in other litigation.  Thus, as a matter of law, Plaintiffs should be precluded from using at trial the existence of the no-admit CFTC and NFA regulatory settlements as evidence of wrongdoing by Defendants.

Moreover, Plaintiffs should be precluded from reading to the jury any of the allegations in the NFA Complaint or purported "findings" contained in the no-admit CFTC and NFA Orders because it is not admissible evidence and would violate nearly every evidentiary concern that Federal Rule of Evidence 403 was designed to avoid.  To this end, it would unfairly prejudice Defendants, confuse and mislead the jury into thinking those unadjudicated allegations and purported findings should be viewed as established facts, and require Defendants and the Court to needlessly spend time explaining to the jury why those allegations and purported "findings" should not be viewed as established facts.   The reality is that Defendants do not need to admit the CFTC and NFA Orders into the record because they can establish the existence and terms of the regulatory settlements in other ways, including by relying on the parties' stipulated facts concerning the settlements or the CFTC and FXCM press releases announcing the settlement terms.

## ARGUMENT

I. **The CFTC And NFA Orders Cannot Be Used As Evidence Of Wrongdoing In This Case**

To the extent Plaintiffs seek to use the CFTC and NFA Orders at trial as evidence of wrongdoing on the part of Defendants, New York law is abundantly clear that the CFTC and NFA Orders and the "findings" therein are not adjudicated facts and cannot be used as evidence of wrongdoing in this case.  *See, e.g.*, *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) (holding that consent judgment could not "be used as evidence in subsequent litigation

between that corporation and another party"); *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 593-94 (S.D.N.Y. 2011) ("Although the CFTC Order included certain factual findings, it nevertheless was the product of a settlement agreement between the CFTC and the Respondents, not an adjudication of the underlying issues in the CFTC proceedings. Plaintiffs are therefore prohibited from relying on the CFTC Order to plead the 'underlying facts of liability.'").

Significantly, the CFTC itself has issued several rulings in which it concluded that the allegations it made against Defendants in the CFTC Order were nothing more than allegations and could not be used in a different litigation to establish liability against FXCM. As the CFTC stated in dismissing a fraud claim filed by an FXCM customer after the disclosure of the CFTC Order:

> [C]ourts, including the Commission, have held that consent orders cannot be used as evidence in subsequent litigation because the consenting party has agreed to certain terms in exchange for the cessation of litigation—no court or adjudicatory forum has actually made any findings of fact as a result of litigation and [FXCM] neither admit[s] nor den[ies] the facts contained in those orders. . . . In other words, no facts have been proven by the CFTC Consent Order where the settling party neither admitted nor denied the allegations. They therefore cannot be treated as proven facts in subsequent litigation.

DX-310 at 8-9.

Accordingly, Plaintiffs should be precluded from using the CFTC and NFA Orders as evidence of wrongdoing on the part of Defendants in this case.

II. **Plaintiffs' Use Of The NFA Complaint Or The Purported "Findings" In The CFTC And NFA Orders At Trial Is Improper And Would Unfairly Prejudice Defendants**

Plaintiffs should also be precluded from reading to the jury any of the allegations in the NFA Complaint (PX-136) or purported "findings" in the CFTC and NFA Orders (PX-135 and PX-137). These regulatory documents are replete with unadjudicated and unproven allegations that are not admissible at trial. And allowing the jury to hear anything in these documents—aside from the actual terms of the settlement agreements—would be extremely prejudicial to Defendants.

As an initial matter, the allegations in the NFA Complaint and the purported "findings" in the CFTC and NFA Orders are not probative of anything at trial. As the CFTC and NFA Orders themselves make clear, and Plaintiffs acknowledge, FXCM did not admit to any of the alleged violations therein. *See* PX-135 at 11 (FXCM settled CFTC Order "without admitting or denying the findings or conclusions herein"); PX-137 at 3 (FXCM "neither admitted nor denied the allegations of the [NFA] Complaint"). The CFTC Order also states that FXCM ***did not*** "consent to the use of the Offer, or [the CFTC] Order, or the findings or conclusions in [the CFTC] Order consented to in the Offer, by any other party in any other proceeding." PX-135 at 1 n.1. There is thus no basis for Plaintiffs to read to the jury the allegations in the NFA Complaint or the unadjudicated and unproven "findings" in the CFTC and NFA Orders.

