UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Global Brokerage, Inc. f/k/a FXCM, Inc. Securities Litigation | Master File No. 1:17-cv-00916-RA |
| This Document Relates To: All Actions | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE* TO PRECLUDE PLAINTIFFS FROM SUBMITTING INTO EVIDENCE DEPOSITION DESIGNATIONS OF JOHN DITTAMI'S TESTIMONY TO THE CFTC**

Defendants Global Brokerage Inc. f/k/a FXCM Inc. ("FXCM"), Dror Niv, and William Ahdout (collectively, "Defendants") submit this memorandum in support of their motion to preclude Plaintiffs from submitting into evidence deposition designations of certain testimony provided by Effex Capital LLC's ("Effex") founder and Chief Executive Officer, John Dittami, to the Commodity Futures Trading Commission ("CFTC") in connection with prior regulatory proceedings initiated by the CFTC against Forex Capital Markets, LLC, FXCM Holdings, LLC, Niv, and Ahdout (the "FXCM Respondents").

## INTRODUCTION

The Federal Rules of Civil Procedure provide that a deposition taken in a prior action must satisfy certain threshold criteria to be admissible in a subsequent action. Specifically, deposition testimony from a previous federal or state court action (not regulatory investigation) may only be used "in a later action involving the same subject matter between the same parties, or their representatives or successors in interest." Fed. R. Civ. P. 32(a)(8). Because Plaintiffs have not satisfied these criteria, their attempt to use Dittami's deposition testimony from prior CFTC regulatory proceedings in this action must fail.

During the pretrial phase of this litigation, Plaintiffs have designated certain deposition testimony provided by Effex's founder and Chief Executive Officer, Dittami, in April 2016 in connection with a regulatory investigation by the CFTC against the FXCM Respondents. But the CFTC's prior deposition of Dittami is not admissible in this action because the CFTC regulatory proceedings and this federal securities litigation involve entirely different subject matter and parties. Indeed, as discussed below, the CFTC investigation involved alleged violations of the Commodity Exchange Act and other CFTC regulations with respect to FXCM's customers and the CFTC itself, while this action involves alleged violations of the federal securities laws with respect to FXCM's investors. In addition, the CFTC investigation and this litigation do not involve

1

the same parties. It is undisputed that the CFTC—and not Plaintiffs—brought the CFTC regulatory proceedings against the FXCM Respondents. Moreover, the "same parties" inquiry under Rule 32(a)(8) focuses on whether an adversary with the same motive to cross-examine the deponent was present at the prior deposition. Plaintiffs cannot make this showing either, because the only adversary present at the CFTC's deposition of Dittami was his own counsel, who had a very different motive for cross-examining Dittami than counsel for the FXCM Respondents would have had. Indeed, counsel for the FXCM Respondents were not permitted to attend the CFTC's deposition of Dittami and, thus, did not have an opportunity to cross-examine Dittami at that deposition.

Accordingly, Plaintiffs should be precluded from offering into evidence deposition designations of certain testimony provided by Dittami to the CFTC in connection with its prior regulatory investigation because Plaintiffs have failed to satisfy Federal Rule of Civil Procedure 32(a)(8).

## ARGUMENT

Deposition testimony from a previous "federal- or state-court action" may only be used "in a later action involving the same subject matter between the same parties, or their representatives or successors in interest." Fed. R. Civ. P. 32(a)(8). Plaintiffs' attempt to use Dittami's prior CFTC deposition testimony in this action fails because Plaintiffs cannot meet any of these threshold requirements.

As an initial matter, the CFTC's deposition of Dittami was not taken in a previous "federal- or state-court action" (*see id.*) but, instead, in connection with a prior regulatory investigation brought by the CFTC against the FXCM Respondents. For that reason alone, Plaintiffs' attempt to use the CFTC's deposition of Dittami in this case must fail. *See FDIC v. Ticor Title Co.*, No. C15-1029RSM, 2016 WL 7493424, at *1 (W.D. Wash. Dec. 30, 2016) (precluding plaintiff from

submitting deposition into evidence because it "was not taken in a federal or state court action but during an administrative process").

