UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Global Brokerage, Inc. f/k/a FXCM, Inc. Securities Litigation | Master File No. 1:17-cv-00916-RA |
| This Document Relates To:  All Actions | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE PLAINTIFFS' EXHIBIT PX-96 AS IMPROPER SUMMARY EVIDENCE**

Defendants Global Brokerage Inc. f/k/a FXCM Inc. ("FXCM"), Dror Niv, and William Ahdout (collectively, "Defendants") submit this memorandum of law in support of their motion *in limine* to exclude, pursuant to Federal Rules of Evidence 1006 and 403, Plaintiffs' Trial Exhibit No. PX-96 – a PDF copy of a spreadsheet with the file name "(Summary Exhibit) Invoices to Effex (Feb 2013-July 2014)" (the "Invoice Spreadsheet") – as improper and prejudicial summary evidence. The Court should exclude the Invoice Spreadsheet because, in violation of Rules 1006 and 403, (a) the 18 invoices that the document purports to summarize are not "voluminous writings" that "cannot conveniently be examined in court," (b) the Invoice Spreadsheet does not accurately summarize the underlying invoices; and (c) the Invoice Spreadsheet presents the invoices in an argumentative manner.

## BACKGROUND

Plaintiffs' Trial Exhibit List ("Plaintiffs' Exhibit List"), attached as Exhibit D to the Joint Pretrial Order, identifies 148 proposed exhibits. In Plaintiffs' Exhibit List, Plaintiffs describe PX-96 as "Summary of invoices and calculations," without explaining their methodology or the scope of the summary. *Id.* at 5. Plaintiffs provided Defendants with a PDF copy of the summary – in the form of a spreadsheet spanning two pages – on December 13, 2022, (the Invoice Spreadsheet). *See* PX-96. The first column of the Invoice Spreadsheet on both pages, labeled "Bates No.," lists eighteen (18) produced documents by their Bates numbers. *Id.* Seventeen (17) of these listed Bates-labeled documents are also identified as individual Exhibit Nos. PX-79–PX-95 on Plaintiffs' Exhibit List. *See* PX-96 at lines 80-96 (listing GLBR_00185248; GLBR_00120028; GLBR_00217444; GLBR_00120227; GLBR_00185335; GLBR_00217450; GLBR_00120656; GLBR_00185361; GLBR_00185363; GLBR_00185365; GLBR_00121084; GLBR_00121085; GLBR_00121083; GLBR_00154607; GLBR_00154608; GLBR_00154609; and

1

GLBR_00120896 (hereinafter, "Plaintiffs' 17 Exhibit Invoices")). However, the first invoice listed in the Invoice Spreadsheet, GLBR_00185175, was not identified on Plaintiffs' Exhibit List.

All 18 of the invoices in the Invoice Spreadsheet have likewise been identified as trial exhibits by Defendants, as they included all 18 invoices in their own Exhibit DX-292, which is a "Compilation of Invoices from FXCM to Effex." *See* Defendants' Trial Exhibit List, attached as Exhibit D to the Joint Pretrial Order (compiling Effex's invoices from 2010 to 2014). The invoices listed on PX-96 (and in Defendants' Exhibit DX-292) are invoices from FXCM to Effex Capital, titled "Rebate for FX Trades," and contain numbers for "Period [or Date]," "Volume," "Fee Per Million," and "P&L." *See, e.g.*, PX-79 ("Invoice #03-2013" dated April 28, 2013) (the "Sample Invoice") (redacting account number). It is highly likely that these invoices – identified as exhibits for both Parties – will be examined in court during the upcoming trial.

The columns on Plaintiffs' purported summary exhibit PX-96 include "Bates No.," "Invoice Time Period," "Total 'P&L,'" "Total Volume (per million)," "Effective Rate per million ('P&L'/Volume)," "USD-JPY Volume," "% of Total Volume," "EUR-USD Volume," "Combined Volume: USD-JPY+EUR-USD)," and "% of Total Volume." PX-96. The columns, "Bates No.," "Invoice Time Period," and "Total Volume" are included on both pages. *See id.* And the column "% of Total Volume" is repeated three times on the second page: once after "USD-JPY Volume," again after "EUR-USD Volume," and a third time after "Combined Volume: USD-JPY + EUR-USD." *Id.* at 2.

