# EXHIBIT A-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Global Brokerage, Inc. f/k/a FXCM Inc. Securities Litigation | Master File No. 1:17-cv-00916-RA-BCM <br><br> <u>CLASS ACTION</u> |
| This Document Relates To: All Actions | |

**NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION**

EXHIBIT A-1

If you purchased Class A common stock of Global Brokerage, Inc. f/k/a FXCM, Inc. ("FXCM" or the "Company") during the period from March 15, 2012 through February 6, 2017, both dates inclusive ("Class Period"), you could get a payment from a proposed class action settlement ("Settlement").

*Under law, a federal court has authorized this Notice. This is not attorney advertising.*

- If approved by the Court, the Settlement will provide $6,500,000 ("Settlement Amount"), plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and net of any taxes on interest, to pay claims of investors who purchased FXCM common stock during the Class Period.

- The approximate recovery, after deduction of attorneys' fees and expenses approved by the Court, is an average of $0.66 per damaged share of FXCM common stock. This estimate is based on the assumptions set forth in the following two paragraphs. Your actual recovery, if any, will depend on the aggregate losses of all Class Members, the date(s) you purchased and sold FXCM common stock and sale prices, and the total number and amount of claims filed.

- Attorneys for Plaintiffs ("Class Counsel") intend to ask the Court to award them fees of up to one third of the Settlement Amount, or $2,166,666.67, reimbursement of litigation expenses of no more than $850,000, and awards to Class Representatives of $20,000 for Lead Plaintiff Shipco Transport Inc. and $15,000 for Plaintiff E-Global Trade and Finance Group, Inc., or $35,000 total. Collectively, the attorneys' fees and expenses and award to Plaintiffs are estimated to average $0.59 per damaged share of FXCM common stock. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The Settlement represents an estimated average recovery of $1.25 per damaged share of FXCM common stock for the approximately 5.2 million damaged shares during the Class Period. Shares may have been traded more than once during the Class Period. This estimate solely reflects the average recovery per damaged share of FXCM common stock. The indicated average recovery per share will be the total average recovery for all purchasers of that share. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate losses of all Class Members, the date(s) you purchased and sold FXCM common stock, and the total number of claims filed.

- The Settlement resolves the Action concerning whether FXCM and Dror Niv and William Ahdout (the "Individual Defendants") violated the federal securities laws by making misrepresentations and/or omissions of material fact in various filings with the U.S. Securities and Exchange Commission or in other public statements to investors. Individual Defendants and FXCM deny each and every claim and contention alleged in the Action and deny any misconduct or wrongdoing whatsoever, including by any of FXCM's officers, directors, or employees.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

EXHIBIT A-1

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| **SUBMIT A CLAIM FORM NO LATER THAN _____ __, 2023** | The only way to get a payment. |
| --- | --- |
| **EXCLUDE YOURSELF NO LATER THAN _____ __, 2023** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against the Individual Defendants and FXCM about the legal claims in this case. |
| **OBJECT NO LATER THAN _____ __, 2023** | Write to the Court and explain why you object to the Settlement. |
| **GO TO A HEARING ON _____ __, 2023** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment.  Give up rights. |

## INQUIRIES

**Please do not contact the Court regarding this Notice.**  All inquiries concerning this Notice, the Proof of Claim and Release Form, or any other questions by Class Members should be directed to:

| Global Brokerage, Inc. f/k/a FXCM, Inc. Securities Litigation c/o Strategic Claims Services P.O. Box 230 600 N. Jackson St., Ste. 205 Media, PA 19063 Tel.:  866-274-4004 Fax:  610-565-7985 info@strategicclaims.net | OR | Phillip Kim THE ROSEN LAW FIRM, P.A. 275 Madison Avenue, 40th Floor New York, NY 10016 Tel: 212-686-1060 Fax: 212-202-3827 Email: pkim@rosenlegal.com |
| --- | --- | --- |

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated February 1, 2023 ("Stipulation").

EXHIBIT A-1

**COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT**

**1.    Why did I get this Notice?**

You or someone in your family may have purchased FXCM common stock between March 15, 2012 and February 6, 2017, both dates inclusive.

**2.    What is this lawsuit about?**

The case is known as *In re Global Brokerage, Inc. f/k/a FXCM Inc. Securities Litigation,* Master File No. 1:17-cv-916-RA-BCM (S.D.N.Y.) (the "Action"). The Action is pending in the United States District Court for the Southern District of New York.

