# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Global Brokerage, Inc. f/k/a FXCM Inc. Securities Litigation | Master File No. 1:17-cv-00916-RA-BCM <br><br> <u>CLASS ACTION</u> |
| This Document Relates To: All Actions | |

### DECLARATION OF FRANK COZZARELLI ON BEHALF OF CLASS REPRESENTATIVE SHIPCO TRANSPORT, INC.

Pursuant to 28 U.S.C. §1746, I, Frank Cozzarelli, declare:

I am above the age of 18 and fully competent to make this declaration. If called as a witness, I would testify as follows:

1. I am the Vice President of Legal Affairs for Shipco Transport, Inc. ("Shipco"), Class Representative in the above-captioned securities class action ("Action"). I submit this declaration on behalf of Shipco in support of: (i) the motion for final approval of the proposed Settlement of this Action, including the proposed Plan of Allocation, (ii) the motion for attorneys' fees and reimbursement of expenses, and (iii) Shipco's application for a compensatory award of $15,000. I have personal knowledge of the facts described herein and would testify to those facts if called to do so. I intend nothing in this Declaration to constitute a waiver, either general or specific, of the attorney client privilege.

2. The Court appointed Shipco as a Lead Plaintiff in this Action on May 3, 2017. Dkt. No 47. Shipco moved for class certification on April 13, 2020. Dkt. No. 174-75. The motion was granted in part and the Court certified Shipco as a Class Representative on March 23, 2021. Dkt. No. 232.

1

3. I am aware of and understand the requirements and responsibilities of a representative plaintiff in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u, and I, on behalf of Shipco, have discharged those duties to the best of my ability.

4. Throughout the litigation, I have been in regular contact with and received periodic updates from Lead Counsel The Rosen Law Firm, P.A. ("Rosen") on the progression of this Action, and more frequent updates concerning specific milestones in the Action. I participated in discussions concerning the prosecution of the Action, the strengths and potential risks of the claims, and potential settlement. In particular, throughout the course of this Action, I: (a) communicated with Rosen regarding the posture and progress of the case; (b) compiled Shipco's trading data and completed Shipco's certification in connection with Shipco's willingness to serve as Lead Plaintiff; (c) searched for and provided responsive information pursuant to Defendants' discovery requests; (d) received and reviewed significant pleadings filed in the Action; (e) sat for a deposition in this Action; and (f) discussed with Rosen and approved the proposed Settlement.

5. On behalf of Shipco, I support the Settlement of $6,500,000. I understand that there may be potential risks and considerable costs in time and expenses necessary to continue prosecuting the Action. Considering the strengths, weaknesses, and risks as I understand them and the additional time and expense I understand would be necessary to achieve a higher Settlement, the Settlement is fair and reasonable as I understand those terms in context. As such, as I understand it, the Settlement is in the Class's best interest I believe the settlement is fair and reasonable and represents a more than adequate recovery on behalf of the Class, and it appears to be in the Class's best interest.

6. Over the several years of litigation, I, on behalf of Shipco, devoted material time representing the Class in Shipco's capacity as a Lead Plaintiff and Class Representative in this Action, time that I otherwise would have spent on other activities, representing a cost to Shipco. I am the Vice President of Legal Affairs for Shipco, which provides global transportation services. I estimate that I spent approximately 100 hours on my efforts described above overseeing the prosecution of this Action, on behalf of Shipco. Shipco respectfully requests reimbursement in the amount of $20,000 for the time I devoted to serving as Lead Plaintiff and Class Representative. I believe that this is a fair and reasonable reimbursement request for the time and effort I devoted to this litigation on behalf of Shipco, which was necessary to help achieve an excellent result for the Class.

7. I support the requested award of attorneys' fees in the amount of one third of the Settlement Amount. The attorneys at Rosen guided me, presenting me with facts, understandable legal analysis, and options for proceeding. In turn, I based my decisions in the action on Rosen's exhaustive explanations that prepared me to represent the Class zealously and effectively. I am generally aware of the hours Rosen have contributed to the Class without immediate compensation. I understand that Rosen have worked hard and effectively to achieve this Settlement.

8. I support Rosen's request for reimbursement of expenses. I believe that Rosen has incurred these expenses reasonably in the course of prosecuting the Action on the Class's behalf.

9. I respectfully request, therefore, that the Court approve the Settlement, grant Shipco a compensatory award of $20,000 for Shipco's service to the Class, and approve the request for attorneys' fee of one third of the Settlement Amount and for reimbursement of Rosen's out-of-pocket expenses.

I declare under penalty of perjury that the foregoing facts are true and correct.

Dated: May 24, 2023

_____
Frank Cozzarelli

4