UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Global Brokerage, Inc. f/k/a FXCM Inc. Securities Litigation | Master File No. 1:17-cv-00916-RA-BCM |
| | CLASS ACTION |
| This Document Relates To: All Actions | |

**DECLARATION OF MATTHEW M. GUINEY**
**CONCERNING ATTORNEYS' FEES AND EXPENSES**

I, MATTHEW M. GUINEY, declare as follows pursuant to 28 U.S.C. §1746:

1.　　I am a partner at Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"), additional Class Counsel in this Action. Wolf Haldenstein has represented Class Representatives Shipco Transport Inc. ("Shipco") and E-Global Trade and Finance Group, Inc. ("E-Global," and together with Shipco, "Plaintiffs") throughout this litigation. I have personal knowledge of the facts asserted herein.

2.　　A copy of Wolf Haldenstein's resume is attached to the Declaration of Joshua Baker as Exhibit 7.

3.　　For over six years, Wolf Haldenstein has been involved in this Action: from February 2017 through the preparation of these final approval papers. We actively engaged in the prosecution of the Action, including (a) conducted an extensive factual investigation, which included the review of publicly available documents about Global Brokerage, Inc. f/k/a FXCM, Inc. ("FXCM") and the individual Defendants; (b) researched, kept abreast of news released regarding the allegations, assisted in the drafting of the various complaints filed in the Action; (c) participate in briefing the opposition to the motion to dismiss; (d) participated in briefing summary judgment proceedings; (e) participated in drafting class certification proceedings; (f) principal

1

coordination with client E-Global in all facets of litigation; (g) participated in pre-trial preparation and preparation for trial.

4. The chart below summarizes the hours, rate, and lodestar of each Wolf Haldenstein attorney and professional staff who worked on this matter.

5. The total number of hours spent on the litigation of the Action by my firm through today's date is 465.9. The total lodestar amount for attorney time based on the firm's current rates is $317,732.50. A breakdown of the lodestar is set forth in the chart below:

## In re Global Brokerage, Inc. f/k/a FXCM Inc. Securities Litigation
Wolf Haldenstein Adler Freeman & Herz LLP
Time & Expense Report:  Inception through May 25, 2023

| Attorneys | Hours | Rate | Lodestar |
|---|---|---|---|
| Matthew M. Guiney | 331.60 | $800.00 | $265,280.00 |
| Rourke Donahue | 20.60 | $335.00 | $6,901.00 |
| Kate McGuire | 12.10 | $605.00 | $7,320.50 |
| Kevin G. Cooper | 53.60 | $420.00 | $22,512.00 |
| Correy Ann Kamin | 1.30 | $395.00 | $513.50 |
| **Total Attorneys** | **419.20** | | **$302,527.00** |

| Paraprofessionals | Hours | Rate | Lodestar |
|---|---|---|---|
| James A. Cirigliano | 19.8 | $345.00 | $6,831.00 |
| Judah Weinerman | 14.40 | $205.00 | $2,952.00 |
| Patrick Horan | 2.00 | $230.00 | $460.00 |
| Victoria Lepesant | 0.50 | $225.00 | $112.50 |
| Gregory Stone | 10.00 | $485.00 | $4,850.00 |
| **Total Paraprofessionals** | **46.70** | | **$15,205.50** |

| **TOTAL TIME** | **465.90** | | **$317,732.50** |

6. My firm incurred a total of $161,202.70 in unreimbursed expenses in connection with the prosecution of this litigation, including anticipated expenses associated with this Motion. They are broken down as follows:

| **Expenses** | |
|---|---:|
| LEXIS | $3,299.22 |
| Pacer | $73.01 |
| Service of Process | $90.00 |
| Scanning | $0.80 |
| Reproduction/Duplication | $46.00 |
| Court Reporters | $421.88 |
| Transcript Costs - Veritext | $14,405.88 |
| Telephone | $9.46 |
| Trip Expenses | $1,767.89 |
| Expert Fees | $140,397.31 |
| Document Hosting Costs | $691.25 |
| **TOTAL EXPENSES** | **$161,202.70** |

7. The expenses incurred are reflected in the books and records contemporaneously prepared by the firm. These books and records are prepared from expense vouchers, invoices, and other billing records, and are an accurate record of the expenses incurred. I have reviewed the expenses for which reimbursement is sought and confirmed that they were reasonably necessary for the effective and efficient prosecution and resolution of the litigation and reasonable in amount. The expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace.

8. My firm's compensation for services rendered and out-of-pocket expenses incurred in this case was and is entirely contingent on the success of the prosecution of the Action, and on the Court's approval of the fee and expense application. None of the attorneys' fees and expenses submitted to this Court has been paid from any source or has been the subject of any prior request or prior award in any litigation or other proceeding.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of May 2023, in New York, NY.

*/s/Matthew M. Guiney*

4