UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Global Brokerage, Inc. f/k/a FXCM Inc. Securities Litigation<br><br>This Document Relates To: All Actions | Master File No. 1:17-cv-00916-RA-BCM<br><br><u>CLASS ACTION</u> |

**DECLARATION OF JED MELNICK, ESQ.**

Pursuant to 28 U.S.C. §1746, I, Jed Melnick, Esq., declare:

I am above the age of 18 and fully competent to make this declaration. If called as a witness, I would testify as follows:

1. I submit this declaration in my capacity as the mediator of the proposed settlement of the above-captioned action ("Action"). I make this declaration based on personal knowledge and if called and sworn as a witness could and would testify competently thereto.

2. I have been asked to provide this declaration to give my views on the mediation process that culminated in the proposed settlement that will be presented to the Court for final approval.

3. All of the parties, entities, and individuals who were represented at the mediation session executed a confidentiality agreement stating that the mediation was considered settlement negotiations for the purpose of all rules protecting mediation disclosures from later discovery and/or use in evidence. The parties further agreed that the confidentiality agreement extends to all present and future civil, judicial, quasi-judicial, arbitral, administrative, or other proceedings. Nothing in my declaration divulges any privileged information, and the filing of this declaration does not constitute a waiver of any such confidentiality.

1

4. I have been a full-time mediator for more than fifteen years. I am a panelist at JAMS. Prior to my time as a neutral, I was an attorney in Pennsylvania for more than five years.

5. Since serving as a neutral, I have extensive experience assisting the settlement of many different types of complex class actions, including such matters as bankruptcy and securities claims, often involving numerous parties and multiple, related lawsuits.

6. Many cases in which I have served as a neutral have included numerous plaintiffs and plaintiffs' counsel, as well as many defendants, defense counsel, and insurers.

7. I provide my professional background as context for the statements in my declaration and to establish that my perspective on the settlement of this action is grounded in my significant experience in resolving complex litigation.

8. While the Court will make its own determination as to the proposed settlement's fairness under applicable legal standards, from my viewpoint as mediator I recommend the proposed settlement as reasonably reflective of the risks and potential rewards of the claims being settled. As described below, the current matter presented complex and substantial legal, factual, and practical issues. The parties were represented during the mediation process by well-prepared and competent counsel, who negotiated zealously and at arm's length for their clients. Thus, I believe that the proposed settlement of this case represents a fair and pragmatic resolution of this action.

9. The parties initially contacted me in the summer of 2020 about the possibility of mediating the Action.

10. Pursuant to my custom and practice, and without waiving mediation confidentiality, the mediation was preceded by an exchange of detailed mediation statements between the parties. These submissions contained extensive analyses of the factual and legal issues in the Action and

other issues material to the settlement. These submissions helped me understand the relative merits of each party's position and identify the issues that would drive and present obstacles to reaching a resolution of the action. It was clear that each side faced risks in proceeding with the case. While the contents of the mediation statements and arguments are confidential, they presented complex and novel legal arguments and were highly adversarial.

11. At the mediation session held via video conference on September 30, 2020, I engaged in extensive discussions to establish common ground between the parties' respective positions. All parties attended and participated in the mediation, including representatives from FXCM, Inc. and its insurers. The parties were not able to reach an agreement during this mediation session.

12. In December 2022, the parties contacted me again to renew mediation efforts and arrange a second mediation session. On December 20, 2022, I once again helped to guide the parties' extensive discussions in light of the late stage of the litigation. All parties attended and participated in the mediation, including representatives from FXCM, Inc. and its insurers. The parties were not able to reach an agreement during this mediation session, but with my guidance the parties continued to engage in productive settlement discussions over email and telephone. Finally, on December 23, 2022, the parties agreed in principle to resolve the class claims for $6,500,000, alongside a confidential settlement of the individual claims of Plaintiff 683 Capital Partners LP, and executed a term sheet memorializing their agreement.

13. In my presence, the parties carried out extensive, detailed, and hard-fought discussions regarding the strengths and weaknesses of the case. I can readily attest that the negotiations between counsel for the parties were conducted at arm's length and were not collusive. In addition, my review of the papers presented to me and discussions with counsel have

led me to conclude that all sides litigated the action in a vigorous, professional, and thorough manner. It was also clear to me that both sides were well-prepared and fully capable of proceeding to a judicial resolution if a settlement could not be achieved.

14. While ultimately a decision for the Court, I believe that the settlement of the Action represents a well-reasoned and sound resolution of highly uncertain litigation. Based on my experience as a mediator, I therefore recommend the proposed settlement as reflective of the risks and potential rewards of the claims asserted. The settlement will confer a significant benefit on the Class. I believe that the settlement provides immediate, fair and adequate compensation to the Class as well as the benefits of avoiding the time, expense, and risk entailed in further litigation. I also believe the proposed settlement flows from the parties' assessment of the litigation risks. I respectfully recommend that the settlement be approved.

I declare under penalty of perjury that the foregoing facts are true and correct.

Dated: _____May 25_, 2023

*Jed Melnick*

Jed Melnick, Esq.