**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Global Brokerage, Inc. f/k/a FXCM Inc. Securities Litigation | Master File No. 1:17-cv-00916-RA-BCM |
| | <u>CLASS ACTION</u> |
| This Document Relates To: All Actions | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS'
UNOPPOSED MOTIONS FOR (1) FINAL APPROVAL OF SETTLEMENT, AND (2)
<u>AWARDS OF ATTORNEYS' FEES AND EXPENSES</u>**

Class Representatives Shipco Transport Inc. ("Shipco") and E-Global Trade and Finance Group, Inc. ("E-Global," and together with Shipco, "Plaintiffs") submit this reply memorandum in further support of their unopposed motions for (1) final approval of the proposed Settlement and Plan of Allocation; and (2) an award of attorneys' fees of one third of the Settlement Amount, or $2,166,666.67, reimbursement of $662,469.61 in litigation expenses incurred, and awards to Plaintiffs of $35,000 total, comprised of $20,000 to Shipco and $15,000 to E-Global.[1] Dkt. Nos. 359 and 360 ("Motions").

## I. STATEMENT OF FACTS

The Court-appointed Claims Administrator, Strategic Claims Services ("SCS"), mailed over 41,000 copies of the Postcard Notice to potential Class Members. Craig Suppl. Decl. ¶3. A nominee also informed the Claims Administrator that the nominee emailed over 19,000 of their clients to notify them of the Settlement, including direct links to the Long Notice and Claim Form on the settlement website. *Id.* In total, over 61,000 potential Class Members received notice via mail or email. *Id.*

SCS also published the Summary Notice electronically over *Globe Newswire* and in print in *Investor's Business Daily*. Dkt. No. 365 ("Craig Decl.") ¶10. On March 2, 2023, SCS established a website dedicated to the Settlement which included the online claim filing link and important documents including the Long Notice, Claim Form, Preliminary Approval Order, and Stipulation. Craig Suppl. Decl. ¶5. SCS has also maintained a toll-free telephone number for potential Class Members. *Id.* ¶4.

---

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meanings as set forth in the Stipulation of Settlement dated February 1, 2023 (Dkt. No. 352) ("Stipulation"). Internal citations and quotations are omitted and emphasis is added unless otherwise noted. Citations to "Craig Suppl. Decl." are to the Supplemental Declaration of Margery Craig, filed herewith.

The June 6, 2023 claims filing deadline and the June 16, 2023 deadline for objections and requests for exclusion have each passed. To date, potential Class Members have submitted 5,947 claims. *Id.* ¶8. There have been no objections to the Settlement or to Plaintiffs' Motions. *Id.* ¶7. SCS has received no valid requests for exclusion from the Settlement. *Id.* ¶6.

An updated version of the Proposed Order and Final Judgment (originally filed as Exhibit B to the Stipulation, Dkt. No. 352-6), conformed to the Court's Preliminary Approval Order (Dkt. No. 357), is attached here as Exhibit 1.

## II.    ARGUMENT

### A.    The Reaction of the Class Supports Final Approval

The absence of any objections to the Settlement or Plan of Allocation supports their approval. Courts in this District consistently hold that a small number of objections to a settlement (or none at all) "support a finding that the Settlement is fair, reasonable, and adequate. [T]he favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry into the fairness and adequacy of the Settlement." *In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-cv-06728-CM-SDA, 2020 WL 4196468, at \*6 (S.D.N.Y. July 21, 2020) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005)); *see also Allred v. Walker*, No. 19-cv-10641 (LJL), 2021 WL 5847405, at \*5 (S.D.N.Y. Dec. 9, 2021) (same); *In re FLAG Telecom Holdings, Ltd. Sec. Litig.*, No. 02–CV–3400 (CM)(PED), 2010 WL 4537550, at \*16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate").

Likewise, the lack of any valid requests for exclusion from the Settlement further demonstrates the Class's positive reaction to the Settlement and supports final approval. *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 619 (S.D.N.Y. 2012) (where 16 of approximately 1,500 class members requested exclusion, the "response demonstrate[d] strong support for the

2

settlement."); *see also In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, No. 02 MDL 1484(JFK), 2007 WL 313474, at *10 (S.D.N.Y. Feb. 1, 2007) (34 requests for exclusion from nearly 400,000 mailed notices was a "minimal" number that "militates in favor of approving the settlement as be[ing] fair, adequate, and reasonable.").

At Class Counsel's direction, SCS carried out a thorough notice program in accordance with the Court's Preliminary Approval Order, directly notifying over 61,000 potential Class Members of the pending Settlement. Not a single investor objected to the Settlement or submitted a valid exclusion from it. Craig Suppl. Decl. ¶¶6-7. The lack of objections or valid requests for exclusion further supports final approval of the Settlement.

### B. The Reaction of the Class Also Supports Approval of the Requests for an Award of Attorneys' Fees, Reimbursement of Expenses, and Awards to Plaintiffs

The lack of objections to the requests for attorneys' fees, reimbursement of litigation expenses, and awards to Plaintiffs supports the approval of the requested awards. *See In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695(CM), 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (class members' reaction to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable"); *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 594 (S.D.N.Y. 2008) ("That only one objection to the fee request was received is powerful evidence that the requested fee is fair and reasonable").

Here, not a single Class Member has objected to Class Counsel's requests for an award of attorneys' fees of one third of the Settlement Amount, reimbursement of $662,469.61 in litigation expenses incurred, and awards to Plaintiffs totaling $35,000, comprised of $20,000 to Shipco and $15,000 to E-Global, which are less than or equal to the maximum figures (fees of up to one third of the Settlement Amount, reimbursement of up to $850,000 in litigation expenses, and awards totaling $35,000 to Plaintiffs) presented to potential Class Members in the Notice. Dkt. No. 365-1

(Craig Decl., Ex. A) at 1. Accordingly, the Class's overwhelmingly positive reaction strongly supports the fairness and reasonableness of these requests.

## III.    CONCLUSION

For the foregoing reasons, and those set forth in Plaintiffs' opening memoranda, the Court should grant Plaintiffs' unopposed motions for final approval of the proposed Settlement and Plan of Allocation and for an award of attorneys' fees, reimbursement of expenses, and awards to Plaintiffs.

Dated: June 23, 2023                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/*Joshua Baker*
Phillip Kim
Laurence M. Rosen
Joshua Baker
275 Madison Ave., 40th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com
Email: jbaker@rosenlegal.com

*Class Counsel for Plaintiffs and the Class*

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Matthew M. Guiney
270 Madison Avenue
New York, New York 10016
Tel: (212) 545-4600
Fax: (212) 686-0114
Email: Guiney@whafh.com

*Additional Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/Joshua Baker*