Moreover, if Plaintiffs were to read anything from these regulatory documents to the jury at trial (aside from the actual terms of the regulatory settlements themselves), Defendants would undoubtedly suffer substantial prejudice. For that reason, "evidence regarding settlement agreements is often excluded at trial under Rule 403 of the Federal Rules of Evidence because of the danger of unfair prejudice and misleading the jury." *Levick v. Maimonides Med. Ctr.*, No. 08 CV 03814 (NG), 2011 WL 1673782, at *2 (E.D.N.Y. May 3, 2011).

As the Second Circuit has noted, "[c]ourts are reluctant to cloud the issues in the case at trial by admitting evidence relating to previous litigation involving one or both of the same parties." *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007). The primary concern, which would be manifest here, is that evidence "about previous cases inevitably results in trying those cases before the jury, and the merits of the other cases . . . [would] become inextricably intertwined with the case at bar." *Id.* at 53 (internal quotation marks omitted).

Here, as in *Arlio*, it is "inevitabl[e]" that the admission of the NFA Complaint and the purported "findings" in the CFTC and NFA Orders would confuse the issues at trial and mislead the jury by requiring both it and the Court to try a case within a case. Should argument and evidence regarding these regulatory documents be admitted, a jury necessarily would require an explanation of the disputed background and circumstances of those regulatory investigations, including information about facts, claims, and damages that were asserted in those investigations but not in this litigation. *See Chapple v. Fahnestock & Co., Inc.*, No. 03-4989, 2010 WL 3118638, at *1 (E.D.N.Y. Aug. 5, 2010) ("the trial of this matter is to focus on the facts of the case, not the litigation history of other lawsuits").

Thus, under Rule 403, the limited (or non-existent) probative value of the NFA Complaint and the purported "findings" in the CFTC and NFA Orders is substantially outweighed by the substantial danger of unfair prejudice that would arise if the jury interpreted this settlement evidence as a concession of liability by Defendants. *See Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 198 (S.D.N.Y. 2008) (granting motion to preclude evidence concerning settlement agreement in prior arbitration under Rule 403 because "[t]here is a significant risk that the jury would infer from the settlement agreement that [defendants] were the wrongdoers and consider that in determining [plaintiff's] liability"); *In re WorldCom, Inc. Sec. Litig.*, No. 02-cv-3288, 2005 WL 578109, at *2 (S.D.N.Y. Mar. 4, 2005) (excluding evidence of defendant's settlements of prior lawsuits because the "limited probative value of this evidence is substantially outweighed by the burden that the admission of this evidence would place on [defendant] to explain the circumstances at issue in these other lawsuits, by the waste of time that would accompany such explanations, and by the danger that admission of this evidence will create unfair prejudice").

Accordingly, Plaintiffs should not be permitted to read to the jury any of the allegations in the NFA Complaint or unadjudicated and unproven "findings" in the CFTC and NFA Orders.[1]

## CONCLUSION

For all the foregoing reasons, the Court should enter an order precluding Plaintiffs from using at trial the existence of the no-admit CFTC and NFA regulatory settlements as evidence of wrongdoing by Defendants and from reading any of the unadjudicated allegations and purported "findings" contained in the CFTC and NFA Orders.

Dated: December 14, 2022

    Respectfully submitted,

    KING & SPALDING LLP

    By: */s/ Israel Dahan*
    Israel Dahan
    Peter Isajiw
    Ryan Gabay
    KING & SPALDING LLP
    1185 Avenue of the Americas
    New York, NY 10036
    Telephone No.: (212) 556-2114
    idahan@kslaw.com
    pisajiw@kslaw.com
    rgabay@kslaw.com

    Chelsea J. Corey
    KING & SPALDING LLP
    300 South Tryon Street

---

[1] Defendants recognize that Plaintiffs are relying on the existence of the regulatory settlements and the terms of those settlements in connection with their burden to establish loss causation in this case. Accordingly, Defendants have stipulated to the existence and terms of FXCM's prior settlements with the CFTC and NFA. Plaintiffs can also rely on the CFTC and FXCM press releases announcing the regulatory settlements (PX-133 and PX-138). Therefore, Plaintiffs have no legitimate reason to read to the jury the allegations in the NFA Complaint or the purported "findings" in the CFTC and NFA Orders and should be precluded from doing so.

6

Suite 1700
Charlotte, NC 28202
Telephone No.: (704) 503-2575
ccorey@kslaw.com

*Counsel for Defendants*