Plaintiffs also cannot satisfy the "same parties" requirement of Federal Rule Civil Procedure 32(a)(8), thus precluding them from using the CFTC's deposition of Dittami in this action. Plaintiffs in this litigation (*i.e.*, Class Plaintiffs seeking to litigate alleged violations of the federal securities laws) were not present during the prior regulatory proceedings brought by the CFTC against the FXCM Respondents.[1] Therefore, the CFTC's deposition of Dittami cannot be used in this litigation. *See In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Tech. & Versys Femoral Head Prod. Liab. Litig.*, No. 18-MC-2859 (PAC), 2020 WL 1989397, at *1 (S.D.N.Y. Apr. 27, 2020) (denying MDL Plaintiffs' request to use deposition testimony that predated the formation of the MDL where "[s]ome of the depositions they want to use were taken four or five years ago" and "Plaintiffs have not argued that the four Bellwether cases to be tried before this Court involve the same plaintiffs as the prior actions in which the disputed depositions were taken").[2]

Moreover, "[t]he accepted inquiry [under Rule 32(a)(8)] focuses on whether the prior cross-examination would satisfy a reasonable party who opposes admission in the present lawsuit." *Fed. Housing Fin. Agency v. Merrill Lynch & Co., Inc.*, 2014 WL 798385, at *1 (S.D.N.Y. 2014). "Consequently, courts have required only a substantial identity of issues, and the ***presence of an***

---

[1] Plaintiffs in this action cannot reasonably contend that they are the "representatives or successors in interest" of the CFTC. *See* Fed. R. Civ. P. 32(a)(8).

[2] *See also Leblanc v. Disa Global Solutions*, No. 17-76-SDD-EWD, 2020 WL 8363123, at *3 (M.D. La. Feb. 19, 2020) (plaintiff did not satisfy Rule 32(a)(8) and could not utilize a deposition taken in a prior matter because plaintiff "was not a party in the prior lawsuit in which the depositions were taken"); *Braccia v. D'Blass Corp.*, No. 08 Civ. 08927 LTS, 2011 WL 2848146, at *6 (S.D.N.Y. June 13, 2011), report and recommendation adopted, 2011 WL 2848202 (S.D.N.Y. July 18, 2011) (plaintiffs failed to establish that depositions from prior action were admissible evidence in later action because both actions involved different defendants).

3

***adversary with the same motive to cross-examine the deponent***." *Id.* (emphasis added).  Here, the only adversary that was present to cross-examine Dittami during his deposition was his own counsel, and not counsel for FXCM.  While Dittami's counsel was motivated to protect his client's interests, he had no motive to protect the interests of the FXCM Respondents during any cross-examination of Dittami—thus rendering Plaintiffs' attempt to use the CFTC's prior deposition of Dittami patently unfair and improper.[3]

Nor can Plaintiffs establish that the prior action—*i.e.*, the regulatory proceedings brought by the CFTC against the FXCM Respondents—involved the "same subject matter" at issue in this litigation.  Fed. R. Civ. P. 32(a)(8).  "[T]he law is very clear to the effect that in order for a deposition to be admissible in another action, not only must the parties be the same, but the issues must be substantially the same."  *Braccia*, 2011 WL 2848146, at *6.  Here, the principal issues raised in the CFTC regulatory proceedings are clearly distinct from those at issue in this litigation.  To that end, while the CFTC investigation focused on whether the FXCM Respondents made misrepresentations to FXCM's *retail customers* and *the NFA itself* in violation of the Commodity Exchange Act and other CFTC regulations, Plaintiffs in this action seek to litigate whether FXCM defrauded its *investors* in violation of Sections 10(b) and 20(a) of the Securities Exchange Act.  Accordingly, Plaintiffs fail to satisfy Rule 32(a)(8)'s "same issue" requirement and cannot use the CFTC's prior deposition of Dittami in this action.  *See Sanchez v. Fla. Dep't of Corr.*, No. 4:20-cv-360-AW-MJF, 2020 WL 12309024, at *1 (N.D. Fla. Nov. 24, 2020) (Rule 32(a)(8) did not

---

[3] Notably, Plaintiffs had the opportunity to fully depose Dittami in this case (and in fact did so) and have designated that deposition for trial.  Thus, to the extent Plaintiffs argue that they are prejudiced by not being able to use Dittami's deposition testimony from prior CFTC regulatory proceedings, that argument is meritless.

4

authorize use of prior deposition in subsequent litigation because "although [the prior action] involved some similar underlying facts, the legal issues are not substantially similar").

## CONCLUSION

For the reasons stated above, the Court should enter an order precluding Plaintiffs from submitting into evidence deposition designations of certain testimony provided by Dittami to the CFTC.

Dated: December 14, 2022

        Respectfully submitted,

        KING & SPALDING LLP

        By: */s/ Israel Dahan*
        Israel Dahan
        Peter Isajiw
        Ryan Gabay
        KING & SPALDING LLP
        1185 Avenue of the Americas
        New York, NY 10036
        Telephone No.: (212) 556-2114
        idahan@kslaw.com
        pisajiw@kslaw.com
        rgabay@kslaw.com

        Chelsea J. Corey
        KING & SPALDING LLP
        300 South Tryon Street
        Suite 1700
        Charlotte, NC 28202
        Telephone No.: (704) 503-2575
        ccorey@kslaw.com

        *Counsel for Defendants*