From Defendants' counsel's review, the numbers listed in the columns for "Total 'P&L,'" "Total Volume (per million)," "USD-JPY Volume," and "EUR-USD Volume," appear to be sums of the figures listed on the individual invoices, or the actual figures as they appeared on the invoices. *See, e.g.*, PX-79, Sample Invoice. However, the columns for "Effective Rate per million

2

('P&L' / Volume)," "% of Total Volume," and "Combined Volume: USD-JPY + EUR-USD," appear to be Plaintiffs' own calculations that are not contained on the faces of the invoices.

As discussed in detail below, the Invoice Spreadsheet is argumentative and incorrect in many ways. The invoices themselves are the best evidence of their content.

## **ARGUMENT**

The Best Evidence Rule states that an "original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Fed. R. Civ. P. 1002. Rule 1006 provides a limited exception to the Best Evidence Rule: "The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." Fed. R. Evid. 1006. But such a summary cannot be admitted into evidence via Rule 1006 if the underlying content is "relatively straightforward" and can "conveniently be examined in court by the jury." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 190 (S.D.N.Y. 2008) (holding that indices could not be admitted into evidence where the recordings and transcripts summarized in the indices were not alleged to be confusing and the information was "duplicative" as it was found in the underlying documents). For summary evidence to be admissible, the proponent of the evidence must make show or satisfy four requirements:

> First, the summarized writings must be so voluminous so as to be unable to be conveniently examined in Court. Second, the underlying evidence must itself be admissible. Third, the original or copies of the summarized writings must be made available to the opposing party. And fourth, the proposed summary (or chart calculation) must accurately summarize (or reflect) the underlying document(s) and only the underlying documents(s).

*PR Contractors, Inc. v. United States*, 69 Fed. Cl. 468, 472 (2006). Like here, a "digest of information gleaned from" other documents, that may be "akin to a condensation of a trial witness' anticipated testimony," is "not the type of 'summary' anticipated by Rule 1006, and is therefore

3

inadmissible." *Torah Soft Ltd. v. Drosnin*, No. 00-cv-676, 2003 WL 22024074, at *6 (S.D.N.Y. Aug. 28, 2003).

To persuade the Court to admit the Invoice Spreadsheet as summary evidence, Plaintiffs must "establish that 'the summary is accurate and nonprejudicial.'" *UPS Store, Inc. v. Hagan*, No. 14-cv-1210, 2017 WL 3309721, at *5 (S.D.N.Y. Aug. 2, 2017) (citation omitted). This requirement is crucial "because a summary 'is admissible to prove its contents,' and accordingly "great care must be taken to ensure that the proposed summary contains no annotation or suggestion, even inferential, that may be considered argumentative.'" *Id.* (citation omitted). Plaintiffs cannot meet these elements to properly proffer PX-96 as summary evidence.

### A.     The 18 Invoices on PX-96 Are Not Voluminous

PX-96 covers just 18 invoices—each a single page—over the short span of February 2013 to July 2014.[1] *See* PX-96. Plaintiffs cannot show that these 18 invoices are "too voluminous" to be examined in court—they are the opposite. Each invoice is only one-page in length, so even when combined, the documents PX-96 purports to summarize are only collectively 18 pages long. Courts consistently find that a small number of documents, like these, cannot constitute "voluminous writings" under Rule 1006. *See, e.g.*, *Javelin Inv., S.A. v. Municipality of Ponce*, 645 F.2d 92, 96 (1st Cir. 1981) (finding that ten pages of invoices and documents that were "simple, short and straightforward" are "not the type of 'voluminous writings. . . which cannot conveniently be examined in court'"); *see also Chisholm v. Sloan-Kettering*, No. 09 CIV. 8211 VM, 2011 WL 2015526, at *4 (S.D.N.Y. May 13, 2011) ("Exhibit BBB is not a summary of records too voluminous to be presented under FRE 1006"); *PR Contractors, Inc.*, 69 Fed Cl. at 472 (finding

---

[1] Defendants further object to PX-96 under Rule 106, Fed. R. Ev., because Plaintiffs do not list one of the underlying invoices, GLBR_00185175 (the first invoice on the Invoice Spreadsheet), on Plaintiffs' Exhibit List.

4

that plaintiff "has not established that [the documents] are too voluminous to be examined in court").

Moreover, both Parties have listed the underlying invoices on their exhibit lists – meaning that they will likely be presented to the jury individually in any event. Plaintiffs' summary will do nothing but confuse the jury. *See Highland Cap. Mgmt., L.P.*, 551 F. Supp. 2d at 190 (denying motion to admit summary indices into evidence or alternatively to permit the party to use them as demonstrative aids, where the "indices are more confusing than they are helpful").