The Action involves Plaintiffs' allegations that the Individual Defendants and FXCM violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, by knowingly misleading investors in Securities Exchange Commission ("SEC") filings and other public statements by falsely claiming that its customers who transacted on FXCM's "No Dealing Desk" ("NDD") platform would be free from conflicts of interest because FXCM would not be on the other side of the trade or have any financial interest in the trade, when, in fact, FXCM had an undisclosed financial interest in the market maker that consistently "won" the largest share of FXCM's NDD trading volume. On February 6, 2017, the Commodity Futures Trading Commission ("CFTC") and National Futures Association ("NFA") announced a regulatory settlement, and that they found that FXCM and Individual Defendants had engaged in false and misleading solicitations of FXCM's retail foreign exchange customers by concealing its conflict of interest. FXCM and Individual Defendants did not admit to any alleged wrongdoing as part of the settlement. The settlement imposed a civil penalty of $7 million and prohibited the company from operating in the United States. Plaintiffs allege that upon this news, FXCM securities lost half of their value, damaging FXCM investors. Defendants have denied and continue to deny the allegations in the Complaint and all charges of wrongdoing or liability against FXCM or any of its officers, directors, or employees. The Settlement shall in no event be construed as, or deemed to be evidence of, an admission or concession by any of the Defendants with respect to any claim or any fault or wrongdoing or damage to the Class Members or any other person. The Settlement resolves all of the claims in the Action, as well as certain other claims or potential claims.

**3.    Why is this a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

**4.**   **Why is there a Settlement?**

Plaintiffs and the Individual Defendants do not agree regarding the merits of Plaintiffs' allegations and the Individual Defendants' defenses with respect to liability or the amount of damages per share, if any, that would be recoverable if Plaintiffs were to prevail at trial on each claim. The issues on which Plaintiffs and the Individual Defendants disagree include: (1) whether the Individual Defendants made any statements or omissions that were materially false or misleading or otherwise actionable under federal securities law; (2) whether certain the Individual Defendants acted with scienter; (3) to the extent any statements or omissions were materially false or misleading, whether any subsequent disclosures corrected any prior false or misleading statements or omissions by the Individual Defendants; (4) the causes of the loss in the value of the stock; and (5) the amount of damages, if any, that could be recovered at trial.

This matter has not gone to trial. Instead, Plaintiffs and the Individual Defendants have agreed to settle the case. Plaintiffs and Class Counsel believe the Settlement is best for all Class Members because of the risks associated with continued litigation and the nature of the defenses the Individual Defendants would raise. Among the reasons that Plaintiffs and Class Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they would be able to prove their claims at trial, and whether they will be able to prove that the alleged misstatements and omissions actually caused the Class any damages, and the amount of damages, if any.

Even if Plaintiffs were to win at trial, and also prevail on any on appeal brought by the Individual Defendants, Plaintiffs might not be able to collect some, or all, of any judgment the class would be awarded. Moreover, litigation of this type is usually expensive, and it appears that, even if Plaintiffs' allegations were eventually found to be true, the total amount of damages to which Class Members would be entitled could be substantially reduced.

**5.**   **How do I know if I am part of the Settlement?**

The Class consists of those Persons who purchased FXCM common stock from March 15, 2012 through February 6, 2017, both dates inclusive.

**6.**   **Are there exceptions to being included?**

Yes. Excluded from the Class are: (i) Defendants; (ii) current and former officers, employees, consultants and directors of FXCM and FXCM Holdings, LLC; (iii) siblings, parents, children, spouses, and household members of any person excluded under (i) and (ii); (iv) any entities affiliated with, controlled by, or more than 5% owned by, any person excluded under (i) through (iii); and (v) the legal representatives, heirs, successors or assigns of any person excluded under (i) through (iv). Also excluded from the Class are persons who file valid and timely requests for exclusion from the Class.

**7.**   **I am still not sure whether I am included.**

If you are still not sure whether you are included, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by

phone at (866) 274-4004 or by facsimile at (610) 565-7985, visit the website www.strategicclaims.net/FXCM, or fill out and return the Proof of Claim and Release Form described in Question 9, to see if you qualify.