### B.   PX-96 Is Incorrect and Argumentative

Even if Plaintiffs could establish that the underlying invoices satisfy the "too voluminous" requirement, the Court should still exclude PX-96 as improper under Rule 1006 and as prejudicial under Rule 403 because the Invoice Spreadsheet is argumentative and plainly incorrect in several ways:

1. In the "EUR-USD Volume" column on page 2, the values in rows 1-4 are listed as nil ("-"), which results in the subsequent column "% of Total Volume" listing the percentages as "0%." PX-96. But the data does not reflect that EUR-USD actually consisted of **0%** of the total volume for invoices in Feb-May 2013—instead, the reality is that the EUR-USD volume was not segregated like it was for later invoices because the EUR-USD volume was included in the total volume at all times prior to June 2013. Plaintiffs understand this fact well and even asserted as a material fact that "[i]n June 2013, Dittami, Ahdout, and Niv agreed that Effex would, and thereafter did, likewise split out trading volume in the euro-dollar currency pair, with Effex paying only $6 per million." ECF No. 300 at ¶ 231. Accordingly, all the numbers in columns K through L in rows 2-5 (and,

5

consequently, all of column N) are incorrect and misleading.

2. Plaintiffs' use of "P&L" in quotation marks is argumentative. A summary is "misleading" if it "raises an inference unsupported by the underlying data." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, No. 13CV816, 2018 WL 8996333, at *1–2 (S.D.N.Y. Mar. 5, 2018). Plaintiffs do not put any other category in the columns in quotation marks, and those quotation marks do not appear on the face of the invoices themselves where P&L is listed. *See, e.g.*, PX-79, Sample Invoice. Yet Plaintiffs never list P&L alone without quotation marks. This transparent attempt at argument is premised upon an assertion that Plaintiffs have repeatedly made, which is entirely unsupported by evidence. For example, in Plaintiffs' Statement of Additional Material Facts they asserted that the NFA "found" that "FXCM's order flow" was "referred to internally as 'P&L.'" ECF No. 300 at ¶ 276. Likewise, Plaintiffs asserted that FXCM "described the 'Rebates' and the amounts billed" as 'P&L.'" *Id.* at ¶ 195. Yet deposition testimony confirmed that "P&L" on the invoices was "not at all" related in any way to Effex's profit or loss on order flow. *See, e.g.,* ECF No. 310-7 (Ex. 216, Rosenfeld Tr. 133:14-24). Plaintiffs' attempt to imply that "P&L" is some sort of euphemism or stand in for the payments for order flow displayed on the invoices is "not a neutral summary, but an argument unsupported by the underlying data." *John Wiley & Sons, Inc.*, 2018 WL 8996333, at *1.

Because PX-96 is "suffused with argumentation" and is a "veiled argument as to the implications of that evidence," it is "not admissible under Rule 1006." *UPS Store, Inc.*, 2017 WL 3309721, at *5. The Court should exclude PX-96 as improper summary evidence under Rule 1006

and as prejudicial under Rule 403.

## CONCLUSION

For the foregoing reasons, pursuant to Federal Rules of Evidence 1006 and 403, Defendants respectfully request that the Court bar Plaintiffs from introducing PX-96 as summary evidence under Rule 1006 because it is not voluminous, it is argumentative, it is incorrect, and it is accordingly prejudicial.[2]

Dated: December 14, 2022

                     Respectfully submitted,

                     KING & SPALDING LLP

                     By: */s/ Israel Dahan*
                     Israel Dahan
                     Peter Isajiw
                     Ryan Gabay
                     KING & SPALDING LLP
                     1185 Avenue of the Americas
                     New York, NY 10036
                     Telephone No.:  (212) 556-2114
                     idahan@kslaw.com
                     pisajiw@kslaw.com
                     rgabay@kslaw.com

                     Chelsea J. Corey
                     KING & SPALDING LLP
                     300 South Tryon Street
                     Suite 1700
                     Charlotte, NC 28202
                     Telephone No.:  (704) 503-2575
                     ccorey@kslaw.com

                     *Counsel for Defendants*

---

[2] The Court should also preclude Plaintiffs from using PX-96 as an inadmissible demonstrative device at trial for the same reasons, because it will only serve to confuse the jury and has no probative value as presented.