**8.** **What does the Settlement provide?**

    **a.** **What is the Settlement Fund?**

The proposed Settlement provides that the Individual Defendants pay $6,500,000 into a Settlement Fund. The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees and reasonable litigation expenses to Class Counsel and any Award to the Plaintiffs. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing this Notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining ("Net Settlement Fund") will be distributed according to the Plan of Allocation to be approved by the Court to Class Members who submit timely, valid Proofs of Claim.

    **b.** **What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed; (ii) the dates you purchased and sold FXCM common stock; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amounts awarded by the Court to Class Counsel for attorneys' fees, costs, and expenses and any awards to Plaintiffs.

The Claims Administrator will determine each Class Member's *pro rata* share of the Net Settlement Fund based upon each Class Member's valid "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount that a Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Class Members with valid claims.

The Net Settlement Fund will be distributed to Class Members who submit a Proof of Claim and whose claims for recovery are allowed by the Claims Administrator pursuant to the terms of the Stipulation or by order of the Court under the below Plan of Allocation ("Authorized Claimants"), which reflects Plaintiffs' contention that because of the alleged misrepresentations made by the Individual Defendants, the price of FXCM common stock was artificially inflated during the relevant period and that certain subsequent disclosures caused changes in the inflated price of FXCM common stock. The Individual Defendants have denied these allegations.

### PROPOSED PLAN OF ALLOCATION

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or

without modifications agreed to among the Parties, or another plan of allocation, without further notice to Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website: www.strategicclaims.net/FXCM.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share"). No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. Six months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Class Counsel.

### **THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS**

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on their Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. Recognized Losses will be calculated as follows:

Recognized Loss for the FXCM's Class A common stock purchased during the Class Period will be calculated as follows[1]:

A. For shares retained at the end of trading on May 5, 2017, the Recognized Loss shall be the lesser of:

---

[1] On October 1, 2015 FXCM completed a 1-for-10 reverse stock split for its Class A common stock such that for every 10 pre-split shares, the post-split shareholder would own 1 share. All Recognized Loss calculations will be done on a post-split basis.

  (i)  $3.39 per share; or
  (ii)  the difference between the purchase price per share and $2.33 per share.[2]

 B. For shares sold on or before February 6, 2017, the Recognized Loss per share shall be $0.

 C. For shares sold between February 7, 2017 and May 5, 2017, inclusive, the Recognized Loss shall be the lesser of:
  (i)  $3.39 per share: or
  (ii)  the difference between the purchase price per share and the average closing price per share as of date of sale provided in Table A below.

Table A

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 2/7/2017 | $3.45 | $3.45 | 3/23/2017 | $1.90 | $2.45 |
| 2/8/2017 | $2.90 | $3.18 | 3/24/2017 | $2.15 | $2.44 |
| 2/9/2017 | $3.00 | $3.12 | 3/27/2017 | $2.25 | $2.44 |
| 2/10/2017 | $2.90 | $3.06 | 3/28/2017 | $2.50 | $2.44 |
| 2/13/2017 | $2.90 | $3.03 | 3/29/2017 | $2.50 | $2.44 |
| 2/14/2017 | $2.80 | $2.99 | 3/30/2017 | $2.55 | $2.44 |
| 2/15/2017 | $2.85 | $2.97 | 3/31/2017 | $2.70 | $2.45 |
| 2/16/2017 | $2.95 | $2.97 | 4/3/2017 | $2.50 | $2.45 |
| 2/17/2017 | $2.90 | $2.96 | 4/4/2017 | $2.25 | $2.45 |

---

[2]Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $2.33 per share was the mean (average) daily closing trading price of the Company's common stock during the 90-day period beginning on February 7, 2017 and ending on May 5, 2017.

EXHIBIT A-1

| Date | | | Date | | |
|---|---|---|---|---|---|
| 2/21/2017 | $2.80 | $2.95 | 4/5/2017 | $2.20 | $2.44 |
| 2/22/2017 | $2.85 | $2.94 | 4/6/2017 | $2.15 | $2.43 |
| 2/23/2017 | $2.75 | $2.92 | 4/7/2017 | $2.00 | $2.42 |
| 2/24/2017 | $2.80 | $2.91 | 4/10/2017 | $2.15 | $2.42 |
| 2/27/2017 | $2.90 | $2.91 | 4/11/2017 | $2.30 | $2.41 |
| 2/28/2017 | $2.75 | $2.90 | 4/12/2017 | $2.20 | $2.41 |
| 3/1/2017 | $2.60 | $2.88 | 4/13/2017 | $2.18 | $2.41 |
| 3/2/2017 | $2.60 | $2.86 | 4/17/2017 | $2.25 | $2.40 |
| 3/3/2017 | $2.50 | $2.84 | 4/18/2017 | $2.20 | $2.40 |
| 3/6/2017 | $2.27 | $2.81 | 4/19/2017 | $2.20 | $2.39 |
| 3/7/2017 | $2.31 | $2.79 | 4/20/2017 | $2.10 | $2.39 |
| 3/8/2017 | $2.30 | $2.77 | 4/21/2017 | $2.10 | $2.38 |
| 3/9/2017 | $2.33 | $2.75 | 4/24/2017 | $2.15 | $2.38 |
| 3/10/2017 | $2.30 | $2.73 | 4/25/2017 | $2.20 | $2.37 |
| 3/13/2017 | $2.05 | $2.70 | 4/26/2017 | $2.15 | $2.37 |
| 3/14/2017 | $2.05 | $2.67 | 4/27/2017 | $2.00 | $2.36 |
| 3/15/2017 | $1.75 | $2.64 | 4/28/2017 | $2.10 | $2.36 |
| 3/16/2017 | $1.71 | $2.60 | 5/1/2017 | $2.05 | $2.35 |
| 3/17/2017 | $1.45 | $2.56 | 5/2/2017 | $2.05 | $2.35 |
| 3/20/2017 | $1.45 | $2.52 | 5/3/2017 | $2.00 | $2.34 |
| 3/21/2017 | $1.65 | $2.49 | 5/4/2017 | $2.05 | $2.34 |
| 3/22/2017 | $1.75 | $2.47 | 5/5/2017 | $1.95 | $2.33 |

To the extent a claimant had a trading gain or "broke even" from their overall transactions in the Company's shares during the Class Period, the value of the Recognized Loss will be zero, and the claimant will not be entitled to a share of the Net Settlement Fund. To the

8

extent that a claimant suffered a trading loss on their overall transactions in the Company's shares during the Class Period, but that trading loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the claimant's actual trading loss. On October 1, 2015, FXCM completed a 1-for-10 reverse stock split for its Class A common stock. All calculations will be done on a post-split basis.

For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of the Company shares shall not be deemed a purchase, acquisition or sale of shares for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase.

For purposes of calculating your Recognized Loss, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim and Release Form enclosed with this Notice, you must provide all of your purchases, acquisitions and sales of the Company shares during the time period March 15, 2012 through and including May 5, 2017.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against the Individual Defendants, FXCM, Defense Counsel, Plaintiffs, Class Counsel or the Settlement Administrator or other agent designated by Class Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Proof of Claim. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Cash Settlement Amount shall be released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Cash Settlement Amount, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

### 9. How can I get a payment?

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release Form." This form is attached to this Notice. You may also obtain this form on the Settlement website at www.strategicclaims.net/FXCM. Read the instructions carefully, fill out the form, sign it in the location indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically at www.strategicclaims.net/FXCM by 11:59 p.m. EST on _____, 2023; or (2) by mailing the claim form together with all documentation requested in the form, postmarked no later than _____, 2023, to the Claims Administrator at:

Global Brokerage, Inc. f/k/a FXCM, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205

9

EXHIBIT A-1

P.O. Box 230
Media, PA 19063
Fax: 610-565-7985
info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

**10. What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself from the Class by the _____, 2023 deadline, you will remain a member of the Class and will be bound by the release of claims against the Individual Defendants, FXCM, and other Released Parties if the Settlement is approved. That means you and all other Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against the Individual Defendants, FXCM and other Released Parties any and all claims which arise out of, are based upon or relate in any way to the purchase of FXCM common stock during the Class Period. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as the sole compensation for any losses you suffered in the purchase or sale of FXCM common stock during the Class Period. The specific terms of the release are included in the Stipulation.

**11. How do I exclude myself from the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue the Individual Defendants, FXCM or other Released Parties on your own about the claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must mail a letter that: (A) clearly indicates your name, address, phone number and e-mail contact information (if any) and states that you "request to be excluded from the Class in *In re Global Brokerage, Inc. f/k/a FXCM, Inc. Securities Litigation,* Master File No. 1:17-cv-916 (S.D.N.Y.);" (B) states the date, number of shares and dollar amount of each FXCM common stock purchase during the Class Period, and any sale transactions; and (C) states the number of shares of FXCM common stock held by you as of the opening and closing of the Class Period. To be valid, such request for exclusion must be submitted with documentary proof (i) of each purchase and, if applicable, sale transaction of FXCM common stock during the Class Period, and (ii) demonstrating your status as a beneficial owner of the FXCM common stock. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request, to be received no later than _____ __, 2023, to the Claims Administrator at the following address:

10

EXHIBIT A-1

Global Brokerage, Inc. f/k/a FXCM, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063

You cannot exclude yourself by telephone or by e-mail.

If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the Final Judgment in this case.

**12. If I do not exclude myself, can I sue the Individual Defendants and/or FXCM for the same thing later?**

No. Unless you followed the procedure outlined in this Notice and the Court's Preliminary Approval Order to exclude yourself, you give up any right to sue the Individual Defendants, FXCM, or other Released Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Class to continue your own lawsuit.

**13. Do I have a lawyer in this case?**

The Court appointed The Rosen Law Firm, P.A. as Class Counsel, to represent you and the other Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for The Rosen Law Firm, P.A. is provided above.

**14. How will the lawyers be paid?**

Class Counsel have expended considerable time litigating this action on a contingent fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Class Counsel have done so with the expectation that, if they are successful in recovering money for the Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Class Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Class Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed one third of the Settlement, or $2,166,666.67, for reimbursement of reasonable litigation expenses not to exceed $850,000, and awards to Class Representatives of $20,000 for Lead Plaintiff Shipco Transport Inc. and $15,000 for Plaintiff E-Global Trade and Finance Group, Inc., or $35,000 total. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund. Pursuant to S.D.N.Y. Local Rule 23.1, Class Counsel intends to share part of any attorneys' fees awarded by the Court with Wolf Haldenstein Adler Freeman & Herz LLP in accordance with its contribution, prosecution, and resolution of the Action.

**15.** **How do I tell the Court that I object to the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, the Plan of Allocation, Class Counsel's motion for attorneys' fees and expenses, or application for an Award to Plaintiffs, and that you think the Court should not approve any or all of the foregoing, by mailing a letter stating that you object to the Settlement in the matter of *In re Global Brokerage, Inc. f/k/a FXCM, Inc. Securities Litigation,* Master File No. 1:17-cv-916 (S.D.N.Y.). Be sure to include (1) your name, address, and telephone number, (2) a list of all purchases and sales of FXCM common stock during the Class Period in order to show membership in the Class, (3) all grounds for the objection, including any legal support known to you or your counsel, (4) the name, address and telephone number of all counsel, if any, who represent you, and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Be sure to serve copies of any objections, papers and briefs to **each** of the addresses listed below, to be received no later than _____ \_\_, 2023:

Clerk of the Court
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

| CLASS COUNSEL: | COUNSEL FOR THE INDIVIDUAL DEFENDANTS: |
|---|---|
| THE ROSEN LAW FIRM, P.A. | KING & SPALDING LLP |
| Phillip Kim | Israel Dahan |
| 275 Madison Avenue, 40th Floor | 1185 Avenue of the Americas |
| New York, NY 10016 | New York, NY 10036 |

**16.** **What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Class. Requesting exclusion is telling the Court you do not want to be part of the Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

EXHIBIT A-1

**17.**   **When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on _____ __, 2023, at __:__ _.m., at the U.S. District Court, Southern District of New York, Thurgood Marshall United States Courthouse, Courtroom 1506, 40 Foley Square, New York, NY 10007, or by telephonic or videoconference means as directed by the Court.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide whether to approve the Plan of Allocation, as well as how much to pay Class Counsel for attorneys' fees and expenses and how much to award to Plaintiffs.

**18.**   **Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**19.**   **What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Individual Defendants, FXCM or the Released Parties about the Released Claims (as defined in the Stipulation) ever again.

DATED: _____                         _____
                                                 BY ORDER OF THE UNITED STATES
                                                 DISTRICT COURT FOR THE SOUTHERN
                                                 DISTRICT OF NEW YORK